**Miles N. Ruthberg**
Direct Dial: 212.906.1688
miles.ruthberg@lw.com

53rd at Third
885 Third Avenue
New York, New York  10022-4834
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Barcelona | Moscow |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | Rome |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

December 4, 2017

**VIA ECF**

Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

Re: <u>Hachem v. General Electric, Inc., et al., Case No. 1:17-cv-08457</u>
<u>Mirani v. General Electric Company, et al., Case No. 1:17-cv-08473</u>

Dear Judge Furman:

We represent Defendants General Electric Company, Jeffrey R. Immelt, Jeffrey S. Bornstein, and John L. Flannery (the "Defendants") in the above-referenced securities actions and write pursuant to Your Honor's Order of November 27, 2017, Dkt. No. 7 (Case No. 1:17-cv-08457); Dkt. No. 8 (Case No. 1:17-cv-08473).  The Defendants support consolidating these cases and any later-filed similar class actions, given that the cases involve common questions of law and fact.  Indeed, they assert the same claims, same class period, and same core factual allegations.

This Court frequently consolidates securities class actions in situations like the present case.  *See, e.g., Pinkowitz v. Elan Corp., PLC*, Nos. 02 Civ. 865 et al., 2002 WL 1822118, at *2 (S.D.N.Y. July 29, 2002) ("[C]onsolidation is common in federal securities class actions.").  Courts of course possess broad discretion to consolidate cases, and judicial economy often favors consolidation.  *See, e.g., Kaplan v. Gelfond*, 240 F.R.D. 88, 91-92 (S.D.N.Y. 2007) ("Under Rule 42(a), we have broad discretion to determine whether to consolidate actions, and in making this determination, we are to consider whether judicial economy favors consolidation.").

These cases both assert causes of action under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and under Rule 10b-5 promulgated thereunder, and they involve a common legal question: "whether defendants' [alleged] misrepresentations violated federal securities laws."  *Kaplan*, 240 F.R.D. at 92; *see also Pinkowitz*, 2002 WL 1822118, at *3 ("These claims alone will raise the same set of questions in each such case.").

They also involve common questions of fact.  Both complaints propose the same class period: July 21, 2017 to October 20, 2017.  As noted by this Court in *Kaplan*, "to the extent that

December 4, 2017
Page 2

LATHAM&WATKINS LLP

the class periods overlap, the factual allegations overlap." 240 F.R.D. at 92. Additionally, both allege that the Defendants made false or misleading statements and failed to disclose certain information, causing stock prices to rise and then drastically to fall. Paragraph 4 of the *Mirani* complaint and ¶ 6 of the *Hachem* complaint are virtually identical. Indeed, "[i]t seems obvious that . . . separate class actions predicated on the same set of misstatements by corporate officials, causing an artificial inflation and then a corrective drop in share prices, present common questions of fact." *Pinkowitz*, 2002 WL 1822118, at *2 (quoting *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1150 (N.D. Cal. 1999)) (internal quotations omitted). Further, the fact the complaints do not name identical Defendants does not bar consolidation.[1] *See Pinkowtiz*, 2002 WL 1822118, at *3; *see also Kaplan*, 240 F.R.D. at 91. The cases still rely on common factual allegations.

   For the reasons set forth above, the Defendants respectfully support consolidation of these actions.

   We appreciate the Court's consideration of this matter.

           Respectfully,

           /s/ Miles N. Ruthberg

           Miles N. Ruthberg
           of Latham & Watkins LLP

cc: All counsel of record (via ECF)

---

[1]  John L. Flannery is named as a Defendant in the *Hachem* case but not in the *Mirani* case. The *Hachem* case also names "General Electric, Inc." and references "Defendant General Electric Communications Corporation," entities of which the Defendants are unaware.