**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JIHAD A. HACHEM, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>- v. -<br><br>GENERAL ELECTRIC, INC., JEFFREY R. IMMELT, JEFFREY S. BORNSTEIN, and JOHN L. FLANNERY,<br><br>Defendants. | No. 1:17-cv-08457-JMF |
| GOPAL MIRANI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>- v. -<br><br>GENERAL ELECTRIC COMPANY, JEFFREY R. IMMELT, and JEFFREY S. BORNSTEIN,<br><br>Defendants. | No. 1:17-cv-08473-JMF |
| TAMPA MARITIME ASSOCIATION INTERNATIONAL LONGSHOREMEN'S ASSOCIATION PENSION PLAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>- v. -<br><br>GENERAL ELECTRIC COMPANY, JEFFREY R. IMMELT, JEFFREY S. BORNSTEIN, JOHN L. FLANNERY, and JAMIE MILLER,<br><br>Defendants. | No. 1:17-cv-09888-JMF |

**REPLY MEMORANDUM OF LAW BY THE CITY OF BOCA RATON POLICE AND FIREFIGHTERS' RETIREMENT SYSTEM ON ITS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL**

## GLOSSARY OF DEFINED TERMS

| Term | Definition |
|---|---|
| *Aaron's* | *In re Aaron's, Inc. Sec. Litig.*, 1:17-cv-2270 (N.D. Ga.) |
| ATRS | Arkansas Teachers Retirement System |
| *Adeptus* | *Okla. Law Enforcement Ret. Sys. v. Adeptus Health, Inc.*, 6:16-cv-1243 (E.D. Tex.) |
| *Anavex* | *Cortina v. Anavex Life Scis. Corp. et al.*, 15-cv-10162 (S.D.N.Y.) |
| *Anavex* Decl. | Joint Decl. Of Stanley Gunawan And Stephen Lin In Supp. Of Mot. For Appointment As Lead Pl. & Approval Of Lead Counsel, *Anavex*, ECF 32-1.  Bleichmar 3d Decl. Ex. 7. |
| *Babcock* | *Ollila v. Babcock & Wilcox Enterprises, Inc.*, 3:17-cv-00109 (W.D.N.C.) |
| Bleichmar 2d Decl. | Second Bleichmar Declaration in Support of the City of Boca Raton Police And Firefighters' Retirement System's Motion For Appointment As Lead Plaintiff and Approval of Its Selection of Lead Counsel (ECF 43-5) |
| Bleichmar 3d Decl. | Third Bleichmar Declaration in Support of the City of Boca Raton Police And Firefighters' Retirement System's Motion For Appointment As Lead Plaintiff and Approval of Its Selection of Lead Counsel, filed concurrently |
| Boca Raton | City of Boca Raton Police & Firefighters' Retirement System |
| *Celadon* | *Chavez v. Celadon Grp., Inc.*, 17-cv-2828 (S.D.N.Y.) |
| *Frontier* | *Bray v. Frontier Commc'ns Corp.*, 3:17-cv-1617 (D. Conn.) |
| *Horizon* | *Schaffer v. Horizon Pharma PLC*, No. 16-cv-1763 (S.D.N.Y.) |
| Hr'g Tr. *Anavex* | Tr. of Mar. 10, 2016 Hr'g., *Anavex*, ECF 48.  Bleichmar 3d Decl. Ex. 8. |
| Hr'g Tr. *Horizon* | Tr. of June 3, 2016 Hr'g, *Horizon*, ECF 62.  Ex. E to Bleichmar 2d Decl. (ECF 43-5). |
| Joint Decl. | Joint Declaration of Rod Graves and Tom Reed In Support of Joint Appointment of Arkansas Teachers Retirement System and Pension Trust Fund for Operating Engineers As Lead Plaintiff, And Approval of Their Selection Of Lead Counsel (ECF 44-2) |
| Labaton | Labaton Sucharow LLP |

