USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/19/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                            :
JIHAD A. HACHEM, Individually and on Behalf of All  :
Others Similarly Situated,                                :
                                            :         17-CV-8457 (JMF)
                         Plaintiff,            :
                                            :     MEMORANDUM OPINION
                 -v-                            :           AND ORDER
                                            :
GENERAL ELECTRIC CO., et al.,                   :
                                            :
                        Defendants.         :
                                            :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      In this securities fraud action, familiarity with which is presumed, the Court set a deadline of January 2, 2018, for any motions seeking appointment as Lead Plaintiff. Seven motions were filed, including motions filed by the City of Boca Raton Police and Firefighters' Retirement System ("Boca Raton") (Docket No. 30); the Pension Trust Fund for Operating Engineers ("Operating Engineers") (Docket No. 25); and the Arkansas Teacher Retirement System ("ATRS") (Docket No. 28). By the deadline for the filing of oppositions to any motions, all but those parties' motions were withdrawn. (Docket Nos. 45). Additionally, Operating Engineers and ATRS joined forces, filing a joint opposition to Boca Raton's motion and seeking joint appointment as Lead Plaintiff. (Docket No. 44).

      The Private Securities Litigation Reform Act ("PSLRA") provides that the Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). Significantly, the statute specifies that "the court shall adopt a presumption that the most adequate plaintiff . . . is the person or group of persons that — (aa) has either filed the complaint or made a motion in response to a notice . . . ; (bb) in the determination

of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.* § 78u-4(a)(3)(B)(iii)(I). The presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff — (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id.* § 78u-4(a)(3)(B)(iii)(II).

Here, there is no dispute that ATRS has the "largest financial interest in the relief sought," followed by Operating Engineers, and then Boca Raton — and thus that ATRS and Operating Engineers, together, have a larger financial interest than Boca Raton. However, "the PSLRA discourages appointment of joint lead plaintiffs to avoid lawyer-driven litigation." *Hung v. iDreamSky Tech. Ltd.*, No. 15-CV-2514 (JPO), 2016 WL 299034, at *5 (S.D.N.Y. Jan. 25, 2016) (internal quotation marks omitted). "A group might nonetheless merit appointment if that concern were obviated — for example by evidence showing a prior relationship among the group members or showing that the group members 'chose outside counsel, and not vice versa.'" *Id.* (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 392-93 (S.D.N.Y. 2008)). Ultimately, "[t]he prevailing view in this District is that unrelated investors may join together to aggregate their financial losses only if such grouping would best serve the class." *Int'l Union of Operating Eng'rs Local No. 478 Pension Fund v. FXCM Inc.*, No. 15-CV-3599 (KMW), 2015 WL 7018024, at *2 (S.D.N.Y. Nov. 12, 2015) (internal quotation marks omitted) (citing cases).

Applying those standards here, the Court concludes that ATRS and Operating Engineers do not merit appointment as a group. To be sure, there is no basis to conclude that they joined together in order to leap frog another movant with a greater financial interest, as ATRS has the largest financial interest in its own right. *Cf. Varghese*, 589 F. Supp. 2d at 392 (noting that

"courts . . . do not hesitate to deny a proposed group's motion for lead-plaintiff status" upon concluding "that the proposed group has been assembled as a makeshift by attorneys for the purpose of amassing an aggregation of investors purported to have the greatest financial interest in the action"). Additionally, representatives of the two parties did submit a declaration asserting that they will be able to coordinate and work well together. (*See* Docket No. 44-2 ("Joint Decl.")). But the fact is that the two entities had no relationship whatsoever prior to this case — indeed, there is no indication that they have ever even communicated, save for a single conference call on the Friday before their oppositions were due. (*See* Joint Decl. ¶ 9). Moreover, their largely conclusory assertions aside, the parties have presented no real plan to coordinate or cooperate, let alone to resolve disputes that may arise. *See, e.g.*, *In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618, 623 (S.D.N.Y. 2015) (rejecting a group in part because it had "no agreement in place regarding the resolution of disputes amongst themselves"). And relatedly, they fail to adequately explain why appointment of two law firms as co-lead counsel is necessary, let alone in the interests of the class. *See id.* (rejecting a group in part because it failed to explain "the division of authority and responsibility between the two law firms").[1] Under these circumstances, the Court will not appoint ATRS and Operating Engineers as a group.

