# Labaton Sucharow

**Christopher J. Keller**
Partner
212 907 0853 direct
212 907 0700 main
212 883 7053 fax
ckeller@labaton.com

New York Office
140 Broadway
New York, NY 10005

February 19, 2018

**VIA ECF**

The Honorable Jesse M. Furman
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

   Re: *Hachem v. General Electric Company,* No. 17-cv-08457 (S.D.N.Y.) (the "GE Securities Action") -- and --
     *The Cleveland Bakers and Teamsters Pension Fund v. General Electric Company,* No. 18-cv-01404 (S.D.N.Y.) (the "Cleveland Action")

Dear Judge Furman:

  We represent the Court-appointed Lead Plaintiff Arkansas Teacher Retirement System ("ATRS") in the GE Securities Action. We write to address the recent filing of the related Cleveland Action[1] and the import on that proceeding of the Court's January 19, 2018 Order appointing Lead Plaintiff and Lead Counsel in the GE Securities Action (ECF No. 52), which compels that "counsel in any related action that is consolidated with this action shall be bound by this organization of Plaintiff's counsel." Counsel in the Cleveland Action's attempt to re-open the Lead Plaintiff process hinges solely on the fact that the Cleveland Action expands the class period. However, courts have consistently held that "**alteration of the class period, without more, does not require republication**." *Kaplan v. S.A.C. Capital Advisors, L.P.*, 947 F. Supp. 2d 366, 367 (S.D.N.Y. 2013) (emphasis added) (citing cases). For the reasons set forth below, we respectfully request[2] that the Court: (1) consolidate the newly-filed related Cleveland Action into the GE Securities Action; (2) strike the improper notice published by counsel in the Cleveland Action; and (3) require publication of a corrected notice explaining that the Lead Plaintiff deadline, wrongly asserted in the notice published by counsel in the Cleveland Action, expired on January 2, 2018.[3]

---

[1] A copy of the complaint and the statement of relatedness filed in *The Cleveland Bakers and Teamsters Pension Fund v. General Electric Company*, No. 18-cv-01404 (S.D.N.Y.) is attached as Exhibit A. The only difference of note between the two actions is the expansion of the class period.

[2] Given the exigency of the circumstances we are making this application by letter motion consistent with your Honor's Individual Rules. In the event the Court requires a formal motion, we respectfully request an expedited briefing schedule so that a determination can be made in advance of April 17, 2018, the purported Lead Plaintiff deadline published by counsel in the Cleveland Action.

[3] We are copying counsel for the plaintiff in the Cleveland Action, Grant & Eisenhofer, P.A. ("G&E"), so that they are apprised of our request.

By way of background, when the first of the complaints in the GE Securities Action was filed in late 2017, the plaintiffs properly published notice informing all investors in General Electric Company ("General Electric" or the "Company") that the deadline to move for appointment as Lead Plaintiff was January 2, 2018, as required by the Private Securities Litigation Reform Act ("PSLRA"). 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). On December 21, 2017, Your Honor entered an Order determining that each of the later-filed actions against General Electric was related and giving the parties one week to object to consolidation (ECF No. 15). After receiving no objection, the Court consolidated the cases on December 29, 2017 (ECF No. 16).

On January 2, 2018, the lead plaintiff deadline established by the PSLRA, ATRS and several other individual and institutional investors timely filed motions seeking appointment as Lead Plaintiff in the GE Securities Action. *See, e.g.*, ECF No. 28. Briefing on these motions was completed on January 18, 2018. *See, e.g.*, ECF No. 48. On January 19, 2018, Your Honor granted ATRS' motion and appointed it Lead Plaintiff in the GE Securities Action. *See* ECF No. 52. The Court also entered a schedule that provided for ATRS as Lead Plaintiff to file an Amended Complaint on March 20, 2018 (ECF No. 14). ATRS will determine the appropriate Class Period to assert in the forthcoming Amended Complaint.

On Friday, February 16, 2018, the Cleveland Action was filed as a related case, and the plaintiff's counsel improperly published notice purporting to inform investors in General Electric securities that they now had until April 17, 2018 to seek appointment as Lead Plaintiff. Now, after consolidation of several related actions, prolonged Lead Plaintiff briefing, and approximately a month after ATRS was appointed Lead Plaintiff, plaintiff in the Cleveland Action improperly seeks to reset the clock and restart the Lead Plaintiff process all over again.

First, we respectfully submit that consolidation of the Cleveland Action with the GE Securities Action is appropriate under Rule 42 of the Federal Rules of Civil Procedure and the PSLRA. Like the consolidated cases within the GE Securities Action, the Cleveland Action alleges class action claims against the same Defendants for violations of Sections 10(b) and 20(a) of the Exchange Act based on misrepresentations and omissions concerning underperformance of various General Electric segments and the under-reserving of liabilities related to long-term care ("LTC") reinsurance policies. Plaintiff in the Cleveland Action acknowledges the significant overlap as it marked its case as related. *See* Cleveland Action, Statement of Relatedness, ECF No. 3. Given this substantial overlap – the two actions "involve a common question of law or fact," as required by Rule 42. Fed. R. Civ. P. 42(a) – it is clear that the Cleveland Action should be consolidated with the GE Securities Action currently pending before this Court. Allowing the Cleveland Action to proceed separately would not only confuse investors, but would also result in significant inefficiency and needless expenditure of judicial resources.

