USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/12/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- X
:
JIHAD A. HACHEM, :
:
                Plaintiff, :
: 17-CV-8457 (JMF)
     -v- :
:
GENERAL ELECTRIC INC., et al., :
:
                Defendants. :
:
--------------------------------------------------------------------- :
:
THE CLEVELAND BAKERS AND TEAMSTERS PENSION :
FUND, :
:
                Plaintiff, : 18-CV-1404 (JMF)
:
     -v- :
: MEMORANDUM OPINION
GENERAL ELECTRIC COMPANY, et al., : AND ORDER
:
                Defendants. :
:
------------------------------------------------------------------------- X

JESSE M. FURMAN, United States District Judge:

       In these consolidated securities-fraud putative class actions, familiarity with which is presumed, the Court must decide whether to reopen the process for appointment of lead plaintiff and lead counsel. That process was triggered in the first instance by the filing of a complaint on November 1, 2017, alleging that, between July 21, 2017, and October 20, 2017, the General Electric Company ("GE") and certain GE executives made false and misleading statements principally concerning the results and trends in GE's "Power segment." (Docket No. 1 ("Compl.")).[1] Following the publication of notice concerning those allegations pursuant to the

---

[1]     Unless otherwise noted, all record citations are to the docket in 17-CV-8457 (JMF).

Private Securities Litigation Reform Act ("PSLRA"), the Court appointed the Arkansas Teachers Retirement System ("ATRS") as Lead Plaintiff and Labaton Sucharow LLP as Lead Counsel. (Docket No. 52). On February 20, 2018, however, the Cleveland Bakers and Teamsters Pension Fund ("Cleveland B&T") filed a new action alleging that, between February 26, 2013, and January 24, 2018, GE and certain GE executives made false and misleading statements concerning not only GE's Power division, but also its long-term care ("LTC") insurance business. (18-CV-1404 ("*Cleveland B&T*"), Docket No. 1 ("*Cleveland B&T* Compl."), ¶¶ 1, 93, 118). Cleveland B&T now moves to intervene and to vacate the Court's Order appointing ATRS Lead Plaintiff; ATRS cross-moves to strike a new PSLRA notice published by Cleveland B&T based on the new claims. (Docket Nos. 56, 62). Thus, both motions raise the same question: whether the expanded claims and class period in the Cleveland B&T action warrant republication of notice pursuant to the PSLRA and reopening of lead plaintiff motion practice.

Upon review of the parties' papers and relevant case law, the Court reluctantly concludes that republication is warranted and that the lead plaintiff process must be reopened. "Although courts typically disfavor republication when a complaint is amended, courts have required new notice where the amended complaint substantially alters the claims or class members." *Waldman v. Wachovia Corp.*, No. 08-CV-2913 (SAS), 2009 WL 2950362, at *1 (S.D.N.Y. Sept. 14, 2009). The inquiry into whether republication is warranted is qualitative, "turning on a comparison of the two complaints and an assessment of whether, in light of the amendments, 'entire classes of potential lead plaintiffs [were] left out of the notice procedure.'" *Dube v. Signet Jewelers Ltd.*, No. 16-CV-6728 (JMF), 2017 WL 1379385, at *1 (S.D.N.Y. Apr. 14, 2017) (quoting *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, No. 05-CV-1898 (SAS), 2005 WL 1322721, at *2 (S.D.N.Y. June 1, 2005)). Applying that standard, courts have held that

republication is warranted where, in light of changes in either or both the class period or the nature of the claims asserted, it is "likely that individuals who could now be considered potential lead plaintiffs would have disregarded the earlier notice." *Kaplan v. S.A.C. Capital Advisors, L.P.*, 947 F. Supp. 2d 366, 367-68 (S.D.N.Y. 2013); *see, e.g.*, *Dube*, 2017 WL 1379385, at *1; *In re Leapfrog Enters., Inc. Sec. Litig.*, No. 03-CV-5421 (RMW), 2005 WL 5327775, at *3-4 (N.D. Cal. July 5, 2005); *In re Select Comfort Corp. Sec. Litig.*, No. 99-CV-884 (DSD) (JMM), 2000 WL 36097395, at *2 (D. Minn. May 12, 2000).

That is the case here. The initial notice listed a class period of only three months — "between July 21, 2017, and October 20, 2017" — and cited only the underperformance of GE's Power segment in describing the putative class claims. (Docket No. 6, Ex. A, at 1). By contrast, Cleveland B&T's Complaint covers a class period of almost five *years* and includes, in addition to claims regarding General Electric's Power segment, substantial allegations concerning GE's LTC business. (*Cleveland B&T* Compl. ¶¶ 1, 93). Underscoring the scope of those differences, while the initial complaint alleged only one stock price drop of $1.51 per share (*see* Compl. ¶ 24), Cleveland B&T's Complaint alleges additional stock drops, including declines of $1.47, $1.12, and $1.43 per share, all related to news about GE's LTC business. (*See Cleveland B&T* Compl. ¶¶ 17-24). Taken together, these changes "alter[] dramatically the gravamen of the claims alleged against Defendants." *Dube*, 2017 WL 1379385, at *1. They "make it likely that individuals who could now be considered potential lead plaintiffs would have disregarded the earlier notice, and that '[a]llowing plaintiffs in this case to proceed without publishing a new notice reflecting their additional claims would potentially exclude qualified movants from the lead plaintiff selection process.'" *Kaplan*, 947 F. Supp. 2d at 367 (quoting *Bombardier*, 2005 WL 1322721, at *3).

