# LATHAM&WATKINS LLP

53rd at Third
885 Third Avenue
New York, New York  10022-4834
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

December 9, 2020

**VIA ECF**

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007

   Re: *Sjunde AP-Fonden et al. v. Gen. Elec. Co. et al.*, Case No. 17-cv-8457 (JMF)

Dear Judge Furman:

  Pursuant to Your Honor's Rule 1.A., I am writing on behalf of Defendants in the above-referenced case to notify the Court of a non-scienter based settlement by General Electric Company ("GE") with the U.S. Securities & Exchange Commission (the "SEC").

  Plaintiffs' Fourth Amended Complaint (the "FAC") referenced the underlying SEC investigation as part of the FAC's scienter and loss causation allegations.  The FAC alleged that the investigation related both to GE's long-term care insurance and power businesses.  *See* Dkt. No. 179, ¶¶ 34, 226, 325, 479-82, 484; Dkt. No. 178, at 29.  In previously dismissing all long-term care claims and most of the power business-related claims in the FAC, this Court held that "the SEC's investigation . . . [did] not nudge" Plaintiffs' scienter allegations "across the line."  Dkt. No. 185, at 29 (citing *Cortina v. Anavex Life Scis. Corp.*, No. 15-CV-10162 (JMF), 2016 WL 7480415, at *8 (S.D.N.Y. Dec. 29, 2016)).  The Fifth Amended Complaint, for which Defendants' motion to dismiss is pending, nonetheless continued repeatedly to cite the existence of the SEC investigation.  *See* Dkt. No. 191, ¶¶ 26, 33, 301, 501-04; *see also* Dkt. Nos. 196, 198, 200 (motion to dismiss briefing).

  Today, a non-scienter (and non-Section 10(b)) based settlement was publicly announced that will resolve the entirety of the SEC's investigation against GE for $200 million.[1]  In connection with the settlement, the SEC issued the enclosed order containing its legal and factual findings, which as a condition to settlement GE has agreed neither to admit nor deny.  *See* Ex. A.  Notably, the SEC's order does not find that GE acted with scienter and includes no claims pursuant to Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") or SEC Rule

---

[1] The order also establishes a "Fair Fund," pursuant to 15 U.S.C. § 7246, to share the settlement funds with investors.

LATHAM&WATKINS LLP

10b-5 promulgated thereunder, unlike Plaintiffs' Fifth Amended Complaint. Instead, all of the SEC's claims are asserted under provisions that require negligence only, including Sections 17(a)(2)-(3) of the Securities Act of 1933 and Sections 13(a)-(b) of the Exchange Act. *See* Ex. A, ¶¶ 43-48.

Respectfully submitted,

/s/ Miles N. Ruthberg

Miles N. Ruthberg
of LATHAM & WATKINS LLP

Enclosure

cc:  All Counsel of Record (via ECF)