**Miles N. Ruthberg**
Direct Dial: 212.906.1688
miles.ruthberg@lw.com

53rd at Third
885 Third Avenue
New York, New York 10022-4834
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

# LATHAM&WATKINS LLP

January 25, 2021

**VIA ECF**

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: *Sjunde AP-Fonden, et al. v. General Electric Company, et al.*, No. 17-cv-8457 (JMF)
  *Burden v. Bazin, et al.*, No. 21-cv-182 (JMF)

Dear Judge Furman:

The parties in the above-captioned actions respectfully submit this joint letter in response to the Court's January 14, 2021 Order concerning how the Court should proceed with respect to the above-referenced cases: No. 17-cv-8457 (the "Securities Action") and No. 21-cv-182 (the "Derivative Action").

While the claims asserted in the Securities Action and the Derivative Action arise out of similar alleged facts and circumstances – indeed, the complaint in the Derivative Action attaches and incorporates the complaint in the Securities Action – the legal issues in these actions are different. In the Securities Action, the plaintiffs assert claims on behalf of a class under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 against General Electric Company ("GE") and six former officers of GE or GE Capital. The defendants have moved to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure and the pleading requirements under Rule 9(b) and the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

In the Derivative Action, the plaintiffs assert claims derivatively on behalf of GE for breach of fiduciary duty, unjust enrichment, waste, and under Section 14(a) of the Exchange Act against 34 present and former directors and officers of GE.  Plaintiffs made a pre-suit demand on GE's board of directors, which GE's board refused.  GE (as the nominal defendant) and the GE directors and officers named as defendants will move to dismiss the Derivative Action on February 1, 2021 under Rule 23.1 of the Federal Rules of Civil Procedure and New York law on the ground that plaintiffs do not sufficiently plead that their demand was wrongfully refused.  The GE directors and officers named as defendants will also move to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that plaintiffs' state law claims are barred by New York Business Corporation Act § 402(b) and Article Sixth of GE's certificate of incorporation and on

LATHAM&WATKINS LLP

the ground that plaintiffs' Section 14(a) claim is time-barred and fails to allege the required elements.

Given the foregoing, the parties respectfully submit that the actions should not be consolidated. *See, e.g.*, *In re Bear Stearns Cos., Inc. Sec., Derivative & ERISA Litig.*, 2009 WL 50132, at*5 (S.D.N.Y. Jan. 5, 2009) (denying consolidation of securities action and derivative action; "while federal securities and derivative claims have occasionally been consolidated for pre-trial purposes, allowing these actions to proceed separately appears to be the more common approach").

With respect to motions to dismiss, the motion to dismiss the Securities Action is fully briefed. Pursuant to a stipulated briefing schedule filed today, the motion to dismiss the Derivative Action will be filed on or before February 1, 2021 and fully briefed by April 5, 2021. The legal arguments and issues that will be before the Court on the motion to dismiss in the Derivative Action are different from the legal arguments before the Court on the motion to dismiss the Securities Action, and not dependent on rulings in the Securities Action, although a ruling in the Securities Action may inform the Court's views concerning the claims in the Derivative Action based on claims in the Securities Action. As such, the parties respectfully submit that the motions should be decided separately and on their own tracks.

The parties also respectfully submit that, in the event motions to dismiss are denied in both the Securities Action and the Derivative Action, the parties will meet and propose to the Court protocols for the coordination of discovery and other pretrial matters. *See, e.g.*, *Bear Stearns*, 2009 WL 50132, at *5 ("[t]he fact that these Actions are not consolidated, however, does not prevent their reasonable coordination for pretrial purposes").

The parties do not believe a conference is necessary at this time, but are of course available to answer any questions the Court may have.

Respectfully submitted,[1]

/s/ Miles N. Ruthberg
Miles N. Ruthberg
of Latham & Watkins LLP

*Counsel for Defendants in Sjunde AP-Fonden, et al. v. General Electric Company, et al.*

/s/ Sharan Nirmul
Sharan Nirmul
of Kessler Topaz Meltzer & Check, LLP

---

[1] Electronic signatures are used with consent in accordance with Rule 8.5(b) of the Court's ECF Rules and Instructions.

LATHAM & WATKINS LLP

*Lead Counsel for Plaintiffs in Sjunde AP-Fonden, et al. v. General Electric Company, et al.*

/s/ Stephen A. Radin
Stephen A. Radin
of Weil, Gotshal & Manges LLP

*Counsel for Defendants in Burden v. Bazin, et al.*

/s/ Melinda A. Nicholson
Melinda A. Nicholson
of Kahn Swick & Foti, LLC

*Counsel for Plaintiff in Burden v. Bazin, et al.*

cc:  All Counsel of Record (via ECF)