UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X
:
SJUNDE AP-FONDEN et al.,                                        :
:
                                    Plaintiffs,                 :                17 -CV-8457   (JMF)
                   -v-                                          :
:                                CIVIL CASE
GENERAL ELECTRIC COMPANY et al.                                 :                MANAGEMENT PLAN
:                                AND SCHEDULING
                                    Defendants.                 :                ORDER
:
--------------------------------------------------------------- X

       This Civil Case Management Plan and Scheduling Order is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.     All parties [consent ☐ / do not consent ☑ ] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial.  28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.  [*If all parties consent, the remaining Paragraphs should not be completed.  Instead, within three (3) days of submitting this Proposed Case Management Plan and Scheduling Order, the parties shall submit to the Court a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, available at* https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf.]

2.     The parties [have ☐ / have not ☑ ] conferred pursuant to Fed. R. Civ. P. 26(f).

3.     Settlement discussions [have ☐ / have not ☑ ] taken place.

4.     [*If applicable*] Counsel have discussed an informal exchange of information in aid of early settlement and have agreed upon disclosure of the following information within _____ days/weeks:

     _____

     _____

     _____

     _____

     _____

5.  Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court.  Any motion to amend or to join additional parties shall be filed no later than ~~September 24, 2021~~   March 29, 2021 [*Absent exceptional circumstances, a date not more than thirty (30) days following the initial pretrial conference.  Any motion to amend or to join additional parties filed after the deadline in this paragraph will be subject to the "good cause" standard in Fed. R. Civ. P. 16(b)(4) rather than the more lenient standards of Fed. R. Civ. P. 15 and 21.*]

6.  Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than than March 11, 2021_____.  [*Absent exceptional circumstances, a date not more than fourteen (14) days following the initial pretrial conference.*]

7.  [*If applicable*] The plaintiff(s) shall provide HIPAA-compliant medical records release authorizations to the defendant(s) no later than _____.

8.  Discovery

    a.  The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.

    b.  All fact discovery shall be completed no later than December 3, 2021_____.  [*A date not more than 120 days following the initial pretrial conference, unless the Court finds that the case presents unique complexities or other exceptional circumstances.*]

    c.  The parties agree that there [is  ☑  / is no  ☐  ] need for expert discovery.  If the parties agree that there is no need for expert discovery, all discovery shall be completed by the deadline for fact discovery, unless — prior to that date — a party files, and the Court grants, a letter-motion seeking an extension for purposes of taking expert discovery; any such motion should explain why expert discovery has become necessary and propose a schedule for such discovery.  [*If any party believes that there is a need for expert discovery, the parties should complete Paragraph 8(d).*]

    d.  [*If applicable*]  All expert discovery, including reports, production of underlying documents, and depositions, shall be completed no later than March 25, 2022_____.  [*Absent exceptional circumstances, a date not more than 45 days from the date in Paragraph 8(b) (i.e., the completion of all fact discovery).*]

    e.  The parties should not anticipate extensions of the deadlines for fact discovery and expert discovery set forth in the foregoing Paragraphs.  Relatedly, the parties should not make a unilateral decision to stay or halt discovery (on the basis of settlement negotiations or otherwise) in anticipation of an extension.  If something unforeseen arises, a party may seek a limited extension of the foregoing deadlines by letter-motion filed on ECF.  Any such motion must be filed before the relevant deadline and must explain why, despite the parties' due diligence, discovery could not be completed by the relevant deadline.

