1271 Avenue of the Americas
New York, New York  10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Moscow |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Shanghai |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

February 3, 2022

**VIA ECF**

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007

Re:     *Sjunde AP-Fonden et al. v. Gen. Elec. Co.*, No. 17-cv-8457 (JMF)

Dear Judge Furman:

On behalf of Defendants General Electric Company ("GE") and Jeffrey S. Bornstein in the above-referenced action (collectively, "Defendants"), we write pursuant to Rule 7(C) of the Court's Individual Rules and Practices to request that portions of Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to File a Sixth Amended Complaint (the "Opposition") and select exhibits thereto be filed under seal because they contain sensitive commercial information such as insight into prior financial performance, forward-looking business projections, and pacing of cash and revenue.

The Stipulated Protective Order, ECF No. 227 (the "Protective Order"), in this case allows for a producing party to designate documents it produces as "Confidential" or "Highly Confidential" where the party in good faith believes that the document contains sensitive information that requires protection from disclosure, and also provides a process for a receiving party to challenge such designations.  Protective Order ¶¶ 2.1, 2.6, 6.1-.3.  The exhibits referenced above were produced to Plaintiffs and designated "Confidential" by either the U.S. Securities and Exchange Commission ("SEC") or GE.  For the reasons set forth below, those documents, and references to them in the Opposition, should remain under seal.

The presumptive right to access judicial documents is not absolute.  *See, e.g.*, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) (explaining that "the decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case") (internal citations omitted).  Instead, courts must "balance competing considerations against" access, including but not limited to "the danger of impairing law enforcement or judicial efficiency" and "the private interest of those resisting disclosure."  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (internal quotations and citation omitted).  Courts permit sealing when it "is essential to preserve

LATHAM&WATKINS LLP

higher values and is narrowly tailored to serve the interest." *Id.* (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)).

Defendants seek narrowly tailored redactions of references to specific statistics regarding GE's factoring and internal business communications that are not publicly available. In addition to portions of the Opposition, Defendants respectfully request permission to file under seal:

- Exhibits 3 and 4, which are internal GE documents and email correspondence containing and reflecting detailed financial statistics and performance data that are not publicly available;

- Exhibits 11, 12, and 13, which are excerpts of the transcripts of depositions taken by the SEC in the matter of General Electric Company, File No. B-03189-A, which should be sealed because they include references to strategies for and analysis of GE's cash performance. Further, the SEC only permitted production of confidential investigatory material, including the transcripts, based on its understanding that a protective order would be in place. *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (holding that law enforcement interests should be considered in determining whether public access to judicial documents should be granted).

- Exhibits 14, 15, 16, and 19, which are excerpts of the transcripts of depositions taken in the above-captioned matter, and should be sealed because they contain references to GE's internal business processes and communications and to detailed financial statistics and performance data from internal GE documents and email correspondence, as well as quotes from transcripts of depositions taken by the SEC in the matter of General Electric Company, File No. B-03189-A.

Courts commonly exercise their discretion to seal similar types of documents. *Cumberland Packing Corp. v. Montsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999) ("Documents falling into categories commonly sealed are those containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like."). Sealing such confidential business information from the public record also avoids unfairly giving competitors insight into sensitive financial data, even if that information relates to past, not current or future, financial performance and analysis. *See, e.g.*, *Playtex Prod., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11-12 (S.D.N.Y. Mar. 29, 2016) (granting request to redact portions of summary judgment brief which referenced "confidential and sensitive business information, including sales and costs information" because party "would be competitively harmed if they were revealed"); *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (granting request to seal financial information, including cost and profit structures, because "[c]onfidential business information dating back even a decade or more may provide valuable insights into a company's current business practices that a competitor would seek to exploit").

Defendants seek narrowly tailored redactions to commercially sensitive business information. For these reasons, Defendants respectfully request that the Court enter an order sealing the portions of the Motion in Opposition and corresponding exhibits listed above.

# LATHAM&WATKINS LLP

Respectfully submitted,

Sarah A. Tomkowiak
of LATHAM & WATKINS LLP

cc: All counsel of record (via ECF)