LATHAM & WATKINS LLP

1271 Avenue of the Americas
New York, New York  10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Moscow |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Shanghai |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

February 3, 2022

**VIA ECF**

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007

Re:  *Sjunde AP-Fonden et al. v. Gen. Elec. Co.*, No. 17-cv-8457 (JMF)

Dear Judge Furman:

On behalf of Defendants General Electric Company ("GE") and Jeffrey S. Bornstein in the above-referenced action (collectively, "Defendants"), we write pursuant to Rule 7(C) of the Court's Individual Rules and Practices and the Court's January 21, 2022 Order (ECF No. 283) to request that limited portions of Plaintiff's Proposed Sixth Amended Complaint (ECF Nos. 280-1 and 280-2, the "P6AC")[1] be filed under seal because they contain sensitive commercial information such as insight into prior financial performance, forward-looking business projections, and pacing of cash and revenue. Defendants do not seek to redact any portions of Plaintiffs' memorandum of law in support of their motion for leave to file a sixth amended complaint (ECF No. 280).

The presumptive right to access judicial documents is not absolute. *See, e.g.*, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) (explaining that "the decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case") (internal citations omitted). Instead, courts must "balance competing considerations against" access, including but not limited to "the danger of impairing law enforcement or judicial efficiency" and "the private interest of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (internal quotations and citation omitted). Courts permit sealing when it "is essential to preserve

---

[1] ECF No. 280-1 is Plaintiffs' P6AC, while ECF No. 280-2 is a redline of the P6AC compared to the Fifth Amended Complaint. For the Court's convenience, Defendants resubmit with this letter copies of ECF No. 280-1, the P6AC, in redacted form and under seal reflecting Defendants' proposed redactions.

**LATHAM&WATKINS**LLP

higher values and is narrowly tailored to serve the interest." *Id.* (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)).

Defendants seek narrowly tailored redactions of paragraphs with quotations and statements from internal company presentations, communications, and updates describing internal GE documents or confidential information about GE's businesses. None of these documents are publicly available. Plaintiffs' amended allegations span 20 pages and 70 paragraphs, but Defendants seek limited redactions of only 27 paragraphs. In particular, Defendants seek redactions of:

- Quotations and statements from internal company presentations describing internal initiatives and their estimated impact on the company, financial data, and program viability from paragraphs 529–31, 536, 551–52, 569, and 573;

- Statements made, primarily in internal emails, by GE and GE Power executives regarding cost considerations, economic performance and corresponding adjustments, financial projections and goals, assessments of program success, and business strategies from paragraphs 531, 546–48, 551–55, 571, and 574;

- Internal updates provided by GE Power Services employees identifying business strategies for achieving company goals and minimizing financial risks from paragraphs 557–58 and 564;

- A graphic from an internal slide deck reviewed during an internal meeting between GE and GE Capital employees on January 12, 2017, including a breakdown of financial data from paragraph 568;

- Statements from GE Power's internal annual operating plan from 2017 discussing financial data and company plans from paragraphs 570 and 572; and

- Statements made in internal conversations regarding the factoring disclosures in GE's 2016 10-K from paragraphs 584–85 and 587–89.

As previously mentioned, none of this information is publicly available. Revealing such information would therefore release confidential information to the public, which would cause injury to GE and give others a competitive advantage by providing them insight into GE's goals, strategies, and financial projections. None of the redacted information would contribute substantially to the public's understanding of the case. Based on the harm the disclosure of this commercially sensitive information would have on GE and its slight impact on describing the nature of the case, these narrowly tailored redactions are appropriate. *See P&L Dev., LLC Gerber Prods. Co.*, 2022 WL 94380, at *4 (E.D.N.Y. Jan. 10, 2022) (allowing the redaction of pricing information from a complaint when the court found its "sensitive competitive nature" to be clear, when the Court could "well envision how disclosure would harm the business interests of the parties" and when "public disclosure information of this limited information would do little . . . to enlighten the public about the nature of [the] case").

LATHAM&WATKINS LLP

  Federal district courts in New York have frequently permitted redactions of commercially-sensitive information from complaints in order to protect companies, and such protection is necessary here. *See, e.g., Ramirez v. Termin & Co.*, 2020 WL 6781222, at *7 (S.D.N.Y. Nov. 18, 2020) (allowing the redaction of business information from a complaint when "public access to this information could alter the Firm's competitive position in the consulting market" and defendant had "demonstrated that the business information in the Document constitutes confidential trade secrets, which if exposed any longer could cause injury to the Firm"); *Stegmann v. Wolin*, 2021 WL 1838219, at *2 (E.D.N.Y. May 7, 2021) (allowing the redaction of confidential business information when such disclosure "would enable competitors to discover the company's confidential business, operational and marketing strategies"; "give competitors an unfair advantage" by disclosing the company's internal analysis of its competitive standing; and "would provide its competitors with information about which areas it allocates its resources, as well as its internal financial projections" by disclosing budgeting).

  For these reasons, Defendants respectfully request that the Court enter an order sealing the portions of the P6AC listed above.

Respectfully submitted,

*[signature]*

_____

Sarah A. Tomkowiak
of LATHAM & WATKINS LLP

cc: All counsel of record (via ECF)