1271 Avenue of the Americas
New York, New York 10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Moscow |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Shanghai |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

**LATHAM & WATKINS LLP**

April 25, 2022

**VIA ECF**

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007

Re:   *Sjunde AP-Fonden et al. v. Gen. Elec. Co.*, No. 1:17-cv-8457 (JMF)

Dear Judge Furman:

On behalf of Defendants General Electric Company ("GE") and Jeffrey S. Bornstein in the above-referenced action (together, "Defendants"), we write pursuant to Rule 7(C) of the Court's Individual Rules and Practices and the Court's April 11, 2022 Opinion and Order, ECF No. 314, to request that the following materials, filed in connection with the briefing on Plaintiffs' motion for leave to file a sixth amended complaint, remain under seal or in redacted form.

The presumptive right to access judicial documents is not absolute. *See, e.g.*, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) (explaining that "the decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case" (internal citations omitted)). Instead, courts exercise "discretion in determining whether good cause exists to overcome the presumption of open access to documents filed," *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000), and they must "balance competing considerations against" access, including but not limited to "the danger of impairing law enforcement or judicial efficiency" and "the priva[te] interest[] of those resisting disclosure," *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (internal quotations and citations omitted). Courts permit sealing when it "is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). As detailed below, allowing the following materials to remain under seal or in redacted form is necessary to protect Defendants from unnecessary disclosure of competitive business information, and revealing such information to the public will not substantially contribute to the public's understanding of this case, given that the Court found Plaintiffs' prior, public complaints provided "ample notice of Plaintiffs' claim" and the proposed amendments are "premised on the same theory as their existing claims." ECF No. 314 at 16. The balance weighs in favor of keeping the following materials under seal or redacted.

LATHAM&WATKINSLLP

1. **Plaintiffs' Proposed Sixth Amended Complaint ("P6AC")**

On January 19-20, 2022, Plaintiffs filed (i) their P6AC with redactions, ECF No. 279-1; (ii) a redacted redline between the P6AC and the Fifth Amended Complaint (the "Redline"), ECF No. 279-2; (iii) an unredacted copy of the P6AC under seal, ECF No. 280-1; and (iv) an unredacted copy of the Redline under seal, ECF No. 280-2.

On February 3, 2022, Defendants resubmitted the P6AC, in redacted form and under seal, reflecting Defendants' proposed redactions to limited portions of the P6AC—a subset of Plaintiffs' proposed redactions. *See* ECF Nos. 299, 300. Defendants' proposed redactions are narrowly tailored to paragraphs with quotations and statements from internal company presentations, communications, and updates describing internal GE documents or confidential information about GE's businesses that are not publicly available. They thus include commercially sensitive information such as insight into prior financial performance, forward-looking business projections, and pacing of cash and revenue. These statements include:

- Quotations and statements from internal company presentations describing internal initiatives and their estimated impact on the company, financial data, and program viability (¶¶ 529-31, 536, 551-52, 569, 573);
- Statements made, primarily in internal emails, by GE and GE Power executives regarding cost considerations, economic performance and corresponding adjustments, financial projections and goals, assessments of program success, and business strategies (¶¶ 531, 546-48, 551-55, 571, 574);
- Internal updates provided by GE Power Services employees identifying business strategies for achieving company goals and minimizing financial risks (¶¶ 557-58, 564);
- A graphic from an internal slide deck reviewed during an internal meeting between GE and GE Capital employees on January 12, 2017, including a breakdown of financial data (¶ 568);
- Statements from GE Power's internal annual operating plan from 2017 discussing financial data and company plans (¶¶ 570, 572); and
- Statements made in internal conversations regarding the factoring disclosures in GE's 2016 10-K (¶¶ 584-85, 587-89).

Federal district courts in New York have frequently permitted redactions of commercially-sensitive information from complaints in order to protect companies, and such protection is necessary here. *See, e.g.*, *Ramirez v. Temin & Co.*, 2020 WL 6781222, at *7 (S.D.N.Y. Nov. 18, 2020) (allowing the redaction of business information in complaint when "public access to this information could alter the Firm's competitive position in the consulting market"); *Stegmann on Behalf of Covetrus, Inc. v. Wolin*, 2021 WL 1838219, at *2 (E.D.N.Y. May 7, 2021) (allowing the redaction of confidential business information when such disclosures "would enable competitors to discover the company's confidential business, operational and marketing strategies"; "give competitors an unfair advantage" by disclosing the company's internal analysis of its competitive standing; and "provide its competitors with information about which areas it allocates its resources, as well as its internal financial projections" by disclosing budgeting). Revealing the redacted

