

Writer's Direct Dial: 484-270-1465<br>
E-Mail: snirmul@ktmc.com<br>
*Please reply to the Radnor Office*

April 29, 2022

**VIA ECF**
The Honorable Jesse M. Furman
United States District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007

    Re:   <u>***Sjunde AP-Fonden, et al. v. Gen. Elec. Co., et al.*, Case No. 17-cv-8457 (JMF)**</u>

Dear Judge Furman,

    Plaintiffs write concerning the Court's April 26, 2022 Order, which requires that Plaintiffs file the Sixth Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws ("6AC") with the redactions proposed by Defendants. Defendants' proposed redactions will shield from the public, and in particular, the thousands of absent class members in this case, key allegations supporting Plaintiffs' claims. Because Defendants have failed to articulate any specific commercial or proprietary harm that would result from the disclosure of the redacted information, which concerns a long-defunct practice at GE and is therefore stale, Plaintiffs respectfully request that the Court reconsider this aspect of its Order and allow Plaintiffs to file an unredacted 6AC on the public docket.

    The facts giving rise to this case are the focus of intense public scrutiny given GE's status as one of the most widely held public companies whose financial collapse shocked the market. In this Circuit, complaints are entitled to a strong presumption of public access because "[a] complaint . . . is the cornerstone of every case, the very architecture of the lawsuit, and ***access to the complaint is almost always necessary*** if the public is to understand a court's decision." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140 (2d Cir. 2016) (emphasis added). The "presumption of public access is particularly relevant in the class action context." *Dickerson v. Novartis Corp.*, 2016 WL 9560056 (S.D.N.Y. Apr. 11, 2016); *see also Schwab v. Philip Morris USA Inc.*, 228 F.R.D. 165, 168 (E.D.N.Y. 2005) ("The courts discourage unnecessary sealing particularly in a matter of public interest such as a national class action.").

    The piecemeal information that Defendants seek to hide from the public is devoid of any commercially-sensitive information and unquestionably stale. *See* Exhibit A, attached. Such information is ***at least five and as many as eight years old*** and concerns a GE Power deferred monetization program that was ***discontinued in 2017***. For example, the information reproduced in the 6AC concerns the high costs associated with and viability of GE Power's now-defunct deferred monetization program, and the Company's now-stale financial performance and projections for

280 King of Prussia Road, Radnor, Pennsylvania 19087   T. 610-667-7706   F. 610-667-7056   info@ktmc.com
One Sansome Street, Suite 1850, San Francisco, California 94104   T. 415-400-3000   F. 415-400-3001   info@ktmc.com
WWW.KTMC.COM



fiscal years 2016 and 2017. *Id.*, ¶¶546–48, 552–54, 558, 571, 574. Other of Defendants' proposed redactions concern GE's modification of its public disclosures regarding its 2016 financial performance. *Id.*, ¶¶587–89.

As a matter of law, these "[s]tale business records cannot support the necessary finding of harm, and therefore cannot overcome the public's strong interest in disclosure." *Dawson v. Merck & Co., Inc.*, 2021 WL 242148, at *8 (E.D.N.Y. Jan. 24, 2021); *see also Alcon Vision, LLC v. Lens.com*, 2020 WL 3791865, at *8 (E.D.N.Y. July 7, 2020) (denying request to maintain documents under seal where "th[e] purportedly competitive information dates from 2016 or earlier, and concerns unilateral pricing policies that have long since been discontinued"); *Zavala v. Wal-Mart Corp.*, 2007 WL 2688934, at *9–10 (D.N.J. Sept. 12, 2007) (denying motion to seal where "materials . . . are beyond three years old and relate to . . . a commercial practice which Wal-Mart has since abandoned"). While such information may portray GE and its former executives unfavorably, "courts will not permit sealing merely because documents portray a company unflatteringly." *Whittaker v. MHR Fund Mgmt. LLC*, 2021 WL 4441524, at *2 (S.D.N.Y. Sept. 28, 2021); *King Pharms., Inc. v. Eon Labs, Inc.*, 2010 WL 3924689 (E.D.N.Y. Sept. 28, 2010) ("If litigation documents are sealable simply because they can be used to portray a company in an unflattering way, the public would have access to precious few.").

Putting aside the staleness of the information that Defendants seek to redact, the law required Defendants to provide an exacting and compelling articulation of why Plaintiffs' allegations should be shielded from public view. *See Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 630 (S.D.N.Y. 2011) (to justify sealing business information, moving party must "make a **particular** and **specific** demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection; broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test") (emphasis added; internal quotation marks omitted). But Defendants failed to meet this standard, and instead invoked "vague and unspecified business concerns" and boilerplate claims of competitive harm, which courts routinely reject. *See* ECF No. 318 at 2–3; *Next Caller Inc. v. Martire*, 368 F. Supp. 3d 663, 667 (S.D.N.Y. 2019) ("broad, general, and conclusory allegations are insufficient to justify sealing").

Moreover, Defendants' proposed redactions are inconsistent—they redact in one paragraph the very same information they leave unredacted in another. *Compare, e.g.*, ECF No. 300-1, ¶530, ¶531, and ¶552; ¶568 and ¶573. Such inconsistencies undermine any suggestion that redactions are necessary. *See Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *8 (S.D.N.Y. Mar. 31, 2021) (noting that inconsistent redactions "are fruitless and do not serve the privacy interests . . . because the information is already available to the public"); *Laura Laaman & Assocs., LLC v. Davis*, 2019 WL 3716512, at *3 (D. Conn. Aug. 7, 2019) ("inconsistencies [in proposed redactions] further point to the limited sensitivity of this information").

Given the foregoing, Plaintiffs respectfully submit that the Court partially reconsider its April 26, 2022 Order and permit Plaintiffs to file the 6AC on the public docket without redactions.

The Honorable Jesse M. Furman
April 29, 2022
Page 3



Respectfully submitted,

Sharan Nirmul

cc: All counsel of record (via ECF)