1271 Avenue of the Americas
New York, New York  10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

**LATHAM & WATKINS** LLP

May 2, 2022

**VIA ECF**

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007

Re:   *Sjunde AP-Fonden et al. v. Gen. Elec. Co. et al.*, No. 17-cv-8457 (JMF)

Dear Judge Furman:

I write on behalf of Defendants General Electric Company ("GE") and Jeffrey S. Bornstein, in response to Plaintiffs' April 29, 2022 request that the Court "partially reconsider its April 26, 2022 Order and permit Plaintiffs to file the [Sixth Amended Consolidated Class Action Complaint, the "6AC"] on the public docket without redactions." (ECF No. 320, the "Motion for Reconsideration.")[1]  For the reasons set forth below, the Motion for Reconsideration should be denied.

"The major grounds justifying reconsideration are an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *In Re Adelphia Commn's Corp. Sec. & Derivative Lit.*, No. 03-md-1529, 2015 WL 268846, at *1 (S.D.N.Y. Jan. 21, 2015) (Furman, J.).  "[R]econsideration will generally be denied" because it "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  *See, e.g.*, *Williams v. Regus Mgmt. Grp., LLC*, No. 10-cv-8987, 2012 WL 1890384, at *3 (S.D.N.Y. May 15, 2012) (Furman, J.).

Plaintiffs do not even attempt to identify an intervening change in law, new evidence, or clear error/manifest injustice warranting reconsideration of this Court's prior Order.[2]  Instead, they

---

[1] Unless otherwise noted, all emphasis is added, and all internal quotations and citations are omitted.

[2] Plaintiffs do cite some cases in their letter, but none justify reconsideration of a prior sealing decision—and otherwise deal with dissimilar matters.  *See, e.g.*, *Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 630 (S.D.N.Y. 2011) (refusing to seal "link to an internal URL address . . . along with a telephone number"); *Next Caller Inc. v. Martire*, 368 F. Supp. 3d 663, 665-667 (S.D.N.Y. 2019) (denying motion to seal entire docket made "almost a year after this case had been unsealed"

**LATHAM&WATKINS**LLP

merely make the generalized point that court records are presumptively accessible to the public. (ECF No. 320 at 1.) Defendants do not dispute that simple proposition, however, the case law is clear that public access to confidential business information is not absolute, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978), and Defendants already made, on a document-by-document basis, the required showing in support of Defendants' limited sealing/redaction requests. (ECF No. 318.) Specifically, Defendants identified six categories of information derived from GE's internal documents (tied to specific paragraphs of the 6AC) that would reveal commercially sensitive information about GE's prior financial performance, forward-looking projections, and other information that would give GE's competitors an unfair advantage or otherwise harm GE, and would not substantially contribute to the public's understanding of this case. (*Id.* at 2-3.) Upon that showing, this Court granted Defendants' sealing request. (ECF No. 319.)

In asking this Court to reconsider that decision, Plaintiffs do not take issue with any specific redaction. They do not explain why any particular redaction is improper, or how the public would benefit from access to that internal GE information.[3] Instead, they offer only the blanket assertions that no sealing is proper and every redaction is "stale" because of passage of time.[4] Such vague and conclusory arguments are insufficient to warrant reconsideration of this Court's Order. *See In re Keurig Green Mountain Single-Serve Coffee Antitrust Lit.*, No. 14-md-2542, 2020 WL 1271362, at *1 (S.D.N.Y. Mar. 17, 2020) (denying motion to reconsider sealing where movant provided neither "any controlling case law nor any substantive argument against redaction"); *see also Encyclopedia Brown Prods., Ltd. v. Home Box Off., Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (granting request to seal financial information because "[c]onfidential business information dating back even a decade or more may provide valuable insights into a company's current business practices that a competitor would seek to exploit").

For the foregoing reasons, the Motion for Reconsideration should be denied and the 6AC should be filed with Defendants' proposed redactions. (*See* ECF No. 300-1.)

---

where movant claimed without elaboration that "confidential and related business interactions . . . could be used by corporate competitors in a detrimental manner").

[3] Plaintiffs also ignore that the Court previously found that Plaintiffs' prior, public complaints provided "ample notice of Plaintiffs' claim" and the proposed amendments are "premised on the same theory as their existing claims." (ECF No. 314 at 16.)

[4] Plaintiffs argue that Defendants' redactions are inconsistent because a redacted number appears elsewhere in the 6AC. (ECF No. 320 at 2.) Plaintiffs never raised such an issue in meet-and-confers with Defendants. Moreover, Plaintiffs twice represented that they would send Defendants a list of specific documents/statements in the 6AC, which Plaintiffs would like Defendants to consider unsealing/unredacting, but Plaintiffs never did so, instead opting to now request blanket unsealing. Defendants are happy to work with Plaintiffs to correct any perceived errors in redactions.

LATHAM&WATKINS LLP

        Respectfully submitted,

        */s/Blake T. Denton*
        Blake T. Denton
        of LATHAM & WATKINS LLP

cc: All counsel of record (via ECF)

The Court agrees with Defendants that there is no basis for reconsideration of the Court's prior Order, except to the extent that there are inconsistencies in what is redacted and unredacted (as to which the parties shall promptly confer and propose how to reconcile the inconsistencies). In the Court's judgment, Defendants made a sufficient showing, even with the passage of time, that the information at issue is proprietary and/or sensitive business information. Moreover, as the Court previously found, the record as a whole provides ample notice of Plaintiffs' claims. Accordingly, Plaintiffs' motion for reconsideration is DENIED.

The Clerk of Court is directed to terminate ECF Nos. 320 and 321.

        SO ORDERED.

        *[signature]*

        May 11, 2022