UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SJUNDE AP-FONDEN and THE CLEVELAND BAKERS AND TEAMSTERS PENSION FUND, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br> v.<br><br>GENERAL ELECTRIC COMPANY and JEFFREY S. BORNSTEIN,<br><br>      Defendants. | 17 Civ. 08457 (JMF) (GWG) |

**DEFENDANTS GENERAL ELECTRIC COMPANY'S AND
JEFFREY S. BORNSTEIN'S ANSWER TO THE SIXTH AMENDED COMPLAINT**

                LATHAM & WATKINS LLP
                Blake T. Denton
                1271 Avenue of the Americas
                New York, New York 10020
                (212) 906-1200
                blake.denton@lw.com

                Sean M. Berkowitz (*pro hac vice*)
                330 North Wabash Avenue, Suite 2800
                Chicago, Illinois 60611
                (312) 876-7700
                sean.berkowitz@lw.com

                William J. Trach (*pro hac vice*)
                200 Clarendon Street
                Boston, Massachusetts 02116
                (617) 948-6000
                william.trach@lw.com

                Colleen C. Smith (*pro hac vice*)
                12670 High Bluff Drive
                San Diego, California 92130
                (858) 523-3985
                colleen.smith@lw.com

                Sarah A. Tomkowiak (*pro hac vice*)
                J. Christian Word (*pro hac vice*)
                555 Eleventh Street NW
                Washington, D.C. 20004
                (202) 637-2200
                sarah.tomkowiak@lw.com
                christian.word@lw.com

June 10, 2022          *Attorneys for Defendants General Electric Company and Jeffrey S. Bornstein*

**ANSWER**

Defendants General Electric Company ("GE") and Jeffrey S. Bornstein ("Bornstein," and together with GE, "Defendants"), by and through their undersigned counsel, respectfully submit their Answer and Affirmative Defenses to court-appointed lead plaintiff Sjunde-AP Fonden's ("AP7") and additional plaintiff The Cleveland Bakers and Teamsters Pension Fund's ("Cleveland Bakers," and together with AP7, "Plaintiffs") Sixth Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws (ECF No. 327) ("6AC").

**PREAMBLE**

Pursuant to the Court's April 11, 2022 Opinion and Order (ECF No. 314) ("April 11, 2022 Order"), Plaintiffs filed the 6AC on May 13, 2022.[1] Apart from adding a section entitled "Amended Allegations," the 6AC is identical to Plaintiffs' Fifth Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws (ECF No. 191) ("5AC"). *See generally* ECF No. 280-2.[2] Accordingly, pursuant to Federal Rule of Civil Procedure 10(c), Defendants hereby incorporate by reference in its entirety their Answer and Affirmative Defenses to the 5AC filed on February 12, 2021 (ECF No. 208), and limit their responses to the Amended Allegations set forth in paragraphs 521-90 of the 6AC.

Defendants deny each and every allegation contained in the Amended Allegations, except as specifically herein admitted, and any factual averment admitted herein is admitted only to the specific facts and not as to any conclusions, characterizations, implications, innuendos, or

---

[1]   The April 11, 2022 Order also certified a class of certain persons and entities that purchased or acquired GE common stock between February 29, 2016, through January 23, 2018, inclusive, (the "Class Period") and were damaged thereby.  Apr. 11, 2022 Order at 3, 10.

[2]   The 6AC's allegations set forth in paragraphs 1-520 correspond to paragraphs 1-520 of the 5AC, and the 6AC's allegations set forth in paragraphs 591-603 correspond to paragraphs 521-33 of the 5AC.

speculation contained in any averment or in the Amended Allegations as a whole.  With respect to any purported document cited to or quoted in the Amended Allegations, Defendants do not admit that the documents are accurate, relevant, or admissible in this action, and Defendants reserve all objections regarding admissibility.  The Amended Allegations contain purported excerpts from, and references to, a number of documents and third-party publications; such documents and third-party publications speak for themselves, and Defendants refer to the respective documents and third-party publications for their contents.  Defendants did not search for or review those documents to determine whether Plaintiffs correctly quoted or interpreted them.  Defendants further reserve the right to change, supplement, and amend this Answer if and when new information is revealed to them.  Defendants deny that substantial additional evidentiary support (or any support) will exist for the allegations set forth in the Amended Allegations and deny that relevant facts are known only by Defendants or are exclusively within their custody or control.

