## WOLLMUTH MAHER & DEUTSCH LLP
500 FIFTH AVENUE
NEW YORK, NEW YORK 10110
_____

TELEPHONE (212) 382-3300
FACSIMILE (212) 382-0050

September 6, 2022

*By ECF*
The Honorable Jesse M. Furman
United States District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007

  Re: *Sjunde AP-Fonden, et al. v. General Electric Company, et al.*, Case No. 1:17-cv-08457-JMF (the "*Sjunde* Action")

    **The *Touchstone* Plaintiffs' Opt-Out Status**

Dear Judge Furman:

  We represent the Plaintiffs in *Touchstone Strategic Trust et al. v. Gen. Elec. Co. et al.*, No. 19-cv-1876 (JMF) (the "*Touchstone* Action").[1] In a declaration filed by Class Counsel in the *Sjunde* Action on September 2, 2022, Luiggy Segura included the *Touchstone* Plaintiffs within a group of investors that purportedly provided "Late Exclusion Requests." *See* ECF No. 342 (the "Segura Declaration") ¶ 17, Ex. D. As discussed below, the *Touchstone* Plaintiffs submit that they manifested their intent to opt-out in a timely manner and this Court should enter an order confirming that they have effectively opted-out of the class certified in *Sjunde*. Alternatively, the *Touchstone* Plaintiffs request an enlargement of their time to opt-out of the *Sjunde* class.[2]

  We have conferred with counsel for the Defendants in the *Sjunde* Action and the *Touchstone* Action and have been advised that the Defendants do not oppose the requested relief. We have also conferred with Class Counsel in the *Sjunde* Action and have been advised that the class representative does not intend to oppose this motion.

---

[1] References to the "*Touchstone* Plaintiffs" are to Touchstone Strategic Trust, Touchstone Variable Series Trust, The Western and Southern Life Insurance Company, Western-Southern Life Assurance Company, Western & Southern Financial Group, Inc., and Integrity Life Insurance Company.

[2] The *Touchstone* Action relates to Plaintiffs' purchases of approximately 5.3 million shares of GE common stock from August 1, 2014 until October 30, 2018. Of these purchases, approximately 1.2 million shares were acquired during the applicable class period in *Sjunde*.

## I.    The *Touchstone* Plaintiffs effectively opted-out of the *Sjunde* class.

The *Touchstone* Plaintiffs filed their action against General Electric and the individual defendants named in the *Touchstone* Action on February 27, 2019. Shortly after filing the *Touchstone* Action, the *Touchstone* Plaintiffs and the Defendants stated in a joint letter to the Court: "To the extent that there is overlap with class claims asserted in the Class Action, the *Touchstone* Plaintiffs are effectively 'opting out' of any class that may be certified in the future." *See* No. 19-cv-1876-JMF, ECF No. 10. The Defendants in the *Touchstone* Action have repeatedly confirmed this understanding in the course of the proceedings in the *Touchstone* Action and in communications with counsel for the *Touchstone* Plaintiffs.[3]

The *Touchstone* Plaintiffs' statement that they intended to opt-out of any class that may be certified in the future is sufficient to exclude them from the class as the Second Circuit has recognized that "[a]ny reasonable indication of a desire to opt out should suffice." *Plummer v. Chem. Bank*, 668 F.2d 654, 657 n.2. (2d Cir. 1982). "Because flexibility in making this determination is appropriate, 'any written evidence' containing a 'reasonable indication of a desire to opt out ought to be sufficient.'" *In re GM LLC Ignition Switch Litig.*, 2021 U.S. Dist. LEXIS 76731, at *19 (S.D.N.Y. Apr. 20, 2021) (Furman, J.) (quoting *In re WorldCom, Inc. Sec. Litig.*, 2005 U.S. Dist. LEXIS 7958, at *12 (S.D.N.Y. May 5, 2005)). Plaintiffs sufficiently manifested their intention to opt-out through their active pursuit of the *Touchstone* Action and the parties' affirmative statements to the Court in the *Touchstone* Action indicating that the *Touchstone* Plaintiffs effectively opted-out of any class. *See In re GM LLC Ignition Switch Litig.*, 2021 U.S. Dist. LEXIS 76731, at *20 (holding that a class member who was pursuing an individual action was not required to request exclusion where he provided a reasonable indication of the intent to opt-out); *Butler v. Fairbanks Capital*, 2005 U.S. Dist. LEXIS 44537, at *17 (D.D.C. Jan. 3, 2005) (holding that pursuit of litigation is an effective opt-out).

Accordingly, the *Touchstone* Plaintiffs respectfully request that the Court enter an order confirming that the *Touchstone* Plaintiffs provided a reasonable indication of their desire to opt-out of the *Sjunde* class and are, thus, excluded from the *Sjunde* class.

## II.    Even if the *Touchstone* Plaintiffs failed to timely opt-out, this Court should grant them additional time to do so.

