# LATHAM&WATKINS LLP

1271 Avenue of the Americas
New York, New York 10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Shanghai |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

September 6, 2022

**VIA ECF**

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007

Re: *Sjunde AP-Fonden et al. v. Gen. Elec. Co. et al.*, No. 1:17-cv-8457 (JMF)

Dear Judge Furman:

On behalf of Defendants General Electric Company ("GE") and Jeffrey S. Bornstein in the above-referenced action (together, "Defendants"), we write pursuant to Rule 7(C) of the Court's Individual Rules and Practices to request that the following materials—filed in connection with Defendants' motions to exclude the testimony of S.P. Kothari, to exclude the testimony of Dr. David I. Tabak, and for summary judgment (together, the "Motions")—remain under seal or in redacted form.[1]

As detailed below, allowing the following exhibits to the Motions, as well as portions of the Motions themselves, to remain under seal or in redacted form is critical to protecting GE from the unnecessary disclosure of competitive business information, and revealing this limited amount of information to the public will not substantially contribute to the public's understanding of this case.[2] The balance therefore weighs in favor of keeping the following materials under seal or redacted.[3]

---

[1] In the interest of judicial economy and to avoid redundancy in their filings, *see* Dkt. 337 at 3, Defendants are filing this consolidated letter-motion in connection with all of the Motions.

[2] The Court has previously ruled in favor of redacting or sealing similar materials that were attached to prior filings in this matter. *See* Ord. (Dkt. 240); Ord. (Dkt. 304); Ord. (Dkt. 319); Ord. (Dkt. 326).

[3] On September 1, 3, and 5, 2022, pursuant to the Court's Individual Rules and Practices, Defendants conferred with Plaintiffs about the proposed redactions and sealing requests. Plaintiffs withdrew their confidentiality designations to the expert reports of S.P. Kothari, dated March 11, 2022, April 29, 2022, and June 10, 2022, as well as the documents bearing the Bates identifiers GE_Tabak_0000236 and GE_Tabak_0032036.

LATHAM&WATKINS LLP

The presumptive public right to access judicial documents is not absolute.[4]  *See, e.g.*, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978) (explaining that "the decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case").  Instead, courts consider "whether good cause exists to overcome the presumption of open access. . . ." *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000).  In doing so, courts must balance "competing considerations," including but not limited to "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *JMG Improvements, Inc. v. Arch Specialty Ins. Co.*, 2021 WL 3173022, at *2 (S.D.N.Y. July 26, 2021).  Thus, courts permit sealing when it "is necessary to preserve higher values" and is "narrowly tailored to achieve that aim." *Id.*

Protecting sensitive and confidential business information is among the "higher values" consistently recognized by courts in the Second Circuit as a "legitimate basis to rebut" the presumption of public access.  *Hanks v. Voya Ret. Ins. & Annuity Co.*, 2021 WL 2451981, at *1 (S.D.N.Y. June 16, 2021).  Accordingly, courts commonly grant requests to seal or redact documents to avoid unfairly giving competitors insight into sensitive financial data and operational information.  *See City of Providence v. BATS Glob. Mkts., Inc.*, 2022 WL 539438, at *1-3 (S.D.N.Y. Feb. 23, 2022) (Furman, J.) (granting request to seal and redact certain documents containing a company's revenue data, "peer comparison analyses and information on . . . . market data strategy, initiatives, and revenue potential . . ."); *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) (granting request to seal and redact certain "confidential information about [the company's] business models . . . sources of revenue and the amounts of its revenue and sales . . ."); *Rubik's Brand Ltd. v. Flambeau, Inc.*, 2021 WL 1085338, at *2 (S.D.N.Y. Mar. 22, 2021) (granting request to redact documents where they contain "projected sales, net sales, and revenue" figures); *see also Stegmann on Behalf of Covetrus, Inc. v. Wolin*, 2021 WL 1838219, at *2 (E.D.N.Y. May 7, 2021) (granting request to redact where disclosures "would enable competitors to discover the company's confidential business, operational and marketing strategies," "disclos[e] the company's internal analysis of its competitive standing," and "provide its competitors with information about which areas [the company] allocates its resources, as well as its internal financial projections").

