UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
                                                :

SJUNDE AP-FONDEN et al.,                   :
                                                :

                Plaintiffs,       :

                                                :          17-CV-8457 (JMF)

     -v-                            :

                                                :      MEMORANDUM OPINION
GENERAL ELECTRIC COMPANY et al.,     :        AND ORDER

                Defendants.     :

                                                  :
----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      In this securities-fraud class action, familiarity with which is presumed, Lead Plaintiff Sjunde AP-Fonden and Plaintiff the Cleveland Bakers and Teamsters Pension Fund (together, "Plaintiffs"), both pension funds, bring claims against General Electric Co. ("GE") and its former Chief Financial Officer, Jeffrey S. Bornstein (together, "Defendants"). By Opinion and Order dated September 28, 2023, the Court granted in part and denied in part Defendants' motion for summary judgment, granted in part and denied in part competing motions to exclude the testimony of certain experts, and granted Plaintiffs' motion to strike a declaration filed by one of Defendants' experts. *See Sjunde AP-Fonden v. Gen. Elec. Co.*, No. 17-CV-8457 (JMF), 2023 WL 6314939 (S.D.N.Y. Sept. 28, 2023) (ECF No. 413). Since that time, Defendants have filed a motion for reconsideration, *see* ECF No. 414, and both sides have filed motions to bifurcate trial, *see* ECF Nos. 424, 426. The Court will address each in turn.

## MOTION FOR RECONSIDERATION

      Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, which are meant to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with

additional matters." *Medisim Ltd. v. BestMed LLC*, No. 10-CV-2463 (SAS), 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012) (internal quotation marks omitted).  A district court "has broad discretion in determining whether to grant a motion [for reconsideration]." *Baker v. Dorfman*, 239 F.3d 415, 427 (2d Cir. 2000).  "It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.  Rather, the standard for granting a Rule 59 motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (cleaned up).

In light of this strict standard, most of Defendants' arguments for reconsideration can be swiftly rejected.  Defendants take a Gatling-gun-style approach in attacking the Court's rulings on Plaintiffs' Item 303 claim, loss causation, and, relatedly, the admissibility of certain testimony from Plaintiffs' expert.  *See* ECF No. 415 ("Defs.' Recon. Mem."), at 3-21.  But contrary to Defendants' breathless assertions, the Court did not "neglect[]," let alone fail to "appreciate" or "understand," their arguments and evidence on these fronts.  *See, e.g., id.* at 3, 4, 6 n.4, 8 n.5.  The Court acknowledged that some of them had "force," *e.g.*, 2023 WL 6314939, at *12-13, but ultimately rejected them as a basis for summary judgment.  For instance, Defendants contend that the Court erred in denying summary judgment on Plaintiffs' Item 303 claim because "Item 303 concerns impacts to the SEC *registrant*, GE, . . . rather than impacts to any of [GE's] separate segments," Defs.' Recon. Mem. 4-8 (emphasis added), and because GE made all the disclosures that were required by Item 303, *see id.* at 8-11.  But the Court addressed, and rejected, these arguments in its Opinion and Order; indeed, a whole section of its analysis was

devoted to the issue of "Impact at the Registrant Level."  2023 WL 6314939, at *6-7.[1]  In a

similar vein, Defendants assert that the Court failed to address "many of" their arguments on or

related to loss causation.  Defs.' Recon. Mem. 11.  But, once again, each of Defendants'

arguments — causal link, Plaintiffs' "true financial condition" theory of loss causation,

disaggregation, and Plaintiffs' expert's constant-dollar inflation theory and use of a three-day

event window, *see id.* at 11-21 — was squarely addressed in the Court's Opinion and Order, *see*

2023 WL 6314939, at *11-14.  Defendants are entitled to disagree with the Court's rulings, but

their remedy is to prevail at trial or on appeal, not to get a "second bite at the apple."  *Analytical*

*Survs.*, 684 F.3d at 52.

