UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
SJUNDE AP-FONDEN et al., :
:
Plaintiffs, :
: 17-CV-8457 (JMF)
-v- :
: MEMORANDUM OPINION
GENERAL ELECTRIC COMPANY et al., : AND ORDER
:
Defendants. :
:
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      In this long-pending securities-fraud case against General Electric Co. ("GE") and its former Chief Financial Officer, Jeffrey S. Bornstein (together, "Defendants"), familiarity with which is assumed, trial is scheduled to begin on November 4, 2024.  *See* ECF No. 457.  The parties are in the process of revising their pretrial submissions to conform to certain rulings of the Court.  *See id.*  In the meantime, Defendants have filed a letter arguing that the Supreme Court's recent decision in *Macquarie Infrastructure Corp. v. Moab Partners, L.P.*, 601 U.S. 257 (2024), "render[s] the entire case subject to dismissal" and seeking leave to file a formal motion on that score.  ECF No. 458 ("Defs.' Letter"), at 2.  Plaintiffs have responded with a letter opposing Defendants' request.  *See* ECF No. 461 ("Pls.' Letter").

      In the Court's view, Plaintiffs likely have the better of the argument.  The question presented in *Macquarie* was exceedingly narrow: "whether the failure to disclose information required by Item 303 can support a private action under Rule 10b-5(b), *even if the failure does not render any 'statements made' misleading*."  601 U.S. at 259-60 (emphasis added); *see also Macquarie*, 601 U.S. at 266 n.2 ("The Court granted certiorari to address the Second Circuit's pure omission analysis, not its half-truth analysis. . . .  The Court does not opine on issues that

are either tangential to the question presented or were not passed upon below, including what constitutes 'statements made,' [or] when a statement is misleading as a half-truth . . . ."). The Court answered that question in the negative, holding that "Rule 10b-5(b) does not proscribe pure omissions," *id.* at 264, but "confirm[ing]" that Item 303 omissions can indeed support a Rule 10b-5(b) "if the omission renders affirmative statements made misleading," *id.* at 265.

Contrary to Defendants' assertions, Plaintiffs' Item 303-based claims do not appear to be "pure omission" claims. *See id.* at 263 ("A pure omission occurs when a speaker says nothing, in circumstances that do not give any particular meaning to that silence."). Instead, the gravamen of Plaintiffs' claims is that "Defendants' Item 303 omissions rendered GE's Class Period financial disclosures" — including the 2015 Form 10-K it filed on February 26, 2016 — "materially misleading." Pls.' Letter 2 (citing ECF No. 327, ¶ 406); *see also* ECF No. 413 ("SJ & *Daubert* Op."), at 19-20. That is confirmed by Plaintiffs' response to Defendants' Interrogatory No. 8, which Defendants conspicuously ignore in their letter. In that response, Plaintiffs identified the specific sections of GE's Class Period filings with the Securities and Exchange Commission that they allege were rendered misleading by the alleged Item 303 omissions, including "Financial Resources and Liquidity," "Liquidity and Borrowings," "Liquidity Sources," "Statement of Cash Flows," "Intercompany Transactions and Eliminations," and "Intercompany Transactions between GE and GE Capital." Pls.' Letter 3; *see also* ECF No. 462-1, at 9-11. To be sure, *Macquarie* may call for alterations to the parties' pretrial submissions, and the parties should thus "incorporate any changes needed in light of *Macquarie*" in their forthcoming amendments. Pls.' Letter 4 n.2. Relatedly, *Macquarie* may also bear on the jury instructions at trial. But it is certainly not "straightforward" that *Macquarie* calls for dismissal of Plaintiffs' claims, in whole or in part. Defs.' Letter 3.

For these reasons, not to mention how long this case has been pending, the Court will not risk delay by entertaining further briefing on the issue before trial.  If appropriate, of course, Defendants may press their arguments by way of a motion pursuant to Rule 50 of the Federal Rules of Civil Procedure during or after trial.  *See* Fed. R. Civ. P. 50(a).

One housekeeping issue remains.  The Court temporarily granted Plaintiffs' motion to file Exhibit 1 to their Letter — namely, their responses to Defendants' Interrogatories — under seal and noted that it would "assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion."  ECF No. 463.  The Court is inclined to unseal the Exhibit in its entirety because it goes to the heart of the parties' dispute and the only basis for sealing raised in Plaintiff's motion was that it "contains references to information derived from materials designated by Defendants as 'Confidential' pursuant to the Stipulated Protective Order," ECF No. 460, which is not a valid basis for sealing, *see, e.g.*, *United States v. Wells Fargo Bank N.A.*, No. 12-CV-7527 (JMF), 2015 WL 3999074, at *4 (S.D.N.Y. June 30, 2015) (citing cases).  If any party believes that the Exhibit should remain sealed or should be publicly filed with redactions, that party shall file a letter brief, no later than **May 16, 2024**, and not to exceed three pages, showing why doing so is consistent with the presumption in favor of public access to judicial documents.  *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  If no letter brief is filed by that date, or if the Court does not find good cause shown, the Exhibit will be unsealed.

SO ORDERED.

Dated: May 10, 2024
       New York, New York                       _____
                                                JESSE M. FURMAN
                                                United States District Judge

3