UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
SJUNDE AP-FONDEN et al.,                                                :
                                                                        :
                              Plaintiffs,                               :
                                                                        :          17-CV-8457 (JMF)
              -v-                                                       :
                                                                        :          MEMORANDUM OPINION
GENERAL ELECTRIC COMPANY et al.,                                        :          AND ORDER
                                                                        :
                              Defendants.                               :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Trial in this long-pending securities-fraud case against General Electric Co. ("GE") and its former Chief Financial Officer, Jeffrey S. Bornstein, familiarity with which is assumed, is currently scheduled to begin on November 4, 2024. *See* ECF No. 457. The Court, however, is beginning a felony criminal trial on October 28, 2024, in *United States v. Xu*, 23-CR-133 (JMF), which takes priority over this case and is expected to last up to two weeks. Accordingly, **the trial date is hereby ADJOURNED to November 11, 2024.** Further, the parties shall appear for an **in-person** pretrial conference — to discuss trial-related issues and the prospects for settlement — on **October 8, 2024**, at **10:30 a.m.**, in **Courtroom 1105** of the **Thurgood Marshall United States Courthouse, 40 Centre Street**, New York, NY 10007.

In advance of trial, each side filed various motions *in limine*. *See* ECF Nos. 425, 428. The Court rules on the motions as follows.

### PLAINTIFFS' MOTIONS *IN LIMINE*

- **Plaintiffs' Motion *in Limine* #1:** The motion is denied. Expert testimony about the use of factoring by other industrial companies is relevant evidence about "the custom and practice of the industry in which GE and GE Power operate." ECF No. 451 ("Defs.' Opp'n"), at 1; *see also Sjunde AP-Fonden v. General Electric Co.*, No. 17-CV-8457 (JMF), 2023 WL 6314939, at *20 (S.D.N.Y. Sept. 28, 2023) (ECF No. 413)

(concluding that Christopher Russo's expert testimony about the use of factoring in the power industry is admissible). And with proper instructions focusing the jury's attention on Defendants' disclosures, not the use of factoring *per se*, the probative value of such evidence is not substantially outweighed by any Rule 403 danger.

- **Plaintiffs' Motion *in Limine* #2:** The motion is granted in part and denied in part. Substantially for the reasons set forth in Defendants' memorandum, *see* Defs.' Opp'n 3-6, the Court will not exclude all references to counsel's involvement in disclosure decisions. Given Defendants' representations that they are not pursuing an advice-of-counsel defense, however, *see, e.g.*, *id.* at 3, Defendants will not be permitted to "plac[e] undue focus on the fact of a lawyer's presence at a meeting or that counsel reviewed disclosures," "suggest that counsel blessed the relevant disclosures," or include references to the presence and involvement of lawyers in their opening statement. *S.E.C. v. Tourre*, 950 F. Supp. 2d 666, 684-85 (S.D.N.Y. 2013). If counsel is referenced in a manner that could suggest that Defendants relied on counsel's advice, the Court will give an appropriate limiting instruction. *See* ECF No. 432 ("Pls.' Mem."), at 6.

- **Plaintiffs' Motion *in Limine* #3:** The motion is denied, substantially for the reasons set forth in Defendants' memorandum of law. *See* Defs.' Opp'n 6-8. The dangers of jury confusion are better addressed through objections at trial and proper instructions.

- **Plaintiffs' Motion *in Limine* #4:** The motion is denied, substantially for the reasons set forth in Defendants' memorandum of law. *See* Defs.' Opp'n 8-9. Although Plaintiffs' requests here "nominally seek exclusion of evidence, they are, in reality, [improper] requests for judgment as a matter of law on aspects of Plaintiff[s'] claims." *Broadspring, Inc. v. Congoo, LLC*, No. 13-CV-1866 (JMF), 2014 WL 7392905, at *8 (S.D.N.Y. Dec. 29, 2014).

- **Plaintiffs' Motion *in Limine* #5:** The motion is denied, substantially for the reasons set forth in Defendants' memorandum of law. *See* Defs.' Opp'n 9-13. That denial is without prejudice to objections at trial on hearsay grounds.

- **Plaintiffs' Motion *in Limine* #6:** The motion is denied. To be sure, the Court previously barred Defendants' expert, Daniel Fischel, from "offer[ing] testimony about the state of mind of Bornstein or any other employee" based on their decisions to hold stock. *Sjunde AP-Fonden*, 2023 WL 6314939, at *17. At the same time, however, the Court permitted Defendants to introduce testimony "about economic incentives generally, such as whether a company's employees have an economic incentive to sell the company's stock if the price is inflated," leaving for the jury to decide whether an employee's "decision not to sell his stock was consistent with a finding of scienter." *Id.* Consistent with that prior ruling, the Court concludes that the SEC Forms 4 at issue — which describe the trading activity of certain GE employees — are admissible as evidence to support Defendants' scienter claim. *See* Defs.' Opp'n 13-15.

