EXECUTION VERSION

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SJUNDE AP-FONDEN and THE CLEVELAND BAKERS AND TEAMSTERS PENSION FUND, individually and on behalf of all others similarly situated, <br><br>                 Plaintiffs, <br><br>     v. <br><br> GENERAL ELECTRIC COMPANY, et al., <br><br>                 Defendants. | Case No. 1:17-cv-8457-JMF <br><br> Hon. Jesse M. Furman |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement dated as of November 22, 2024 ("Stipulation") is entered into between (i) Court-appointed Class Representatives Sjunde AP-Fonden ("AP7") and The Cleveland Bakers and Teamsters Pension Fund ("Cleveland Bakers" and together with AP7, "Class Representatives" or "Plaintiffs"), and (ii) defendants General Electric Company ("GE" or the "Company") and Jeffrey S. Bornstein ("Bornstein") (together, "Defendants" and with Class Representatives, the "Parties"). This Stipulation embodies the terms and conditions of the settlement of the above-captioned action ("Action").[1] Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, relinquish, waive, discharge, and dismiss with prejudice the Action and all claims asserted against Defendants therein, and all Released Plaintiffs' Claims (defined below) against all Defendants' Releasees.

---

[1]     All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 below.

WHEREAS:[2]

A.    On November 1, 2017, a class action complaint, styled *Hachem v. General Electric, Inc. et al.*, Case No. 1:17-cv-08457-JMF, was filed in the United States District Court for the Southern District of New York ("Court"), asserting violations of the federal securities laws against GE and certain of its executives. ECF No. 1.[3]

B.    On May 30, 2018, the Court appointed AP7 as Lead Plaintiff in the Action and approved AP7's selection of Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") as Lead Counsel for the class. ECF No. 139.

C.    On July 23, 2018, AP7, along with additional plaintiff Cleveland Bakers, filed the Third Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws ("Third Amended Complaint"). ECF No. 153 (refiled at ECF No. 157).[4]

D.    On September 12, 2018, defendants moved to dismiss the Third Amended Complaint. ECF Nos. 172-74. Plaintiffs filed their opposition to defendants' motion to dismiss on October 12, 2018. ECF No. 178.

E.    Pursuant to Joint Stipulation (ECF No. 177), Plaintiffs filed the Fourth Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws on October 17, 2018 ("Fourth Amended Complaint"). ECF No. 179.

F.    On October 29, 2018, defendants filed a reply in further support of their motion to dismiss. ECF No. 180.

---

[2]    The following sets forth a summary of the litigation events in the Action.

[3]    Similar complaints were subsequently filed (*i.e.*, Case Nos. 17-cv-8473, 17-cv-9888, 18-cv-1404) and consolidated under Case No. 17-cv-08457. ECF Nos. 11, 15-16, 61.

[4]    The originally appointed and vacated lead plaintiff filed the Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws and the Second Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws on March 20, 2018 and April 10, 2018, respectively. ECF Nos. 73, 83.

G.    By Opinion and Order dated August 29, 2019, the Court granted in part and denied in part defendants' motion to dismiss the Fourth Amended Complaint. ECF No. 185. By the same Opinion and Order, the Court granted Plaintiffs leave to amend. *Id*.

H.    On October 25, 2019, Plaintiffs filed the Fifth Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws ("Fifth Amended Complaint"). ECF No. 191. Defendants moved to dismiss the Fifth Amended Complaint on December 18, 2019. ECF Nos. 194-96. Plaintiffs filed their opposition to defendants' motion to dismiss on January 31, 2020 (ECF No. 198), and defendants filed a reply in further support of their motion to dismiss on February 28, 2020 (ECF No. 200).

I.    By Opinion and Order dated January 29, 2021, the Court granted in part and denied in part defendants' motion to dismiss the Fifth Amended Complaint. ECF No. 206.

J.    On February 12, 2021, Defendants answered the Fifth Amended Complaint. ECF No. 208.

K.    Thereafter, discovery in the Action commenced. On May 21, 2021, Plaintiffs moved for class certification ("Class Certification Motion"), which was accompanied by a report from Plaintiffs' expert, David I. Tabak, Ph.D. ("Dr. Tabak"). ECF Nos. 218-20.

L.    On August 9, 2021, Defendants moved for leave to file an early summary judgment motion on loss causation. ECF No. 235. On August 16, 2021, Plaintiffs filed their opposition to Defendants' motion. ECF No. 237. The Court denied Defendants' motion on August 22, 2021. ECF No. 240.

M.      On August 30, 2021, Defendants filed their opposition to Plaintiffs' Class Certification Motion. ECF Nos. 244-45.[5] Plaintiffs filed a reply in further support of their motion on October 29, 2021. ECF No. 273.

N.      On September 2, 2021, Defendants filed a second motion for leave to file an early partial summary judgment motion on loss causation, which attached a rebuttal expert report from Mr. Fischel. ECF No. 254. On September 9, 2021, Plaintiffs opposed Defendants' motion. ECF No. 257. The Court denied Defendants' motion on September 17, 2021. ECF No. 260.

O.      On September 24, 2021, the Court denied as premature Plaintiffs' letter motion for additional discovery, wherein Plaintiffs requested permission to seek more than 15 fact witness depositions. ECF No. 262.

P.      On January 19, 2022, Plaintiffs moved for leave to file the Sixth Amended Complaint (defined below), attaching the draft pleading. ECF No. 278. Defendants opposed Plaintiffs' motion on February 3, 2022. ECF Nos. 295-98.

Q.      By Opinion and Order dated April 11, 2022 ("Class Certification Order"), the Court granted Plaintiffs' Class Certification Motion. ECF No. 314. Specifically, the Court (i) certified a class of all persons and entities that purchased or acquired GE common stock between February 29, 2016 and January 23, 2018, inclusive and were damaged thereby; (ii) appointed AP7 and Cleveland Bakers as Class Representatives; and (iii) appointed Kessler Topaz and Grant & Eisenhofer P.A. ("G&E") as Class Counsel and Liaison Counsel, respectively. *Id*. By the same Opinion and Order, the Court granted Plaintiffs' motion for leave to file a sixth amended complaint. *Id*.

---

[5]      On the same day, named plaintiffs in a consolidated class action pending in the Supreme Court of the State of New York, County of New York, Index No. 653648/2018, filed a Motion to Intervene for the Limited Purpose of Filing Partial Opposition to Plaintiffs' Motion for Class Certification. ECF Nos. 246-48.

R.      On May 13, 2022, Class Representatives filed the Sixth Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws ("Sixth Amended Complaint" or "Complaint"). ECF No. 327. The Sixth Amended Complaint asserted claims for violations of Sections 10(b) and 20(a) of the Exchange Act. *Id.*

S.      Defendants answered the Sixth Amended Complaint on June 10, 2022. ECF No. 339.

T.      On May 26, 2022, Class Representatives filed a motion to approve the form and manner of notice to the Class. ECF Nos. 331-33. The Court granted Class Representatives' motion on May 27, 2022 ("Class Notice Order"). ECF No. 336. Among other things, the Court found that the proposed Class Notice met the requirements of Federal Rule of Civil Procedure 23 and due process and constituted the best notice practicable under the circumstances. Class Notice was mailed to potential Class Members beginning on June 16, 2022 and a summary notice of the pendency of the Action as a class action was published in *The Wall Street Journal* and transmitted over *PR Newswire* on June 24, 2022. ECF No. 342.

U.      Pursuant to the Court's Class Notice Order, Class Notice also provided Class Members with the opportunity to request exclusion from the Class, explained that right, and set forth the procedures for doing so. The Class Notice stated that it would be within the Court's discretion whether to permit a second opportunity to request exclusion if there was a settlement. The Class Notice also informed Class Members that if they chose to remain a member of the Class, they would "be bound by all past, present, and future orders and judgments in the Action, whether favorable or unfavorable."

5

V.      The deadline for submitting requests for exclusion was August 15, 2022. A total of 318 requests for exclusion from the Class were received. ECF Nos. 342, 363. *See also* Appendix 1 hereto.

