EXHIBIT A-2

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| SJUNDE AP-FONDEN and THE CLEVELAND BAKERS AND TEAMSTERS PENSION FUND, individually and on behalf of all others similarly situated, | Case No. 1:17-cv-8457-JMF |
| Plaintiffs, | Hon. Jesse M. Furman |
| v. | |
| GENERAL ELECTRIC COMPANY, et al., | |
| Defendants. | |

## NOTICE OF (I) PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

**TO:    ALL PERSONS AND ENTITIES WHO PURCHASED OR ACQUIRED GENERAL ELECTRIC COMPANY ("GE") COMMON STOCK BETWEEN FEBRUARY 29, 2016 AND JANUARY 23, 2018, INCLUSIVE ("CLASS PERIOD") AND WERE DAMAGED THEREBY ("CLASS").**

### *A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**NOTICE OF PROPOSED SETTLEMENT:** This Notice has been issued pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York ("Court").[1] Please be advised that the Court-appointed Class Representatives Sjunde AP-Fonden ("AP7") and The Cleveland Bakers and Teamsters Pension Fund ("Cleveland Bakers" and together with AP7, "Class Representatives") have reached a proposed settlement of the above-captioned securities class action ("Action") for **$362,500,000** in cash ("Settlement") with defendants GE and Jeffrey S. Bornstein (together, "Defendants"). If approved by the Court, the Settlement will resolve all claims in the Action, including Class Representatives' claims that Defendants violated the federal securities laws by making materially false or misleading statements and omissions during the Class Period regarding, among other things, GE's reliance on intercompany factoring transactions to offset weaknesses in GE Power's cash flows from operations. The history of the Action and the claims being released by the Settlement are detailed in ¶¶ 4-32 and ¶¶ 44-50 herein.

---

[1]    All capitalized terms not defined in this Notice have the meanings provided in the Stipulation and Agreement of Settlement, filed with the Court on November 25, 2024 ("Stipulation"). The Stipulation can be viewed at www.GeneralElectricSecuritiesLitigation.com.

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of a payment from the Settlement. If you are a member of the Class, your legal rights will be affected whether or not you act.**

**If you have questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Clerk's Office, Defendants, or Defendants' Counsel. All questions should be directed to the Claims Administrator or Class Counsel (*see* ¶ 83 below).**

**Additional information about the Settlement is available on the website for the Action, www.GeneralElectricSecuritiesLitigation.com.**

- **Statement of the Class's Recovery:** Subject to Court approval, Class Representatives, on behalf of themselves and the Class, have agreed to settle the Action in exchange for a settlement payment of $362,500,000 in cash ("Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon ("Settlement Fund") less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Class. The proposed plan of allocation ("Plan of Allocation") is attached hereto as Appendix A.

- **Estimate of Average Amount of Recovery Per Share:** Class Representatives' damages expert estimates that 7,399,543,564 shares of GE common stock purchased during the Class Period may have been affected by the conduct at issue in the Action and eligible to participate in the Settlement. If all eligible Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) will be approximately $0.05 per eligible share of GE common stock. **Class Members should note, however, that this is only an estimate based on the overall number of potentially eligible shares.** Some Class Members may recover more or less than this estimated amount depending on: (i) when and the price at which they purchased/acquired/sold their GE common stock; (ii) the total number and value of valid Claims submitted; (iii) the amount of Notice and Administration Costs; and (iv) the amount of attorneys' fees and Litigation Expenses awarded by the Court. Distributions to Class Members will be made based on the Plan of Allocation attached hereto as Appendix A or such other plan of allocation as may be ordered by the Court.

- **Statement of Potential Outcome of the Case:** The Parties do not agree on whether Class Representatives would have prevailed on their claims against Defendants. Nor do they agree on whether and to what extent the Class suffered any damages, including the average amount of damages per share that would be recoverable if Class Representatives were to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Class as a result of their conduct. Defendants have denied and continue to deny any and all allegations of wrongdoing or fault asserted in the Action, deny that they have committed any act or omission giving rise to any

2

liability or violation of law, and deny that Class Representatives and the Class have suffered any loss attributable to Defendants' actions or omissions.

- **Attorneys' Fees and Expenses Sought**: Court-appointed Class Counsel, Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz"), and Court-appointed Liaison Counsel, Grant & Eisenhofer P.A. ("Grant & Eisenhofer"), have prosecuted this Action on a wholly contingent basis and have not received any attorneys' fees (or payment of expenses) for their representation of the Class. For their efforts, Class Counsel and Liaison Counsel will apply to the Court for attorneys' fees in an amount not to exceed 25% of the Settlement Fund.[2] Class Counsel and Liaison Counsel will also apply for payment of Litigation Expenses incurred in connection with the institution, prosecution, and resolution of the Action, in an amount not to exceed $10 million, which amount may include a request for reimbursement of the reasonable costs incurred by Class Representatives directly related to their representation of the Class in accordance with 15 U.S.C. §78u-4(a)(4). Any fees and expenses awarded to counsel will be paid from the Settlement Fund along with any interest earned at the same rate as earned by the Class on the Settlement Fund. If the Court approves the maximum amount of the foregoing fees and expenses, the estimated average cost will be approximately $0.01 per eligible share of GE common stock. **Please note that this is only an estimate**.

- **Identification of Attorneys' Representatives**: Class Representatives and the Class are represented by Class Counsel Sharan Nirmul, Esq. of Kessler Topaz Meltzer & Check, LLP, 280 King of Prussia Road, Radnor, PA 19087, 1-610-667-7706, info@ktmc.com, www.ktmc.com. Other representatives from Class Counsel are listed in ¶ 83 below. The Class is also represented by Liaison Counsel Grant & Eisenhofer P.A., 485 Lexington Avenue, New York, NY 10017. Further information regarding the Action, the Settlement, and this Notice also may be obtained by contacting the Claims Administrator at: *General Electric Securities Litigation*, c/o JND Legal Administration, P.O. Box 91449, Seattle, WA 98111; 1-844-202-9485; info@GeneralElectricSecuritiesLitigation.com; or by visiting the case website, www.GeneralElectricSecuritiesLitigation.com.

