UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
SJUNDE AP-FONDEN et al.,                                               :
:
                        Plaintiffs,                       :
:    17-CV-8457 (JMF)
          -v-                                                      :
:    MEMORANDUM OPINION
GENERAL ELECTRIC COMPANY et al.,                                       :    AND ORDER
:
                        Defendants.                       :
:
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        On November 25, 2024, Class Representatives Sjunde AP-Fonden and the Cleveland Bakers and Teamsters Pension Fund moved for preliminary approval of the parties' proposed $362.5 million settlement in this long-pending securities fraud case, familiarity with which is assumed. *See* ECF Nos. 474, 475 ("Pls.' Mem."). Intervenors Kevin Mahar and Mitchell West, the named plaintiffs in a class action pending in New York State court against General Electric Company ("GE"), former GE executive Jeffrey Bornstein, other former GE employees, and KPMG LLP, oppose preliminary approval. *See* ECF No. 481 ("Intervenors' Opp'n"). The Court previously denied Intervenors' request to carve their state-court claims out of the class definition as premature. *See* ECF No. 314, at 9. Reasserting their request for a carve-out, Intervenors now oppose preliminary approval on grounds that (1) the proposed settlement neither treats all class members equitably nor provides adequate relief; and (2) a second opt-out period is warranted. *See* Intervenors' Opp'n 10-21. For the reasons described below, the Court disagrees and concludes that preliminary approval is appropriate.

        Under Rule 23(e) of the Federal Rules of Civil Procedure, any class action settlement requires judicial approval, which occurs in two stages: "(1) preliminary approval, where prior to

notice to the class a court makes a preliminary evaluation of fairness, and (2) final approval, where notice of a hearing is given to class members, and class members and settling parties are provided the opportunity to be heard on the question of final court approval." *In re GSE Bonds Antitrust Litig.*, 414 F. Supp. 3d 686, 691-92 (S.D.N.Y. 2019) (cleaned up).  In determining whether a settlement warrants preliminary approval, a district court considers whether it "*will likely be able to*" approve the settlement under Rule 23(e)(2), *id.* at 692 — that is, whether it will likely find that the settlement is "fair, reasonable, and adequate," Fed. R. Civ. P. 23(e)(2). Factors relevant to that analysis include "(1) adequacy of representation, (2) existence of arm's-length negotiations, (3) adequacy of relief, and (4) equitableness of treatment of class members," as well as the nine "factors set out in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974)." *GSE Bonds Antitrust Litig.*, 414 F. Supp. 3d at 692; *see id.* ("The Advisory Committee Notes to the 2018 amendments [to Rule 23] indicate that the four new Rule 23 factors were intended to supplement rather than displace these '*Grinnell*' factors.").

In this case, the Court concludes that Intervenors' objections as to the equity and adequacy of the proposed settlement pose no obstacle to preliminary approval.  At bottom, the objections are premised on the contention that the settlement terms are "unjustifiably broad." Intervenors' Opp'n 16.  Intervenors note, for instance, that the released claims in the settlement agreement "cover[] claims going back to 2013, three years before the certified class begins simply by virtue of participating in the proposed settlement," "claims for purchases made through the GE Direct Plan before February 29, 2016," and "claims by the Plan purchasers for purchases after November 11, 2017." *Id.* at 13.[1]  In particular, Intervenors object to the fact that

---

[1]    It bears noting that Intervenors' description of the released claims is imprecise.  As Plaintiffs point out, "[a]nyone that is not a Class Member . . . is not affected by the Settlement and that includes claims pre-dating February 29, 2016."  ECF No. 482 ("Pls.' Reply"), at 6.

2

"the proposed Settlement would release claims asserted in the State Court Action," *id.* at 10, while failing to "take into account the value of [those] claims," *id.* at 14.