i

| Term | Definition |
|------|------------|
| OE | Pension Trust Fund for Operating Engineers |
| *Orbital* | *Knurr v. Orbital ATK, Inc.*, 220 F. Supp. 3d 653, 662-63 (E.D. Va. 2016) |
| PSLRA | Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 *et seq.* |
| RGRD | Robbins Geller Rudman & Dowd LLP |
| *RH* | *City of Miami Gen. Emps.' & Sanitation Emps.' Ret. Trust v. RH, Inc.*, 4:17-cv-00554 (N.D. Cal.) |
| *Skechers* | *Steamfitters Local 449 Pension Plan v. Skechers U.S.A., Inc.*, 17-cv-8107 (S.D.N.Y.) |
| *Teva* | Ruling On Mots. For Appointment As Lead Pl., *Galmi v. Teva Pharm. Indus. Ltd. et al.*, 17-cv-558 (D. Conn. July 11, 2017) (Underhill, J.) (ECF 124) |

Boca Raton argued in its opposition brief that ATRS and OE are inadequate under the PSLRA because they are both professional plaintiffs and subject to unique defenses.[1]  ECF 42. Those reasons remain valid and are sufficient to deny their motions.  Since Monday, however, the facts have materially changed and their motions are even more infirm.  ATRS and OE have now formed a group, but neither provides any legitimate reason for doing so, nor any explanation for how this newly minted group, with two law firms, would function to benefit the Class and avoid inefficiency and duplication.  Critically, ATRS and OE state that they formed the group under the misimpression that it was unopposed, apparently not aware that Boca Raton had not withdrawn its motion.  Joint Decl. ¶7 ("…unopposed by the other competing movants…").  Additional facts recently uncovered, and set forth below, further evidence that this is a lawyer-driven group and part of a multi-case deal between Labaton and RGRD.  This constitutes new and independent grounds to deny ATRS's and OE's motions.

As detailed below, just last week, Labaton and RGRD made a similar deal to form a group after initially filing separately for lead plaintiff in the *Skechers* securities litigation, 17-cv-8107, pending in this District before Judge Torres.  The next day, the Court there rejected the proposed group, and ordered the parties to justify it or to re-submit competing motions.  The firms avoided judicial scrutiny by having RGRD withdraw its client, allowing Labaton's client to remain the sole movant.  This occurred last Friday, January 12, the same day that RGRD and Labaton arranged for the one phone call that comprises the entire interaction between ATRS and OE.  Joint Decl. ¶9.

**The Proposed Lawyer-Driven Group Should Be Rejected**  There is perhaps no higher principle underlying the PSLRA than curbing lawyer-driven litigation.  The statute's preference

---

[1] *See* Glossary for defined terms.  All references to "Ex. [Letter]" are to the Bleichmar 2d Decl. (ECF 43-5), and "Ex. [Number]" to the Bleichmar 3d Decl. submitted herewith.

for institutional investors, the largest financial interest test, and the professional-plaintiff limit are all proxies or mechanisms that Congress imposed to circumscribe the role of counsel and empower investors. This Court, echoing others in this District, has recognized this: "In light of the PSLRA's goal of reducing lawyer-driven litigation, many courts, including this one…will not appoint as lead plaintiff a group that is the product of an artificial grouping designed merely to qualify as lead plaintiff under the PSLRA." Hr'g Tr. *Horizon* (Ex. E), at 6. "Ultimately, to enjoy the PSLRA's rebutta[ble] presumption, a proposed group must proffer an evidentiary showing that unrelated members of a group will be able to function cohesively and to effectively manage the litigations apart from their lawyers ***before its members will be designated as presumptive lead plaintiffs***." *Third Ave. Mgmt. Sec. Litig.*, 2016 WL 2986235, at *3 (S.D.N.Y. May 13, 2016) (emphasis added).

Accordingly, ATRS and OE are ***not*** the presumptive lead plaintiffs because they have not come close to meeting this burden. As set forth below, their joint declaration is devoid of any substance. Taking the proof available (without discovery), at "a minimum, [the] events provide circumstantial evidence that the grouping of investor plaintiffs in this action (and the other action) was the result of an agreement" among the lawyers, indicating that they, rather than ATRS and OE, will control the litigation. *Teva* (Ex. 1), at 9-10. "Such an agreement is evidence of exactly the type of lawyer driven litigation that the PSLRA sought to avoid." *Id.* at 10.