Considering the three movants individually, the Court concludes that ATRS should be appointed Lead Plaintiff in its own right.[2] Boca Raton concedes, as it must, that ATRS has "the largest financial interest in the relief sought by the class." (Docket No. 42 ("Boca Raton Opp'n"), at 1). Nevertheless, it opposes ATRS's appointment on two grounds: first, that is

---

[1] On top of the foregoing, Boca Raton presents some evidence suggesting that "a deal between law firms, not the parties, drove the formation of the group." (Docket No. 50, at 2-3).

[2] In the absence of any statements to the contrary, the Court presumes that ATRS and Operating Engineers would, in lieu of being considered as a group, still want to be considered for appointment individually.

3

barred as a "professional plaintiff" pursuant to Section 78u-4(a)(3)(B)(vi) of the PSLRA (*see* Boca Raton Opp'n 2-5); and second, that there is a "colorable risk" that ATRS may be "subject to unique defenses and challenges" because it was attacked by the defendants in another case based on political donations proposed lead counsel made in 2009. (*See id.* at 5-7). On the first point, however, this Court has previously held, based on "the weight of authority," that "the 'professional plaintiff' prohibition does not apply — or, at a minimum, does not apply as strongly — 'in the case of qualified institutional investors.'" *In re Signet Jewelers Ltd. Sec. Litig.*, 16-CV-6728 (JMF), Docket No. 84 (July 27, 2017) (quoting *Iron Workers Local No. 25 Pension Fund v. Credit-Based Asset Servicing & Securitization, LLC*, 616 F. Supp. 2d 461, 467 & n.2 (S.D.N.Y. 2009) (citing cases)). On the second, the mere fact that defendants in a different case launched an attack on ATRS for political donations its proposed lead counsel made nearly a decade ago is weak tea indeed. It certainly does not rise to the level of "'*proof*' of a non-speculative risk that the movant will not be adequate." *Schaffer v. Horizon Pharma Plc*, No. 16-CV-1763 (JMF), 2016 WL 3566238, at *3 (S.D.N.Y. June 27, 2016) (emphasis added).

Accordingly, ATRS's motion for appointment as Lead Plaintiff is GRANTED, and the motions of Operating Engineer and Boca Raton are DENIED. Thus, the Court ORDERS that:

1. ATRS is appointed as Lead Plaintiff. The Court finds that it satisfies the requirements for Lead Plaintiff set forth in Section 78u-4(a)(3)(B).

2. ATRS's selection of Lead Counsel is approved, and Labaton Sucharow LLP is appointed as Lead Counsel for the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iv).

3. Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Lead Counsel shall designate:

    a. to coordinate the briefing and argument of motions;

    b. to coordinate the conduct of discovery proceedings;

    c. to coordinate the examination of witnesses in depositions;

    d. to coordinate the selection of counsel to act as a spokesperson at pretrial

conferences;

e. to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

f. to coordinate all settlement negotiations with counsel for defendants;

g. to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required; and

h. to supervise any other matters concerning the prosecution, resolution or settlement of the action.

4. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any Plaintiff without the approval of Lead Counsel so as to prevent duplicative pleadings or discovery by Plaintiffs. No settlement negotiations shall be conducted without the approval of Lead Counsel.

5. Counsel in any related action that is consolidated with this action shall be bound by this organization of Plaintiffs' counsel.

6. Lead Counsel shall have the responsibility of receiving and disseminating Court orders and notices.

7. Lead Counsel shall be the contact among Plaintiffs' counsel and shall direct and coordinate the activities of Plaintiffs' counsel.

8. Defendants shall effect service of papers on Plaintiffs by serving a copy of the same on Lead Counsel by overnight mail service, electronic, or hand delivery. Plaintiffs shall effect service of papers on Defendants by serving a copy of same on Defendants' counsel by overnight mail service, electronic, or hand delivery.

9. Per the Stipulation and Order entered on December 14, 2017, Lead Plaintiff shall file and serve a consolidated and amended complaint. (Docket No. 14). Defendants' deadline to answer or otherwise respond is set forth in that same Order.

10. **In light of the foregoing, the hearing scheduled for January 22, 2018, is CANCELLED.**

11. The Clerk of Court is directed to terminate Docket Nos. 25, 28, and 30.


SO ORDERED.

Dated: January 19, 2018
New York, New York

_____
JESSE M. FURMAN
United States District Judge