Second, we request that the Court vacate the PSLRA motion deadline in the notice issued by plaintiff in the Cleveland Action, and permit Lead Counsel to issue a corrected notice informing

investors that the relevant Lead Plaintiff deadline in the consolidated GE Securities Action has expired. The new Lead Plaintiff deadline announced in the Cleveland Action notice improperly seeks to undermine the PSLRA's deadlines and Your Honor's Order appointing ATRS as Lead Plaintiff, and should be disregarded. Indeed, courts strictly enforce the PSLRA's 60-day Lead Plaintiff deadline and have recognized that the publication of subsequent notice to restart the Lead Plaintiff appointment process "would clearly thwart the intent of the PSLRA." *In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 818-19 (N.D. Ohio 1999) ("appointment of lead counsel could be delayed indefinitely if new complaints alleging earlier starting dates for the class periods were filed . . .").

As courts have regularly held, the PSLRA gives the court-appointed Lead Plaintiff the sole authority to make strategic decisions on behalf of the class, including determining what claims to bring, the appropriate length of the class period, the particular securities to include in the class, and the defendants to name. *See, e.g., In re Bank of Am. Corp. Sec., Derivative, & Emp. Ret. Income Sec. Act (ERISA) Litig.*, No. 10 Civ. 275(PKC), 2011 WL 4538428, at *2 (S.D.N.Y. Sept. 29, 2011). To hold otherwise would invalidate the purpose of the Lead Plaintiff provisions of the PSLRA, invite "lawyer-driven litigation that the PSLRA seeks to avoid, and would likely promote near-endless skirmishes" analogous to the instant disruption, meddling with the Lead Plaintiff's ability to efficiently manage the class action litigation. *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, No. 12-MDL-2389, 2013 WL 4399215, at *4 (S.D.N.Y. Aug. 13, 2013) (citing *Bank of Am. Corp.*, 2011 WL 4538428, at *2). Such a result would allow usurpation of Lead Plaintiff's authority and invite other enterprising litigants to file any number of class actions asserting claims that vary in some insignificant way from the claims that the Lead Plaintiff has chosen to assert, much like the Cleveland Action filing. *See Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*, No. 14 Civ. 2814 (ER), 2015 WL 1499657, at *8 (S.D.N.Y. Mar. 27, 2015) (citing *Telxon*, 67 F. Supp. 2d at 819 ("This result would 'effectively render the strict timeliness set forth in the PSLRA meaningless and would nullify Congress's attempt to expedite the lead plaintiff appointment process.'")). Since its appointment, ATRS has been hard at work investigating the facts and preparing an Amended Complaint in which it will determine the appropriate length of the Class Period.

As this Court has previously held, new notice publication and the reopening of the Lead Plaintiff process is required only when later-filed complaints "***dramatically alter*[ ] *the contours of the lawsuit***." *Dube v. Signet Jewelers Ltd.*, No. 16-CV-6728 (JMF), 2017 WL 1379385, at *2 (S.D.N.Y. Apr. 14, 2017) (Furman, J.) (quoting *In re Leapfrog Enters., Inc. Sec. Litig.*, No. C 03 05421 RMW, 2005 WL 5327775, at *3 (N.D. Cal. July 5, 2005) (emphasis added).[4] This is not the case here. The Cleveland Action ***does not*** assert "categorically different theories of securities fraud" that "alter[] dramatically the gravamen of the claims alleged." *See Signet*, 2017 WL 1379385, at *1–2. In fact, the Cleveland Action asserts that the same exact defendants engaged in the same misconduct, and violated the same federal statutes as the GE Securities Action. The Cleveland Action asserts no new theories of securities fraud and merely expands the class period alleged from December 15, 2016 –

---

[4] *See also Thomas v. Magnachip Semiconductor Corp.*, No. 14-cv-01160-JST, 2015 WL 3749784, at *3 (N.D. Cal. June 15, 2015). Unless otherwise noted, internal citations and quotations are omitted.