In arguing otherwise, ATRS cites a related case, *Tampa Maritime Association-International Longshoremen's Association Pension Plan v. General Electric Company*, No. 17-CV-9888 (JMF), which was filed during the original notice period and consolidated with this action on December 29, 2017. (Docket No. 16).[2] The Complaint in *Tampa Maritime* alleged claims relating not only to GE's Power segment, but also to its LTC business, and included a class period of between December 15, 2016, and November 10, 2017. (*See* 17-CV-9888, Docket No. 1, at ¶¶ 1, 5). Plaintiff in *Tampa Maritime* (which, notably, was also represented by Labaton Sucharow LLP) published a separate PSLRA notice on December 20, 2017, advising investors of the expanded class period and allegations and noting that the deadline to file lead plaintiff motions was January 2, 2018 — namely, the deadline set by this Court based upon the original notice published on November 2, 2017. (*See* Docket No. 64, Ex. 10, at 5-6; *see also id.* at Ex. 4). On its face, that notice might have sufficed, as the gap between it and the Cleveland B&T Complaint is comparatively smaller, but for one problem: Investors were given only fourteen days' notice (a period that included Christmas and New Year's, no less) of the deadline to file motions for appointment as lead plaintiff.[3] The PSLRA, however, contemplates sixty days' notice before the deadline for motions. *See* 15 U.S.C. § 78u4(a)(3)(A)(II); *see In re Crayfish Co. Sec. Litig.*, No. 00-CV-6766 (DAB), 2002 WL 1268013, at *2 (S.D.N.Y. June 6, 2002)

---

[2] ATRS also contends that Cleveland B&T's motion should be denied because Cleveland B&T's losses are "a small fraction of the ATRS' losses." (Docket No. 63 ("ATRS Br."), at 1-2). But the issue here is not whether Cleveland B&T should be appointed lead plaintiff instead of ATRS; it is whether the process should be reopened to all putative class members, some of whom may well have a greater financial interest than both ATRS and Cleveland B&T.

[3] Needless to say, the present predicament could have been avoided had any party alerted the Court to the material differences between the original notice and the notice published in connection with *Tampa Maritime* and sought an appropriate extension of the deadline to file motions for appointment. No party did so.

(discussing the PSLRA's timeliness requirements).  And separate and apart from what the statute contemplates, thirteen days during the holiday season does not afford investors sufficient time to decide whether to seek appointment and file motion papers.  (*See* Docket No. 67, at 8 (noting that "[m]any public pension funds require board approval prior to making a lead plaintiff motion, a step favored and sometimes also required by courts"); 18-CV-1404, Docket No. 9, at 4 (similar)).

Accordingly, with some misgivings given the delay that will result, the Court concludes that its January 19, 2018 Order appointing ATRS as Lead Plaintiff and Labaton Sucharow LLP as Lead Counsel must be vacated and the lead plaintiff process reopened.  As ATRS itself notes (*see* ATRS Br. 11-12), the general practice in conducting lead plaintiff motion practice is to use the "longest, most inclusive" class period available on the theory that it "encompasses more potential class members and damages." *Hom v. Vale, S.A.*, No. 15-CV-9539 (GHW), 2016 WL 880201, at *4 (S.D.N.Y. Mar. 7, 2016) (citing cases).  Here, that calls for using the allegations in the Cleveland B&T Complaint and the notice issued on February 16. 2018 in connection with that Complaint as the basis for lead plaintiff motion practice.  That notice specified that any motions for appointment of lead plaintiff would have to be filed by April 17, 2018.  (Docket No. 58, Ex. 1).  In light of the uncertainty prompted by ATRS's and Cleveland B&T's motions, however, the Court concludes that the deadline should be extended in the interests of justice.  *See Coopersmith v. Lehman Bros., Inc.*, 344 F. Supp. 2d 783, 791 (D. Mass. 2004) (citing cases for the proposition that "under some circumstances, the PSLRA's 60 day requirement can be extended").  Accordingly, any member of the putative class who wishes to seek appointment as lead plaintiff shall file a motion by **May 4, 2018**; and any opposition to a motion shall be filed by **May 11, 2018**.  No replies are permitted absent leave of the Court.  Unless and until the Court

5

orders otherwise, a conference shall be held on **May 23, 2018**, at **4:30 p.m.** in **Courtroom 1105** of the Thurgood Marshall Courthouse, 40 Centre Street, New York, New York to consider any motions. In light of the foregoing, Defendants' deadline to answer or move to dismiss is extended to thirty days after the newly appointed lead plaintiff identifies the operative complaint.

For the reasons stated above, Cleveland B&T's motion to vacate is GRANTED, and ATRS's cross-motion to strike is DENIED. Further, Cleveland B&T's motion to intervene is GRANTED, as it plainly has a "claim . . . that shares with the [original] action a common question of law or fact," and the Court does not find that intervention will "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(1)(B), (b)(3).

The Clerk of Court is directed to terminate Docket Nos. 56 and 62.

SO ORDERED.

Dated: April 11, 2018
New York, New York

_____
JESSE M. FURMAN
United States District Judge