9.     Interim Discovery Deadlines

    a. Initial requests for production of documents shall be served by March 26, 2021 . [*Absent exceptional circumstances, a date not more than thirty (30) days following the initial pretrial conference.*]

    b. Interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York shall be served by March 26, 2021 . [*Absent exceptional circumstances, a date not more than thirty (30) days following the initial pretrial conference.*] No Rule 33.3(a) interrogatories need to be served with respect to disclosures automatically required by Fed. R. Civ, P. 26(a).

    c. Unless otherwise ordered by the Court, contention interrogatories pursuant to Rule 33.3(c) of the Local Civil Rules of the Southern District of New York must be served no later than thirty (30) days before the close of discovery. No other interrogatories are permitted except upon prior express permission of the Court.

    d. Unless otherwise ordered by the Court, depositions of fact witnesses shall be completed by the date set forth in Paragraph 8(b).

        i. Absent an agreement between the parties or an order from the Court, depositions are not to be held until all parties have responded to initial requests for document production.

        ii. There is no priority in deposition by reason of a party's status as a plaintiff or a defendant.

        iii. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

    e. Unless otherwise ordered by the Court, requests to admit shall be served by no later than thirty (30) days before the close of discovery.

    f. Any of the deadlines in Paragraphs 9(a) through 9(e) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in Paragraph 8(b).

    g. In the event that there is expert discovery, no later than thirty (30) days prior to the date in Paragraph 8(b) (i.e., the completion of all fact discovery), the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents, and depositions, provided that (1) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (2) all expert discovery shall be completed by the date set forth in Paragraph 8(c).

10. All motions and applications shall be governed by the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and the Court's Individual Rules and Practices (available at https://nysd.uscourts.gov/hon-jesse-m-furman).

11.     In the case of discovery disputes, parties should follow Local Civil Rule 37.2 with the following modifications.  Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute.  If this meet-and-confer process does not resolve the dispute, the party shall, in accordance with the Court's Individual Rules and Practices in Civil Cases, promptly file a letter-motion, no longer than three pages, explaining the nature of the dispute and requesting an informal conference.  Any letter-motion seeking relief *must* include a representation that the meet-and-confer process occurred and was unsuccessful.  Any opposition to a letter-motion seeking relief shall be filed as a letter, not to exceed three pages, within three business days.  Counsel should be prepared to discuss with the Court the matters raised by such letters, as the Court will seek to resolve discovery disputes quickly, by order, by conference, or by telephone.  **Counsel should seek relief in accordance with these procedures in a timely fashion; if a party waits until near the close of discovery to raise an issue that could have been raised earlier, the party is unlikely to be granted the relief that it seeks, let alone more time for discovery.**

12.     All counsel must meet in person for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

13.     Absent good cause, the Court will not have summary judgment practice in a non-jury case.  Summary judgment motions, if applicable, and any motion to exclude the testimony of experts pursuant to Rules 702-705 of the Federal Rules of Evidence and the *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), line of cases, are to be filed within thirty (30) days of the close of fact or expert discovery (whichever is later).  Unless otherwise ordered by the Court, opposition to any such motion is to be filed two (2) weeks after the motion is served on the opposing party, and a reply, if any, is to be filed one (1) week after service of any opposition.

14.     Unless otherwise ordered by the Court, within thirty (30) days of the close of all discovery, or, if a dispositive motion has been filed, within thirty (30) days of a decision on such motion, the parties shall submit to the Court for its approval a Joint Pretrial Order prepared in accordance with the Court's Individual Rules and Practices and Fed. R. Civ. P. 26(a)(3).  The parties shall also follow Paragraph 5 of the Court's Individual Rules and Practices for Civil Cases, which identifies submissions that must be made at or before the time of the Joint Pretrial Order, including any motions *in limine*.

15.     If this action is to be tried before a jury, joint requests to charge, joint proposed verdict forms, and joint proposed *voir dire* questions shall be filed on or before the Joint Pretrial Order due date in accordance with the Court's Individual Rules and Practices.  Jury instructions may not be submitted after the Joint Pretrial Order due date, unless they meet the standard of Fed. R. Civ. P. 51(a)(2)(A).  If this action is to be tried to the Court, proposed findings of fact and conclusions of law shall be filed on or before the Joint Pretrial Order due date in accordance with the Court's Individual Rules and Practices.