LATHAM&WATKINSLLP

information here would release confidential information to the public, which would cause injury to GE and give others a competitive advantage by providing them insight into GE's goals, strategies, and financial projections. None of the redacted information would contribute substantially to the public's understanding of the case. Based on the harm the disclosure of this commercially sensitive information would have on GE and its slight impact on describing the nature of the case, these narrowly tailored redactions are appropriate. *See P&L Dev., LLC v. Gerber Prods. Co.*, 2022 WL 94380, at *4 (E.D.N.Y. Jan. 10, 2022) (allowing the redaction of pricing information from a complaint when the court found its "sensitive competitive nature" to be clear and could "well envision how disclosure would harm the business interests of the parties," and when "public disclosure of this limited information would do little . . . to enlighten the public about the nature of th[e] case").

Defendants thus request that the Court accept Defendants' proposed redactions to the P6AC in ECF No. 299-1, and allow the unredacted versions of the P6AC and the Redline, ECF Nos. 300-1, 280-1, 280-2, to remain under seal. Because Plaintiffs' redacted P6AC and Redline, ECF Nos. 279-1, 279-2, contain the redacted material described above, Defendants also ask that they remain in redacted form or be resubmitted to reflect Defendants' narrower proposed redactions.

2. **Defendants' Opposition to Plaintiffs' Motion for Leave to Amend (the "Opposition") and Exhibits**

On February 3, 2022, Defendants filed a redacted version of the Opposition, ECF No. 297, and an unredacted version under seal, ECF No. 298. The proposed redactions quote from or reference exhibits that contain commercially sensitive information such as insight into prior financial performance, forward-looking business projections, and pacing of cash and revenue or were designated Confidential under the protective order in this matter at the request of the U.S. Securities and Exchange Commission ("SEC"). Redacting the Opposition and sealing the below exhibits thereto are necessary to avoid unfairly giving competitors insight into sensitive financial data and to protect the SEC's law enforcement interests. In fact, courts commonly exercise their discretion to seal similar types of documents. *See Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) (citation omitted); *see also Cumberland Packing Corp. v. Montsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999) ("Documents falling into categories commonly sealed are those containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like."). Indeed, protecting sensitive business information is among the "'higher values' consistently recognized by courts in this Circuit" as a "'countervailing factor' that can prevail over the presumption of public access." *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 2021 WL 4135007, at *4 (S.D.N.Y. Sept. 10, 2021). Sealing or redacting such confidential business information from the public record also avoids unfairly giving competitors insight into sensitive financial data, even if that information relates to past, not current or future, financial performance and analysis. *See, e.g., Playtex Prods., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11-12 (S.D.N.Y. Mar. 29, 2016) (granting request to redact portions of summary judgment brief which referenced "confidential and sensitive business information, including sales and costs information" because party "would be competitively harmed if they were revealed"); *Encyclopedia Brown Prods., Ltd. v. Home Box Off.*,

LATHAM&WATKINS LLP

*Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (granting request to seal financial information, including cost and profit structures, because "[c]onfidential business information dating back even a decade or more may provide valuable insights into a company's current business practices that a competitor would seek to exploit"). Like the redactions in the Opposition, the following exhibits contain commercially sensitive information that should not be made public:

- Exhibit 3, ECF No. 296-1, is an email between GE Capital and GE Corporate employees that attaches a confidential business update. This business update contains and reflects detailed financial statistics and performance data that are not publicly available and do not contribute substantially to the public's understanding of this case.
- Exhibit 4, ECF No. 296-2, is an email between GE Corporate employees that attaches confidential financial information and financial metrics that are not publicly available and do not contribute substantially to the public's understanding of the case.
- Exhibit 11, ECF No. 296-3, is an excerpt of the transcript of a deposition taken by the SEC in the matter of General Electric Company, File No. B-03189-A, which should be sealed because it includes references to strategies for and analysis of GE's cash performance. Further, the SEC only permitted production of confidential investigatory material, including this transcript, based on its understanding that a protective order would be in place. *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (holding that law enforcement interests should be considered in determining whether public access to judicial documents should be granted).
- Exhibit 12, ECF No. 296-4, is also an excerpt of the transcript of a deposition taken by the SEC. Like other SEC deposition transcripts, this exhibit should be sealed because it includes references to strategies for and analysis of GE's cash performance and because the SEC only permitted production of confidential investigatory material, including this transcript, based on its understanding that a protective order would be in place. *See Amodeo*, 71 F.3d at 1050.
- Exhibit 13, ECF No, 296-5, is also an excerpt of the transcript of a deposition taken by the SEC. Like other SEC deposition transcripts, this exhibit should be sealed because it includes references to strategies for and analysis of GE's cash performance and because the SEC only permitted production of confidential investigatory material, including this transcript, based on its understanding that a protective order would be in place. *See Amodeo*, 71 F.3d at 1050.
- Exhibit 14, ECF No. 296-6, is an excerpt of a deposition taken in this matter, which should be sealed because it contains references to GE's internal business processes and communications and to detailed financial statistics and performance data from internal GE documents and email correspondence.
- Exhibit 15, ECF No, 296-7, is an excerpt of a deposition taken in this matter, which should be sealed because it contains references to GE's internal business processes and communications and to detailed financial statistics and performance data from internal GE documents and email correspondence, as well as quotes from transcripts of depositions taken by the SEC.