## SPECIFIC RESPONSES

521.    Paragraph 521 states legal conclusions to which no response is required.  Paragraph 521 incorporates and reasserts the allegations of Paragraphs 421-27.  Accordingly, Defendants incorporate their responses to Paragraphs 421-27 set forth in their Answer and Affirmative Defenses to the 5AC.  Defendants admit that on January 20, 2017, GE announced its financial results for the fourth quarter and full year of 2016.  Defendants refer to the transcript of GE's January 20, 2017 earnings call for a true and complete statement of its contents.  Defendants deny the remaining allegations in Paragraph 521.

522.    Defendants refer to the transcript of GE's January 20, 2017 earnings call for a true and complete statement of its contents.  Defendants deny the remaining allegations in Paragraph 522.

523.    Defendants refer to the transcript of GE's January 20, 2017 earnings call for a true and complete statement of its contents. Defendants deny the remaining allegations in Paragraph 523.

524.    Paragraph 524 states legal conclusions to which no response is required. Defendants deny the remaining allegations in Paragraph 524.

525.    To the extent the allegations in Paragraph 525 were pled in support of the Dismissed Claims,[3] no response is required. Defendants admit that GE Power factored certain receivables to GE Capital during the Class Period. Defendants deny the remaining allegations in Paragraph 525.

526.    Defendants admit that GE Power factored certain receivables to GE Capital during the Class Period, including receivables related to deferred balance assets. Defendants deny the remaining allegations in Paragraph 526.

527.    Defendants admit that GE Power factored certain receivables to GE Capital during the Class Period, including receivables related to upgraded equipment offered to GE Power's customers. Defendants deny the remaining allegations in Paragraph 527.

528.    Defendants admit that GE Power factored certain receivables to GE Capital during the Class Period. Defendants deny the remaining allegations in Paragraph 528.

529.    Defendants admit that GE Power factored certain receivables to GE Capital during the Class Period, including receivables related to upgraded equipment offered to GE Power's customers. Defendants refer to the sources of the "internal company presentations" referenced in Paragraph 529, if any, for a true and complete statement of their contents. Defendants deny the remaining allegations in Paragraph 529.

---

[3]    Capitalized terms used and not defined herein shall have the meaning ascribed to them in Defendants' Answer and Affirmative Defenses to the 5AC (ECF No. 208).

530. Paragraph 530 incorporates and reasserts the allegations of Paragraph 535. Accordingly, Defendants incorporate their responses to Paragraph 535. Defendants admit that GE Power factored certain receivables to GE Capital during the Class Period, and that GE negotiated with customers regarding the terms of their business relationship from time to time during the Class Period. Defendants deny the remaining allegations in Paragraph 530.

531. Defendants admit that GE Power factored certain receivables to GE Capital during the Class Period. Defendants refer to the sources of the statements of Lynn Calpeter and "other senior GE Power executives" referenced in Paragraph 531, if any, for a true and complete statement of their contents. Defendants deny the remaining allegations in Paragraph 531.

532. Defendants admit that GE Power factored certain receivables to GE Capital during the Class Period. Defendants deny the remaining allegations in Paragraph 532.

533. Defendants admit that GE Power factored certain receivables to GE Capital during the Class Period. Defendants deny the remaining allegations in Paragraph 533.

534. Defendants admit that GE Power factored certain receivables to GE Capital during the Class Period, including receivables related to upgraded equipment offered to GE Power's customers and certain billings under the terms of long-term service agreements with GE Power's customers. Defendants deny the remaining allegations in Paragraph 534.

535. Defendants admit that GE Power factored certain receivables to GE Capital during the Class Period, including receivables related to billings under the terms of long-term service agreements with GE Power's customers. Defendants further admit that GE negotiated with customers regarding the terms of their business relationship from time to time during the Class Period. Defendants deny the remaining allegations in Paragraph 535.

536. Defendants admit that GE Power factored certain receivables to GE Capital during the Class Period. Defendants deny the remaining allegations in Paragraph 536.

537. Defendants admit that GE Power factored certain receivables to GE Capital during the Class Period.  Defendants deny the remaining allegations in Paragraph 537.

538. Defendants admit that GE Power factored certain receivables to GE Capital during the Class Period.  Defendants refer to the sources of the Lynn Calpeter statement referenced in Paragraph 538, if any, for a true and complete statement of their contents.  Defendants deny the remaining allegations in Paragraph 538.

539. Defendants admit that on July 22, 2016, GE announced its financial results for the second quarter of 2016.  Defendants refer to the transcript of GE's July 22, 2016 earnings call for a true and complete statement of its contents.  Defendants deny the remaining allegations in Paragraph 539.

540. Defendants refer to the transcript of GE's July 22, 2016 earnings call for a true and complete statement of its contents.  Defendants deny the remaining allegations in Paragraph 540.