Alternatively, the *Touchstone* Plaintiffs request an enlargement of their time to file a request for exclusion from the *Sjunde* class until August 30, 2022, which is the date that the *Touchstone* Plaintiffs sent a protective letter to the Administrator requesting exclusion in the event any party to the *Sjunde* class took the position that the *Touchstone* Plaintiffs were required to do so. This would be a mere 15-day extension from the August 15, 2022 deadline set forth in the class notice. A plaintiff should be permitted additional time to opt-out of a class action if it

---

[3] *See, e.g.*, No. 19-cv-1876-JMF, ECF No. 38 at 1 ("opt-out Plaintiffs (Ohio-based funds and insurers) continue their attempts to re-litigate or repackage claims that were dismissed by this Court in the *AP7* Action"); *id.* at 22 ("Plaintiffs have chosen to opt out of *AP7* and litigate their own claims.").

demonstrates "excusable neglect" for any failure to act within the specified time. *In re Am. Express Fin. Advisors Sec. Litig.*, 672 F.3d 113, 129 (2d Cir. 2011). Courts consider four factors, including:

> (1) "the danger of prejudice" to the party opposing the extension; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within the reasonable control" of the party seeking the extension; and (4) whether the party seeking the extension "acted in good faith."

*Id.* (quoting *In Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Each of these factors weighs in favor of a finding of excusable neglect.

*1.* **_Prejudice._** Defendants would not be prejudiced if the *Touchstone* Plaintiffs were granted the requested enlargement of time. As noted above, Defendants have been proceeding as if the *Touchstone* Plaintiffs already opted-out and the parties have been vigorously litigating the *Touchstone* Action. In addition, the Defendants do not oppose the relief the *Touchstone* Plaintiffs are seeking in this motion.

*2.* **_Length of the delay._** The *Touchstone* Plaintiffs cured any arguable failure to request exclusion on August 30, 2022, 15 days after the deadline set forth in the class notice. The brief delay in filing a request for exclusion with the Administrator has had no impact on any proceedings in either the *Sjunde* Action or the *Touchstone* Action.

*3.* **_Reason for the delay._** The *Touchstone* Plaintiffs did not submit a request to the Administrator by the deadline specified in the class notice because the parties responsible for handling the *Touchstone* Action for the *Touchstone* Plaintiffs did not receive the class notice. Class Counsel has represented that the Administrator sent notice to the *Touchstone* Plaintiffs. Unfortunately, that notice, if sent, does not appear to have been delivered to the appropriate parties internally.[4] The fact that the *Touchstone* Plaintiffs were actively litigating the *Touchstone* Action, and had provided a reasonable indication of their desire to opt-out, led the *Touchstone* Plaintiffs to conclude that they had sufficiently expressed their intent to opt-out. However, the *Touchstone* Plaintiffs would have submitted an additional protective request to opt-out to the Administrator earlier if the appropriate persons responsible for the *Touchstone* Action had received the class notice. The *Touchstone* Plaintiffs learned of the deadline referenced in the class notice late in the day on August 29, 2022 when counsel was conducting independent research. Even if the *Touchstone* Plaintiffs should have identified the deadline on an earlier date, and made further inquiries, the Second Circuit has recognized "[e]xcusable neglect may be found where the relevant circumstances reveal inadvertent delays, mistakes, or carelessness" and, thus, "it clearly is broad enough to encompass even those omissions caused by circumstances within the movant's control." *In re PaineWebber Ltd. Pshps. Litig.*, 147 F.3d 132, 135 (2d Cir. 1998).

*4.* **_Good faith._** The *Touchstone* Plaintiffs have acted in good faith. They submitted a request to the Administrator less than 24 hours after learning of the deadline set forth in the class

---

[4] The *Touchstone* Plaintiffs do not have information sufficient to dispute the representation of Class Counsel and are not challenging that notice was sent to the *Touchstone* Plaintiffs.

notice. They also filed this motion the first business day following the submission of the Segura Declaration, which characterized the *Touchstone* Plaintiffs' protective exclusion request mailed on August 30, 2022 as a "Late Exclusion Request." The *Touchstone* Plaintiffs are not engaged in gamesmanship.

Because the *Touchstone* Plaintiffs have demonstrated that any late request for exclusion was the result of excusable neglect, the Court should enlarge the *Touchstone* Plaintiffs' time to submit an exclusion request to the Administrator.

\*   \*   \*

For the reasons set forth above, the *Touchstone* Plaintiffs respectfully request that this Court enter an order confirming that the *Touchstone* Plaintiffs have effectively opted-out of the class certified in *Sjunde* in a timely manner and are no longer part of that class. In the alternative, the *Touchstone* Plaintiffs request an enlargement of time to file an exclusion request until August 30, 2022.

Respectfully submitted,

*/s/ Steven S. Fitzgerald*

Steven S. Fitzgerald

*Counsel for the Touchstone Plaintiffs*

cc: Counsel of Record (via ECF)