The propriety of protecting confidential business information continues even where the information relates to past financial performance and analysis, because the information could still be exploited by a company's competitors.  *See, e.g.*, *Encyclopedia Brown Prods., Ltd. v. Home Box Off., Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (granting request to seal in part and explaining that "[c]onfidential business information dating back even a decade or more may provide valuable insights into a company's current business practices that a competitor would seek to exploit"); *see also Ramirez v. Temin & Co.*, 2020 WL 6781222, at *7 (S.D.N.Y. Nov. 18, 2020) (allowing the redaction of certain business information when "public access to this information could alter the [f]irm's competitive position in the consulting market").

---

[4] Unless otherwise indicated, all internal citations and quotations are omitted, emphasis is added, and citations to "Ex. _" refer to exhibits attached to the Declaration of Blake T. Denton, submitted concurrently with the Motions.

Nor does the fact that confidential business information is filed in connection with motions to exclude testimony or for summary judgment alter courts' willingness to protect such information. *See, e.g.*, *JMG Improvements*, 2021 WL 3173022, at *3 (redacting summary judgment filings where "the value in public access is outweighed by the defendant's interests in protecting itself from a competitor's obtaining unfettered access to its processes"); *Playtex Prods., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11-12 (S.D.N.Y. Mar. 29, 2016) (redacting portions of summary judgment brief "referenc[ing] confidential and sensitive business information, including sales and costs information, presentations, merger discussions, and competitive analyses and product testing" because the party "would be competitively harmed if they were revealed"); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (redacting portions of summary judgment brief and supporting papers where information, "if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit"); *Capri Sun GmbH v. Am. Beverage Corp.*, 2021 WL 3036589, at *1 (S.D.N.Y. July 16, 2021) (granting motion to file "summary judgment and *Daubert* motion papers and related exhibits under seal and/or with redactions" where information concerned "trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like"); *W.S.R. By & Through Richardson v. FCA U.S. LLC*, 2022 WL 35491, at *1 (S.D.N.Y. Jan. 3, 2022) (granting motion to seal exhibits at summary judgment); *Hanks v. Voya Ret. Ins. & Annuity Co.*, 2020 WL 5813448, at *3 (S.D.N.Y. Sept. 30, 2020) (allowing redactions in certain summary judgment exhibits of "specific financial metrics of [company's] products and models").

Defendants' proposed sealing and redactions concern documents and testimony that contain GE's confidential and commercially sensitive information, which would provide substantive insight into, *inter alia*, GE's financial performance, strategies, internal analyses, GE's customers, and future operations; *or* were designated Confidential under the protective order in this matter at the request of the U.S. Securities and Exchange Commission ("SEC"). *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (holding that law enforcement interests should be considered in determining whether public access to judicial documents should be granted). More specifically, Defendants' proposed sealing and redactions are narrowly tailored to copies of or quotations from internal company communications and documents that contain confidential information about GE's business. This confidential information concerns detailed financial projections and goals, assessment of financial and operational performance, current and future business strategies and initiatives, and business models.

Revealing the sealed or redacted information would release GE's confidential business information to the public, which would cause injury to GE by providing insight to GE's competitors about GE's goals, strategies, and financial projections. Balancing the harm the disclosure of this commercially sensitive information would have on GE with its minimal impact on describing the nature of the case for the public, the narrowly tailored sealing and redactions set forth below are appropriate.

For the reasons set forth below, Defendants respectfully request that the following documents—which contain GE's confidential and sensitive business information, or were

designated as confidential by the SEC—remain under seal or in redacted form, and also that certain references to this information contained in Defendants' concurrently-filed motions be redacted:

- Exhibit 11 is an excerpt of internal correspondence between GE employees that attaches an internal company presentation, which should be sealed because it concerns GE's internal business models, as well as commercially sensitive customer information. For these same reasons, Defendants also request to redact certain references to information contained in this document in their concurrently-filed statement of material facts in support of their motion for summary judgment.