By contrast, the Court concludes that there is merit to Defendants' request for

reconsideration of the ruling granting Plaintiffs' motion to strike the declaration filed by

Defendants' expert, Daniel Fischel.  *See* Defs.' Recon. Mem. 21-23.  To be clear, the Court

stands by most of what it said on that score in its Opinion and Order: Defendants could and

should have disclosed Fischel's declaration prior to the deadline for expert discovery, and the

declaration was neither "'within the scope' of his prior work" nor proper "supplement[ation]" of

his report under Rule 26(e) of the Federal Rules of Civil Procedure.  *See* 2023 WL 6314939, at

---

[1]     Defendants ask, in the alternative, that the Court "clarify its ruling as to what information
any surviving Item 303 claim concerns."  Defs.' Recon. Mem. 8.  There is no need for
"clarification" — the Court's ruling coheres around the essential theory of Plaintiffs' allegations:
namely, that GE used long-term factoring to mask the existence of underlying cash flow
problems and misled investors in claiming or suggesting otherwise.  2023 WL 6314939, at *6-
14; *see also* ECF No. 429 ("Joint Pretrial Statement"), at 2-5 (Plaintiffs' statement of their Item
303 claim).  In their opening brief, Defendants also assert that, "[a]t a minimum, the class period
must be trimmed at the back end."  Defs.' Recon. Mem. 10.  But they drop that argument in their
reply and, thus, the Court deems it to be abandoned.  *See, e.g.*, *Doe v. Indyke*, 465 F. Supp. 3d
452, 467 (S.D.N.Y. 2020).  In any event, the argument is without merit.  *See* Pls.' Recon. Opp'n
9 (arguing that the Court "has considered and rejected" Defendants' argument about the class
period "at least three times and should reject it this fourth time as well").

*18.  Upon reflection, however, the Court concludes that striking the declaration is unwarranted because there are remedies short of total preclusion that would address the prejudice to Plaintiffs: namely, allowing Plaintiffs to re-depose Fischel with respect to the declaration and permitting Plaintiffs' expert, David Tabak, to go beyond the scope of his reports in his testimony at trial to address the issues in Fischel's declaration.  Given the denial of Defendants' summary judgment motion, Plaintiffs only remaining argument for prejudice is that they were prevented from deposing Fischel about the material.  *See* ECF No. 419 ("Pls.' Recon. Opp'n"), at 20.  But allowing Plaintiffs to re-depose him (at Defendants' expense) fixes that problem.

In sum, Defendants' motion is GRANTED to the extent it seeks reconsideration of the Court's decision to strike Fischel's declaration and otherwise DENIED.  Plaintiffs are granted leave to depose Fischel, at Defendants' expense, with respect to his belated declaration.  Any such deposition shall not exceed two hours and shall occur before **May 3, 2024**.

## MOTIONS TO BIFURCATE

As noted, both sides move for bifurcation of the trial.  Notably, there is much on which they agree.  They agree that all class-wide issues, including Defendants' liability (or lack thereof) and the measure of class-wide damages, should be addressed in a Phase One trial, and they agree that individualized issues pertaining to damages and absent class members' reliance should be addressed during a Phase Two trial.  *See* ECF No. 427 ("Defs.' Bifurcation Mem."), at 2; ECF No. 430 ("Pls.' Bifurcation Mem."), at 1-2.  That leaves one narrow point of disagreement with respect to bifurcation — namely, whether individualized issues relating to Class Representatives' reliance should be tried as part of Phase One (as Defendants contend) or Phase Two (as Plaintiffs contend) — and a related dispute regarding the admissibility of Class-Representative-specific

evidence.  *See* Defs.' Bifurcation Mem. 2; Pls.' Bifurcation Mem. 2-3, 5-12; ECF No. 440

("Defs.' Bifurcation Opp'n"), at 2-6.  Plaintiffs have the better of both issues.