- **Plaintiffs' Motion *in Limine* #7:** The motion is denied. Although the materiality of a misstatement is "determined in light of the circumstances existing at the time the alleged misstatement occurred," *Ganino v. Citizens Utilities Co.*, 228 F.3d 154, 165 (2d Cir. 2000), the Second Circuit "ha[s] relied on post-class period data to confirm what a defendant should have known during the class period," *In re Scholastic Corp. Secs. Litig.*, 252 F.3d 63, 72 (2d Cir. 2001); *see, e.g.*, *Novak v. Kasaks*, 216 F.3d 300, 312-13 (2d Cir. 2000). Indeed, as the Second Circuit has explicitly held: "Any information that sheds light on whether class period statements were false or materially misleading is relevant." *Scholastic Corp. Secs. Litig.*, 252 F.3d at 72.

- **Plaintiffs' Motion *in Limine* #8:** The motion is denied as moot given Defendants' representations. *See* Defs.' Opp'n 17-18 & n.21 (confirming that "Defendants intend to rely on three ADs at trial"). To be clear, however, Defendants will not be permitted to assert any *bona fide* affirmative defense other than the three set forth in the parties' proposed Joint Pretrial Order. *See* ECF No. 466 ("Joint Pretrial Statement"), at 8.[1]

## DEFENDANTS' MOTIONS *IN LIMINE*

- **Defendants' Motion *in Limine* #1:** The motion is denied. Although the issues that remain to be tried are limited to claims arising from GE's representations regarding the factoring of long-term receivables (or "LT factoring") by GE Power, information about GE's other factoring programs is relevant insofar as it provides "relevant context for the misstatements and omissions of material fact at issue." ECF No. 444 ("Pls.' Opp'n"), at 2. To the extent Defendants move to preclude any argument that Plaintiffs' claims are premised upon factoring practices other than LT factoring, the motion is denied as moot given Plaintiffs' representations. *See* Joint Pretrial Statement 11 ("Plaintiffs' claims in this lawsuit concern GE's public disclosures regarding the factoring of long-term customer receivables at GE Power, a segment of GE."). If Plaintiffs do reference GE's other factoring programs in a manner that could cause confusion, the Court will give appropriate curative instructions.

- **Defendants' Motion *in Limine* #2:** The motion is denied, substantially for the reasons set forth in Plaintiffs' memorandum of law. *See* Pls.' Opp'n 4-7.

- **Defendants' Motion *in Limine* #3:** The motion is denied.

    o **McKinsey and BCG Documents:** The motion is denied, substantially for the reasons set forth in Plaintiffs' memorandum of law. *See* Pls.' Opp'n 7-9, 12. Assuming a proper foundation can be laid, the documents are admissible to show that Bornstein and other GE executives were on notice — both prior to and during the class period — that factoring practices could have a detrimental

---

[1] The Court previously denied Plaintiffs' Motions *in Limine* #9, #10, and #11 as moot in light of its ruling on bifurcation. *See Sjunde AP-Fonden v. General Electric Co.*, No. 17-CV-8457 (JMF), 2024 WL 1208778, at *3 n.4 (S.D.N.Y. Mar. 21, 2024) (ECF No. 454).

      impact on GE's cash flow performance.  *See id.* at 8, 12; *see also Sjunde AP-Fonden*, 2023 WL 6314939, at *2 (describing the findings on GE's factoring practices that McKinsey presented to GE executives).  Insofar as the documents are offered to prove state of mind, they are not hearsay.  *See, e.g.*, *Broadspring, Inc.*, 2014 WL 7392905, at *2.

- o **"Should Cash" Presentation and Video:** The motion is denied, substantially for the reasons set forth in Plaintiffs' memorandum of law.  *See* Pls.' Opp'n 10-12.  The draft presentation slides are relevant given that they "address[] circumstances and trends that are central to Plaintiffs' claims," such as "GE's trend of dwindling organic cash flows" and "the negative impact of GE's growing deferred balance on its cash flows."  *Id.* at 10.  And, as previously discussed, the mere fact that Plaintiffs' evidence refers to factoring generally — as opposed to LT factoring in particular — does not render it unduly prejudicial.  The video of Calpeter's presentation is similarly relevant given that it was used "to convey the message that GE's reliance on factoring cash flows was not sustainable" to GE's top executives during the class period.  *Id.* at 10-11; *see also* PX-265, at 12:23-26 ("But our cash number's been a little bit thin.").  Further, the Court finds that the probative value of such evidence is not outweighed, let alone substantially, by the dangers of jury confusion and distraction.  *See* Pls.' Opp'n 11-12; *see also United States v. Monsalvatge*, 850 F.3d 483, 497 (2d Cir. 2017) ("[W]e cannot assume that our jurors . . . are such delicate consumers of media that they would so easily have their passions aroused by short [video] clips of the sort at issue here.").

- **Defendants' Motion *in Limine* #4:** The motion is denied as moot to the extent that it seeks to preclude Plaintiffs from describing the cash GE reported as Industrial CFOA as "fake" and referring to long-term factoring transactions as "sham transactions."  *See* Pls.' Opp'n 13 (confirming that Plaintiffs will do "neither").  To the extent that Defendants object to Plaintiffs' use of the terms "true" or "organic" to describe GE's non-factoring cash flows, the motion is denied substantially for the reasons set forth in Plaintiffs' memorandum of law.  *See* Pls.' Opp'n at 14-16.