W.      On September 6, 2022, Defendants moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. ECF No. 345. On the same day, Defendants filed motions to exclude the testimony of Class Representatives' experts, Dr. Tabak and S.P. Kothari. ECF Nos. 346-47. Alongside these motions, Defendants filed a Statement of Material Facts. ECF No. 357. Class Representatives opposed these motions on November 4, 2022 and filed their Response to Defendants' Statement of Material Facts and Plaintiffs' Statement of Additional Material Facts Introduced by Plaintiffs in Opposition to Defendants' Motion for Summary Judgment. ECF Nos. 362, 365-68, 383. Also on November 4, 2022, Class Representatives filed motions to exclude certain testimony of Defendants' expert, Christopher J. Russo, to exclude the testimony of Mr. Fischel, and to strike a supplemental declaration of Mr. Fischel submitted in connection with Defendants' motion for summary judgment. ECF Nos. 369, 373, 377. These motions were fully briefed. ECF Nos. 381-85, 395-406, 409-11.

X.      By Opinion and Order dated September 28, 2023, the Court granted in part and denied in part Defendants' motion for summary judgment. ECF No. 413. By the same Opinion and Order, the Court granted in part and denied in part the Parties' respective *Daubert* motions and granted Class Representatives' motion to strike the supplemental declaration of Mr. Fischel. *Id*.

Y.      On October 12, 2023, Defendants moved for reconsideration of the Court's September 23, 2023 Opinion and Order. ECF No. 414. Class Representatives opposed

Defendants' motion on October 26, 2023 (ECF No. 419), and Defendants filed a reply in further support of their motion on November 2, 2023 (ECF No. 420).

Z.    Throughout the fall of 2023, the Parties engaged in substantial trial preparations and negotiations over the contents of pretrial submissions, holding numerous meet-and-confers. On December 20, 2023, the Parties filed a Joint Pretrial Statement, which included the Parties' witness lists, affirmative and counter deposition designations, proposed and competing jury charges and position statements, proposed and competing verdict forms and competing position statements, proposed *voir dire* and jury questionnaire, and exhibit lists (along with corresponding objections). ECF No. 429. Also on December 20, 2023, the Parties filed their respective *in limine* motions and competing motions to bifurcate the trial. ECF Nos. 424-26, 428.

AA.    Between December 2023 and January 11, 2024, the Parties continued to engage in substantial trial preparations, including briefing on their respective motions to bifurcate and *in limine* motions and responding and objecting to designated deposition testimony and exhibits. On January 11, 2024, the Parties filed their respective oppositions to motions to bifurcate and motions *in limine*. ECF Nos. 440-51.

BB.    By Memorandum Opinion and Order dated March 21, 2024, the Court granted in part and denied in part Defendants' motion for reconsideration, and granted Plaintiffs' motion to bifurcate trial. ECF No. 454.

CC.    Trial was scheduled to commence on November 11, 2024. ECF No. 467.

DD.    The Parties participated in three confidential mediation sessions before former United States District Court Judge Layn Phillips ("Judge Phillips") on August 11, 2022, November 2, 2023 and August 23, 2024. Prior to each mediation, the Parties exchanged and also submitted to Judge Phillips detailed mediation statements with exhibits. Although the Parties

could not reach an agreement to resolve the Action during those mediations, they continued their discussions after each with Judge Phillips. On October 10, 2024, the Parties reached an agreement to resolve the Action.

EE.     On October 16, 2024, the Parties executed a Term Sheet setting forth their agreement in principle to settle and release all claims asserted in the Action in return for a cash payment by Defendants of $362,500,000.00 for the benefit of the Class, subject to certain terms and conditions and the execution of a customary settlement agreement and related papers.

FF.     This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties.

GG.     Based upon their investigation, prosecution, and mediation of the case, Class Representatives and Class Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Class Representatives and the other members of the Class, and in their best interests. Based on Class Representatives' direct oversight of the prosecution of this matter and with the advice of their counsel, Class Representatives have agreed to settle and release the Released Plaintiffs' Claims pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the financial benefit the Class will receive from the proposed Settlement; and (b) the significant risks and costs of trial.

HH.     This Stipulation constitutes a compromise of all matters that are in dispute between the Parties. Defendants are entering into this Stipulation solely to eliminate the burden, expense, and uncertainties of further litigation. Each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of either Defendant with respect to any claim or allegation of any fault or liability or wrongdoing or damages whatsoever, or any infirmity in the defenses that

Defendants have, or could have, asserted. Defendants expressly deny that Class Representatives have asserted any valid claims as to either of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Class Representatives of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of Defendants' defenses to liability had any merit.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Class Representatives (individually and on behalf of all other members of the Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against the Defendants' Releasees and all Released Defendants' Claims as against the Plaintiffs' Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

## DEFINITIONS

1.      As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)      "Action" means the securities class action styled *Sjunde AP-Fonden v. General Electric Co., et al*, Case No. 17 Civ 8457 (JMF) (GWG) (S.D.N.Y.), and includes all actions consolidated therein.

(b)      "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation.

(c)      "Authorized Claimant" means a Class Member who submits a Claim to

the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

(d)    "Claim" means a paper claim submitted on a Proof of Claim Form or an electronic claim that is submitted to the Claims Administrator.

(e)    "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 4 to Exhibit A, that a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.

(f)    "Claimant" means a person or entity who or which submits a Claim to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

(g)    "Claims Administrator" means JND Legal Administration, the firm retained by Class Counsel and approved by the Court in connection with Class Notice, subject to the continuing approval of the Court, to provide all notices approved by the Court to potential Class Members and to administer the Settlement.

(h)    "Class" means the class certified by the Court pursuant to its Opinion and Order dated April 11, 2022 (ECF No. 314). Specifically, the Class consists of all persons and entities that purchased or acquired GE common stock between February 29, 2016 and January 23, 2018, inclusive and were damaged thereby. Excluded from the Class are: (a) Defendants; (b) GE's subsidiaries and affiliates; (c) any officer, director, or controlling person of GE, and members of the Immediate Families of such persons; (d) any entity in which any Defendant has a controlling interest; (e) Defendants' directors' and officers' liability insurance carriers, and any affiliates or subsidiaries thereof; and (f) the legal representatives, heirs, successors, and assigns of any such excluded party. Also excluded from the Class are any persons and entities that submitted a request for exclusion in connection with Class Notice as set forth on Appendix 1 that

do not opt back into the Class in connection with the Settlement. If and only if the Court permits a second opportunity for Class Members to request exclusion from the Class, also excluded from the Class shall be Future Excluded Persons (as defined in ¶1(w) herein).

(i)     "Class Counsel" or "Lead Counsel" means Kessler Topaz Meltzer & Check, LLP.

(j)     "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(k)     "Class Period" means the time period between February 29, 2016 and January 23, 2018, inclusive.

(l)     "Class Representatives" or "Plaintiffs" means Sjunde AP-Fonden and The Cleveland Bakers and Teamsters Pension Fund.

(m)    "Complaint" or "Sixth Amended Complaint" means the Sixth Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws filed with the Court on May 13, 2022 (ECF No. 327).

(n)     "Court" means the United States District Court for the Southern District of New York.

(o)     "Defendants" means General Electric Company and Jeffrey S. Bornstein.

(p)     "Defendants' Counsel" means Latham & Watkins LLP.

(q)     "Defendants' Releasees" means Defendants and any and all of their current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, divisions, investment funds, joint ventures, and general or limited partnerships, and each of their respective current or former officers, directors, partners,

trustees, trusts, members, contractors, auditors, principals, agents, managing agents, employees, insurers, reinsurers, and attorneys, in their capacities as such, as well as each of the individual Defendant's Immediate Family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors, and assigns.

(r)    "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 32 of this Stipulation have been met and have occurred or have been waived.

(s)    "Escrow Account" means an account maintained at The Huntington National Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of Class Counsel.

(t)    "Escrow Agent" means The Huntington National Bank.