- **Reasons for the Settlement**: Class Representatives' principal reason for entering into the Settlement is the near-term cash benefit for the Class without the substantial risk or the delays and costs inherent in further litigation. Here, had the Settlement not been reached, the Parties would have proceeded to a jury trial. Indeed, the Settlement was reached just prior to trial, which was scheduled to commence on November 11, 2024. The benefit of the Settlement must be considered against the risk that a smaller recovery—or no recovery at all—might be achieved after trial, or after the likely appeals that would have followed a trial, including individual reliance challenges that necessarily would have followed any trial victory for the Class. Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that any Class Member was damaged,

---

[2]    Prior to the Court's April 12, 2018 order re-opening the lead plaintiff appointment process, Labaton Keller Sucharow LLP ("Labaton") had been appointed as counsel for the putative class. Class Counsel will reimburse Labaton for its time spent from any attorneys' fees awarded by the Court and seek on its behalf reimbursement of its reasonable expenses.

are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED (IF MAILED), OR ONLINE, NO LATER THAN _____ __, 2025.** | This is the only way to be eligible to receive a payment from the Settlement. If you are a Class Member, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 45 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 46 below), so it is in your interest to submit a Claim Form. |
| **OPT BACK INTO THE CLASS IF YOU PREVIOUSLY EXCLUDED YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST TO OPT BACK INTO THE CLASS SO THAT IT IS *RECEIVED* NO LATER THAN _____ __, 2025.** | If you previously submitted a request for exclusion from the Class in connection with Class Notice and now want to be part of the Class so that you can submit a Claim and be eligible to receive a payment from the Settlement, you must follow the steps for "Opting Back Into the Class" as set forth in ¶¶ 64-67 below. If you previously submitted a request for exclusion from the Class in connection with Class Notice and wish to remain excluded from the Class, no further action is necessary. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____ __, 2025.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's request for attorneys' fees and Litigation Expenses, you may object by writing to the Court (as described in ¶¶ 72-78 below). In order to object, you must be a member of the Class. |
| **GO TO A HEARING ON _____ __, 2025 AT __:__ __.M. AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____ __, 2025.** | Ask to speak in Court at the Settlement Hearing, at the discretion of the Court, about the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's request for attorneys' fees and Litigation Expenses. |
| **DO NOTHING.** | Get no payment from the Settlement. You will, however, remain a member of the Class, which means that you give up any right you may have to sue about the claims that are being resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

**These rights and options – and the deadlines to exercise them – are further explained in this Notice. <u>Please Note</u>: The date and time of the Settlement Hearing – currently scheduled for _____ __, 2025 at __:__ __.m. – is subject to change without further written notice to the Class. It is also within the Court's discretion to hold the hearing in person or by telephone**

**or video conference. If you plan to attend the Settlement Hearing, you should check the website www.GeneralElectricSecuritiesLitigation.com or with Class Counsel to confirm that no change to the date and/or time of the hearing has been made.**

| WHAT THIS NOTICE CONTAINS |
|---|

What Is The Purpose Of This Notice? ........................................ Page __

What Is This Case About? ........................................ Page __

Why Is This Case A Class Action? ........................................ Page __

How Do I Know If I Am Affected By The Settlement?

    Who Is Included In The Class? ........................................ Page __

What Are Class Representatives' Reasons For The Settlement? ........................................ Page __

What Might Happen If There Were No Settlement? ........................................ Page __

How Are Class Members Affected By The Action And The Settlement? ........................................ Page __

How Do I Participate In The Settlement? What Do I Need To Do? ........................................ Page __

How Much Will My Payment Be? ........................................ Page __

What Payment Are The Attorneys For The Class Seeking?

    How Will The Lawyers Be Paid? ........................................ Page __

What If I Previously Requested Exclusion from the Class And Now Want

    To Be Eligible To Receive A Payment From The Settlement?

    How Do I Opt Back Into The Class? ........................................ Page __

When And Where Will The Court Decide Whether To Approve The

    Settlement? Do I Have To Come To The Hearing? May I Speak

    At The Hearing If I Don't Like The Settlement? ........................................ Page __

What If I Bought GE Common Stock On Someone Else's Behalf? ........................................ Page __

Can I See The Court File? Whom Should I Contact If I Have

    Questions? ........................................ Page __

Proposed Plan of Allocation of Net Settlement Fund Among

    Authorized Claimants ........................................ Appendix A

| WHAT IS THE PURPOSE OF THIS NOTICE? |
|---|

1.     The Court has directed the issuance of this Notice to inform potential Class Members about the Action and the proposed Settlement and their options in connection therewith before the Court rules on the Settlement. Additionally, Class Members have the right to understand how this class action lawsuit may generally affect their legal rights.

2.     This Notice explains the Action, the Settlement, Class Members' legal rights, what benefits are available under the Settlement, who is eligible for the benefits, and how to get them.

3.     The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator will make payments to eligible Class Members pursuant to the Settlement after any objections and appeals are resolved.

| WHAT IS THIS CASE ABOUT? |
| --- |

4.      This is a securities class action against Defendants for alleged violations of the federal securities laws. Plaintiffs generally alleged that Defendants' public disclosures during the Class Period concealed material facts concerning, among other things, GE's reliance on intercompany factoring transactions to offset weaknesses in GE Power's cash flows from operations during the relevant time period. Plaintiffs further alleged that the price of GE common stock was artificially inflated as a result of Defendants' allegedly false and misleading statements, and declined when the truth was revealed through a series of partial corrective disclosures. Defendants deny all of the allegations of wrongdoing asserted in the Action and deny any liability whatsoever to any member of the Class.

5.      The Action commenced on November 1, 2017, with the filing of the initial complaint in the Court, asserting violations of the federal securities laws against GE and certain of its executives.

6.      Thereafter, in accordance with the Private Securities Litigation Reform Act of 1995 ("PSLRA"), notice to the public was issued stating the deadline by which putative class members could move the Court for lead plaintiff appointment. Several parties moved for lead plaintiff appointment. Following briefing on the motions, a motion to intervene, a motion to vacate the originally appointed lead plaintiff, and a re-opened lead plaintiff appointment process, the Court appointed AP7 as Lead Plaintiff and approved AP7's selection of Kessler Topaz as Lead Counsel for the class on May 30, 2018.

7.      On July 23, 2018, AP7, along with additional Plaintiff Cleveland Bakers, filed the Third Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws ("Third Amended Complaint").[3] The Third Amended Complaint asserted claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder, against GE, Jeffrey S. Bornstein, Jeffrey R. Immelt, Jamie S. Miller, Keith S. Sherin, Jan R. Hauser, and Richard A. Laxer, on behalf of investors that purchased or otherwise acquired GE common stock from February 27, 2013, through January 23, 2018, inclusive.

8.      On September 12, 2018, defendants moved to dismiss the Third Amended Complaint. Plaintiffs opposed defendants' motion on October 12, 2018, and Defendants filed a reply in further support of their motion on October 29, 2018.

9.      Pursuant to Joint Stipulation, Plaintiffs filed the Fourth Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws on October 17, 2018 ("Fourth Amended Complaint").

---

[3]     The originally appointed and vacated lead plaintiff filed the Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws and the Second Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws on March 20, 2018 and April 10, 2018, respectively.

10.     By Opinion and Order dated August 29, 2019, the Court granted in part and denied in part defendants' motion to dismiss the Fourth Amended Complaint. By the same Opinion and Order, the Court granted Plaintiffs leave to amend.

11.     On October 25, 2019, Plaintiffs filed the Fifth Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws ("Fifth Amended Complaint"). Defendants moved to dismiss the Fifth Amended Complaint on December 18, 2019. Plaintiffs opposed defendants' motion on January 31, 2020, and defendants filed a reply in further support of their motion on February 28, 2020.