But these objections are no obstacle to preliminary approval. For one thing, "[n]o representation was ever made that the dates bounding the Class Period would correspond to any release, or to anything other than the definition of the Class." *In re Worldcom, Inc. Sec. Litig.*, No. 02-CV-3288 (DLC), 2005 WL 2319118, at *18 (S.D.N.Y. Sept. 21, 2005); *see also id.* at *19 ("There is obviously no legal requirement that a notice of the pendency of a class action include a description of a release that may someday be negotiated to resolve claims brought in the class action."). And, as Plaintiffs rightly observe, "[c]lass action settlements routinely provide for releases broader than the class definition and the claims being actively litigated in the case at the time of resolution." Pls.' Reply 6 (citing *Wal-Mart Stores, Inc. v. Visa, U.S.A., Inc.*, 396 F.3d 96, 113 (2d Cir. 2005)). Indeed, "in order to achieve a comprehensive settlement that would prevent relitigation of settled questions at the core of a class action, a court may permit the release of a claim based on the identical factual predicate as that underlying the claims in the settled class action even though the claim was not presented and might not have been presentable in the class action." *In re WorldCom, Inc. Sec. Litig.*, 2004 WL 2591402, at *12 (S.D.N.Y. Nov. 12, 2004) (emphasis omitted). Just so here. Although Intervenors' state-court claims differ in some respects from the claims presented in the instant action, even Intervenors concede that "there is factual overlap between the two cases." Intervenors' Opp'n 17; *see also* ECF No. 483 ("Defs.' Reply"), at 3 (noting that "Mahar and West's Securities Act claims rehash the same alleged conduct and alleged harm that Plaintiffs have raised in the Federal Action"). And contrary to Intervenors' objections, the Court concludes — substantially for the reasons set forth in Plaintiffs' memorandum of law, *see* Pls.' Mem. 15-19 — that, at least for purposes of

3

preliminary approval, the proposed settlement likely provides adequate relief and treats class members equitably relative to each other.[2]  Of course, Intervenors are at liberty to lodge formal objections in connection with a future motion for final approval of the settlement.

In the alternative, Intervenors request a second opt-out period on grounds that "[t]he Notice of Pendency given to the certified class did not adequately warn of the consequences of not opting out of the class to potential State Court Action class members." Opp'n 19.  Here too, the Court disagrees.  "The decision whether to approve a settlement that does not allow a new opportunity to elect exclusion is confided to the court's discretion." *Denney v. Deutsche Bank AG*, 443 F.3d 253, 271 (2d Cir. 2006).  In this case, the Notice of Pendency expressly advised class members choosing to remain in the class that they would "be bound by all past, present, and future orders and judgments in the Action, whether favorable or unfavorable" and that they "may not pursue a lawsuit on [their] own behalf with regard to any of the issues in the Action in connection with [their] purchase/acquisition of GE common stock." ECF No. 342-2, at 5.  Furthermore, the Notice advised that class members may have no additional opportunity to opt out, noting that "it is within the Court's discretion whether to allow a second opportunity to request exclusion from the Class if there is a settlement." *Id.*; *see In re Luckin Coffee Inc. Sec. Litig.*, No. 20-CV-1293 (JPC) (JLC), 2021 WL 11114633, at *4 (S.D.N.Y. Oct. 26, 2021) (denying a second opt-out period "[i]n light of the extensive notice program undertaken in

---

[2]  In connection with their adequacy objection, Intervenors request, at a minimum, that the Court "defer ruling on the motion for preliminary approval" pending "[d]iscovery regarding the Plan purchases during the class period asserted in the State Court Action." Opp'n 19, 21.  But Intervenors fail to explain why additional discovery is necessary to determine the adequacy of the proposed settlement. *Id.* at 19.  Nor do they elaborate on their assertion that the parties have "fail[ed] to furnish the court with enough information and evidence to enable it to rationally assess the reasonableness of the proposed consideration." *Id.* at 19 n.9.  The Court accordingly denies Intervenors' conclusory discovery request.

4

connection with class certification and the ample opportunity provided to Class Members to request exclusion from the Class at that time, as well as the notification they received that there may not be a second opportunity to opt out"). Presented with the opportunity to opt out, Intervenors declined. Now, Intervenors "evidently believe that they lost the gamble; but they make no argument that warrants disruption of an otherwise fair settlement so that they can place new bets." *Denney*, 443 F.3d at 271; *see also Worldcom*, 2005 WL 2319118, at *20 ("[H]ad [the objector] wished to press her claims outside the confines of the class action, she had an opportunity to opt out. Because she chose to remain a Class Member, there is no unfairness in applying the Release to all of her claims, even if they involve securities purchased prior to the Class Period, so long as they are predicated on the same facts alleged in the class action complaint."). It goes without saying that Intervenors would have been bound by the outcome of the trial that was scheduled to begin shortly after the parties reached their settlement; so too, they are bound by the settlement, if approved. The request for a second opt-out period is thus denied.

For the foregoing reasons, the Court GRANTS the motion for preliminary approval. The Court also approves the Class Representatives' proposed schedule of settlement-related events, *see* Pls.' Mem. 27, and will enter the proposed order preliminarily approving settlement in a separate order to be filed today, *see* ECF No. 477.

The Clerk of Court is directed to terminate ECF No. 474.

SO ORDERED.

Dated: January 14, 2025
New York, New York

_____
JESSE M. FURMAN
United States District Judge