**The ATRS-OE Group Is Lawyer-Driven** The circumstances here strongly evidence that a deal between law firms, not the parties, drove the formation of the group. ***First***, there is the contemporaneous deal between Labaton and RGRD in *Skechers*. On January 8, 2018, six days after filing lead plaintiff motions here, Labaton and RGRD, through the same lawyers appearing in this action, wrote a joint letter to the Court in that case. *Skechers* ECF 29 (Ex. 2). They explained that they each represented two different movants (not ATRS, nor OE), who had suffered

the two largest losses, that all other movants had withdrawn, and that they were requesting a joint appointment. *Id.* The Court denied the request because "the PSLRA discourages appointment of joint lead plaintiffs to avoid lawyer-driven litigation." *Skechers* ECF 30 (Ex. 3). The Court further ordered them to re-file separate motions or to justify the group. RGRD's client withdrew.

These recent developments in *Skechers* show that Labaton and RGRD are driving this litigation – not ATRS, nor OE. In both cases the common denominator is the combination of Labaton and RGRD, not the lead plaintiff movants, which are different. There is no support for concluding that two different sets of movants, represented by Labaton and RGRD, in different cases, independently and contemporaneously, proposed to their counsel to amend their initially-separately-filed motions to then move jointly. *Teva* (Ex. 1), at 9-10 (rejecting lawyer-driven group with largest loss, including single largest loss, in part, because of deal in another case).

*Second*, ATRS, Labaton, and RGRD have a long history that has not been presented to this Court, but that further evidences that the decision to join forces was lawyer-driven. As discussed in Boca Raton's opposition (ECF 42 at 1), ATRS was found to be a professional plaintiff in *Orbital*, which denied its lead plaintiff motion. 220 F. Supp. 3d at 662-63. RGRD launched that attack against ATRS,[2] and Labaton was on the losing end. After *Orbital*, RGRD made the same professional-plaintiff argument against ATRS at least two more times, but lost.[3] The uncertainty of a lead plaintiff battle hinging on ATRS' status as a professional plaintiff, and the risk of losing faced by both Labaton and RGRD suggests that they made a deal to avoid that risk.

*Third*, the ATRS and OE group "does not submit any information regarding how the appointment of two law firms as co-lead counsel is necessary, let alone preferred, nor has it

---

[2] RGRD's Opposition, *Orbital* (Ex. 4).

[3] RGRD's Opposition, *Adeptus* (Ex. 5); *Babcock* (Ex. 6).

identified the division of authority or the responsibility between the two firms." *Teva* (Ex. 1), at 8 (citing *Petrobras*, 104 F. Supp. 3d 618, 623 (S.D.N.Y. 2015)).  This is an independent ground to reject the group.

**The Group Provides No Legitimate Basis For Its Formation** "The prevailing view in this District is that unrelated investors may join together … only if such grouping would best serve the class." *Int'l Union of Op. Eng. v. FXCM Inc.*, 2015 WL 7018024, \*2-3 (S.D.N.Y. 2015).[4] Courts are in substantial agreement that a group must affirmatively show that: (1) there was a pre-existing relationship; (2) it is not an artificial, lawyer-driven group; (3) it can oversee counsel and make decisions independently; and (4) its members have established concrete procedures to make decisions and run the case efficiently. *Petrobras*, 104 F. Supp. 3d at 621-622.

ATRS and OE failed to submit any evidence to meet this standard.  Other than circular reasoning and platitudes, there is no explanation for them to join together.[5]  The Joint Declaration is similar to the declaration that this Court rejected in *Anavex*.  *Anavex* Decl. (Ex. 7); Hr'g Tr. *Anavex* (Ex. 8), at 4.  ATRS and OE do not claim any prior relationship.  "[C]ourts in this district have largely rejected the aggregation of individual shareholders who have no common connection other than their lawyers." *Third Avenue*, 2016 WL 2986235, at \*2.  ATRS and OE also have only spoken once – on the Friday before their opposition was due.  Joint Decl. ¶9; *Khunt v. Alibaba Grp. Ltd.*, 102 F. Supp. 3d 523, 533 (S.D.N.Y. 2015) (rejecting single conference call gimmick).