3

November 10, 2017 to February 26, 2013 – January 24, 2018.[5]  Both the Cleveland Action and the GE Securities Action allege the following corrective disclosure dates in 2017: July 21st, October 20th, November 13th, and November 14th.  The Cleveland Action pleads two additional corrective disclosures dates in 2018 on January 16th and 24th, each of which occurred after the complaints in the GE Securities Action were filed and after the January 2, 2018 Lead Plaintiff deadline.  These corrective disclosures will be included in the forthcoming Amended Complaint in the GE Securities Action. Notably, a substantial portion of the substantive allegations in the Cleveland Action was copied – either verbatim or nearly verbatim – from the GE Securities Action.  *Compare* Cleveland Action, ECF No. 1 *with Tampa Maritime Association-International Longshoremen's Association Pension Plan v. General Electric Company*, No. 17-cv-09888-JMF (S.D.N.Y.), ECF No. 1.  Even in their own words, plaintiff in the Cleveland Action acknowledge that, "[both] cases allege facts and federal securities fraud claims against the same or similar defendants . . . ."  Cleveland Action, Statement of Relatedness, ECF No. 3.  The Cleveland Action's attempt to reopen the lead plaintiff process by merely expanding the class period therefore fails.[6]

The proceedings in *In re Signet Jewelers Limited Securities Litigation,* No. 16-cv-06728 (S.D.N.Y.)("*Signet*") demonstrate the propriety of not requiring republication in this case.  In *Signet*, after appointment of the Lead Plaintiff, a new complaint was filed that asserted several entirely new and distinct theories of liability.  After consolidating the actions and given the dramatic change in the contours of the litigation, Your Honor required Lead Counsel to issue a corrective notice and entertained a new lead plaintiff process. The Court noted that the additional allegations, which altered the claims by offering different theories of securities fraud, were substantial enough in their own right to warrant republication. However, after that process was complete, another new complaint was filed expanding the class period to include another corrective disclosure.  *See Aydin v. Signet Jewelers Limited*, No. 17-cv-09853-JMF (S.D.N.Y.) ("*Aydin*").  Following that filing, Your Honor refused to re-open the lead plaintiff process, vacated the notice issued, and authorized Lead Counsel to issue a corrected notice.  Like *Aydin*, the Cleveland Action does not advance a separate theory of

---

[5] Under the expanded class period in the Cleveland Action, ATRS incurred losses of approximately $7,997,639 on a last-in-first-out (LIFO) and a first-in-first-out (FIFO) basis, **more than 54 times larger** than the filing plaintiff in the Cleveland Action.  Clearly, ATRS is motivated to represent all affected investors.

[6] *See Hom v. Vale, S.A.,* No. 1:15-cv-9539-GHW, 2016 WL 880201, at *4 (S.D.N.Y. Mar. 7, 2016) (noting that "courts typically 'disfavor republication of notice under the PSLRA when a class period is extended . . . .") (quoting *Turner v. ShengdaTech*, Inc., No. 11 CIV. 1918 (TPG), 2011 WL 6110438, at *3 (S.D.N.Y. Dec. 6, 2011) (no republication order after approximately a two-year expansion of class period))*; Magnachip*, 2015 WL 3749784, at *4 ("In general, republication is not required where a complaint expands the class period."); *In re Thornburg Mortg., Inc. Sec. Litig.*, 629 F. Supp. 2d 1233, 1240 (D.N.M. 2009) ("Courts 'have widely recognized that the intent of the PSLRA is 'to have the 'most adequate lead plaintiffs' appointed as soon as practicable in the litigation, and that filing of subsequent actions alleging different class periods [does] not require publication of new notice or start a new 60–day period for the filing of motions to appoint lead plaintiff or lead counsel.'"); *In re Int'l Rectifier Corp. Sec. Litig.*, No. CV 07–02544–JFW, 2008 WL 4555794, at *23 (C.D. Cal. May 23, 2008) ("[C]ourts have generally disfavored republication of notice when a complaint is amended, even where the amendment alters the class period."); *In re Synovis Life Tech., Inc. Sec. Litig.*, No. Civ. 04-3008ADMAJB, 2005 WL 2063870, at *1 n.3 (D. Minn. Aug. 25, 2005) (explaining that the "weight of the case law" holds that an expansion of the class period does not require new notice); *Cheney v. Cyberguard Corp.*, 213 F.R.D. 484, 504 (S.D. Fla. 2003) (no republication ordered after approximately a one-year expansion of class period); *In re Rite Aid Corp. Sec. Litig.*, No. Civ.A. 99-CV-1349 SD, 1999 WL 34807713, at *1 (E.D. Pa. Dec. 21, 1999) (no republication ordered after a thirteen-month expansion of class period).

fraud distinct from that alleged in the GE Securities Action, but merely expands the class period. Thus, no new Lead Plaintiff proceeding is warranted.[7]

Accordingly, we respectfully request that the Court: (1) consolidate the Cleveland Action with the GE Securities Action; (2) strike the improper notice issued by counsel in the Cleveland Action; and (3) allow Lead Plaintiff in the GE Securities Action to publish notice correcting the improper notice issued in the Cleveland Action. We thank the Court for its prompt attention to this matter.

Respectfully submitted,

*/s/ Christopher J. Keller*
Christopher J. Keller

cc:   All Counsel of Record (via ECF)
      Jay W. Eisenhofer (counsel for plaintiff in Cleveland Action) (via email)
      Daniel L. Berger (counsel for plaintiff in Cleveland Action) (via email)
      Caitlin M. Moyna (counsel for plaintiff in Cleveland Action) (via email)

---

[7] A proposed corrected notice informing investors that the Lead Plaintiff deadline expired on January 2, 2018 is attached as Exhibit B.