16.     Unless the Court orders otherwise for good cause shown, the parties shall be ready for trial two weeks after the Joint Pretrial Order is filed.

17.     This case [is  ☑  / is not  ☐  ] to be tried to a jury.

18.     Counsel for the parties have conferred, and the present best estimate of the length of trial is
        Fifteen (15) trial days       .

19.     Other issues to be addressed at the Initial Pretrial Conference, including those set forth in
        Fed. R. Civ. P. 26(f)(3), are set forth below.

        See Addendum, attached hereto.

        _____

        _____

        _____


### TO BE FILLED IN BY THE COURT IF APPLICABLE:

_____ shall file a motion for/to _____ no
later than _____. Any opposition shall be filed by _____.
Any reply shall be filed by _____. At the time any reply is due, the moving party
shall supply one courtesy hard copy of all motion papers by mail or hand delivery to the Court in
accordance with the Court's Individual Rules and Practices.

        The parties shall contact the Chambers of the Magistrate Judge assigned to this case on or
before _____ in order to schedule settlement discussions under his/her supervision in
or about _____.

        The parties shall file a joint letter by _____ indicating whether they
would like the Court to refer the case to the assigned Magistrate Judge and/or the Court mediation
program for settlement purposes and, if so, approximately when they believe a settlement
conference should be held.

        The next pretrial conference is scheduled for    August 12, 2021    at
   3:00 p.m.    in Courtroom 1105 of the Thurgood Marshall Courthouse, 40 Centre Street, New
York, New York 10007.

        Absent leave of Court, by **Thursday of the week prior to any future conference**, the
parties shall file on ECF a joint letter, not to exceed three (3) pages, regarding the status of the case.
The letter should include the following information in separate paragraphs:

    (1) A statement of all existing deadlines, due dates, and/or cut-off dates;

    (2) A brief description of any outstanding motions;

    (3) A brief description of the status of discovery and of any additional discovery that needs to
        be completed;

(4) A list of all prior settlement discussions, including the date, the parties involved, whether any third-party (e.g., Magistrate Judge, mediator, etc.) was involved, and the approximate duration of such discussions, if any;

(5) A statement of whether or how the Court could facilitate settlement of the case (for example, through a(nother) settlement conference before the assigned Magistrate Judge or as part of the Court's Mediation Program);

(6) A statement of the anticipated length of trial and whether the case is to be tried to a jury;

(7) A statement of whether the parties anticipate filing motions for summary judgment; and

(8) Any other issue that the parties would like to address at the pretrial conference or any information that the parties believe may assist the Court in advancing the case to settlement or trial.

This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Further, the use of any alternative dispute resolution mechanism does not stay or modify any date in this Order. Indeed, unless the Court orders otherwise, parties engaged in settlement negotiations must proceed on parallel tracks, pursuing settlement and conducting discovery simultaneously. Parties should not assume that they will receive an extension of an existing deadline if settlement negotiations fail.

Any application to modify or extend the dates herein (except as provided in Paragraph 9(f)) shall be made in a written application in accordance with Court's Individual Rules and Practices for Civil Cases and shall be made no fewer than two (2) business days prior to the expiration of the date sought to be extended. Absent exceptional circumstances, extensions will not be granted after deadlines have already passed.

SO ORDERED.

Dated:      February 25, 2021
            New York, New York

_____
JESSE M. FURMAN
United States District Judge

Any amended pleadings shall be filed **no later than thirty days from the date of this Order.**

For all document requests served by March 26, 2021, each party must substantially complete production of materials in response thereto by **August 5, 2021**.

The class certification briefing schedule agreed to by both parties in the attached addenda is ADOPTED.

In addition to the deadlines above, the Court ADOPTS Defendants' proposal to proceed in parallel with discovery on loss causation (see Defendants' Addendum attached). No later than **July 30, 2021**, if Defendants wish to file an early motion on the issue of loss causation, Defendants shall file a pre-motion letter-motion, not to exceed five pages, seeking leave to file such motion. Any response from Plaintiffs shall be filed **within one week of Defendants' letter-motion.** No motion for summary judgment may be filed without leave of Court.