**LATHAM&WATKINS**LLP

- o Exhibit 16, ECF No. 296-8, is an excerpt of a deposition taken in this matter, which should be sealed because it contains references to GE's internal business processes and communications and to detailed financial statistics and performance data from internal GE documents and email correspondence.
- o Exhibit 19, ECF No. 296-9, is an excerpt of a deposition taken in this matter, which should be sealed because it contains references to GE's internal business processes and communications and to detailed financial statistics and performance data from internal GE documents and email correspondence.

Defendants therefore request that the Court allow the Opposition and exhibits described above to remain redacted and under seal.

### 3. Plaintiffs' Reply Memorandum of Law in Support of Plaintiffs' Motion for Leave to Amend (the "Reply") and Exhibits

Finally, Defendants request that Plaintiffs' Reply, ECF No. 308, remain redacted, and that Exhibits 1-4 thereto, ECF Nos. 310-1 to 310-4, 311-1 to 311-4, remain under seal. Defendants also request that the unredacted version of the reply also remain under seal. ECF No. 309.

Plaintiffs' Reply contains references to detailed financial statistics from internal GE documents and email correspondence and communications that are not publicly available and will not substantially advance the public's understanding of this case. Those portions should be redacted. *See Kewazinga*, 2021 WL 1222122, at *3; *Cumberland*, 184 F.R.D. at 506; *Playtex Prods.*, 2016 WL 1276450, at *11-12; *Encyclopedia Brown*, 26 F. Supp. 2d at 614. Moreover, the following exhibits should remain under seal because they contain commercially sensitive business information that will not substantially contribute to the public's understanding of this case:

- o Exhibit 1, ECF No. 311-1, is an excerpt of a deposition taken in this matter, which should be sealed because it contains references to GE's internal business processes and performance data.
- o Exhibit 2, ECF No. 311-2, is an excerpt of a deposition taken in this matter, which should be sealed because it contains references to GE's internal business processes, internal business communications, and detailed financial statistics and performance data from internal GE documents and email correspondence.
- o Exhibit 3, ECF No. 311-3, is an excerpt of a deposition taken in this matter, which should be sealed because it contains references to GE's internal business processes, internal business communications, and detailed financial statistics and performance data from internal GE documents and email correspondence.
- o Exhibit 4, ECF No. 311-4, is an internal GE document and email correspondence between GE Corporate, GE Digital, and GE Power executives and employees containing and reflecting detailed financial statistics and performance data that are not publicly available.

\*   \*   \*

LATHAM&WATKINS LLP

      For the foregoing reasons, Defendants respectfully submit that keeping the above materials under seal or in redacted form is consistent with the presumption in favor of public access.

                                Respectfully submitted,

                                */s/ Sarah A. Tomkowiak*
                                Sarah A. Tomkowiak (*pro hac vice*)
                                of Latham & Watkins LLP

cc:  All counsel of record (via ECF)

Application GRANTED. Applying the three-part test for determining whether documents may be placed under seal, in whole or in part, *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006); *Olson v. Major League Baseball*, 29 F.4th 59, 2022 WL 828748, at *20-25 (2d Cir. 2022), the Court concludes that the documents identified in Defendant's letter should be maintained in redacted form as indicated for substantially the reasons set forth in Defendant's letter. The Clerk of Court is directed to terminate ECF No. 318.  SO ORDERED.

*[signature]*

April 26, 2022