541. Defendants refer to the transcript of GE's July 22, 2016 earnings call for a true and complete statement of its contents.  Defendants deny the remaining allegations in Paragraph 541.

542. Defendants refer to the transcript of GE's July 22, 2016 earnings call for a true and complete statement of its contents.  Defendants refer to the July 25, 2016 Morgan Stanley report referenced in Paragraph 542 for a true and complete statement of its contents.  Defendants deny the remaining allegations in Paragraph 542.

543. Defendants refer to the July 25, 2016 UBS and William Blair reports referenced in Paragraph 543 for a true and complete statement of their contents.  Defendants deny the remaining allegations in Paragraph 543.

544. Paragraph 544 states legal conclusions to which no response is required.  Defendants deny the remaining allegations in Paragraph 544.

545. Defendants refer to the July 24, 2016 email referenced in Paragraph 545 for a true and complete statement of its contents. Defendants deny the remaining allegations in Paragraph 545.

546. Defendants refer to the July 24, 2016 email referenced in Paragraph 546 for a true and complete statement of its contents. Defendants deny the remaining allegations in Paragraph 546.

547. Defendants refer to the July 24, 2016 email referenced in Paragraph 547 for a true and complete statement of its contents. Defendants deny the remaining allegations in Paragraph 547.

548. Defendants refer to the July 24, 2016 email referenced in Paragraph 548 for a true and complete statement of its contents. Defendants deny the remaining allegations in Paragraph 548.

549. Defendants admit that GE Power factored certain receivables to GE Capital during the Class Period, which generated cash that was accounted for as CFOA. Defendants deny the remaining allegations in Paragraph 549.

550. Defendants admit that GE Power factored certain receivables to GE Capital during the Class Period, including receivables related to billings under the terms of long-term service agreements with GE Power's customers. Defendants deny the remaining allegations in Paragraph 550.

551. Defendants admit that GE Power factored certain receivables to GE Capital during the Class Period, and that GE periodically publicly disclosed financial targets to investors and updates thereto. Defendants deny the remaining allegations in Paragraph 551.

552. Defendants admit that GE Power factored certain receivables to GE Capital during the Class Period. Defendants refer to the February 5, 2016 email referenced in Paragraph 552 for

a true and complete statement of its contents. Defendants deny the remaining allegations in Paragraph 552.

553. Defendants refer to the February 5, 2016 email referenced in Paragraph 553 for a true and complete statement of its contents. Defendants deny the remaining allegations in Paragraph 553.

554. Defendants refer to the email chain referenced in Paragraph 554 for a true and complete statement of its contents. Defendants deny the remaining allegations in Paragraph 554.

555. Defendants admit that GE Power factored certain receivables to GE Capital during the Class Period. Defendants refer to the sources of the July 25, 2016 and February 2016 communications referenced in Paragraph 555, if any, for a true and complete statement of their contents. Defendants deny the remaining allegations in Paragraph 555.

556. Defendants admit that GE Power factored certain receivables to GE Capital during the Class Period, and that GE employees regularly communicated in the ordinary course of business about the financial performance of the business during the Class Period. Defendants deny the remaining allegations in Paragraph 556.

557. Defendants admit that GE Power factored certain receivables to GE Capital during the Class Period, and that GE employees regularly communicated in the ordinary course of business about the financial performance of the business during the Class Period. Defendants deny the remaining allegations in Paragraph 557.

558. Defendants admit that GE Power factored certain receivables to GE Capital during the Class Period, and that GE employees regularly communicated in the ordinary course of business about the financial performance of the business during the Class Period. Defendants refer to the records of the meetings referenced in Paragraph 558, if any, for a true and complete statement of their contents. Defendants deny the remaining allegations in Paragraph 558.

559. Defendants admit that on October 21, 2016, GE announced its financial results for the third quarter of 2016. Defendants refer to the transcript of GE's October 21, 2016 earnings call for a true and complete statement of its contents. Defendants deny the remaining allegations in Paragraph 559.

560. Defendants refer to the transcript of GE's October 21, 2016 earnings call for a true and complete statement of its contents. Defendants deny the remaining allegations in Paragraph 560.

561. Defendants refer to the October 23, 2016 RBC Capital Markets report referenced in Paragraph 561 for a true and complete statement of its contents. Defendants deny the remaining allegations in Paragraph 561.

562. Paragraph 562 states legal conclusions to which no response is required. Paragraph 562 incorporates and reasserts the allegations of Paragraphs 533-58. Accordingly, Defendants incorporate their responses to Paragraphs 533-58. Defendants admit that GE Power factored certain receivables to GE Capital during the Class Period. Defendants deny the remaining allegations in Paragraph 562.