- Exhibit 12 is an excerpt of internal correspondence between GE employees that attaches an internal company presentation, which should be sealed because it describes GE's internal business models, contractual drivers, and details of GE's customer portfolios.

- Exhibit 13 is an excerpt of internal correspondence between GE employees that attaches an internal policy document, which should be sealed because it discusses commercially sensitive customer contract terms with GE's customers.[5] For these same reasons, Defendants also request to redact certain references to information contained in this document in their concurrently-filed statement of material facts in support of their motion for summary judgment.

- Exhibit 14 is an excerpt of internal correspondence between GE employees that attaches an internal company presentation, which should be sealed because it reflects detailed financial data about GE's internal business models.

- Exhibit 15 is an excerpt of the transcript of a deposition taken in this matter, which should be redacted because it contains information derived from GE's confidential documents, including GE's internal business models and decisions relating to GE's factoring programs, as well as strategic considerations about GE's financial targets.

- Exhibit 16 is an excerpt of the transcript of a deposition taken in this matter, which should be redacted because it contains information derived from GE's confidential documents, including about GE's financial metrics and internal business initiatives relating to its factoring programs.

- Exhibit 17 is an excerpt of internal correspondence between GE employees that attaches an internal company presentation, which should be sealed because it discusses GE's internal business models and related business strategies.

- Exhibit 18 is an excerpt of internal correspondence between GE employees that attaches an internal company presentation, which should be sealed because it discusses GE's negotiating strategies with customers and internal analysis processes and models.

---

[5] This document was produced with highlighting from the original version of the document, and the highlighting does not reflect redactions proposed by Defendants.

- Exhibit 20 is an excerpt of internal correspondence between GE employees that attaches an internal company presentation, which should be sealed because it concerns GE's internal assessments for competitive modeling of GE customer contracts.

- Exhibit 21 is an excerpt of the transcript of a deposition taken in this matter, which should be redacted because it contains information derived from GE's confidential documents, including about GE's strategic initiatives and detailed financial metrics relating to GE's factoring programs.

- Exhibit 22 is an excerpt of internal correspondence between GE employees that attaches an internal company presentation, which should be sealed because it includes GE's financial statistics, performance data, and financial objectives. For these same reasons, Defendants also request to redact certain references to information contained in this document in their concurrently-filed statement of material facts in support of their motion for summary judgment.

- Exhibit 23 is an excerpt of the transcript of a deposition taken in this matter, which should be redacted because it contains information derived from GE's confidential documents, including about GE's financial metrics relating to its factoring programs.

- Exhibit 29 is an excerpt of internal correspondence between GE employees that attaches an internal company presentation, which should be sealed because it reflects GE's internal guidance and criteria relating to GE's factoring programs.

- Exhibit 30 is an excerpt of internal correspondence between GE employees that attaches an internal company presentation, which should be sealed because it includes references to GE's competitive contract bidding strategy and detailed guidance about customer contracts.

- Exhibit 31 is an excerpt of the transcript of a deposition taken in this matter, which should be redacted because it contains information derived from GE's confidential documents, including detailed financial analysis and projections about GE, GE's internal business models, and financial metrics relating to GE's factoring programs.

- Exhibit 32 is an excerpt of the transcript of a deposition taken in this matter, which should be redacted because it contains information derived from GE's confidential documents, including about GE's cash conversion goals and key performance indicators relating to GE's factoring programs.

- Exhibit 33 is an excerpt of the transcript of a deposition taken by the SEC,[6] which should be sealed because it contains information derived from confidential GE documents, including about internal business strategies, GE's cash performance, and factoring programs; and because the SEC allowed production of confidential investigatory material,

---

[6] This transcript was provided to Defendants in a form that did not contain any index.

**LATHAM & WATKINS** LLP

including this transcript, based on its understanding that a protective order would be in place.