Under Rule 42(b) of the Federal Rules of Civil Procedure, a court "may order a separate

trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims" for

"convenience, to avoid prejudice, or to expedite and economize" the proceedings.  Fed. R. Civ.

P. 42(b); *see, e.g.*, *Au New Haven, LLC v. YKK Corp.*, No. 15-CV-3411 (GHW), 2022 WL

10122844, at *2 (S.D.N.Y. Oct. 17, 2022).  The Rule "is sweeping in its terms and allows the

district court, in its discretion, to grant a separate trial of any kind of issue in any kind of case."

*Chevron Corp. v. Donziger*, 800 F. Supp. 2d 484, 491 (S.D.N.Y. 2011) (quoting 9A Wright &

Miller, Federal Practice and Procedure § 2398).  "[O]nly one of the three conditions specified in

the rule — convenience, to avoid prejudice, or to expedite and economize — [is] needed to

justify ordering separate trials."  *Jem Accessories, Inc. v. JVCKENWOOD USA Corp.*, No. 20-

CV-4984 (GHW), 2021 WL 706646, at *4 n.2 (S.D.N.Y. Feb. 22, 2021).  Courts also consider

"whether bifurcation will lessen or eliminate the likelihood of juror confusion."  *Farghaly v.

Potamkin Cadillac-Buick-Chevrolet-Geo, Ltd.*, No. 18-CV-11106 (AJN), 2021 WL 4267656, at

*1 (S.D.N.Y. Sept. 20, 2021) (Nathan, J.) (internal quotation marks omitted).

Exercising that discretion here, the Court adopts Plaintiffs' proposal and orders that the

trial will be bifurcated, with a Phase One limited to class-wide issues concerning liability and

damages; and, only if necessary, a Phase Two addressing individual issues, including class

member damages and any individual issues concerning reliance of both Class Representatives

and other class members.  First, that proposal accords with the majority approach in cases, such

as this, where the plaintiffs proceed on a "fraud on the market" theory and, thus, reliance is

presumed.  *See In re Vivendi Universal, S.A. Sec. Litig.*, 765 F. Supp. 2d 512, 584-85 (S.D.N.Y.

2011) (citing cases); *see also, e.g.*, *In re WorldCom, Inc. Sec. Litig.*, No. 02-CV-3288 (DLC), 2005 WL 408137, at *1 (S.D.N.Y. Feb. 22, 2005); *In re ICN/Viratek Sec. Litig.*, No. 87-CV-4296, 1996 WL 34448146 (KMW), at *1-2 (S.D.N.Y. July 15, 1996); *but see* Defs.' Bifurcation Opp'n 8-10 (citing *Hsu v. Puma Biotech., Inc.*, No. 15-CV-865 (DOC), 2021 WL 2644100, at *1 (C.D. Cal. June 11, 2021), and *In re Tesla, Inc. Sec. Litig.*, No. 18-CV-4865 (EMC), 2023 WL 7164333, at *19 n.4 (N.D. Cal. Mar. 7, 2023)).  Second, and in any event, the Court concludes that that approach is more likely to serve the purposes of Rule 42(b) than Defendants' approach of mixing class-wide and individualized issues in Phase One.  It is likely more efficient, both because a defense verdict in Phase One would obviate the need for *any* individualized assessments and because it would be duplicative to address individualized reliance as to some class members in Phase One and as to others in Phase Two.  It also minimizes any risk of juror confusion and prejudice to absent class members.[2]

It follows that Class-Representative-specific evidence is largely irrelevant to, and thus inadmissible at, Phase One of the trial.  To the extent that such evidence pertains to Class Representatives' reliance (or lack thereof), it is plainly relevant only to the issues that would be tried in Phase Two.  Defendants do not argue otherwise, but rather contend that such evidence is also relevant to the issue of materiality, which *is* a class-wide element to be established during Phase One.  *See* Defs.' Bifurcation Opp'n 3-4.  But most courts have rejected that argument, reasoning that "the jury is to determine materiality with respect to what a *reasonable* investor would consider important — not with respect to what an *actual* (or *typical*) investor would consider important."  *In re ICN/Viratek Sec. Litig.*, 1996 WL 34448146, at *3-4; *accord In re*

---

[2]    As both sides suggest, *see* Defs.' Bifurcation Mem. 5; Pls.' Bifurcation Mem. 14, the Court defers decision on the nature and form of any Phase Two trial until after Phase One is complete.