- **Defendants' Motion *in Limine* #5:** The motion is denied, substantially for the reasons set forth in Plaintiffs' memorandum of law.  *See* Pls.' Opp'n 16-19; *see also Jackson v. Abernathy*, 960 F.3d 94, 98-99 (2d Cir. 2020).  To the extent that the Court did not address the issues raised by Defendants in its summary judgment ruling, it can and will address them in the jury instructions at trial.

- **Defendants' Motions *in Limine* #6 and #7:** The motions are granted as largely unopposed, *see* Pls.' Opp'n 24-25, and in light of Defendants' representations, *see* ECF No. 436 ("Defs.' Mem."), at 21 n.14 ("Defendants do not seek to exclude evidence of financial information that is relevant to the case and offered to attempt to prove or disprove Plaintiffs' claims[.]").  To the extent that Defendants seek to exclude specific "evidence of assets or wealth during the Class Period" that Plaintiffs may seek to introduce, Defendants' motion is denied without prejudice to renewed objections at

4

trial. Pls.' Opp'n 24 & n.16. Finally, the Court is unpersuaded that its decision denying Plaintiffs' motion *in limine* #3 warrants denial of the present motions.

- **Defendants' Motion *in Limine* #8:** The motion is denied, substantially for the reasons set forth in Plaintiffs' memorandum of law. *See* Pls.' Opp'n 20-23. "At bottom, it amounts to a procedurally and substantively flawed request for reconsideration of the Court's *Daubert* Opinion." *Accent Delight Int'l Ltd. v. Sotheby's*, No. 18-CV-9011 (JMF), 2024 WL 21655, at *3 (S.D.N.Y. Jan. 2, 2024); *see Sjunde AP-Fonden*, 2023 WL 6314939, at *14-20. More specifically, the Court denies each aspect of the motion as follows:

    o First, Defendants' motion to "limit Plaintiffs' experts' testimony on GE's disclosures of GE Power's LT factoring in its Form 10-Qs for 2017," Defs.' Mem. 22, is denied in light of the Court's prior finding that, "[c]ontrary to Defendants' assertions," GE's Form 10-Q for 2017 did "not unambiguously disclose GE Power's use of LT factoring to cover a cash shortfall" given that "it could reasonably be read to disclose GE Capital financing arrangements with *customers* of GE Power, not with GE Power itself," *Sjunde AP-Fonden*, 2023 WL 6314939, at *13.

    o Second, Defendants' motion to preclude Plaintiffs from "eliciting any testimony from their experts on GE's factoring-related disclosures in 2016," Defs.' Mem. 23, is denied given the Court's previous refusal to preclude expert testimony that "there was an underlying trend of deferred monetization that was hiding an underlying trend of organic cash flow performance." *Sjunde AP-Fonden*, 2023 WL 6314939, at *16.

    o Third, Defendants' motion to prohibit experts David Tabak and S.P. Kothari "from testifying as to the reasons behind GE Power's LT factoring shortfalls in 2017," Defs.' Mem. 24, is denied in light of the Court's prior ruling that "Tabak and Kothari's lack of detailed analysis of the global power downturn does not render their testimony inadmissible. All of their testimony provides insights on GE's performance from different sources that a fact-finder could use to better understand the question." *Sjunde AP-Fonden*, 2023 WL 6314939, at *20.

    o Finally, Defendants' motion to preclude Kothari from testifying "that LT factoring was a financial, not operational, activity," Defs.' Mem. 24, is denied in light of the Court's prior contrary ruling that "Kothari *may* testify that LT factoring constituted 'financing,' not 'operating,' activities, as he plans to explain a non-accounting distinction between 'organic' cash flow from customers and financial cash flow from LT factoring. Defendants' remaining arguments go to the weight of Kothari's testimony, not its admissibility." *Sjunde AP-Fonden*, 2023 WL 6314939, at *19 (emphasis added).

5

As the Court previously held, Defendants' arguments for excluding Plaintiffs' experts' testimony "go to the weight, not the admissibility, of the testimony." *Boucher v. U.S. Suzuki Motor Corp.*, 73 F.3d 18, 21 (2d Cir. 1996).

- **Defendants' Motion *in Limine* #9:** The motion is granted. *See* Pls.' Opp'n 25. Plaintiffs make no substantive argument in opposition to the motion and, thus, have forfeited any such argument. The Court will not entertain Plaintiffs' request for reciprocal relief, *see id.*, as they did not seek it in their own motions *in limine* and Defendants have not had an opportunity to respond to the request. Plaintiffs may object to any such argument or evidence if offered at trial.

     \*     \*     \*     \*

The Clerk of Court is directed to terminate ECF Nos. 425 & 428.

SO ORDERED.

Dated: September 18, 2024
New York, New York

               _____
                 JESSE M. FURMAN
               United States District Judge