(u)    "Escrow Agreement" means the agreement between Class Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(v)    "Final," with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, i.e., thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant.

However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs, or expenses, or (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

(w)    "Future Excluded Persons" means, if and only if the Court permits a second opportunity for Class Members to request exclusion from the Class, any persons and entities who exclude themselves by submitting a request for exclusion as directed in the Notice and whose requests are accepted by the Court.

(x)    "GE" or "Company" means General Electric Company.

(y)    "Immediate Family" means, as defined in 17 C.F.R § 229.404, Instructions 1(a)(iii) and 1(b)(ii), children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, sisters-in-law and any persons (other than a tenant or employee) sharing the household.

(z)    "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(aa)    "Lead Plaintiff" means Sjunde AP-Fonden.

(bb)    "Liaison Counsel" means Grant & Eisenhofer P.A.

(cc)    "Litigation Expenses" means the costs and expenses incurred in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Class Representatives directly related to their representation of the Class), for which Class Counsel intends to apply to the Court for payment or reimbursement from the Settlement Fund.

(dd)    "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes;

(ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court.

(ee)    "Notice" means the Notice of (I) Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit 2 to Exhibit A, which is to be posted on the Website and mailed and/or emailed to Class Members upon request.

(ff)    "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Class Counsel in connection with: (i) providing notices to the Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.

(gg)    "Parties" means Defendants and Class Representatives, on behalf of themselves and the Class.

(hh)    "Plaintiffs' Counsel" means Class Counsel and Liaison Counsel.

(ii)    "Plaintiffs' Releasees" means Class Representatives and all other Class Members, and any and all of their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, divisions, investment funds, joint ventures, and general or limited partnerships, and each of their respective current or former officers, directors, partners, trustees, trusts, members, contractors, auditors, principals, agents, managing agents, employees, insurers, reinsurers, and attorneys, in their capacities as such, as well as each of the Class Members' Immediate Family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors, and assigns.

(jj)    "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice. Any plan of allocation is not part of the Stipulation and Released Defendants shall not have any responsibility or liability with respect thereto. Any order or proceeding relating to the Plan of Allocation (or any other plan of allocation proposed in the Action and/or approved by the Court) shall not operate to terminate or cancel this Stipulation or affect the finality of the Judgment.

(kk)    "Postcard Notice" means the postcard notice, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be mailed and/or emailed to Class Members.

(ll)    "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Class.

(mm)    "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended.

(nn)    "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

(oo)    "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known or unknown (including Unknown Claims as defined in ¶ 1(yy) herein), whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants and the other Defendants' Releasees.

15

"Released Defendants' Claims" do not include any claims relating to the enforcement of the Settlement.

(pp)    "Released Plaintiffs' Claims" means all claims, demands, losses, rights, and causes of action of any nature whatsoever, that have been or could have been asserted in this action or could in the future be asserted in any forum, whether known or unknown (including Unknown Claims as defined in ¶ 1(yy) herein), whether foreign or domestic, whether arising under federal, state, common, or foreign law, by the Class Representatives or their related parties, or any member of the Class and their related parties, which (a) arise out of, are based upon, or relate to in any way any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to, in this action, or which could have been alleged in this action, and (b) arise out of, are based upon, or relate to in any way the purchase or acquisition of GE common stock during the class period alleged in the Sixth Amended Complaint filed on May 13, 2022 (ECF No. 327) (i.e., February 27, 2013 through January 23, 2018, inclusive). Notwithstanding the aforementioned, the claims asserted derivatively on behalf of GE in *Burden v. General Electric Co.*, No. 652991/2021 (N.Y. Sup. Ct., N.Y. Cty.) and *In re General Electric Co. Derivative Litigation*, No. 655528/2020 (N.Y. Sup. Ct., N.Y. Cty.) are explicitly excluded from release. The release also excludes (i) any claims relating to the enforcement of the Settlement; (ii) any claims of the persons and entities who requested exclusion from the Class pursuant to the Class Notice, unless such persons and entities choose to opt back into the Class as directed in the Notice; and (iii) any claims of Future Excluded Persons.

(qq)    "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiffs' Releasees.

(rr)     "Releases" means the releases set forth in ¶¶ 5-7 of this Stipulation.

(ss)     "Settlement" means the settlement between Class Representatives and Defendants on the terms and conditions set forth in this Stipulation.

(tt)     "Settlement Amount" means Three Hundred Sixty-Two Million and Five Hundred Thousand United States dollars ($362,500,000.00) in cash to be paid to the Escrow Agent by wire transfer pursuant to ¶ 8 of this Stipulation.

(uu)     "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon and which may be reduced by payments or deductions as provided herein or by Court order.

(vv)     "Settlement Hearing" means the hearing to be held by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(ww)    "Summary Notice" means the Summary Notice of (I) Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(xx)     "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; and (ii) the expenses and costs incurred by Class Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

(yy)     "Unknown Claims" means any Released Plaintiffs' Claims which either Class Representative or any other Class Member does not know or suspect to exist in his, her, or

its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have materially affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Class Representatives and Defendants shall expressly waive, and each of the other Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Class Representatives or other Class Members may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims, but Class Representatives and each Class Member shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment have settled and released, fully, finally, and forever, any and all Released Plaintiffs' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Class Representatives and Defendants acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

(zz)    "Website" means the website created specifically for the Action in

connection with Class Notice, www.GeneralElectricSecuritiesLitigation.com, on which the Notice and Claim Form, as well as other information related to the Settlement, will be posted.

## PRELIMINARY APPROVAL OF SETTLEMENT

2.      Class Representatives will file their motion for preliminary approval of the Settlement no later than November 25, 2024. Class Representatives' motion for preliminary approval of the Settlement will include a request for authorization to provide notice of the Settlement to the Class and to schedule a hearing for consideration of final approval of the Settlement. Concurrently with the motion for preliminary approval, Class Representatives shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

3.      In connection with the motion for preliminary approval of the Settlement, the Parties agree to request that the Court not permit a second opportunity for Class Members to request exclusion from the Class. However, the Settlement is not contingent on the Court's decision regarding whether or not a second opportunity to request exclusion shall be permitted.

## RELEASE OF CLAIMS

4.      The obligations incurred pursuant to this Stipulation are in consideration of: (a) the full and final disposition of the Action as against Defendants; and (b) the Releases provided for herein. The Releases contained in this section were separately bargained for and are essential elements of the Settlement as embodied in this Stipulation.

5.      In consideration of the payment of the Settlement Amount, upon final judicial approval of the Settlement, Class Representatives shall dismiss the Action with prejudice. Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Class Representatives and each of the other

Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (including, without limitation, Unknown Claims) against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any and all of the Released Plaintiffs' Claims directly or indirectly against any of the Defendants and the other Defendants' Releasees.

6.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (including, without limitation, Unknown Claims) against Class Representatives and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any and all of the Released Defendants' Claims directly or indirectly against any of the Plaintiffs' Releasees. This Release shall not apply to: (i) any person or entity who previously submitted a request for exclusion from the Class in connection with Class Notice as set forth on Appendix 1 hereto and does not opt back into the Class as directed in the Notice; or (ii) any Future Excluded Persons.

7.     Notwithstanding ¶¶ 5-6 above, nothing in the Judgment, or the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

8.     In consideration of the full and complete settlement of the Released Plaintiffs' Claims against Defendants and the other Defendants' Releasees, GE shall pay or cause to be paid the Settlement Amount into the Escrow Account within thirty (30) calendar days after preliminary approval of the Settlement. Class Counsel will provide Defendants' Counsel with all information necessary to effectuate a transfer of funds to the Escrow Account, including the bank name and ABA routing number, account number, and a signed Form W-9 reflecting the taxpayer identification for the Settlement Fund. Defendants shall have no obligation to pay any additional amounts beyond the Settlement Amount other than to pay for the costs of the CAFA notice and administering the CAFA notice, as provided in ¶ 20 below.

## USE OF SETTLEMENT FUND

9.     The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) any other costs and fees approved by the Court. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 21-27 below.