12.     By Opinion and Order dated January 29, 2021, the Court granted in part and denied in part defendants' motion to dismiss the Fifth Amended Complaint. Specifically, the Court denied the motion as to (1) Plaintiffs' Section 10(b) and Rule 10b-5 claims concerning (a) factoring in GE's 2016 Form 10-K and (b) GE's failure to disclose factoring in its class period financial statements from 2015 on, against GE and Bornstein; and (2) Plaintiffs' corresponding Section 20(a) control person claims against Bornstein. By its Opinion and Order, the Court dismissed the remainder of the Fifth Amended Complaint and dismissed Jeffrey R. Immelt, Jamie S. Miller, Keith S. Sherin, Jan R. Hauser, and Richard A. Laxer as defendants in the Action.[4]

13.     On February 12, 2021, Defendants answered the Fifth Amended Complaint, denying the claims and asserting their affirmative defenses. On February 25, 2021, the Parties appeared before the Court and participated in an initial pretrial conference.

14.     Thereafter, discovery in the Action commenced. On May 21, 2021, Plaintiffs moved for class certification ("Class Certification Motion"), which was accompanied by a report from Plaintiffs' expert, David I. Tabak, Ph.D. ("Dr. Tabak").

15.     Also on August 9, 2021, Defendants moved for leave to file an early summary judgment motion on loss causation. On August 16, 2021, Plaintiffs opposed Defendants' motion, which included a request to submit (and appended) a reply expert report from Dr. Tabak. The Court denied Defendants' motion on August 22, 2021.

16.     On August 30, 2021, Defendants opposed Plaintiffs' Class Certification Motion.[5] Plaintiffs filed a reply in support of their motion on October 29, 2021.

17.     On September 2, 2021, Defendants filed a second motion for leave to file an early partial summary judgment motion on loss causation, which attached a rebuttal expert report from

---

[4]     The Court also dismissed John L. Flannery ("Flannery") as a defendant in the Action. Flannery was not named as a defendant in the Third Amended Complaint and Plaintiffs' subsequent pleadings.

[5]     On the same day, named plaintiffs in a consolidated class action pending in the Supreme Court of the State of New York, County of New York, Index No. 653648/2018, filed a Motion to Intervene for the Limited Purpose of Filing Partial Opposition to Plaintiffs' Motion for Class Certification.

Mr. Fischel. On September 9, 2021, Plaintiffs opposed Defendants' motion. The Court denied Defendants' motion on September 17, 2021.

18.    On September 24, 2021, the Court denied as premature Plaintiffs' letter motion requesting permission to seek more than 15 fact witness depositions.

19.    On January 19, 2022, based on new facts obtained through their discovery efforts, Plaintiffs moved for leave to file the Sixth Amended Complaint (defined below), attaching the draft pleading. Defendants opposed Plaintiffs' motion on February 3, 2022.

20.    By Opinion and Order dated April 11, 2022 ("Class Certification Order"), the Court granted Plaintiffs' Class Certification Motion. Specifically, the Court (i) certified a class of all persons and entities that purchased or acquired GE common stock between February 29, 2016 and January 23, 2018, inclusive and were damaged thereby; (ii) appointed AP7 and Cleveland Bakers as Class Representatives; and (iii) appointed Kessler Topaz and Grant & Eisenhofer as Class Counsel and Liaison Counsel, respectively. By the same Opinion and Order, the Court granted Plaintiffs' motion for leave to file a sixth amended complaint.

21.    On May 13, 2022, Class Representatives filed the Sixth Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws ("Sixth Amended Complaint" or "Complaint"), asserting claims for violations of Sections 10(b) and 20(a) of the Exchange Act. Defendants answered the Complaint on June 10, 2022.

22.    On May 26, 2022, Class Representatives filed a motion to approve the form and manner of notice to the Class, which the Court granted on May 27, 2022 ("Class Notice Order"). Among other things, the Court found that the proposed Class Notice met the requirements of Federal Rule of Civil Procedure 23 and due process and constituted the best notice practicable under the circumstances. Class Notice was mailed to potential Class Members beginning on June 16, 2022 and a summary notice of the pendency of the Action as a class action was published in *The Wall Street Journal* and transmitted over *PR Newswire* on June 24, 2022. Pursuant to the Court's Class Notice Order, Class Notice provided Class Members with the opportunity to request exclusion from the Class, explained that right, and set forth the procedures for doing so.[6] The deadline for submitting requests for exclusion was August 15, 2022. A total of 318 requests for exclusion from the Class were received.

23.    On September 6, 2022, Defendants moved for summary judgment with prejudice pursuant to Federal Rule of Civil Procedure 56. On the same day, Defendants filed motions to exclude the testimony of Class Representatives' experts, Dr. Tabak and S.P. Kothari. Alongside these motions, Defendants filed a Statement of Material Facts. Class Representatives opposed these motions on November 4, 2022 and filed their Response to Defendants' Statement of Material Facts and Plaintiffs' Statement of Additional Material Facts Introduced by Plaintiffs in Opposition

---

[6]    The Class Notice stated that it would be within the Court's discretion whether to permit a second opportunity to request exclusion if there was a settlement. The Class Notice also informed Class Members that if they chose to remain a member of the Class, they would "be bound by all past, present, and future orders and judgments in the Action, whether favorable or unfavorable."

to Defendants' Motion for Summary Judgment. Also on November 4, 2022, Class Representatives filed motions to exclude certain testimony of Defendants' expert, Christopher J. Russo, to exclude the testimony of Mr. Fischel, and to strike a supplemental declaration of Mr. Fischel submitted in connection with Defendants' motion for summary judgment. These motions were fully briefed.

24.    By Opinion and Order dated September 28, 2023, the Court denied Defendants' motion for summary judgment, except as to claims arising from alleged corrective disclosures between November 2017 and January 2018. By the same Opinion and Order, the Court granted in part and denied in part the Parties' respective  motions to exclude certain expert testimony and granted Class Representatives' motion to strike the supplemental declaration of Mr. Fischel.

25.    On October 12, 2023, Defendants moved for reconsideration of the Court's September 23, 2023 Opinion and Order. Class Representatives opposed the motion on October 26, 2023, and Defendants filed a reply in further support of their motion on November 2, 2023.

26.    Throughout the fall of 2023, the Parties engaged in substantial trial preparation and negotiation over the contents of pretrial submissions, holding numerous meet-and-confers. On December 20, 2023, the Parties filed a Joint Pretrial Statement, which included the Parties' witness lists, affirmative and counter deposition designations, proposed and competing jury charges and position statements, proposed and competing verdict forms and competing position statements, proposed *voir dire* and jury questionnaires, and exhibit lists (along with corresponding objections). Also on December 20, 2023, the Parties filed their respective *in limine* motions and competing motions to bifurcate the trial.

27.    Thereafter, the Parties continued to engage in substantial trial preparations, including briefing on their respective motions to bifurcate and *in limine* motions and responding and objecting to designated deposition testimony and exhibits. On January 11, 2024, the Parties filed their respective oppositions to the motions to bifurcate and motions *in limine*.

28.    By Memorandum Opinion and Order dated March 21, 2024, the Court denied Defendants' motion for reconsideration, except as to the Court's prior decision to strike Mr. Fischel's declaration, and granted Plaintiffs' motion to bifurcate trial.