---

[4] Although many of the cases dealing with groups discuss whether losses should be aggregated, the principle of these decisions is that a group should be rejected when it is lawyer-driven. *See Third Ave*, 2016 WL 2986235, at \* 2 ("Appointing lead plaintiff on the basis of financial interest … was intended to ensure that institutional plaintiffs … would control the litigation, not lawyers."). Thus, it is of no moment that ATRS and OE did not band together to maximize their loss.

[5] *See*, *e.g.*, Joint Decl. ("strongly motivated to recover significant losses," ¶6; "principal goal in jointly seeking to serve as Lead Plaintiff … is to achieve the best possible recovery," ¶6; "our interests in prosecuting this case in a collaborative fashion," ¶9).

And ATRS and OE present no plan to coordinate or cooperate among themselves. *FXCM*, 2015 WL 7018024, at \*4 (rejecting "conclusory assurances" of effective litigation management). Courts decline to appoint groups that lack any mechanism to resolve disputes. *Petrobras*, 104 F. Supp. 3d at 623 (rejecting group with "no agreement in place regarding the resolution of disputes").

In sum, these two professional plaintiffs' acquiescence in forming the group is proof of their inadequacy to supervise their lawyers and manage the litigation. They should be rejected both together and individually. *See Teva* at 10 (rejecting group, and refusing to consider individual member with largest overall loss after seeking to form part of lawyer-driven litigation group).

**ATRS's Recent Lead Plaintiff Appointments Are Distinguishable**  ATRS will likely argue in its reply that courts have disregarded the professional plaintiff objection after *Orbital*.[6] Those courts are wrong as discussed in Boca Raton's opposition. ECF 42 at 4-5. Further, in none of those cases did ATRS face the argument that it is subject to unique defenses concerning Labaton and pay-to-play because it was represented by other law firms. ATRS also was not part of a group, except in *Adeptus* where there was no contemporaneous evidence of a deal between law firms as there is here. Put simply, the cumulative arguments here against ATRS are unique.

**The Court Should Appoint Boca Raton**  Absent the appointment of Boca Raton, the Class will be saddled with needless cost, expense, and distraction. While ATRS and OE have not met their burden in justifying their group, Boca Raton has presented proof of their inadequacy, surmounting their larger loss. "[T]he proof needed to rebut the presumption need not establish a plaintiff's inadequacy with absolute certainty; instead, it is enough that it presents a colorable risk of inadequacy." Hr'g. Tr. *Horizon* (Ex. E), at 5. The Court should appoint Boca Raton.

---

[6] *See* ATRS certification (ECF 32-1 at 2) listing in this order after *Orbital: Adeptus* (Ex. 9); *RH* (Ex. 10); *Babcock* (Ex. 11); *Celadon* (Ex. 12); *Aaron's* (Ex. 13); *Frontier* (pending).

Dated: January 18, 2018                        Respectfully submitted,

                                               **BLEICHMAR FONTI & AULD LLP**


                                                 */s/ Javier Bleichmar*
                                               Javier Bleichmar (JB-0435)
                                               Joseph A. Fonti (JF-3201)
                                               Wilson Meeks (WM-1066)
                                               7 Times Square, 27th Floor
                                               New York, New York 10036
                                               Telephone: (212) 789-1340
                                               Facsimile:  (212) 205-3960
                                               jbleichmar@bfalaw.com
                                               jfonti@bfalaw.com
                                               wmeeks@bfalaw.com

                                               *Counsel for the City of Boca Raton Police and*
                                               *Firefighters' Retirement System*
                                               *and Proposed Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 18, 2018, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the registered participants.

*/s/ Javier Bleichmar*
Javier Bleichmar