**Plaintiffs' Addendum to Paragraph 19**
**Civil Case Management Plan and Scheduling Order**

**Additional Issues to be Addressed at the Initial Pretrial Conference**

1. The parties do not consent to the use of a Magistrate Judge for all proceedings, but do consent to the use of a Magistrate Judge for all discovery proceedings.

2. The parties have agreed to the following schedule for Plaintiffs' motion for class certification:

   Plaintiffs' Opening brief:  May 21, 2021
   Deadline for Defendants to depose Plaintiffs' class certification expert:  July 23, 2021
   Defendants' Opposition brief:  August 20, 2021
   Plaintiffs' Reply brief:  October 29, 2021

3. Substantial completion of document production date:  Plaintiffs propose that, for all document requests served by March 26, 2021, each party must substantially complete production of materials in response thereto by August 5, 2021.

4. ~~The parties disagree as to when expert reports and depositions on loss causation should occur.  Defendants contend that expert discovery on the issue of loss causation should occur in the middle of fact discovery and on the same schedule as expert discovery in connection with Plaintiffs' motion for class certification.  Plaintiffs disagree with Defendants' proposal and with their assertion that loss causation depends entirely on publicly-available information and will not depend on the results of fact discovery.  To the contrary, the record developed during fact discovery will be highly relevant to any expert opinions offered on the issue of loss causation.  In addition, Plaintiffs disagree with Defendants' proposal because it appears to contemplate multiple rounds of dispositive motions being filed in this case.  Plaintiffs' position is that the issue of loss causation should be treated like any other issue in the case, and should be addressed after the completion of fact discovery and in a single round of summary judgment briefing.~~

5. ~~Modifications to Section 9(d):  Plaintiffs propose that the parties waive the requirements set forth in Section 9(d) as they pertain to the timing and ordering of depositions.~~

**Defendants' Addendum to Paragraph 19**
**Civil Case Management Plan and Scheduling Order**

**Additional Issues to be Addressed at the Initial Pretrial Conference**

1.  The parties do not consent to the use of a Magistrate Judge for all proceedings, but do consent to the use of a Magistrate Judge for all discovery proceedings.

2.  ~~The parties disagree as to whether (and by when) further amended pleadings should be permitted.  Plaintiffs propose that the deadline for any such pleadings should be September 24, 2021.  Defendants disagree, and do not believe that any further chances to amend are warranted, including because Plaintiffs have already amended their pleadings five times in this matter and the Court has already twice told Plaintiffs that no further amendments would be allowed.  Dkt. #175, at 1; Dkt. 206, at 33.~~

3.  Defendants propose the following briefing schedule for Plaintiffs' motion for class certification:
    a.  Plaintiffs must file their motion for class certification by May 21, 2021.
    b.  The deadline for Defendants to depose Plaintiffs' class certification expert is July 23, 2021.
    c.  Defendants must file their opposition, if any, by August 20, 2021.
    d.  Plaintiffs must file their reply, if any, by October 29, 2021.

4.  The parties disagree as to when expert reports and depositions on loss causation should occur.  Plaintiffs contend that they should occur after the completion of fact discovery.  Defendants disagree for the reasons stated in the parties' joint letter, and propose that they should instead proceed under the following deadlines:
    a.  Plaintiffs must serve their loss causation expert report by May 21, 2021.
    b.  Defendants must serve their rebuttal loss causation expert report by June 30, 2021.
    c.  The deadline to depose loss causation experts is July 30, 2021.

5.  ~~Defendants propose that, for all document requests served by March 26, 2021 which relate to allegations that are still at issue in this case (*i.e.*, not improper discovery as to dismissed allegations), each party must substantially complete production of materials in response thereto by October 5, 2021.~~