563. Defendants admit that GE Power factored certain receivables to GE Capital during the Class Period, and that GE employees regularly communicated in the ordinary course of business about the financial performance of the business during the Class Period. Defendants deny the remaining allegations in Paragraph 563.

564. Defendants admit that GE Power factored certain receivables to GE Capital during the Class Period. Defendants refer to the December 5, 2016 email referenced in Paragraph 564 for a true and complete statement of its contents. Defendants deny the remaining allegations in Paragraph 564.

565. Defendants admit that GE Power factored certain receivables to GE Capital during the Class Period, including receivables related to billings under the terms of long-term service agreements with GE Power's customers. Defendants deny the remaining allegations in Paragraph 565.

566. Defendants admit that GE Power factored certain receivables to GE Capital during the Class Period. Defendants deny the remaining allegations in Paragraph 566.

567. Defendants admit that GE Power factored certain receivables to GE Capital during the Class Period. Defendants refer to the sources of the quote referenced in Paragraph 567, if any, for a true and complete statement of their contents. Defendants deny the remaining allegations in Paragraph 567.

568. Defendants admit that GE Power factored certain receivables to GE Capital during the Class Period. Defendants refer to the January 12, 2017 presentation referenced in Paragraph 568 for a true and complete statement of its contents. Defendants deny the remaining allegations in Paragraph 568.

569. Defendants admit that GE Power factored certain receivables to GE Capital during the Class Period. Defendants refer to the January 12, 2017 presentation referenced in Paragraph 569 for a true and complete statement of its contents. Defendants deny the remaining allegations in Paragraph 569.

570. Defendants admit that GE Power factored certain receivables to GE Capital during the Class Period, and that GE periodically prepared annual plans for its businesses. Defendants deny the remaining allegations in Paragraph 570.

571. Defendants refer to the sources of the Steve Bolze communication referenced in Paragraph 571, if any, for a true and complete statement of its contents. Defendants deny the remaining allegations in Paragraph 571.

572. Defendants admit that GE published, reviewed, and revised financial projections in the ordinary course of business. Defendants deny the remaining allegations in Paragraph 572.

573. Defendants admit that GE Power factored certain receivables to GE Capital during the Class Period. Defendants refer to the February 2017 presentation referenced in Paragraph 573 for a true and complete statement of its contents. Defendants deny the remaining allegations in Paragraph 573.

574. Defendants refer to the Lynn Calpeter email referenced in Paragraph 574 for a true and complete statement of its contents. Defendants deny the remaining allegations in Paragraph 574.

575. Defendants admit that on January 20, 2017, GE announced its financial results for the fourth quarter and full year of 2016. Defendants refer to the transcript of GE's January 20, 2017 earnings call for a true and complete statement of its contents. Defendants deny the remaining allegations in Paragraph 575.

576. Defendants refer to the transcript of GE's January 20, 2017 earnings call for a true and complete statement of its contents. Defendants deny the remaining allegations in Paragraph 576.

577. Defendants refer to the January 18, 2017 J.P. Morgan report referenced in Paragraph 577 for a true and complete statement of its contents. Defendants refer to the transcript of GE's January 20, 2017 earnings call for a true and complete statement of its contents. Defendants deny the remaining allegations in Paragraph 577.

578. Paragraph 578 states legal conclusions to which no response is required. Defendants refer to the transcript of GE's January 20, 2017 earnings call for a true and complete statement of its contents. Defendants deny the remaining allegations in Paragraph 578.

579. Paragraph 579 states legal conclusions to which no response is required. Paragraph 579 incorporates and reasserts the allegations of Paragraph 578. Accordingly, Defendants incorporate their responses to Paragraph 578. Defendants admit that GE Power factored certain receivables to GE Capital during the Class Period. Defendants deny the remaining allegations in Paragraph 579.

580. Paragraph 580 states legal conclusions to which no response is required. Paragraph 580 incorporates and reasserts the allegations of Paragraphs 525-74. Accordingly, Defendants incorporate their responses to Paragraphs 525-74. Defendants refer to the transcript of GE's January 20, 2017 earnings call for a true and complete statement of its contents. Defendants admit that GE Power factored certain receivables to GE Capital during the Class Period. Defendants deny the remaining allegations in Paragraph 580.

581. Paragraph 581 states legal conclusions to which no response is required. Defendants refer to the January 20 and 23, 2017 J.P. Morgan reports referenced in Paragraph 581 for a true and complete statement of their contents. Defendants deny the remaining allegations in Paragraph 581.