- Exhibit 34 is internal correspondence between GE employees that attaches internal company slides, which should be sealed because it includes GE's detailed financial statistics and performance data relating to GE's factoring programs.

- Exhibit 35 is an excerpt of internal correspondence between GE employees that attaches an internal company memorandum, which should be sealed because it concerns GE's internal business models and detailed criteria for GE's contracts.

- Exhibit 36 is an excerpt of the transcript of a deposition taken in this matter, which should be redacted because it contains information derived from GE's confidential documents, including about GE's factoring programs and financial metrics and targets.

- Exhibit 37 is an excerpt of the transcript of a deposition taken in this matter, which should be redacted because it contains information derived from GE's confidential documents, including about GE's detailed cash strategies, strategic priorities and assessments, and high-level management discussions about GE's goals.

- Exhibit 38 is an excerpt of the transcript of a deposition taken by the SEC,[7] which should be sealed because it contains information derived from GE's confidential documents, including GE's internal financial strategies and operations; and because the SEC permitted production of confidential investigatory material, including this transcript, based on its understanding that a protective order would be in place.

- Exhibit 39 is an excerpt of the transcript of a deposition taken in this matter, which should be redacted because it contains information derived from GE's confidential documents, including about GE's factoring programs, monetization opportunities, cash performance, and business strategies relating to customer orders and sales.

- Exhibit 40 is an excerpt of internal correspondence between GE employees that attaches an internal company presentation, which should be sealed because it contains detailed financial data relating to GE's cash flows and internal strategies.

- Exhibit 41 is an excerpt of internal correspondence between GE employees that attaches an internal company presentation, which should be sealed because it concerns GE's internal guidance relating to GE's factoring program.

- Exhibit 43 is a table created by GE, which should be sealed because it contains a detailed financial analysis relating to GE's internal factoring programs and contracts with customers.

---

[7] This transcript was provided to Defendants in a form that did not contain any index.

LATHAM&WATKINS LLP

- Exhibit 44 is an excerpt of the transcript of a deposition taken in this matter, which should be redacted because it contains information derived from GE's confidential documents, including about GE's strategic discussions about factoring and performance goals relating to cash generation.

- Exhibit 45 is an excerpt of internal correspondence between GE employees that attaches an internal company presentation, which should be sealed because it reflects GE's assessments of financial and operational objectives relating to monetization programs.

- Exhibit 46 is an excerpt of the transcript of a deposition taken in this matter, which should be redacted because it contains information derived from GE's confidential documents, including about GE's cash conversion assessments and strategies.

- Exhibit 47 is an excerpt of the transcript of a deposition taken by the SEC,[8] which should be sealed because it contains information derived from confidential GE documents, including detailed discussions and internal guidance about GE's planning and strategy processes; and because the SEC allowed production of confidential investigatory material, including this transcript, based on its understanding that a protective order would be in place.

- Exhibit 48 is an expert report submitted in this matter by Mark A. Sunshine, which should be redacted because it contains information derived from GE's confidential documents, including about GE's internal business strategies and commercially sensitive customer contracts.

- Exhibit 49 is an excerpt of internal correspondence between GE employees that attaches an internal company presentation, which should be sealed because it concerns GE's internal business strategies and detailed financial metrics relating to monetization initiatives.

- Exhibit 52 is an excerpt of internal minutes from a meeting, which should be sealed because it describes GE management's discussions relating to GE's corporate strategies and initiatives concerning compliance and risk.

- Exhibit 53 is an excerpt of internal minutes from meeting, which should be sealed because it describes GE management's discussions related to GE's corporate strategies, detailed financial statistics, and initiatives concerning revenues and compliance.

- Exhibit 55 is internal minutes from a meeting, which should be sealed because it describes GE management's discussions of internal corporate strategies and auditing functions.

- Exhibit 56 is an excerpt of the transcript of a deposition taken by the SEC,[9] which should be sealed because it contains information derived from GE's confidential documents,

---

[8] This transcript was provided to Defendants in a form that did not contain any index.

[9] This transcript was provided to Defendants in a form that did not contain any index.