*WorldCom, Inc. Sec. Litig.*, 2005 WL 408137, at *3-5.  To the extent that Class-Representative-specific evidence has "some slight relevance" to the issue of materiality, such evidence "has little, if any, probative value, and that value is greatly outweighed by the potential for jury confusion."  *In re ICN/Viratek Securities Litig.*, 1996 WL 34448146, at *4.  Accordingly, all evidence and argument pertaining to the individual circumstances of Class Representatives, their employees, and their agents, including their transactions in GE stock, are presumptively excluded from Phase One of the trial.[3]

## CONCLUSION AND NEXT STEPS

For the foregoing reasons, Defendants' motion for reconsideration is GRANTED to the extent it concerns the decision to strike Fischel's declaration and otherwise DENIED; the parties' motions for bifurcation are GRANTED, and Plaintiffs' proposal on that score is adopted; and all evidence and arguments pertaining to the individual circumstances of Class Representatives, their employees, and their agents, including their transactions in GE stock, are presumptively excluded from Phase One of the trial.[4]  Further, Plaintiffs are granted leave to depose Fischel, at

---

[3]      In their briefing on a related motion *in limine*, albeit not in their briefing on bifurcation, Defendants suggest that Class-Representative-specific evidence is also relevant to the Rule 23(a) issues of adequacy and typicality.  *See* ECF No. 450, at 24.  That may be so, but it does not follow that such evidence would be admissible at a Phase One trial as opposed to a Phase Two trial.  At a Phase One trial, the probative value of such evidence with respect to adequacy and typicality would be substantially outweighed by the dangers of jury confusion and undue prejudice to the class.  *See* Fed. R. Evid. 403.  All of that said, the Court is not prepared to say at this time that Class-Representative-specific evidence is *categorically* inadmissible, just that it is not admissible with respect to materiality, adequacy, or typicality.  To the extent that Defendants believe any such evidence is admissible on another theory, they will be required to identify the evidence with particularity and explain the basis for its admission.

[4]      In light of the ruling on bifurcation, Plaintiffs' Motions *in Limine* Nos. 9-11 are denied as moot.  *See* ECF No. 432, at 19-25 (raising issues that "need only be decided now if the Court denies Plaintiffs' motion to bifurcate trial" (cleaned up)).

Defendants' expense, with respect to his belated declaration.  Any such deposition shall not exceed two hours and shall occur before **May 3, 2024**.

No later than **April 11, 2024**, the parties shall confer and submit a joint letter with the following information: (1) all dates that the parties would be available for trial from now until the end of the year (and whether the Court's ruling on bifurcation affects the parties' estimates of trial length); (2) whether the parties should be required to revise their exhibit and/or witness lists, or any other pretrial submissions, in light of the Court's ruling on bifurcation; (3) whether there are motions *in limine* that the Court should prioritize to facilitate either trial preparation or settlement; and (4) whether there is anything else the Court can do to facilitate settlement.  The parties shall then appear on **April 17, 2024**, at **2:15 p.m.**, in Courtroom 1105 of the Thurgood Marshall United States Courthouse, 40 Centre Street, New York, NY 10007 for an **in-person** conference to address those and other trial-related issues.

The Clerk of Court is directed to terminate ECF Nos. 414, 424, and 426.

SO ORDERED.

Dated: March 21, 2024
New York, New York

JESSE M. FURMAN
United States District Judge