10.     Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to

the terms of this Stipulation and/or further order of the Court. At the written direction of Class Counsel, the Escrow Account shall invest any funds in the Escrow Account exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a United States Treasury Fund or bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC"), or (b) secured by instruments backed by the full faith and credit of the United States Government. The Escrow Agent shall reinvest the proceeds of these instruments or accounts as they mature in similar instruments or accounts at their then-current market rates. Defendants and any other Defendants' Releasees shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions executed by the Escrow Agent. All risks related to the investment of the Settlement Fund shall be borne solely by the Settlement Fund.

11.    The Parties agree that the Settlement Fund is intended to be a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1 ("Qualified Settlement Fund") and that Class Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. Class Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. Defendants' Releasees shall not have any liability or responsibility for any such Taxes. Upon written request, Defendants will provide to Class Counsel the statement described in Treasury Regulation § 1.468B-3(e). Class Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation

§ 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

12.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid, or caused to be paid, by Class Counsel and without further order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. Defendants' Releasees shall have no responsibility or liability for the acts or omissions of Class Counsel or its agents with respect to the payment of Taxes, as described herein.

13.     The Settlement is not a claims-made settlement. Upon the occurrence of the Effective Date, no Defendant or any other person or entity (including Defendants' insurance carriers) who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claims submitted, the collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

14.     Prior to the Effective Date of the Settlement, Class Counsel may pay from the Escrow Account, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable, up to seven hundred and fifty thousand dollars ($750,000). Additional Notice and Administration Costs may be paid prior

to the Effective Date of the Settlement upon order of the Court. After the Effective Date of the Settlement, Class Counsel may pay from the Escrow Account, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable. Notice and Administration Costs shall include, without limitation, the actual costs of printing and mailing the Postcard Notice, updating the Website and posting the Notice and Claim Form, publishing the Summary Notice, reimbursements to nominee owners for searching and providing the names/addresses of prospective Class Members for noticing or forwarding the Postcard Notice directly to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred shall not be returned or repaid to Defendants, any of the other Defendants' Releasees, or any other person or entity (including Defendants' insurance carriers) who or which paid any portion of the Settlement Amount.

## **ATTORNEYS' FEES AND LITIGATION EXPENSES**

15.     Class Counsel will apply to the Court for an award of attorneys' fees to Plaintiffs' Counsel to be paid solely from (and out of) the Settlement Fund. Class Counsel also will apply to the Court for payment of Litigation Expenses, which may include a request for reimbursement of Class Representatives' costs and expenses directly related to their representation of the Class, to be paid solely from (and out of) the Settlement Fund. Class Counsel's application for attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Class Representatives other than what is set forth in this Stipulation.

16.     Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Class Counsel within five (5) business days of the award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Plaintiffs' Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final. Plaintiffs' Counsel shall make the appropriate refund or repayment in full no later than (i) thirty (30) calendar days after Class Counsel's receipt from the Court of notice of any order that reduces or reverses any award of attorneys' fees and/or Litigation Expenses, or (ii) fourteen (14) calendar days after receipt of appropriate payment instructions for the return of such funds, whichever is later. An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein. Neither Class Representatives nor Class Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses. Plaintiffs' Counsel's fee and expense application shall be treated by the Court separately from the fairness, reasonableness, and adequacy of this Stipulation and the associated Settlement. An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein.

17.     Class Counsel shall allocate the attorneys' fees among Plaintiffs' Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the

institution, prosecution, and settlement of the Action. Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to any payment to Plaintiffs' Counsel from the Settlement Fund and/or the allocation of an award of attorneys' fees or Litigation Expenses among Plaintiffs' Counsel. The attorneys' fees and Litigation Expenses that are awarded to Plaintiffs' Counsel shall be payable solely from the Escrow Account. No Defendant or Defendants' Releasees shall have responsibility for payment of such fees or expenses beyond the obligation of Defendants to cause the Settlement Amount to be funded.

## NOTICE AND SETTLEMENT ADMINISTRATION

18.     As part of the Preliminary Approval Order, Class Counsel shall seek reappointment of JND Legal Administration ("JND") as the Claims Administrator. JND was previously approved by the Court as administrator in connection with the dissemination of Class Notice. ECF No. 336. The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing, and approving or denying Claims, under Class Counsel's supervision and subject to the jurisdiction of the Court. None of the Defendants, nor any other Defendants' Releasees, shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Class Representatives, any other Class Members, or Class Counsel in connection with the foregoing. Defendants and Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

19.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Class Counsel shall cause the Claims Administrator to mail and/or email the Postcard

Notice to those members of the Class as may be identified through reasonable effort, including those previously identified in connection with Class Notice. Class Counsel shall also cause the Claims Administrator to post the Notice and Claim Form on the Website as well as cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.

20.     No later than ten (10) calendar days following the filing of this Stipulation with the Court, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 et seq. ("CAFA"). Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice.

21.     The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total recognized claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit 2 to Exhibit A, or in such other plan of allocation as the Court approves).

22.     The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. Class Representatives and Class Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action. No Defendant, nor any other Defendants' Releasees, shall have any involvement with or liability, obligation, or responsibility whatsoever for the application of the Court-approved plan of allocation.

23.    Any Class Member who does not submit a valid Claim will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or, the Alternate Judgment, if applicable, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendants' Releasees with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

24.    Class Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. No Defendant, nor any other Defendants' Releasees, shall be permitted to review, contest, or object to any Claim, or any decision of the Claims Administrator or Class Counsel with respect to accepting or rejecting any Claim for payment. Class Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice.

25.    For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)    Each Claimant shall be required to submit a Claim in paper form, substantially in the form attached hereto as Exhibit 4 to Exhibit A, or in electronic form, in accordance with the instructions for the submission of such Claims, and supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Class Counsel, in their discretion, may deem acceptable;

(b)    All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the notices. Any Class Member who fails to submit a Claim by such date may be barred by the Court from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation, but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Defendants' Releasees with respect to any Released Plaintiffs' Claim. Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)    Each Claim shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)    Claims that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator

proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)    If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, or a lesser time period if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court.

26.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's Claim. No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claims.

27.    Class Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any unpaid administration fees and expenses associated with the administration of

the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

28.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Claimants. All Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants' Releasees with respect to any and all of the Released Plaintiffs' Claims.

29.     No person or entity shall have any claim against Class Representatives, Plaintiffs' Counsel, the Claims Administrator, or any other agent designated by Class Counsel, or Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with this Stipulation, the plan of allocation approved by the Court, or any order of the Court. Class Representatives and Defendants, and their respective counsel, and Class Representatives' damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

30.     All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed

questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Class Members, other Claimants, and Parties to this Stipulation expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## <u>TERMS OF THE JUDGMENT</u>

31.     If the Settlement contemplated by this Stipulation is approved by the Court, Class Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## CONDITIONS OF SETTLEMENT AND EFFECT OF<br><u>DISAPPROVAL, CANCELLATION OR TERMINATION</u>

32.     The Effective Date of the Settlement shall be deemed to occur on the first business day on which all of the following have occurred or been waived:

(a)     the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 2 above;

(b)     the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 8 above;

(c)     Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation;

(d)     Class Representatives have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation; and

(e)     the Court has approved the Settlement as described herein, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final, or the Court

has entered an Alternate Judgment and none of the Parties seek to terminate the Settlement and the Alternate Judgment has become Final.

33.     Upon the occurrence of all of the events referenced in ¶ 32 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

34.     If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Class Representatives exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)     The Settlement and the relevant portions of this Stipulation shall be canceled and terminated;

(b)     Class Representatives and Defendants shall revert to their respective litigation positions in the Action immediately prior to the execution of the Term Sheet on October 16, 2024;

(c)     Neither Class Representatives nor Defendants will use or rely on any statement, document, admission, or agreement concerning the Settlement and/or settlement discussions in the Action;

(d)     The terms and provisions of this Stipulation, with the exception of this ¶ 34 and ¶¶ 14, 16, 38, and 61, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, nunc pro tunc; and

(e)     Within three (3) business days after joint written notification of termination is sent by Defendants' Counsel and Class Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon, and change in value as a result of the investment of the Settlement Fund, and any funds received by Class Counsel consistent with ¶ 16 above), less any Notice and Administration Costs actually incurred, paid or payable, and less any Taxes paid, due or owing shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct). In the event that the funds received by Class Counsel consistent with ¶ 16 above have not been refunded to the Settlement Fund within the three (3) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct) immediately upon their deposit into the Escrow Account consistent with ¶ 16 above.