29.    Trial was scheduled to commence on November 11, 2024.

30.    The Parties participated in three confidential mediation sessions before former United States District Court Judge Layn Phillips on August 11, 2022, November 2, 2023 and August 23, 2024. Prior to each mediation, the Parties exchanged and also submitted to Judge Phillips detailed mediation statements with exhibits. Although the Parties could not reach an agreement to resolve the Action during those mediations, they continued their discussions after each with Judge Phillips. On October 10, 2024, the Parties reached an agreement to resolve the Action and executed a term sheet on October 16, 2024.

31.    After additional negotiations regarding the terms of their agreement, the Parties entered into the Stipulation on November 22, 2024. The Stipulation, which sets forth the full terms and conditions of the Settlement, can be viewed at www.GeneralElectricSecuritiesLitigation.com.

32.    On _____ __, 2024, the Court preliminarily approved the Settlement, authorized notice of the Settlement to be provided to potential Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval of the Settlement.

## WHY IS THIS CASE A CLASS ACTION?

33.    In a class action, one or more persons or entities (in this case, Class Representatives) sue on behalf of persons and entities that have similar claims. Together, these persons and entities are a "class," and each is a "class member." Bringing a case, such as this one, as a class action allows the adjudication of many individuals' similar claims that might be too small to bring economically as separate actions. One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt out," from the class.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE CLASS?

34.    If you are a member of the Class, you are subject to the Settlement unless you are excluded from the Class as set forth below. The Class certified by the Court pursuant to Opinion and Order dated April 11, 2022 consists of:

**All persons or entities who purchased or acquired GE common stock between February 29, 2016 and January 23, 2018, inclusive and were damaged thereby.**

Excluded from the Class are: (a) Defendants; (b) GE's subsidiaries and affiliates; (c) any officer, director, or controlling person of GE, and members of the Immediate Families of such persons; (d) any entity in which any Defendant has a controlling interest; (e) Defendants' directors' and officers' liability insurance carriers, and any affiliates or subsidiaries thereof; and (f) the legal representatives, heirs, successors, and assigns of any such excluded party. Also excluded from the Class are any persons and entities that submitted a request for exclusion in connection with Class Notice as set forth on Appendix 1 to the Stipulation that do not opt back into the Class in accordance with the instructions set forth herein (*see* ¶ 66 below).

**PLEASE NOTE: Receipt of this Notice or the Postcard Notice does not mean that you are a Class Member or that you will be entitled to a payment from the Settlement. If you are a Class Member and you wish to be eligible to receive a payment from the Settlement, you are required to submit a Claim Form and the required supporting documentation as set forth in the Claim Form postmarked (if mailed), or online via the case website, www.GeneralElectricSecuritiesLitigation.com, no later than _____ __, 2025.**

## WHAT ARE CLASS REPRESENTATIVES' REASONS FOR THE SETTLEMENT?

35.    The Settlement is the result of nearly seven years of hard-fought litigation and extensive, arm's-length negotiations by the Parties and was reached just before a trial of the Action

was set to commence. Class Representatives believe that the claims asserted against Defendants have merit; however, they recognized the substantial risks they faced in successfully obtaining a favorable verdict for the Class at trial and through the likely appeals that would follow.

36.    In particular, Class Representatives recognized that Defendants had significant defenses to their claims which they would continue to aggressively assert at trial. For example, Defendants asserted that the statements at issue in the Action were not false at the time they were made and that Class Representatives would be unable to establish that Defendants did not legitimately believe the truth of such statements. Relatedly, Defendants contended that they did not act with the required intent, or "scienter." Class Representatives also faced challenges with respect to establishing that the stock price decline was attributable to the alleged false statements sustained by the Court and not caused by other industry factors (i.e., market downturn), and thus the actual damages a jury might award.

37.    Moreover, taking a case such as this one to trial would be challenging. Here, the theory of this case was extremely complicated and it would have been challenging to present a simple story to a jury. Further, the case involved GE's factoring of long-term receivables. Factoring generally is a legitimate business practice used by many companies and there was a real risk that jurors would focus on the common use of factoring instead of the specific ways in which GE was factoring and the accuracy of GE's disclosures. Had the jury accepted any of Defendants' arguments or viewed the facts in favor of Defendants in whole or in part, Class Representatives' ability to obtain a recovery for the Class could have been reduced or eliminated. Further, even if completely or partly successful at trial, Class Representatives would still have to prevail on the appeals that would likely follow. Thus, there were significant risks attendant to the continued prosecution of the Action, including the risk of zero recovery.

38.    In light of these risks, the Settlement Amount, and the near-term recovery to the Class, Class Representatives and Class Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class. Class Representatives and Class Counsel believe that the Settlement provides a favorable result for the Class, namely $362,500,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no, recovery after trial, and appeals, possibly years in the future.

39.    Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants have agreed to the Settlement to eliminate the burden and expense of continued litigation, and the Settlement may not be construed as an admission of any wrongdoing by Defendants in this or any other action or proceeding.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

40.    If there were no Settlement and Class Representatives failed to establish any essential element of their claims against Defendants at trial, neither Class Representatives nor the other members of the Class would recover anything from Defendants. Also, if Defendants were

successful in proving any of their defenses at trial, or on appeal, the Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

| HOW ARE CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT? |
|---|

41.     As a Class Member, you are represented by Class Representatives and Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

42.     If you previously excluded yourself from the Class in connection with Class Notice and wish to opt back into the Class to be eligible to receive a payment from the Settlement, you must request to opt back into the Class by following the instructions in the section below entitled, "How Do I Opt Back Into The Class?" on page [_].

43.     If you are a Class Member and you wish to object to the Settlement, the Plan of Allocation, or Class Counsel's request for attorneys' fees and Litigation Expenses, you may present your objections by following the instructions in the section below entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" on page [_].

44.     If you are a Class Member you will be bound by any orders issued by the Court in the Action. If the Settlement is approved, the Court will enter a judgment ("Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Class Representatives and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 45 below) (including, within limitation, Unknown Claims (as defined in ¶ 47 below) against Defendants and the other Defendants' Releasees (as defined in ¶ 46 below), and shall forever be barred and enjoined from prosecuting any and all of the Released Plaintiffs' Claims directly or indirectly against any of the Defendants and the other Defendants' Releasees.

45.     "Released Plaintiffs' Claims" means all claims, demands, losses, rights, and causes of action of any nature whatsoever, that have been or could have been asserted in this action or could in the future be asserted in any forum, whether foreign or domestic, whether arising under federal, state, common, or foreign law, by the Class Representatives or their related parties, or any member of the Class and their related parties, which (a) arise out of, are based upon, or relate to in any way any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to, in this action, or which could have been alleged in this action, and (b) arise out of, are based upon, or relate to in any way the purchase or acquisition of GE common stock during the class period alleged in the Sixth Amended Complaint filed on May 13, 2022 (ECF No. 327) (i.e., February 27, 2013 through January 23, 2018, inclusive). Notwithstanding the aforementioned, the claims asserted derivatively on behalf of GE in *Burden v. General Electric Co.*, No. 652991/2021 (N.Y. Sup. Ct., N.Y. Cty.) and *In re General Electric Co. Derivative Litigation*, No. 655528/2020 (N.Y. Sup. Ct., N.Y. Cty.)

are explicitly excluded from release. The release also excludes (i) any claims relating to the enforcement of the Settlement; and (ii) any claims of the persons and entities who requested exclusion from the Class pursuant to the Class Notice, unless such persons and entities choose to opt back into the Class as directed in this Notice.