582. Paragraph 582 states legal conclusions to which no response is required. Defendants admit that GE Power factored certain receivables to GE Capital during the Class Period. Defendants deny the remaining allegations in Paragraph 582.

583. Paragraph 583 states legal conclusions to which no response is required. Paragraph 583 incorporates and reasserts the allegations of Paragraphs 444-505. Accordingly, Defendants incorporate their responses to Paragraphs 444-505. Defendants admit that GE Power factored certain receivables to GE Capital during the Class Period. Defendants deny the remaining allegations in Paragraph 583.

584. Paragraph 584 states legal conclusions to which no response is required. Defendants refer to the sources of the statements of Michael Vitanza, Marc Mascola, and Brian Weverman referenced in Paragraph 584, if any, for a true and complete statement of their contents. Defendants deny the remaining allegations in Paragraph 584.

585. Paragraph 585 states legal conclusions to which no response is required. Defendants admit that GE Power factored certain receivables to GE Capital during the Class Period. Defendants refer to GE's Form 10-K for the year ended December 31, 2016, for a true and complete statement of its contents. Defendants deny the remaining allegations in Paragraph 585.

586. Paragraph 586 states legal conclusions to which no response is required. Defendants admit that GE Power factored certain receivables to GE Capital during the Class Period. Defendants refer to GE's Form 10-K for the year ended December 31, 2016, for a true and complete statement of its contents. Defendants further refer to the sources of the statements of Brian Weverman, Michael Vitanza, and Puneet Mahajan referenced in Paragraph 586, if any, for a true and complete statement of their contents. Defendants deny the remaining allegations in Paragraph 586.

587. Defendants admit that GE Power factored certain receivables to GE Capital during the Class Period. Defendants refer to GE's Forms 10-K and Forms 10-Q for a true and complete statement of their contents. Defendants further refer to the sources of the statements of Michael Vitanza and Puneet Mahajan referenced in Paragraph 587, if any, for a true and complete statement of their contents. Defendants deny the remaining allegations in Paragraph 587.

588. Defendants admit that GE Power factored certain receivables to GE Capital during the Class Period, and that GE's Form 10-K for the year ended December 31, 2016, disclosed information about intercompany transactions within GE. Defendants refer to the sources of the

Puneet Mahajan statements referenced in Paragraph 588, if any, for a true and complete statement of their contents.  Defendants deny the remaining allegations in Paragraph 588.

589.    Paragraph 589 states legal conclusions to which no response is required. Defendants admit that GE Power factored certain receivables to GE Capital during the Class Period, that GE's Form 10-K for the year ended December 31, 2016, disclosed information about intercompany transactions within GE, and that GE periodically prepared annual plans for its businesses.  Defendants refer to the sources of the Puneet Mahajan statements referenced in Paragraph 589, if any, for a true and complete statement of their contents.  Defendants deny the remaining allegations in Paragraph 589.

590.    Paragraph 590 states legal conclusions to which no response is required. Defendants admit that GE Power factored certain receivables to GE Capital during the Class Period, and that GE's Form 10-K for the year ended December 31, 2016, disclosed information about intercompany transactions within GE.  Defendants refer to GE's Form 10-K for the year ended December 31, 2016, for a true and complete statement of its contents.  Defendants deny the remaining allegations in Paragraph 590.

| | |
|---|---|
| Dated: New York, New York<br>June 10, 2022 | Respectfully submitted,<br><br>LATHAM & WATKINS LLP<br><br>By: /s/ Blake T. Denton<br><br>    Blake T. Denton<br>    1271 Avenue of the Americas<br>    New York, New York 10020<br>    (212) 906-1200<br>    blake.denton@lw.com<br><br>    Sarah A. Tomkowiak (*pro hac vice*)<br>    J. Christian Word (*pro hac vice*)<br>    555 Eleventh Street NW<br>    Washington, D.C. 20004<br>    (202) 637-2200<br>    sarah.tomkowiak@lw.com<br>    christian.word@lw.com<br><br>    Sean M. Berkowitz (*pro hac vice*)<br>    330 North Wabash Avenue, Suite 2800<br>    Chicago, Illinois 60611<br>    (312) 876-7700<br>    sean.berkowitz@lw.com<br><br>    William J. Trach (*pro hac vice*)<br>    200 Clarendon Street<br>    Boston, Massachusetts 02116<br>    (617) 948-6000<br>    william.trach@lw.com<br><br>    Colleen C. Smith (*pro hac vice*)<br>    12670 High Bluff Drive<br>    San Diego, California 92130<br>    (858) 523-3985<br>    colleen.smith@lw.com<br><br>    *Attorneys for Defendants General Electric Company and Jeffrey S. Bornstein* |