- including GE's strategies for and analysis of cash performance; and because the SEC permitted production of confidential investigatory material, including this transcript, based on its understanding that a protective order would be in place.

- Exhibit 58 is an excerpt of internal correspondence between GE employees that attaches an internal company presentation, which should be sealed because it concerns GE's performance data, financial drivers, and business strategies relating to monetization initiatives.

- Exhibit 59 is an excerpt of the transcript of a deposition taken by the SEC,[10] which should be sealed because it contains information derived from confidential GE documents, including detailed discussions and internal guidance about GE's planning and strategy processes; and because the SEC allowed production of confidential investigatory material, including this transcript, based on its understanding that a protective order would be in place.

- Exhibit 67 is an excerpt of internal correspondence between GE employees that attaches an internal company presentation, which should be sealed because it concerns GE's detailed financial statistics relating to GE's factoring programs.

- Exhibit 68 is an excerpt of an internal company presentation, which should be sealed because it describes GE management's discussions of corporate strategies and views about risk exposure.

- Exhibit 69 is an excerpt of GE's representation letter, which should be sealed because it contains references to GE's competitive business models and initiatives.

- Exhibit 70 is an excerpt of internal correspondence between GE employees that attaches an internal company presentation, which should be sealed because it reflects GE's internal corporate strategies and risk exposure.

- Exhibit 71 is an excerpt of an internal company presentation, which should be sealed because it describes GE management's discussions relating to GE's internal corporate strategies and operational initiatives.

- Exhibit 92 is an excerpt of internal correspondence between GE employees that attaches an internal company presentation, which should be sealed because it discusses GE's business strategies and detailed financial projections relating to monetization initiatives.

- Exhibit 93 is internal correspondence between GE employees, which should be sealed because it reflects GE's internal objectives and projections relating to its deferred monetization initiatives. For these same reasons, Defendants also request to redact certain references to information contained in this document in their concurrently-filed

---

[10] This transcript was provided to Defendants in a form that did not contain any index.

- memorandum of law in support of their motion to exclude the testimony of Professor S.P. Kothari.

- Exhibit 94 is internal correspondence between GE employees, which should be sealed because it concerns discussions of GE's business strategies and detailed financial metrics for GE's factoring programs. For these same reasons, Defendants also request to redact certain references to information contained in this document in their concurrently-filed memorandum of law in support of their motion to exclude the testimony of Professor S.P. Kothari.

- Exhibit 95 is an excerpt of internal correspondence between GE employees that attaches an internal company presentation, which should be sealed because it includes GE's financial analyses and data relating to GE's deferred monetization initiatives. For these same reasons, Defendants also request to redact certain references to information contained in this document in their concurrently-filed memorandum of law in support of their motion to exclude the testimony of Professor S.P. Kothari.

- Exhibit 97 is an excerpt of internal correspondence between GE employees that attaches an internal company presentation, which should be sealed because it reflects internal assessments of GE's financial performance.

- Exhibit 100 is an excerpt of internal correspondence between GE employees that attaches an internal company presentation, which should be sealed because it describes detailed financial metrics and targets relating to GE's factoring programs and cash flows. For these same reasons, Defendants also request to redact certain references to information contained in this document in their concurrently-filed memorandum of law in support of their motion to exclude the testimony of Dr. David I. Tabak.

- Exhibit 106 is an excerpt of the transcript of a deposition taken by the SEC,[11] which should be sealed because it contains information derived from GE's confidential documents, including GE's strategies for and analysis of cash performance; and because the SEC permitted production of confidential investigatory material, including this transcript, based on its understanding that a protective order would be in place.

- Exhibit 108 is an expert report submitted in this matter by Dr. David I. Tabak. Pursuant to the Court's Order dated August 22, 2021, *see* Order (Dkt. 240), this exhibit should remain under seal because it contains references to internal discussions pertaining to business strategy as well as financial metrics relating to GE's factoring programs from internal GE documents.[12]

---

[11] This transcript was provided to Defendants in a form that did not contain any index.