35.     It is further stipulated and agreed that the Defendants and Class Representatives shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Second Circuit or the United States Supreme Court; or (e) the date upon which an Alternate Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Second Circuit or the United States Supreme Court, and the provisions of ¶ 34 above shall apply. However, any decision or

proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

36.    In addition to the grounds set forth in ¶ 35 above, and only in the event that the Court provides a second opportunity for Class Members to request exclusion from the Class in connection with the Settlement, Defendants, provided they unanimously agree, shall have the right to terminate the Settlement in the event that Future Excluded Persons meet the condition in the Parties' confidential supplemental agreement ("Supplemental Agreement"), in accordance with the terms of that agreement. The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless the Court otherwise directs or a dispute arises between Class Representatives and GE concerning its interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court in camera and request that the Court afford it confidential treatment. In the event that the Court does not provide for a second opportunity for Class Members to exclude themselves from the Class in connection with the settlement proceedings, GE will have no right to terminate the Settlement pursuant to this paragraph.

37.    Class Representatives shall also have the option to terminate the Settlement in the event that the Settlement Amount has not been paid as provided for in ¶ 8 above, by providing written notice of the election to terminate to Defendants' Counsel.

## NO ADMISSION OF WRONGDOING

38.     Neither the Term Sheet, this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Parties' mediations and subsequent Settlement, the communications and/or discussions leading to the execution of the Term Sheet and this Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Class Representatives or the validity or infirmity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)     shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any

liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

*provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## **MISCELLANEOUS PROVISIONS**

39.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

40.     GE warrants, as to the payments made or to be made on behalf of each Defendant, that at the time of entering into this Stipulation and at the time of such payment they, or to the best of their knowledge any persons or entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on behalf of them render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof. This representation is made by GE and not by its counsel.

41.    In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Class Representatives, Class Representatives and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternate Judgment, if applicable, entered in favor of Defendants and the other Releasees pursuant to this Stipulation, in which event the Releases and Judgment, or Alternate Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the Action as provided in ¶ 34(b) above and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶ 34(e) above.

42.    The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Class Representatives and any other Class Members against the Defendants' Releasees with respect to the Released Plaintiffs' Claims. Class Representatives and Defendants agree that each has complied fully with the strictures of Rule 11 of the Federal Rules of Civil Procedure, and the proposed Judgment will contain a statement to reflect this compliance. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, including through a mediation process supervised and conducted by Judge Phillips, and reflect that the Settlement was reached voluntarily after extensive negotiations and consultation with

experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

43.     Any of Defendants' Releasees may file this Stipulation and/or the Judgment from this Action in any other action brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

44.     The Judgment shall include the broadest bar order permissible by law barring all future claims for contribution or indemnity (or any other claim or claim-over, however denominated on whatsoever theory, for which the injury claimed is that person's or entity's alleged liability to Class Representatives or Class Members) among and against Defendants' Releasees arising out of the Action and the claims that were asserted or could have been asserted therein ("Bar Order"), provided, however, that the Bar Order shall not preclude either (i) Defendants' Releasees from seeking to enforce any rights they may have under any applicable insurance policies or (ii) any right of indemnification or contribution that Defendants' Releasees may have under contract or otherwise. The Bar Order shall be consistent with, and apply to the full extent of, the Private Securities Litigation Reform Act.

45.     Unless required by law or necessary in connection with the motions regarding preliminary approval and final approval of the Settlement, no other public statements may be made about the Settlement without approval of counsel for all Parties.  A Party intending to issue such a public statement in connection with the Settlement, other than statements made by GE in connection with GE's filings with the U.S. Securities & Exchange Commission and by Class Representatives in connection with their disclosure requirements, shall provide a draft of such

statement to counsel for the other Parties at least forty-eight (48) hours in advance of such statement. If the Parties are unable to reach agreement on a public statement, such dispute shall be referred to Judge Phillips. The Parties shall arbitrate the dispute by submitting letters no longer than five (5) pages to Judge Phillips, whose determination shall be binding and final. If for any reason Judge Phillips is unavailable or has a conflict, a substitute neutral arbitrator will be agreed upon by the Parties, or in the absence of agreement, appointed by Judge Phillips or his designee.

46.     The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of Class Representatives and Defendants (or their successors-in-interest).

47.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

48.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Plaintiffs' Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Class Members.

49.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

50.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Class Representatives and Defendants concerning the Settlement. All Parties acknowledge that no other agreements, representations, warranties, or inducements have

been made by any Party hereto concerning this Stipulation, its exhibits or the Supplemental Agreement other than those contained and memorialized in such documents.

51.     This Stipulation and the Supplemental Agreement may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

52.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

53.     The construction, interpretation, operation, effect, and validity of this Stipulation, the Supplemental Agreement and all documents necessary to effectuate the Settlement shall be governed by the laws of the State of New York, without regard to any principles of conflicts of laws, except to the extent that federal law requires that federal law govern.

54.     Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

55.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

56.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the

full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

57.    Class Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

58.    Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any provisions of this Stipulation.

59.    If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt. Notice shall be provided as follows:

| | |
|---|---|
| If to Class Representatives or Plaintiffs' Counsel: | Kessler Topaz Meltzer & Check, LLP<br>Attn:   Sharan Nirmul<br>280 King of Prussia Road<br>Radnor, PA 19087<br>Tel: (610) 667-7706<br>Fax: (610) 667-7056<br>Email: snirmul@ktmc.com |
| | Grant & Eisenhofer P.A.<br>Attn:  Daniel L. Berger<br>485 Lexington Avenue<br>New York, NY 10017<br>Tel: (646) 722-8500<br>Fax: (646) 722-8501<br>Email: dberger@gelaw.com |

|  | |
|---|---|
| If to Defendants or Defendants' Counsel: | Latham & Watkins LLP<br>Attn:  Sean M. Berkowitz<br>330 North Wabash Avenue, Suite 2800<br>Chicago, IL 60611<br>Tel: (312) 876-7700<br>Email: sean.berkowitz@lw.com |

Latham & Watkins LLP
Attn:  Blake T. Denton
      Megan A. Behrman
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200
Email: blake.denton@lw.com
      megan.behrman@lw.com

General Electric Company
Attn:  Dan Kearney
1299 Pennsylvania Ave NW
Washington, DC 20004
Tel: (202) 417-0642
Email: Dan.Kearney@ge.com

60.    Except as otherwise provided herein, each Party shall bear its own costs.

61.    Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with the Stipulation confidential.

62.    All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement. For the avoidance of doubt, this provision includes the obligation of each Party to return or destroy all documents or electronic data in its or its representatives' possession that the opposing Party produced to it in this Action in accordance with the Stipulated Protective Order (ECF No. 227). The Parties reserve all rights, and release none in this Stipulation, regarding any subsequent disclosure of their protected information by the opposing Party or its representatives.

63.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of November 22, 2024.

KESSLER TOPAZ MELTZER
& CHECK, LLP

Sharan Nirmul
Gregory M. Castaldo
Richard A. Russo, Jr.
Jamie M. McCall
Joshua A. Materese
Austin W. Manning
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056
snirmul@ktmc.com
gcastaldo@ktmc.com
rrusso@ktmc.com
jmccall@ktmc.com
jmaterese@ktmc.com
amanning@ktmc.com

*Counsel for Class Representative Sjunde AP-Fonden and Class Counsel for the Class*

GRANT & EISENHOFER P.A.