46.    "Defendants' Releasees" means Defendants and any and all of their current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, divisions, investment funds, joint ventures, and general or limited partnerships, and each of their respective current or former officers, directors, partners, trustees, trusts, members, contractors, auditors, principals, agents, managing agents, employees, insurers, reinsurers, and attorneys, in their capacities as such, as well as each of the individual Defendant's Immediate Family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors, and assigns.

47.    "Unknown Claims" means any Released Plaintiffs' Claims which either Class Representative or any other Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have materially affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Class Representatives and Defendants shall expressly waive, and each of the other Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Class Representatives or other Class Members may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims, but Class Representatives and each Class Member shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment have settled and released, fully, finally, and forever, any and all Released Plaintiffs' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Class Representatives and Defendants acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

48.    The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally,

and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in ¶ 49 below) (including, without limitation, Unknown Claims) against Class Representatives and the other Plaintiffs' Releasees (as defined in ¶ 50 below), and shall forever be barred and enjoined from prosecuting any and all of the Released Defendants' Claims directly or indirectly against any of the Plaintiffs' Releasees. This Release shall not apply to any person or entity who previously submitted a request for exclusion from the Class in connection with Class Notice as set forth on Appendix 1 to the Stipulation and does not opt back into the Class as directed in this Notice.

49.     "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants. "Released Defendants' Claims" do not include any claims relating to the enforcement of the Settlement.

50.     "Plaintiffs' Releasees" means Class Representatives and all other Class Members, and any and all of their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, divisions, investment funds, joint ventures, and general or limited partnerships, and each of their respective current or former officers, directors, partners, trustees, trusts, members, contractors, auditors, principals, agents, managing agents, employees, insurers, reinsurers, and attorneys, in their capacities as such, as well as each of the Class Members' Immediate Family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors, and assigns.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?<br>WHAT DO I NEED TO DO?

51.     To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Class and you must timely complete and return the Claim Form with adequate supporting documentation *postmarked (if mailed), or submitted online at the case website, www.GeneralElectricSecuritiesLitigation.com, no later than _____ __, 2025*. You can obtain a copy of the Claim Form on the website, www.GeneralElectricSecuritiesLitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-844-202-9485, or by sending an email to info@GeneralElectricSecuritiesLitigation.com. **Please retain all records of your ownership of and transactions in GE common stock, as they may be needed to document your Claim.** If you previously excluded yourself from the Class in connection with Class Notice and do not opt back into the Class pursuant to the instructions set forth below at ¶ 66, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

52.     At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement.

53.     Pursuant to the Settlement, Defendants shall pay or cause to be paid a total of $362,500,000 in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed to Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

54.     Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to the Plan of Allocation set forth in Appendix A, or another plan of allocation, will not affect the Settlement, if approved.

55.     Once the Court's order or judgment approving the Settlement becomes Final and the Effective Date has occurred, no Defendant, Defendants' Releasee, or any other person or entity who or which paid any portion of the Settlement Amount on Defendants' behalf are entitled to get back any portion of the Settlement Fund. Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

56.     Unless the Court otherwise orders, any Class Member who fails to submit a Claim Form postmarked or received on or before _____ __, 2025 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the Releases given.

57.     Participants in and beneficiaries of any employee retirement and/or benefit plan covered by the Employee Retirement Income Security Act of 1974 ("Employee Plan") should NOT include any information relating to GE common stock purchased/acquired/sold through an Employee Plan in any Claim Form they submit in this Action. They should include ONLY those eligible GE common stock purchased/acquired/sold during the Class Period outside of an Employee Plan. Claims based on any Employee Plan(s)' purchases/acquisitions/sales of eligible GE common stock during the Class Period may be made by the Employee Plan(s)' trustees.

58.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

59.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim.

60.     Only Class Members, *i.e.*, persons or entities who purchased or acquired GE common stock during the Class Period and were damaged as a result of such purchases, acquisitions and/or sales, will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Class by definition or previously requested to

exclude themselves from the Class pursuant to Class Notice and did not submit a request to opt back into the Class in accordance with the instructions set forth in this Notice will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

61.     **Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Class Representatives and Class Counsel. At the Settlement Hearing, Class Counsel will request the Court approve the Plan of Allocation. The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Class.**

<div style="border:1px solid black;text-align:center;font-weight:bold">

**WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?**

</div>

62.     Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Class, nor have they been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Class Counsel and Liaison Counsel will apply to the Court for an award of attorneys' fees to Class Counsel, Liaison Counsel and additional counsel Labaton (*see* footnote 2 above) in an amount not to exceed 25% of the Settlement Fund. At the same time, Class Counsel and Liaison Counsel also intend to apply for payment of Litigation Expenses in an amount not to exceed $10 million, which amount may include a request for reimbursement of the reasonable costs incurred by Class Representatives directly related to their representation of the Class in accordance with 15 U.S.C. § 78u-4(a)(4).

63.     Class Counsel's motion for attorneys' fees and Litigation Expenses will be filed by _____ __, 2025. A copy of Class Counsel's motion will be available for review at www.GeneralElectricSecuritiesLitigation.com once it is filed. The Court will determine the amount of any award of attorneys' fees or Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. ***Class Members are not personally liable for any such fees or expenses.***

<div style="border:1px solid black;text-align:center;font-weight:bold">

**WHAT IF I PREVIOUSLY REQUESTED EXCLUSION FROM THE CLASS AND NOW WANT TO BE ELIGIBLE TO RECEIVE A PAYMENT FROM THE SETTLEMENT? HOW DO I OPT BACK INTO THE CLASS?**

</div>

64.     If you previously submitted a request for exclusion from the Class in connection with Class Notice (*see* Appendix 1 to the Stipulation), you may elect to opt back into the Class and be eligible to receive a payment from the Settlement.

65.     If you believe that you previously submitted a request for exclusion but your name does not appear on Appendix 1 to the Stipulation, you can contact the Claims Administrator, JND, at 1-844-202-9485 for assistance.

66.     In order to opt back into the Class, you, individually or through counsel, must submit a written request to opt back into the Class to JND, addressed as follows: *General Electric Securities Litigation*, c/o JND Legal Administration, P.O. Box 91449, Seattle, WA 98111. This

request must be ***received no later than _____ __, 2025***. Your request to opt back into the Class must: (a) state the name, address and telephone number of the person or entity requesting to opt back into the Class; (b) state that such person or entity "requests to opt back into the Class in the *Sjunde AP-Fonden, et al. v. General Electric Co., et al.*, Case No. 17 Civ 8457 (JMF) (GWG) (S.D.N.Y.)"; and (c) be signed by the person or entity requesting to opt back into the Class or an authorized representative.

67.     You may not opt back into the Class for the purpose of objecting to any aspect of the proposed Settlement, proposed Plan of Allocation, and/or Class Counsel's request for attorneys' fees and Litigation Expenses.