[12] To the extent that the Court revisits its prior decision, this document should be redacted because it contains information derived from GE's confidential documents, including detailed financial metrics relating to GE's factoring programs.

LATHAM&WATKINS LLP

- Exhibit 110 is an expert report submitted in this matter by Professor S.P. Kothari, which should be redacted because it contains information derived from GE's confidential documents, including about GE's internal business strategies, financial metrics relating to GE's factoring programs, and commercially sensitive information about internal business models and customer strategies.[13] For these same reasons, Defendants also request to redact certain references to information contained in this document in their concurrently-filed memorandum of law in support of their motion to exclude the testimony of Professor S.P. Kothari.

- Exhibit 111 is an expert report submitted in this matter by Dr. David I. Tabak, which should be redacted where it contains information derived from GE's confidential documents, including about GE's internal business strategy and detailed financial metrics relating to GE's factoring programs. For these same reasons, Defendants also request to redact certain references to information contained in this document in their concurrently-filed memorandum of law in support of their motion to exclude the testimony of Dr. David I. Tabak.

- Exhibit 114 is an expert report submitted in this matter by Christopher J. Russo, which should be redacted because it contains information derived from GE's confidential documents, including about GE's financial metrics and targets, and sales and revenue metrics.

- Exhibit 115 is an expert report submitted in this matter by Daniel R. Fischel, which should be redacted because it contains information derived from GE's confidential documents, including about GE's financial performance and targets relating to deferred monetization.

- Exhibit 117 is an expert report submitted in this matter by Dr. David I. Tabak, which should be redacted because it contains information derived from GE's confidential documents, including about GE's financial estimates and targets relating to deferred monetization. For these same reasons, Defendants also request to redact certain references to information contained in this document in their concurrently-filed memorandum of law in support of their motion to exclude the testimony of Dr. David I. Tabak.

- Exhibit 118 is an expert report submitted in this matter by Professor S.P. Kothari, which should be redacted because it contains information derived from GE's confidential documents, including about GE's cash performance, deferred monetization programs, and detailed financial targets.[14] For these same reasons, Defendants also request to redact certain references to information contained in this document in their concurrently-filed

---

[13] On September 1, 2022, Plaintiffs' counsel withdrew their confidentiality designation to this document. However, the document still contains references to GE's sensitive business information derived from GE's confidential documents.

[14] On September 1, 2022, Plaintiffs' counsel withdrew their confidentiality designation to this document. However, the document still contains references to GE's sensitive business information derived from GE's confidential documents.

LATHAM&WATKINS LLP

    memorandum of law in support of their motion to exclude the testimony of Professor S.P. Kothari.

- Exhibit 119 is an excerpt of the transcript of a deposition taken in this matter, which should be redacted because it contains information derived from GE's confidential documents, including about GE's financial metrics, targets, and initiatives relating to GE's factoring programs. For these same reasons, Defendants also request to redact certain references to information contained in this document in their concurrently-filed memorandum of law in support of their motion to exclude the testimony of Dr. David I. Tabak.

- Exhibit 120 is an excerpt of the transcript of a deposition taken in this matter, which should be redacted because it contains information derived from GE's confidential documents, including about GE's revenues and deferred monetization programs. For these same reasons, Defendants also request to redact certain references to information contained in this document in their concurrently-filed memorandum of law in support of their motion to exclude the testimony of Professor S.P. Kothari.

                \*      \*      \*

    For the foregoing reasons, Defendants respectfully submit that keeping the above materials under seal or in redacted form is consistent with the presumption in favor of public access.

                                  Respectfully submitted,

                                  Blake T. Denton
                                  of Latham & Watkins LLP

cc: All counsel of record (via ECF)

    The Motion to Seal is granted temporarily. Any opposition to the Motion, however, shall be filed by September 14, 2022. The Court will assess whether to keep the materials at issue sealed or redacted on a permanent basis when decided the underlying motions. The Clerk of Court is directed to terminate ECF No. 348.

    SO ORDERED.

    September 7, 2022