Daniel L. Berger

44

Karin E. Fisch
Vincent J. Pontrello
Cecilia E. Stein
Alexandra E. Forgione
485 Lexington Avenue
New York, NY 10017
Tel: (646) 722-8500
Fax: (646) 722-8501
dberger@gelaw.com
kfisch@gelaw.com
vpontrello@gelaw.com
cstein@gelaw.com
aforgione@gelaw.com

*Counsel for Class Representative The
Cleveland Bakers and Teamsters Pension
Fund and Liaison Counsel for the Class*

**LATHAM & WATKINS LLP**

Sean M. Berkowitz
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Tel: (312) 876-7700
Fax: (312) 993-9767
sean.berkowitz@lw.com

Blake T. Denton
Jooyoung Yeu
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200
blake.denton@lw.com
jooyoung.yeu@lw.com

Sarah A. Tomkowiak
555 Eleventh Street NW
Washington, D.C. 20004
Tel: (202) 637-2200
sarah.tomkowiak@lw.com

Colleen C. Smith
12670 High Bluff Drive
San Diego, CA 92130

Tel: (858) 523-5450
colleen.smith@lw.com

William J. Trach
200 Clarendon Street
Boston, MA 02116
Tel: (617) 948-6000
william.trach@lw.com

*Counsel for Defendants General Electric*
*Company and Jeffrey S. Bornstein*

# APPENDIX 1

| | |
|---|---|
| 1. Deborah Ann Vennett<br>Schenectady, NY | 13. Marissa Koziar<br>Nutley, NJ |
| 2. Phillip H. Vennett Sr. (deceased)<br>Schenectady, NY | 14. Richard M. Brown<br>Detroit, MI |
| 3. Linda M. Kapsa<br>Schaumburg, IL | 15. Christine E. Klepacz &<br>The Janusz Klepacz Irrev. Trust<br>Bethesda, MD |
| 4. Dana Perry<br>Cumberland, RI | 16. Kathleen M. Kenney<br>Carlisle, PA |
| 5. Leyla Akinli, Custodian for<br>Aydin James Akinli<br>Durham, NC | 17. Walter Pius (deceased) &<br>Janet Pius<br>Erie, PA |
| 6. Susan D. Connelly<br>Schenectady, NY | 18. Catherine J. Furay on behalf of<br>Elizabeth Furay (deceased)<br>Madison, WI |
| 7. Leticia G. Flynn, Custodian for<br>Thomas F. Flynn, UGMA NY<br>Beacon, NY | 19. Pamela M. Stratton<br>Arlington, VA |
| 8. Victor T. Bucci<br>Brookfield, CT | 20. Donald P. Walters<br>Guilford, CT |
| 9. Merle L. Johnson<br>North Syracuse, NY | 21. Otho Kinser & Mary Kinser<br>Roodhouse, IL |
| 10. John E. Sikora<br>Adena, OH | 22. Vera K. Orthlieb on behalf of the<br>Estate of Mary J. Kemper<br>(deceased)<br>Wallingford, PA |
| 11. Ronald Opfer<br>Waukon, IA | 23. Dominic F. Amorosa & Dominic<br>F. Amorosa Esq. Profit Sharing Plan<br>Short Hills, NJ |
| 12. Katherine P. Boucher<br>Hilliard, OH | |