68.     **PLEASE NOTE:  OPTING BACK INTO THE CLASS IN ACCORDANCE WITH THE REQUIREMENTS SET FORTH ABOVE DOES NOT MEAN THAT YOU WILL AUTOMATICALLY BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU OPT BACK INTO THE CLASS AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE ALSO REQUIRED TO SUBMIT A CLAIM AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED (OR RECEVED) NO LATER THAN _____ __, 2025.**

| **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?  MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?** |
| --- |

69.     **Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.**

70.     <u>**Please Note**</u>: The date and time of the Settlement Hearing may change without further written notice to the Class. In addition, the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by video or phone, without further written notice to the Class. **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Class Members must or may participate by phone or video, it is important that you check the Court's docket and the case website, <u>www.GeneralElectricSecuritiesLitigation.com</u>, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to <u>www.GeneralElectricSecuritiesLitigation.com</u>. If the Court requires or allows Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the telephone or video conference will be posted to <u>www.GeneralElectricSecuritiesLitigation.com</u>.**

71.     The Settlement Hearing will be held on _____ __, 2025 at __:__ _.m, before the Honorable Jesse M. Furman, United States District Judge for the Southern District of New York, either in person in Courtroom 1105 of the Thurgood Marshall United States Courthouse, 40

Foley Square, New York, NY 10007, or by telephone or videoconference (in the discretion of the Court). The Court reserves the right to approve the Settlement, the Plan of Allocation, Class Counsel's request for attorneys' fees and Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to members of the Class.

72.     Any Class Member may object to the Settlement, the Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below, as well as serve copies on Class Counsel and Defendants' Counsel at the addresses set forth below *on or before _____ __, 2025*.

| **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|:---:|:---:|:---:|
| United States District Court Southern District of New York Thurgood Marshall United States Courthouse 40 Foley Square New York, NY 10007 | Sharan Nirmul, Esq. Kessler Topaz Meltzer & Check, LLP 280 King of Prussia Road Radnor, PA 19087 | Sean M. Berkowitz, Esq. Latham & Watkins LLP 330 North Wabash Avenue Suite 2800 Chicago, IL 60611 |

73.     Any objection, filings, and other submissions by the objecting Class Member must include: (1) the name of this proceeding, *Sjunde AP-Fonden, et al. v. General Electric Co., et al.*, Case No. 17 Civ 8457 (JMF) (GWG) (S.D.N.Y.); (2) the objector's full name, current address, and telephone number; (3) the objector's signature; (4) a statement providing the specific reasons for the objection, including a detailed statement of the specific legal and factual basis for each and every objection and whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; and (5) documents sufficient to prove membership in the Class, including documents showing the number of shares of GE common stock that the objecting Class Member (A) held as of the opening of trading on February 26, 2016 and (B) purchased/acquired and/or sold during the Class Period, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale. The objecting Class Member shall provide documentation establishing membership in the Class through copies of brokerage confirmation slips or brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a brokerage confirmation slip or account statement.

74.     **You may not object to the Settlement, Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses if you are excluded from the Class (including if you excluded yourself by request in connection with Class Notice, are listed in Appendix 1 to the Stipulation, and did not opt back into the Class in accordance with the instructions set forth in this Notice).**[7]

---

[7]     As this Class was previously certified and, in connection therewith, Class Members had the opportunity to exclude themselves from the Class, the Court has exercised its discretion not to allow a second opportunity for exclusion in connection with the settlement proceedings.

75.    You may submit an objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless (1) you first submit a written objection in accordance with the procedures described above, (2) you first submit your notice of appearance in accordance with the procedures described below, or (3) the Court orders otherwise.

76.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses, and if you timely submit a written objection as described above, you must also file a notice of appearance with the Clerk's Office. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

77.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court at the address set forth in ¶ 72 above so that the notice is **received** on or before **_____ __, 2025**.

78.    **Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

---

### WHAT IF I BOUGHT GE COMMON STOCK ON SOMEONE ELSE'S BEHALF?

---

79.    **Please Note: If you previously provided the names and addresses of persons and entities on whose behalf you purchased or acquired GE common stock between February 29, 2016 and January 23, 2018, inclusive, in connection with Class Notice, and (i) those names and addresses remain current and (ii) you have no additional names and addresses for potential Class Members to provide to the Claims Administrator, *you need do nothing further at this time*. The Claims Administrator will mail a Postcard Notice to the beneficial owners whose names and addresses were previously provided in connection with the Class Notice.** If you elected to mail the Class Notice directly to beneficial owners, you were advised that you must retain the mailing records for use in connection with any further notices that may be provided in the Action. If you elected this option, the Claims Administrator will forward the same number of Postcard Notices to you to send to the beneficial owners. If you require more copies of the Postcard Notice than you previously requested in connection with the Class Notice mailing, please contact the Claims Administrator, JND, toll free at 1-844-202-9485 or by email at info@GeneralElectricSecuritiesLitigation.com, and let them know how many additional packets you require. You must mail the Postcard Notice to the beneficial owners within seven (7) calendar days of your receipt of the Postcard Notices.

80.    If you have not already provided the names and addresses for persons and entities on whose behalf you purchased or acquired GE common stock between February 29, 2016 and January 23, 2018, inclusive in connection with Class Notice, then the Court has ordered that you must, WITHIN SEVEN (7) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE, either: (i) send the Postcard Notice to all beneficial owners of such GE common stock, or (ii) send a list of the names and addresses of such beneficial owners to the Claims Administrator at *General Electric Securities Litigation*, c/o JND Legal Administration, P.O. Box 91449, Seattle, WA 98111, in which event the Claims Administrator shall promptly mail the Postcard Notice to such beneficial owners. **AS STATED ABOVE, IF YOU HAVE ALREADY PROVIDED THIS INFORMATION IN CONNECTION WITH CLASS NOTICE, UNLESS THAT INFORMATION HAS CHANGED (*E.G.*, BENEFICIAL OWNER HAS CHANGED ADDRESS), IT IS UNNECESSARY TO PROVIDE SUCH INFORMATION AGAIN.**

81.    Upon full and timely compliance with these directions, nominees who mail the Postcard Notice to beneficial owners may seek reimbursement of their reasonable expenses actually incurred by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Reasonable expenses shall not exceed $0.10 per mailing record provided to the Claims Administrator; $0.50 per Postcard Notice actually mailed, which amount includes postage; and $0.10 per Postcard Notice sent via email. Such properly documented expenses incurred by nominees in compliance with these directions shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

82.    Copies of the Notice and the Claim Form may be obtained from the case website, www.GeneralElectricSecuritiesLitigation.com, by calling the Claims Administrator toll-free at 1-844-202-9485, or by sending an email to info@GeneralElectricSecuritiesLitigation.com.

| CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS? |
|:---:|

83.    This Notice contains only a summary of the terms of the Settlement. For the terms and conditions of the Settlement, please see the Stipulation available at www.GeneralElectricSecuritiesLitigation.com. More detailed information about the matters involved in this Action can be obtained by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.sdny.uscourts.gov, or by visiting, during regular office hours, the Office of the Clerk, United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007. Additionally, copies of any related orders entered by the Court and certain other filings in this Action will be posted on the website www.GeneralElectricSecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