24. Beverly Joyce Roy & Donald Authur Roy
Bradenton, FL

25. Mark Coleman
Nutley, NJ

26. Richard B. McCarty & Mary Ann McCarty
Fredericktown, PA

27. Cynthia Patricia Fetterman
Red Bank, NJ

28. Jean M. Smith
Cedarburg, WI

29. Ray Larry Burns
Houston, TX

30. Hannah Roberts
Leakesville, MS

31. James S. Allen
El Paso, TX

32. Mary Ellen McNulty
San Jose, CA

33. Melanie A. Dugan
Santa Fe, NM

34. Thomas John Little
Harrisburg, PA

35. Jeffrey W. Connelly
Schenectady, NY

36. Mark O. Wechsler
Covina, CA

37. Jeanne Richter
Jacksonville, FL

38. Gary Nesser
Yorktown, VA

39. Satoya Clark
Baltimore, MD

40. Wayne E. Watkins & Shirley O. Watkins
Durham, NC

41. David J. Laird (deceased) & Mary Lee Laird
Erie, PA

42. Diana Lee Simmons
Vernon, CT

43. Ann Houseman on behalf of Evan Kenny Houseman (deceased)
Hockessin, DE

44. Vincent J. Acampora
Austin, TX

45. Sherif Robert Hesni
Washington, DC

46. Timothy A. Fram
Lowell, MA

47. Jac'Queis Andrew Gooch
Racine, WI

48. John Billington
Kremmling, CO

49. Peter W. Flagg & Mayra C. Flagg
Riverview, FL

50. Scott Stephens
Daly City, CA

51. James Douglas Wilson
Cheyenne, WY

52. Joan M. Brengelman
Trussville, AL

53. William S. Erickson
Clearwater, FL

54. Steven R. Feller
Fort Collins, CO

55. Michelle L. Feller
Fort Collins, CO

56. Charles (Chuck) Anthony
Piccirillo
Provincetown, MA

57. Thomas A, Bundros
Dalton, GA

58. Tonda B. Dunbar
Middleburgh, NY

59. Antonia C. Shoham,TTEE
UA DTD 7/13/2013
Duxbury, MA

60. Robert O. Yantz on behalf of
Robert M. Yantz (deceased)
Millersville, PA

61. Clyde W. Yoder
Millersburg, OH

62. Raymond Sai
Sunnyvale, CA

63. Maria Javier Trapani
Miami, FL

64. Walter A. Meller
Abilene, TX

65. JC&ME
Enterprises, LLC, Lynda Birch,
Manager
Oklahoma City, OK

66. Allene Haskovec on behalf of
Ivan Haskovec (deceased)
Littleton, CO

67. Robert W. Sanders
Sequim, WA

68. David R. Anderson
North Ridgeville, OH

69. Helen K. Young
Bensalem, PA

70. Lois H. Friedrichsen
Larkspur, CO

71. Yoon Chee Chia (David Chia)
Singapore

72.  Patricia W. Hardwick on behalf of
Michael Hardwick (deceased)
Aiken, SC

73.  Elizabeth M. Rutherford
Camano Island, WA

74.  Paul T. Newbourne & Laura E.
Newbourne
Signal Mountain, TN

75.  Mary K. Fuhrman &
Daryl Fuhrman
Aberdeen, SD

76.  Ronald Dong
Emeryville, CA

77.  Marcella Francesse Enos
Fair Oaks, CA

78.  Cornwal K.S. Matsusaka
Aiea, HI

79.  Gerald R. De Groot
Bainbridge Island, WA

80.  Marie J. Fligsten
Bainbridge Island, WA

81.  Michele A. Cannella, TTEE on
behalf of the Estate of Jack and
Donna Haygood Family Trust
Davie, FL

82.  Marie U. Stoker
Napa, CA

83.  Jean M. Brown
Paradise, CA

84.  Steven M. Brown
Paradise, CA

85.  Candyce D. Morris
Crestline, CA

86.  Judith B. Steinberg on behalf of the
Estate of Sylvan J.
Steinberg (deceased)
New Orleans, LA

87.  Greg Steven Highfill
Las Vegas, NV

88.  Edward F. Dash
Highlands Ranch, CO

89.  Alexander Blase Tarantino
Carmel, CA

90.  Paula Rose Tarantino
Carmel, CA

91.  Joe Vincent Tarantino
Carmel, CA

92.  Joseph A. Walker
Summerville, SC

93.  Fraser C. Wong
Las Vegas, NV

94.  Barbara J. Dash
Highlands Ranch, CO

95.  Steven M. McBride on behalf of
Patricia A. McBride (deceased)
Jacksonville, FL

96.  Jane Louise Ballinger Estes
     & Charles A Estes (deceased)
     Salt Lake City, UT

97.  Florence M. Evans & Peter &
     Florence Evans Rev Trust
     Ellicott City, MD

98.  Carroll Duff
     No Address Provided

99.  Cheryll Smith
     Union Gap, WA

100. Joseph R. Ramirez
     Baldwin City, KS

101. Angela C. Paulsen
     Buckeye, AZ

102. Martin L. Paulsen
     Buckeye, AZ

103. Brian Ray Heaps
     Redding, CA

104. Kimberley Ruth Heaps
     Redding, CA

105. Jeff R. Hoerr
     Mapleton, IL

106. Barbara L. Hoerr
     Mapleton, IL

107. Leonard DeStefano
     Drexel Hill, PA

108. Eileen DeStefano
     Drexel Hill, PA

109. Patrick J. Thorn
     Kingwood, WV

110. Patten Stewart
     Marble Falls, TX

111. Elizabeth A. Clark on behalf of
     The Estate of Paul S. Clark
     Glenview, IL

112. Annamaria F. Demiris
     Woodstock, GA

113. Daniel Ray Verhelle
     Linden, MI

114. Gregory Dean Isaac
     Parma, MI

115. Gloria Uzzell
     North Fort Myers, FL

116. John C. Chanas, executor on behalf
     of the Estate of Peter King III
     Greensboro, NC

117. Steven Cohen
     Valley Stream, NY

118. Kathleen M. Bartin
     Chambersburg, PA

119. Jack R. Cox
     Grayville, IL

120.  Kristin Perchal
      Fort Calhoun, NE

121.  Albert J. Peterson &
      Evelyn Arnell Peterson
      Eau Claire, WI

122.  Wei Yu
      Philadelphia, PA

123.  Randall John Anderson
      Barnum, MN

124.  Douglas J. Guillot
      Plattenville, LA

125.  Stephen M. Richards
      Bakersfield, CA

126.  Virginia L. Verburg
      Richmond, TX

127.  Madeline Anes Hagen & Sally
      Anes (deceased)
      San Antonio, TX

128.  Perry H. McGowan
      Forest Lake, MN

129.  Emery Wong
      Pomona, CA

130.  Michelle Annette Schumacher
      Anaheim, CA

131.  Robert J. Woessner
      Apex, NC

132.  Roylee Pflughoeft & Jane
      Plowman on behalf of the
      Frederick & Roylee Pflughoeft
      Rev. Liv. Trust dated 11/02/1992
      Wauwatosa, WI

133.  James A. Blackledge
      Omak, WA

134.  Suzanne Fonda
      Manassas, VA

135.  Joseph D. Russo
      New York, NY

136.  Wendy Abramowitz
       Glen Cove, NY

137.  Diana Rank
      Arma, KS

138.  Elisabeth A. Hayden, TTEE on
      behalf of the
      Elisabeth Auld Hayden Rev Trust
      La Jolla, CA

139.  Nancy Bosch & Wim Bosch
      (deceased)
      Avilla, IN

140.  Sharyn L. Nichols
      Lexington, KY

141.  Jean Marie Eby
      Seville, OH

142.  Brady Gambone
      Lexington, MA

143. William E. Boyke & Elaine A.
Boyke
Plymouth, MI

144. Duane Willman & Tina
Willman
The Colony, TX

145. Kathleen D. Anderson on behalf
of the Kathleen D. Stiller Rev
Liv Trust U/A Dtd. 11/12/1996
Dallas, OR

146. Jo Jacqulyn Lazzell
Punta Gorda, FL

147. John M. Gregory
Sarasota, FL

148. Mary Lou Yindra
Ivoryton, CT

149. Jennifer M. Lynch
Mahopac, NY

150. Torry Arnold Olsen
Mandal, Norway

151. Diana Lejeune
Centralia, WA

152. Virginia M. Florczyk &
Alexander P. Florczyk (deceased)
Denver, NC

153. James S. Tisch on behalf of the
James S. Tisch 1991 Trust
New York, NY

154. Sandra Tunik & Ira Tuni(deceased)
Santa Rosa, CA

155. Jane B. Greene TTEE on behalf of
the Jay W Greene and Jane B
Greene T Tr U/A dtd 10/19/1993
Muncie, IN

156. Harvey Brower
Holland, MI

157. Thomas M. Jakub and Elvira J.
Jakub
Vienna, VA

158. Esgardo Acosta
Schuyler, NE

159. Monica N. Brown
Lynchburg, VA

160. Jean F. King on behalf of the
Walter L. Wetzel Estate
Phoenix, AZ

161. Judith A. Rowe
Brookville, IN

162. Tony Khanh Truong
Houston, TX

163. Nigel Whincup
Berkshire, United Kingdom

164. Janiece Beinke
Alabaster, AL

165. Melanie Cox
East Liverpool, OH

166. Patricia E. Collins and T. G.
Collins TR
St. Maries, ID

167. Charles Presley
Hiltons, VA

168. Kasahara Yoshio
The Trizon, Singapore

169. Gloria Carruth
Kingwood, TX

170. Manas Pal
Sunnyvale, CA

171. Emily M. Clayton
Bosque Farms, NM

172. Robert David Young
Springfield, OH

173. Thomas R. Hays &
Lori Jean Hays
Aurora, OR

174. Ronald A. Detert
Brillion, WI

175. James A. Karlowicz &
Connie L. Karlowicz
Dover, OH

176. Marshall Stephen McKee
Novato, CA

177. Sonny T. Hoang
San Jose, CA

178. Sharon Reuter Zigler TTEE on
Behalf of the Johnson Family Trust
Galesburg, IL

179. Brian P. Conley
Arvada, CO

180. Chunjian Ren
Irvine, CA

181. Ronald D Anderson
Sleepy Hollow, IL

182. Philip T. Shaughnessy
Grass Lake, MI

183. LaVerda Sue Johnson
Redmond, UT

184. Alan L. Gardner
Warner Robins, GA

185. Wanda Leone
Anna, TX

186. Diana K. Stewart
Hale, MO

187. Dennis M. Egan &
Margaret I. Egan
Oakton, VA

188. William George Valance
South Setauket, NY

189. Julee Hoang Do
San Jose, CA

190.  Resa Wilcox on behalf of Resa
      Clark Wilcox TOD Tina Jo
      Briggs, Leslie Franz, Marlee
      Snow and Resa Clark Wilcox
      Melody Clark Bondurant, Exec
      Est of Dorothy S. Clark
      Saint Augustine, FL