*General Electric Securities Litigation*
c/o JND Legal Administration

P.O. Box 91449
Seattle, WA 98111

1-844-202-9485

info@GeneralElectricSecuritiesLitigation.com
www.GeneralElectricSecuritiesLitigation.com

and/or

Kessler Topaz Meltzer & Check, LLP
Sharan Nirmul, Esq.
Richard A. Russo, Jr., Esq.
Joshua A. Materese, Esq.
280 King of Prussia Road
Radnor, PA 19087
1-610-667-7706

info@ktmc.com

**PLEASE DO NOT CALL OR WRITE THE COURT, THE CLERK'S OFFICE,
DEFENDANTS, OR DEFENDANTS' COUNSEL
REGARDING THIS NOTICE.**

Dated: _____ __, 2025                          By Order of the Court
                                                    United States District Court
                                                    Southern District of New York

## APPENDIX A

### Proposed Plan of Allocation of Net Settlement Fund
### Among Authorized Claimants

The Plan of Allocation set forth herein is the plan that is being proposed to the Court for approval by Class Representatives after consultation with their damages expert. The Court may approve the Plan of Allocation with or without modification, or approve another plan of allocation, without further notice to the Class. Any Orders regarding a modification of the Plan of Allocation will be posted on the website www.GeneralElectricSecuritiesLitigation.com. Defendants have had, and will have, no involvement or responsibility for the terms or application of the Plan of Allocation.

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among those Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

In developing the Plan of Allocation, Class Representatives' damages expert calculated the estimated amount of alleged artificial inflation in the per-share closing price of GE common stock that allegedly was proximately caused by Defendants' alleged materially false and misleading statements and omissions during the Class Period. In calculating the estimated alleged artificial inflation allegedly caused by those alleged misrepresentations and omissions, Class Representatives' damages expert considered price changes in GE common stock in reaction to certain public disclosures allegedly revealing the truth concerning Defendants' alleged misrepresentations and omissions, adjusting for price changes on those days that were attributable to market and/or industry forces. The estimated alleged artificial inflation in the price of GE common stock for each day of the Class Period is provided in **Table 1** below.

In order to have recoverable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the security. Accordingly, to have a "Recognized Loss Amount" pursuant to the Plan of Allocation, GE common stock must have been purchased or acquired during the Class Period (*i.e.*, the period between February 29, 2016 and January 23, 2018, inclusive) and **held through at least one** of the dates when the disclosure of alleged corrective information partially removed the alleged artificial inflation from the price of GE common stock. Class Representatives allege that artificial inflation was partially removed from the price of GE common stock on the following six dates: April 21,

2017; July 21, 2017; October 20, 2017; November 13, 2017; January 16, 2018; and January 24, 2018 (collectively, "Corrective Disclosure Impact Dates").[8]

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

1.    For purposes of determining whether a Claimant has a "Recognized Claim," purchases, acquisitions, and sales of GE common stock will first be matched on a "First In, First Out" ("FIFO") basis as set forth in ¶ 8 below.

2.    A "Recognized Loss Amount" will be calculated as set forth below for each share of GE common stock purchased or acquired between February 29, 2016 and January 23, 2018, inclusive, that is listed in the Claim Form and for which adequate documentation is provided. To the extent that the calculation of a Recognized Loss Amount results in a negative number, that number shall be set to $0. The sum of a Claimant's Recognized Loss Amounts will be the Claimant's "Recognized Claim."

3.    In the calculations below, all purchase, acquisition, and sale prices shall exclude any fees, taxes and commissions. Any transactions in GE common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

4.    For each share of GE common stock purchased or acquired between February 29, 2016 and January 23, 2018, inclusive, and sold on or before April 23, 2018,[9] an "Out of Pocket Loss" will be calculated. Out of Pocket Loss is defined as the per-share purchase/acquisition price *minus* the per-share sale price. As set forth below, the Recognized Loss Amount shall not exceed the Out of Pocket Loss for such shares.

5.    **PLEASE NOTE**: In its Opinion and Order dated September 28, 2023, the Court denied Defendants' motion for summary judgment, except as to claims arising from alleged corrective disclosures between November 2017 and January 2018. Accordingly, the estimated alleged artificial inflation for this dismissed period – *i.e.*, November 13, 2017 through January 23,

---

[8]    The Class Period ends on Tuesday, January 23, 2018. The last disclosure of alleged corrective information occurred prior to market open on January 24, 2018.

[9]    Thursday, April 23, 2018 represents the last day of the 90-day period beginning on Wednesday, January 24, 2018, which is the first trading date after the end of the Class Period (the "90-Day Look-Back Period"). The Private Securities Litigation Reform Act of 1995 imposes a statutory limitation on recoverable damages using the 90-Day Look-Back Period. This limitation is incorporated into the calculation of a Class Member's Recognized Loss Amount. Specifically, a Class Member's Recognized Loss Amount cannot exceed the difference between the purchase price paid for the GE common stock and the average price of GE common stock during the 90-Day Look-Back Period, if the share was held through April 23, 2018, the end of this period. A Class Member's Recognized Loss Amount on GE common stock sold during the 90-Day Look-Back Period cannot exceed the difference between the purchase price paid for GE common stock and the average price of GE common stock during the portion of the 90-Day Look-Back Period elapsed as of the date of sale (the "90-Day Look-Back Value"), as set forth in **Table 2** below.

2018, inclusive, has been reduced by 90% in **Table 1** below to account for the unlikelihood of prevailing on appeal for the dismissed period.

6.    A Claimant's Recognized Loss Amount per share of GE common stock purchased or acquired during the Class Period (*i.e.*, between February 29, 2016 and January 23, 2018, inclusive) will be calculated as follows:

    A.    For each share of GE common stock purchased or acquired during the Class Period and sold prior to Friday, April 21, 2017 (*i.e.*, the earliest Corrective Disclosure Impact Date), the Recognized Loss Amount is $0.

    B.    For each share of GE common stock purchased or acquired during the Class Period and subsequently sold from Friday, April 21, 2017 through Tuesday, January 23, 2018, inclusive, the Recognized Loss Amount shall be ***the lesser of***:

        i.    the amount of artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below ***minus*** the amount of artificial inflation applicable to each such share on the date of sale as set forth in **Table 1** below; or

        ii.    the Out of Pocket Loss.

    C.    For each share of GE common stock purchased or acquired during the Class Period and subsequently sold from Wednesday January 24, 2018 through Monday, April 23, 2018, inclusive, (*i.e.*, sold during the 90-Day Look-Back Period), the Recognized Loss Amount shall be ***the least of***:

        i.    the amount of artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below;

        ii.    the actual purchase/acquisition price per share ***minus*** the 90-Day Look-Back Value on the date of sale as set forth in **Table 2** below; or

        iii.    the Out of Pocket Loss.

    D.    For each share of GE common stock purchased or acquired during the Class Period and held as of the close of trading on Monday, April 23, 2018, the Recognized Loss Amount shall be ***the lesser of***:

        i.    the amount of artificial inflation applicable to each such share on the date of purchase/acquisition as stated in **Table 1** below; or

        ii.    the actual purchase/acquisition price ***minus*** **$14.36** (*i.e.*, the average closing price of GE common stock during the 90-Day Look-Back Period, as shown on the last line of **Table 2** below).