191.  Mary W. Hartman
      Albuquerque, NM

192.  D. Todd Durham on behalf of
      Walter M. Overbeck (deceased)
      Cincinnati, OH

193.  William F. Northcutt
      Cincinnati, OH

194.  Carol J. Shoulders
      Princeton, IN

195.  Darlene Decker
      Broken Bow, OK

196.  Jose Luis Baldor
      Larchmont, NY

197.  Beau Allen West
      Nicholasville, KY

198.  John W. Parthum Jr.
      Grosse Pointe Woods, MI

199.  Barbara F. Roth
      Madison, WI

200.  Tahir C. Belbez &
      Ayse M. Belbez
      Burlington, ON, Canada

201.  Mary Ruth Williams
      Fuquay-Varina, NC

202.  Richard D. Simmons II
      Graham, NC

203.  Harvey Schmidt
      No Address Provided

204.  John Rohrl & Helen Rohrl
      Newnan, GA

205.  Paul Letkiewicz
      Erie, PA

206.  Vickie E. Amendola
      Valdosta, GA

207.  Doris E. Darnall
      Savannah, GA

208.  John D. Ridenour
      Orlando, FL

209.  Sarah C. King
      Barbourville, KY

210.  Sandra K. Johnson
      LaGrange, GA

211.  Donna Jean Wiskow
      Kaukauna, WI

212.  Ahmet Tuter
      Ankara, Turkey

213.  Harald Nissen on behalf of
      ODIN Forvaltning AS
      Oslo, Norway

214. Yu S. Kim on behalf of
Dylan Bomin Kim
Laguna Woods, CA

215. Yu S. Kim on behalf of
Travis Gyumin Kim
Laguna Woods, CA

216. Yu S. Kim & Jin A. Kim
Laguna Woods, CA

217. Yu S. Kim
Laguna Woods, CA

218. Mila Ordonez on behalf of
Felipe A. Ordonez Jr.
Sugarland, TX

219. Erik Sorensen
Burnaby, BC, Canada

220. Maryanne T. Harris
Mashpee, MA

221. Edith Yu on behalf of
Richard T. Yu (deceased)
Berkeley, CA

222. Ronald Uptigrove
Bastrop, LA

223. Patricia Cosimano for
Bernard Cosimano (deceased)
Southold, NY

224. Donna Knudsen Joyner
Deltona, FL

225. Geraldine Rosner
Hollywood, FL

226. Geraldine Rosner for
Heather Rosner
Hollywood, FL

227. Daniel L. Eckert
Kewaunee, WI

228. Jacoba J. Van Sitteren
Loosdrecht, Netherlands

229. Linda Dodd Chandler on behalf
of Anne B. Dodd (deceased)
Estate
Angier, NC

230. Susan Hay on behalf of Marie B.
Kran (deceased)
Arvada, CO

231. Joshua Mayer
Colorado Springs, CO

232. Cindy Weinberg Russo
Trussville, AL

233. Nancy H. Brown
Sherwood, OR

234. Julia Beth Scheerer
Rockville, MD

235. James Norman Frame on behalf
of the Estate of Peter Franklin
Frame
Charleston, WV

236. Ann Cromptin Tippin Prestney TTEE for the Ross S. and Ruth C. Tippin, Ann C.T. Prestney Trust
New Hope, PA

237. Ann Crompton Tippin Prestney
New Hope, PA

238. Teri L. Giovanine Hodges
Bishop, CA

239. Matthew P. Abell
Woburn, MA

240. William C. Martin
Quitman, TX

241. Ursula C. Pasquerella & Anthonay Pasquerella
Schenectady, NY

242. Linda S. Smith
Torrance, CA

243. Stewart L. Haimson
Las Vegas, NV

244. Mary Belinda Gosson
Bellevue, WA

245. Matthias N. Steinbruechel
Mannedorf, Switzerland

246. Patricia E. Keene
Tucson, AZ

247. Janis (Mahaney) Cole on behalf of the Estate of Carroll Edward Mahaney (deceased)
Vestavia, AL

248. Pamela C. Goddard and Gary W. Goddard
Concord, NH

249. Helen D. Parnell
Winslow, ME

250. William J. Miller
New Berlin, WI

251. Stanley M. Schleusener TTEE on behalf of Stanley M. Schleusener Family Trust U/A DTD 7/28/2014
Tomah, WI

252. Susan Hannigen Butler on behalf of Hattie W. Hannigen Family Trust
Medfield, MA

253. Susan Hannigen Butler on behalf of Robert C. Hannigen Trust DTD 04/30/1992
Medfield, MA

254. Thomas Theodore Saunders
Arlington, WA

255. William S. Miller
New Berlin, WI

256. Juanita M. Andres
Phoenix, AZ

257. Carolyn Westbrook Bialik
     Towson, MD

258. Pamela Jo Stillwell
     Dunkirk, MD

259. Christine K. Yonkos
     Washington, MI

260. Michael J. McCarthy
     Canton, CT

261. Patricia Boehm
     Lancaster, VA

262. Troy Officer
     Bloomington, MN

263. Mazen Atwi
     Lafayette, LA

264. Ramona Mielusel
     Lafayette, LA

265. Marjorie Louise Neal
     Jacksonville, OR

266. Paul W. Frattini
     Flat Rock, MI

267. James Dam
     Oneida, NY

268. Andrew Lee Tucker
     Austin, TX

269. Judy Harmon
     Lake Park, IA

270. Kathleen A Perrine
     Bloomsburg, NJ

271. Steve Van Gheem ACF
     James Van Gheem
     Andover, MN

272. Belinda Ang
     Singapore

273. Robert N. Pence
     Vienna, VA

274. Thomas Dale Hire
     Lewisville, NC

275. Mark A. Pipis & Virginia L. Pipis
     Dundee, MI

276. Gina L. Stockmann
     Wright City, MO

277. Nathan Loral Hajduk
     Wyandotte, MI

278. Sandra L. Hoffmann
     Temperance, MI

279. Daniel Ivan Luketic
     Kirtland, OH

280. Inge Olav Waage & Anne
     Karin Waage
     Notodden, Norway

281. Thomas S. Ogata and Jean H.
     Ogata for
     the JWM Rev Liv Trust
     Plano, TX

282.  Connor Mason
      Filley, NE

283.  Matthew A. Ubelhor
      Evansville, IN

284.  Graeme Shirley
      San Diego, CA

285.  June Catherine Simon
      Saint John, IN

286.  Linda E. Derber
      Hayward, WI

287.  Robert Gagnon
      Laval, QC, Canada

288.  Robert Gagnon on behalf of
      Entreprises Fiscale Taxe R.L.
      Inc.
      Laval, QC, Canada

289.  Joachim Brandmaier of Weiler &
      Eberhardt Depotverwaltung AG
      on behalf of IP Concept for the
      following funds: Stuttgarter-
      Aktien-Fonds, Stuttgarter
      Dividendenfonds, and Stuttgarter
      Energiefonds
      Stuttgart, Germany

290.  Jennifer Q. Russell, Trustee
      on behalf of the Kathlyn W. Quig
      Trust UA 11/19/93
      George E. Quig Trust
      Milton, VT

291.  Fu Sheng Wu
      Belmont, MA

292.  Robert W. McGuire
      San Francisco, CA

293.  Gerd Enke
      Wolfsburg, Germany

294.  Monica M. Miszczak
      Milwaukee, WI

295.  Larry H. Coots
      Scottsboro, AL

296.  Linda Lafuze
      Richmond, IN

297.  Marje-Kai Kirves
      Peterborough, ON, Canada

298.  Shona Gourlay
      Calgary, AB, Canada

299.  Adam David Geltz
      Columbia, PA

300.  Kensuke Koda
      Tokyo, Japan

| | |
|---|---|
| 301. Doreen Hanna<br>Nanoose Bay, BC, Canada | 309. Steven S Fitzgerald of Wollmuth<br>Maher & Deutsch LLP<br>on behalf of<br>Touchstone Strategic Trust,<br>Touchstone Variable Series<br>Trust, The Western and Southern<br>Life Insurance Company,<br>Western Southern Life<br>Assurance Company, Western &<br>Southern Financial Group, Inc.<br>And Integrity Life Insurance<br>Company<br>New York, NY |
| 302. Sarah Congleton King on behalf<br>of Martha Viall Congleton<br>(deceased) & Curtis D<br>Congleton Sr. (deceased)<br>Barbourville, KY | |
| 303. Chan Yuen Shan<br>N.T. Hong Kong | |
| 304. Benjamin E. Ramp & Kathleen<br>M. Ramp on<br>behalf of the Benjamin E. and<br>Kathleen M. Ramp Living Trust<br>Geneseo, IL | 310. Daisuke Kawaguchi<br>No Address Provided |
| 305. Nicole Thome on behalf of<br>TBF Global Asset Management<br>GmbH<br>Einschreiben, Singen | 311. Danielle L. Burza-Smith<br>On behalf of Patricia Kempany<br>as representative for the Estate of<br>Robert Aken |
| 306. Patrick J. Flynn<br>Oldsmar, FL | 312. HSBC House on behalf of<br>San Franchesco Ltd (liquidated)<br>Esplanada<br>St. Helier, Jersey |
| 307. Myriam Takla<br>Paris, France | 313. Nancy Honeycutt Jolly<br>Statesville, NC |
| 308. Walter Rivetti<br>Italy | 314. Peter Joseph Bensko-Tarsitano<br>San-Marcos, TX |
| | 315. Bridgitte Mahlo<br>Louveciennes, France |
| | 316. Bernice M. Feltz<br>Plainfield, IL |

317.   Susan E. Ryan
       Buzzards Bay, MA

318.   Anna Elisabeth Pape
       Toronto, ON, Canada