## ADDITIONAL PROVISIONS

7.    The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (as defined in ¶ 12 below) is $10.00 or greater.

8.    **FIFO Matching:** If a Class Member has more than one purchase/acquisition or sale of GE common stock during the Class Period, all purchases/acquisitions and sales shall be matched on a FIFO basis. Class Period sales will be matched first against any holdings of GE common stock at the beginning of the Class Period, and then against purchases/acquisitions of GE common stock in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

9.    **Purchase/Acquisition and Sale Dates:** Purchases/acquisitions and sales of GE common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of GE common stock during the Class Period, shall not be deemed a purchase, acquisition, or sale of these shares of GE common stock for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such shares of GE common stock unless: (i) the donor or decedent purchased or otherwise acquired such shares of GE common stock during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of GE common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

10.    **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the GE common stock. The date of a "short sale" is deemed to be the date of sale of the GE common stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is $0.00. In the event that a Claimant has a short position in GE common stock, the earliest purchases or acquisitions during the Class Period shall be matched against such short position and not be entitled to a recovery until that short position is fully covered.

11.    **Common Stock Purchased/Sold Through the Exercise of Options:** GE common stock is the only security eligible for recovery under the Plan of Allocation. Option contracts to purchase or sell GE common stock are not securities eligible to participate in the Settlement. With respect to GE common stock purchased or sold through the exercise of an option, the purchase/sale date of the GE common stock shall be the exercise date of the option and the purchase/sale price shall be the closing price of GE common stock on the date of the exercise of the option. Any Recognized Loss Amount arising from purchases of GE common stock acquired during the Class Period through the exercise of an option on GE common stock[10] shall be computed as provided for other purchases of GE common stock in the Plan of Allocation.

---

[10]    This includes (1) purchases of GE common stock as the result of the exercise of a call option, and (2) purchases of GE common stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

12.     **Determination of Distribution Amount:** The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their losses. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be: the Authorized Claimant's Recognized Claim (calculated pursuant to this Plan of Allocation) divided by the total Recognized Claims (calculated pursuant to this Plan of Allocation) of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

13.     **Re-Distributions:** After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, no less than nine (9) months after the initial distribution, if Class Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions may occur thereafter if Class Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Class Counsel and approved by the Court.

14.     Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Class Representatives, Plaintiffs' Counsel, Class Representatives' damages expert, Defendants, Defendants' Counsel, any of the other Releasees, or the Claims Administrator or other agent designated by Class Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation, or other plan of allocation approved by the Court, or further orders of the Court. Class Representatives, Defendants and their respective counsel, and all other Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan of Allocation; the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes owed by the Settlement Fund; or any losses incurred in connection therewith.

| TABLE 1 Estimated Alleged Artificial Inflation in GE Common Stock | | |
|---|---|---|
| **From** | **To** | **Inflation Per Share** |
| Monday, February 29, 2016 | Thursday, April 20, 2017 | $2.22 |
| Friday, April 21, 2017 | Thursday, July 20, 2017 | $1.51 |

| | | |
|---|---|---|
| Friday, July 21, 2017 | Thursday, October 19, 2017 | $0.63 |
| Friday, October 20, 2017 | Friday, November 10, 2017 | $0.53 |
| Monday, November 13, 2017 | Friday, January 12, 2018 | $0.32 |
| Tuesday, January 16, 2018 | Tuesday, January 23, 2018 | $0.07 |
| Wednesday, January 24, 2018 | Thereafter | $0.00 |

| TABLE 2 GE Common Stock 90-Day Look-Back Value by Sale/Disposition Date | |
|---|---|
| Sale Date | 90-Day Look-Back Value |
| Wednesday, January 24, 2018 | $16.44 |
| Thursday, January 25, 2018 | $16.31 |
| Friday, January 26, 2018 | $16.25 |
| Monday, January 29, 2018 | $16.26 |
| Tuesday, January 30, 2018 | $16.20 |
| Wednesday, January 31, 2018 | $16.19 |
| Thursday, February 1, 2018 | $16.17 |
| Friday, February 2, 2018 | $16.10 |
| Monday, February 5, 2018 | $15.97 |
| Tuesday, February 6, 2018 | $15.90 |
| Wednesday, February 7, 2018 | $15.84 |
| Thursday, February 8, 2018 | $15.72 |
| Friday, February 9, 2018 | $15.66 |
| Monday, February 12, 2018 | $15.60 |
| Tuesday, February 13, 2018 | $15.54 |
| Wednesday, February 14, 2018 | $15.50 |
| Thursday, February 15, 2018 | $15.46 |
| Friday, February 16, 2018 | $15.44 |
| Tuesday, February 20, 2018 | $15.40 |
| Wednesday, February 21, 2018 | $15.36 |
| Thursday, February 22, 2018 | $15.32 |
| Friday, February 23, 2018 | $15.28 |
| Monday, February 26, 2018 | $15.26 |
| Tuesday, February 27, 2018 | $15.23 |
| Wednesday, February 28, 2018 | $15.18 |
| Thursday, March 1, 2018 | $15.14 |
| Friday, March 2, 2018 | $15.10 |
| Monday, March 5, 2018 | $15.07 |
| Tuesday, March 6, 2018 | $15.06 |
| Wednesday, March 7, 2018 | $15.04 |
| Thursday, March 8, 2018 | $15.02 |
| Friday, March 9, 2018 | $15.02 |

| | |
|---|---|
| Monday, March 12, 2018 | $15.02 |
| Tuesday, March 13, 2018 | $15.01 |
| Wednesday, March 14, 2018 | $14.99 |
| Thursday, March 15, 2018 | $14.97 |
| Friday, March 16, 2018 | $14.95 |
| Monday, March 19, 2018 | $14.93 |
| Tuesday, March 20, 2018 | $14.89 |
| Wednesday, March 21, 2018 | $14.87 |
| Thursday, March 22, 2018 | $14.83 |
| Friday, March 23, 2018 | $14.79 |
| Monday, March 26, 2018 | $14.75 |
| Tuesday, March 27, 2018 | $14.72 |
| Wednesday, March 28, 2018 | $14.69 |
| Thursday, March 29, 2018 | $14.67 |
| Monday, April 2, 2018 | $14.63 |
| Tuesday, April 3, 2018 | $14.60 |
| Wednesday, April 4, 2018 | $14.58 |
| Thursday, April 5, 2018 | $14.55 |
| Friday, April 6, 2018 | $14.52 |
| Monday, April 9, 2018 | $14.49 |
| Tuesday, April 10, 2018 | $14.46 |
| Wednesday, April 11, 2018 | $14.44 |
| Thursday, April 12, 2018 | $14.41 |
| Friday, April 13, 2018 | $14.40 |
| Monday, April 16, 2018 | $14.38 |
| Tuesday, April 17, 2018 | $14.37 |
| Wednesday, April 18, 2018 | $14.36 |
| Thursday, April 19, 2018 | $14.35 |
| Friday, April 20, 2018 | $14.35 |
| Monday, April 23, 2018 | $14.36 |