# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| SJUNDE AP-FONDEN and THE CLEVELAND BAKERS AND TEAMSTERS PENSION FUND, individually and on behalf of all others similarly situated, | Case No. 1:17-cv-8457-JMF |
| Plaintiffs, | Hon. Jesse M. Furman |
| v. | |
| GENERAL ELECTRIC COMPANY, et al., | |
| Defendants. | |

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE OF SETTLEMENT

WHEREAS, a consolidated securities class action is pending in this Court entitled *Sjunde AP-Fonden, et al. v. General Electric Company, et al.*, Case No. 1:17-cv-8457-JMF ("Action");

WHEREAS, by Opinion and Order dated April 11, 2022 (ECF No. 314), this Court certified the Action to proceed as a class action on behalf of all persons and entities that purchased or acquired General Electric Company ("GE") common stock between February 29, 2016 and January 23, 2018, inclusive ("Class Period") and were damaged thereby ("Class");[1]

---

[1]     Excluded from the Class are: (a) Defendants; (b) GE's subsidiaries and affiliates; (c) any officer, director, or controlling person of GE, and members of the Immediate Families of such persons; (d) any entity in which any Defendant has a controlling interest; (e) Defendants' directors' and officers' liability insurance carriers, and any affiliates or subsidiaries thereof; and (f) the legal representatives, heirs, successors, and assigns of any such excluded party. Also excluded from the Class are any persons and entities that submitted a request for exclusion in connection with Class Notice (defined below) as set forth on Appendix 1 to the Stipulation that do not opt back into the Class in connection with the Settlement. If and only if the Court permits a second opportunity for Class Members to request exclusion from the Class, also excluded from the Class shall be Future Excluded Persons (as defined in ¶1(w) of the Stipulation).

WHEREAS, pursuant to the Court's Order dated May 27, 2022 (ECF No. 336), notice was disseminated to potential members of the Class to notify them of, among other things: (i) the Action pending against GE and Jeffrey S. Bornstein (together, "Defendants"); (ii) the Court's certification of the Action to proceed as a class action on behalf of the Class; and (iii) their right to request to be excluded from the Class, the effect of remaining in the Class or requesting exclusion, and the requirements for requesting exclusion ("Class Notice");

WHEREAS, Court-appointed Class Representatives Sjunde AP-Fonden and The Cleveland Bakers and Teamsters Pension Fund (together, "Class Representatives"), on behalf of themselves and the other members of the Class, and Defendants (together with Class Representatives, the "Parties") have determined to settle all claims asserted against Defendants in the Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated November 22, 2024 ("Stipulation"), subject to the approval of this Court ("Settlement");

WHEREAS, Class Representatives have made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and authorizing notice of the Settlement to Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (i) Class Representatives' motion for preliminary approval of the Settlement and authorization to disseminate notice of the Settlement (ii) the opposition filed by Intervenors Keven Mahar and Mitchell West; (iii) the replies filed by the parties; to the Class, and the papers filed and arguments made in connection therewith; and (iii) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined in this Order, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.       **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

2.       **Settlement Hearing** – The Court will hold a settlement hearing ("Settlement Hearing") on ___April 24___, 2025 at 11 : 00 a.m. in Courtroom 1105 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Class Counsel for attorneys' fees and Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Class Members as set forth in paragraph 4 of this Order.

3.       The Court may adjourn the Settlement Hearing without further notice to the Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class. The Court may decide to hold the Settlement Hearing by telephone or video conference without further mailed notice to the Class. If the Court

orders that the Settlement Hearing be conducted telephonically or by video conference, that decision will be posted on the case website. Any Class Member (or his, her, or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's docket and/or the case website for any change in date, time, or format of the hearing.

4.    **Retention of Claims Administrator and Manner of Giving Notice** – Class Counsel is hereby authorized to retain JND Legal Administration ("Claims Administrator" or "JND"), the administrator previously approved by the Court to administer the dissemination of Class Notice, to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be provided as follows:

(a)    not later than twenty-five (25) business days after the date of entry of this Order ("Notice Date"), the Claims Administrator shall cause the Postcard Notice, substantially in the form attached hereto as Exhibit 1, to be mailed by first-class mail and/or emailed to potential Class Members who were previously mailed and/or emailed a copy of the postcard Class Notice and any other potential Class Member who otherwise may be identified through reasonable effort, and shall cause a copy of the Notice and Claim Form, substantially in the forms attached hereto as Exhibits 2 and 4, respectively ("Notice Packet"), to be mailed to the brokers and other nominees ("Nominees") contained in the Claims Administrator's broker database;

(b)    contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the Notice and Claim Form to be posted on the case website, www.GeneralElectricSecuritiesLitigation.com. In addition, the Claims Administrator will mail a copy of the Notice Packet to any person who makes such a request;

(c)    not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *The Wall Street Journal* and to be transmitted once over *PR Newswire*; and

(d)    not later than seven (7) calendar days prior to the Settlement Hearing, Class Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing, posting, and publication.

5.    **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Postcard Notice, Notice, Summary Notice, and Claim Form, attached hereto as Exhibits 1, 2, 3, and 4, respectively, and (b) finds that the mailing and distribution of the Postcard Notice and Notice Packet, the posting of the Notice and Claim Form on the case website, and the publication of the Summary Notice in the manner and form set forth in paragraph 4 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Class Counsel's motion for attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses, of their right to opt back into the Class if they previously excluded themselves from the Class in connection with Class Notice, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The

date and time of the Settlement Hearing shall be included in the Postcard Notice, Notice, and Summary Notice before they are mailed, posted, and published, respectively.

6.     **Nominee Procedures** – In the previously disseminated Class Notice, Nominees were advised that, if they purchased or acquired GE common stock between February 29, 2016 and January 23, 2018, inclusive for the beneficial interest of any person or entity other than themselves, they must either: (i) within seven (7) calendar days of receipt of the Class Notice, request from JND sufficient copies of the postcard Class Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those postcard Class Notices forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of the Class Notice, provide a list of the names and mailing addresses (and e-mail addresses, if available) of all such beneficial owners to JND.

(a)     For Nominees who chose the first option (*i.e.*, elected to mail/email the postcard Class Notice directly to beneficial owners), JND shall forward the same number of Postcard Notices to such Nominees, and the Nominees shall, within seven (7) calendar days of receipt of the Postcard Notices, mail and/or email the Postcard Notices to their beneficial owners;

(b)     For Nominees who chose the second option (*i.e.*, provided a list of names and addresses of beneficial owners to JND), JND shall promptly mail and/or email a Postcard Notice to each of the beneficial owners whose names and addresses the Nominee previously supplied. Unless the Nominee purchased or otherwise acquired GE common stock during the Class Period for beneficial owners whose names and addresses were not previously provided to JND, or the Nominees is aware of name and address changes for these beneficial owners, these Nominees need not take any further action;

(c)    For Nominees who purchased or acquired GE common stock during the Class Period for beneficial owners whose names and addresses were not previously provided to JND or if a Nominee is aware of name and address changes for beneficial owners whose names and addresses were previously provided to JND, such Nominees shall within seven (7) calendar days of receipt of the Notice Packet, provide a list of the names and addresses of all such beneficial owners to JND, or shall request from JND sufficient copies of the Postcard Notice to forward to all such beneficial owners which the Nominee shall, within seven (7) calendar days of receipt of the Postcard Notices from JND, mail to the beneficial owners; and

(d)    Upon full and timely compliance with this Order, Nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Reasonable expenses shall not exceed $0.10 per mailing record provided to the Claims Administrator; $0.50 per Postcard Notice actually mailed, which amount includes postage; and $0.10 per Postcard Notice sent via email. Such properly documented expenses incurred by Nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

7.    **CAFA Notice** – As provided in the Stipulation, Defendants shall serve the notice required under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, *et seq.* ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court. Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. No later than seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served

on Class Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice requirements of CAFA.

8.      **Participation in the Settlement** – Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Class Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

9.      Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Class Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Class Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

10.     Any Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 8 above.

11.     **No Second Opportunity to Request Exclusion From the Class** – In light of the extensive notice program undertaken in connection with class certification and the ample opportunity provided to Class Members to request exclusion from the Class at that time, as well as the notification they received that there may not be a second opportunity to opt out, the Court is exercising its discretion not to allow a second opportunity for Class Members to exclude themselves from the Class in connection with the Settlement proceedings. *See, e.g., Denney v. Deutsch Bank AG*, 443 F.3d 253, 271 (2d Cir. 2006).

12.     **Opting Back Into the Class** – Any person or entity who or which previously submitted a request for exclusion in connection with Class Notice as set forth in Appendix 1 to the Stipulation, may elect to opt back into the Class and be eligible to receive a payment from the Settlement Fund. Any person or entity set forth on Appendix 1 to the Stipulation who wishes to opt back into the Class must either, individually or through counsel, request to opt back into the

Class in writing within the time and in the manner set forth in the Notice, which provides that any such request to opt back into the Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to the Claims Administrator at: *General Electric Securities Litigation*, c/o JND Legal Administration, P.O. Box 91449, Seattle, WA 98111. Each request to opt back into the Class must: (a) state the name, address and telephone number of the person or entity requesting to opt back into the Class; (b) state that such person or entity "requests to opt back into the Class in *Sjunde AP-Fonden, et al. v. General Electric Company, et al.*, Case No. 1:17-cv-8457-JMF (S.D.N.Y.)"; and (c) be signed by the person or entity requesting to opt back into the Class or an authorized representative. You may not opt back into the Class for the purpose of objecting to any aspect of the Settlement, Plan of Allocation, or Class Counsel's motion for attorneys' fees and Litigation Expenses.

13.    Any person or entity who or which previously submitted a request for exclusion from the Class in connection with Class Notice and does not opt back into the Class in accordance with the requirements set forth in this Order and the Notice, remains excluded from the Class and shall not be a Class Member, shall not be bound by the terms of the Settlement or the Stipulation, or of any other orders or judgments in the Action, and shall have no right to receive any payment from the Net Settlement Fund.

14.    **<u>Appearance and Objections at Settlement Hearing</u>** – Any Class Member may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing a notice of appearance with the Court. Any Class Member who or which does not enter an appearance will be represented by Class Counsel.

15.    Any Class Member may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation

Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; *provided, however*, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Class Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

### Clerk's Office

United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

### Class Counsel

Kessler Topaz Meltzer & Check, LLP
Sharan Nirmul, Esq.
280 King of Prussia Road
Radnor, PA 19087

### Defendants' Counsel

Latham & Watkins LLP
Sean Berkowitz, Esq.
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611

16.     Any objections, filings, and other submissions by the objecting Class Member must include: (1) the name of this proceeding, *Sjunde AP-Fonden, et al. v. General Electric Company, et al.*, Case No. 1:17-cv-8457-JMF (S.D.N.Y.); (2) the objector's full name, current address, and telephone number; (3) the objector's signature; (4) a statement providing the specific reasons for the objection, including a detailed statement of the specific legal and factual basis for each and

every objection and whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; and (5) documents sufficient to prove membership in the Class, including documents showing the number of shares of GE common stock that the objecting Class Member (A) held as of the opening of trading on February 29, 2016 and (B) purchased/acquired and/or sold during the Class Period, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale. The documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.

17.    Any Class Member who wishes to be heard orally at the Settlement Hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Class Counsel's motion for attorneys' fees and Litigation Expenses must also file a notice of appearance with the Court so that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

18.    Any Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Class Counsel's motion for attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the

Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

19.    **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Class Representatives, ~~and all other members of the Class,~~ from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees.

20.    **Settlement Administration Fees and Expenses** – All reasonable Notice and Administration Costs shall be paid from the Settlement Fund in accordance with the terms set forth in the Stipulation without further order of the Court.

21.    **Settlement Fund** – The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent) shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

22.    **Taxes** – Class Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

23.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails

to occur, this Order shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Class Representatives, the other Class Members, and Defendants, and Class Representatives and Defendants shall revert to their respective positions in the Action as of immediately prior to the execution of the Term Sheet on October 16, 2024, as provided in the Stipulation.

24.    **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Parties' mediations and subsequent Settlement, the communications and/or discussions leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Class Representatives or the validity or infirmity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of

the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

25.    **Supporting Papers** – Class Counsel shall file and serve the opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Class Counsel's motion for attorneys' fees and Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than ~~seven (7)~~ fourteen (14) calendar days prior to the Settlement Hearing.

26.    The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

SO ORDERED this ___14th___ day of ___January, 2025___, ~~2024.~~

_____
The Honorable Jesse M. Furman
United States District Judge

The Clerk of Court is directed to terminate ECF No. 474.

EXHIBIT 1

***THIS POSTCARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.***
***PLEASE VISIT [WWW.GENERALELECTRICSECURITIESLITIGATION.COM](WWW.GENERALELECTRICSECURITIESLITIGATION.COM) FOR MORE INFORMATION.***

The parties in the securities class action captioned *Sjunde AP-Fonden, et al. v. General Electric Co., et al.*, No. 17 Civ 8457 (JMF) (GWG) (S.D.N.Y.) ("Action") have reached a proposed settlement of the claims asserted in the Action against General Electric Company ("GE") and Jeffrey S. Bornstein (together, "Defendants"). If approved, the Settlement will resolve the Action in which Court-appointed Class Representatives Sjunde AP-Fonden and The Cleveland Bakers and Teamsters Pension Fund generally alleged Defendants' public disclosures concealed material facts concerning, among other things, GE's reliance on intercompany factoring transactions to offset weaknesses in GE Power's cash flows from operations during the relevant time period. Class Representatives further alleged that the price of GE common stock was artificially inflated as a result of Defendants' allegedly false and misleading statements, and declined when the alleged corrective disclosures were made. Defendants deny any liability or wrongdoing. You received this notice because you, or an investment account for which you serve as a custodian, may be a member of the following Court-certified Class: **All persons and entities that purchased or acquired GE common stock between February 29, 2016 and January 23, 2018, inclusive ("Class Period") and were damaged thereby.**

Pursuant to the Settlement, Defendants have agreed to pay $362,500,000 in cash, which, after deducting Court-awarded fees and expenses, notice and administration costs, and  taxes, will be allocated among Class Members who submit valid claims, in exchange for the Settlement and the release of all claims asserted in the Action and related claims. **For additional information regarding the Settlement, please review the full Notice available at www.GeneralElectricSecuritiesLitigation.com. If you are a Class Member,** your *pro rata* share of the Settlement will depend on the number of valid claims submitted, and the number, size, and timing of your transactions in GE common stock during the Class Period. If all Class Members elect to participate in the Settlement, the estimated average recovery will be $0.05 per eligible share of GE common stock *before* deducting any fees and expenses. Your actual share of the Settlement will be determined pursuant to the Plan of Allocation set forth in the full Notice, or other plan of allocation ordered by the Court.

**To qualify for a payment from the Settlement, you must submit a valid Claim Form.** The Claim Form can be found and submitted on the case website, or you can request that one be mailed to you. **Claims must be postmarked (if mailed), or submitted online, by _____ , 2025.** If you want to object to any aspect of the Settlement, you must file and serve an objection by _____ , **2025**. Because Class Members were previously provided the opportunity to request exclusion from the Class in connection with class certification, the Court is not permitting a second opportunity to request exclusion in connection with the Settlement proceedings. If you previously requested exclusion from the Class in connection with class certification and wish to opt back into the Class to be eligible to receive a payment from the Settlement, you must submit a request to opt back into the Class by _____ , **2025**. The full Notice provides instructions on how to submit a Claim, how to object, and how to opt back into the Class if you previously excluded yourself, and you must comply with all of the instructions in the Notice.

The Court will hold a hearing on _____ , **2025 at __:__ _.m.,** to consider, among other things, whether to approve the Settlement and a request by the lawyers representing the Class for up to 25% of the Settlement Fund in attorneys' fees, plus payment of litigation expenses of no more than $10 million (which equals a cost of approximately $0.01 per eligible share of GE common stock). You may attend the hearing and ask to be heard by the Court, but you do not have to. **For more information about the Settlement, call 1-844-202-9485, send an email to info@GeneralElectricSecuritiesLitigation.com, or visit the case website, www.GeneralElectricSecuritiesLitigation.com.**

EXHIBIT 1

General Electric Securities Litigation
c/o JND Legal Administration
P.O. Box 91449
Seattle, WA 98111


***COURT-ORDERED LEGAL NOTICE***

*Sjunde AP-Fonden, et al. v. General Electric Co., et al.*,
No. 17 Civ 8457 (JMF) (GWG) (S.D.N.Y.)


**Your legal rights may be affected by this
securities class action. You may be eligible for a
cash payment from the Settlement. Please read
this Postcard Notice carefully.**

**For more information, please visit
www.GeneralElectricSecuritiesLitigation.com
or call toll free 1-844-202-9485.**


[ADD QR CODE LINKING
TO WEBSITE HERE]

EXHIBIT 2

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SJUNDE AP-FONDEN and THE CLEVELAND BAKERS AND TEAMSTERS PENSION FUND, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>GENERAL ELECTRIC COMPANY, et al.,<br><br>        Defendants. | Case No. 1:17-cv-8457-JMF<br><br>Hon. Jesse M. Furman |

### NOTICE OF (I) PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

**TO:**    **ALL PERSONS AND ENTITIES WHO PURCHASED OR ACQUIRED GENERAL ELECTRIC COMPANY ("GE") COMMON STOCK BETWEEN FEBRUARY 29, 2016 AND JANUARY 23, 2018, INCLUSIVE ("CLASS PERIOD") AND WERE DAMAGED THEREBY ("CLASS").**

### *A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**NOTICE OF PROPOSED SETTLEMENT:** This Notice has been issued pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York ("Court").[1] Please be advised that the Court-appointed Class Representatives Sjunde AP-Fonden ("AP7") and The Cleveland Bakers and Teamsters Pension Fund ("Cleveland Bakers" and together with AP7, "Class Representatives") have reached a proposed settlement of the above-captioned securities class action ("Action") for **$362,500,000** in cash ("Settlement") with defendants GE and Jeffrey S. Bornstein (together, "Defendants"). If approved by the Court, the Settlement will resolve all claims in the Action, including Class Representatives' claims that Defendants violated the federal securities laws by making materially false or misleading statements and omissions during the Class Period regarding, among other things, GE's reliance on intercompany factoring transactions to offset weaknesses in GE Power's cash flows from operations. The history of the Action and the claims being released by the Settlement are detailed in ¶¶ 4-32 and ¶¶ 44-50 herein.

---

[1]    All capitalized terms not defined in this Notice have the meanings provided in the Stipulation and Agreement of Settlement, filed with the Court on November 25, 2024 ("Stipulation"). The Stipulation can be viewed at www.GeneralElectricSecuritiesLitigation.com.

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of a payment from the Settlement. If you are a member of the Class, your legal rights will be affected whether or not you act.**

**If you have questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Clerk's Office, Defendants, or Defendants' Counsel. All questions should be directed to the Claims Administrator or Class Counsel (*see* ¶ 83 below).**

**Additional information about the Settlement is available on the website for the Action, www.GeneralElectricSecuritiesLitigation.com.**

- **Statement of the Class's Recovery:** Subject to Court approval, Class Representatives, on behalf of themselves and the Class, have agreed to settle the Action in exchange for a settlement payment of $362,500,000 in cash ("Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon ("Settlement Fund") less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Class. The proposed plan of allocation ("Plan of Allocation") is attached hereto as Appendix A.

- **Estimate of Average Amount of Recovery Per Share:** Class Representatives' damages expert estimates that 7,399,543,564 shares of GE common stock purchased during the Class Period may have been affected by the conduct at issue in the Action and eligible to participate in the Settlement. If all eligible Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) will be approximately $0.05 per eligible share of GE common stock. **Class Members should note, however, that this is only an estimate based on the overall number of potentially eligible shares.** Some Class Members may recover more or less than this estimated amount depending on: (i) when and the price at which they purchased/acquired/sold their GE common stock; (ii) the total number and value of valid Claims submitted; (iii) the amount of Notice and Administration Costs; and (iv) the amount of attorneys' fees and Litigation Expenses awarded by the Court. Distributions to Class Members will be made based on the Plan of Allocation attached hereto as Appendix A or such other plan of allocation as may be ordered by the Court.

- **Statement of Potential Outcome of the Case:** The Parties do not agree on whether Class Representatives would have prevailed on their claims against Defendants. Nor do they agree on whether and to what extent the Class suffered any damages, including the average amount of damages per share that would be recoverable if Class Representatives were to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Class as a result of their conduct. Defendants have denied and continue to deny any and all allegations of wrongdoing or fault asserted in the Action, deny that they have committed any act or omission giving rise to any

2

liability or violation of law, and deny that Class Representatives and the Class have suffered any loss attributable to Defendants' actions or omissions.

- **Attorneys' Fees and Expenses Sought:** Court-appointed Class Counsel, Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz"), and Court-appointed Liaison Counsel, Grant & Eisenhofer P.A. ("Grant & Eisenhofer"), have prosecuted this Action on a wholly contingent basis and have not received any attorneys' fees (or payment of expenses) for their representation of the Class. For their efforts, Class Counsel and Liaison Counsel will apply to the Court for attorneys' fees in an amount not to exceed 25% of the Settlement Fund.[2] Class Counsel and Liaison Counsel will also apply for payment of Litigation Expenses incurred in connection with the institution, prosecution, and resolution of the Action, in an amount not to exceed $10 million, which amount may include a request for reimbursement of the reasonable costs incurred by Class Representatives directly related to their representation of the Class in accordance with 15 U.S.C. §78u-4(a)(4). Any fees and expenses awarded to counsel will be paid from the Settlement Fund along with any interest earned at the same rate as earned by the Class on the Settlement Fund. If the Court approves the maximum amount of the foregoing fees and expenses, the estimated average cost will be approximately $0.01 per eligible share of GE common stock. **Please note that this is only an estimate**.

- **Identification of Attorneys' Representatives:** Class Representatives and the Class are represented by Class Counsel Sharan Nirmul, Esq. of Kessler Topaz Meltzer & Check, LLP, 280 King of Prussia Road, Radnor, PA 19087, 1-610-667-7706, info@ktmc.com, www.ktmc.com. Other representatives from Class Counsel are listed in ¶ 83 below. The Class is also represented by Liaison Counsel Grant & Eisenhofer P.A., 485 Lexington Avenue, New York, NY 10017. Further information regarding the Action, the Settlement, and this Notice also may be obtained by contacting the Claims Administrator at: *General Electric Securities Litigation*, c/o JND Legal Administration, P.O. Box 91449, Seattle, WA 98111; 1-844-202-9485; info@GeneralElectricSecuritiesLitigation.com; or by visiting the case website, www.GeneralElectricSecuritiesLitigation.com.

- **Reasons for the Settlement:** Class Representatives' principal reason for entering into the Settlement is the near-term cash benefit for the Class without the substantial risk or the delays and costs inherent in further litigation. Here, had the Settlement not been reached, the Parties would have proceeded to a jury trial. Indeed, the Settlement was reached just prior to trial, which was scheduled to commence on November 11, 2024. The benefit of the Settlement must be considered against the risk that a smaller recovery—or no recovery at all—might be achieved after trial, or after the likely appeals that would have followed a trial, including individual reliance challenges that necessarily would have followed any trial victory for the Class. Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that any Class Member was damaged,

---

[2]     Prior to the Court's April 12, 2018 order re-opening the lead plaintiff appointment process, Labaton Keller Sucharow LLP ("Labaton") had been appointed as counsel for the putative class. Class Counsel will reimburse Labaton for its time spent from any attorneys' fees awarded by the Court and seek on its behalf reimbursement of its reasonable expenses.

are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED (IF MAILED), OR ONLINE, NO LATER THAN _____ __, 2025.** | This is the only way to be eligible to receive a payment from the Settlement. If you are a Class Member, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 45 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 46 below), so it is in your interest to submit a Claim Form. |
| **OPT BACK INTO THE CLASS IF YOU PREVIOUSLY EXCLUDED YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST TO OPT BACK INTO THE CLASS SO THAT IT IS *RECEIVED* NO LATER THAN _____ __, 2025.** | If you previously submitted a request for exclusion from the Class in connection with Class Notice and now want to be part of the Class so that you can submit a Claim and be eligible to receive a payment from the Settlement, you must follow the steps for "Opting Back Into the Class" as set forth in ¶¶ 64-67 below. If you previously submitted a request for exclusion from the Class in connection with Class Notice and wish to remain excluded from the Class, no further action is necessary. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____ __, 2025.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's request for attorneys' fees and Litigation Expenses, you may object by writing to the Court (as described in ¶¶ 72-78 below). In order to object, you must be a member of the Class. |
| **GO TO A HEARING ON _____ __, 2025 AT __:__ _.M. AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____ __, 2025.** | Ask to speak in Court at the Settlement Hearing, at the discretion of the Court, about the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's request for attorneys' fees and Litigation Expenses. |
| **DO NOTHING.** | Get no payment from the Settlement. You will, however, remain a member of the Class, which means that you give up any right you may have to sue about the claims that are being resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

**These rights and options – and the deadlines to exercise them – are further explained in this Notice. <u>Please Note</u>: The date and time of the Settlement Hearing – currently scheduled for _____ __, 2025 at __:__ _.m. – is subject to change without further written notice to the Class. It is also within the Court's discretion to hold the hearing in person or by telephone**

**or video conference. If you plan to attend the Settlement Hearing, you should check the website www.GeneralElectricSecuritiesLitigation.com or with Class Counsel to confirm that no change to the date and/or time of the hearing has been made.**

| WHAT THIS NOTICE CONTAINS |
|:---:|

What Is The Purpose Of This Notice?                                            Page __
What Is This Case About?                                                       Page __
Why Is This Case A Class Action?                                              Page __
How Do I Know If I Am Affected By The Settlement?
    Who Is Included In The Class?                         Page __
What Are Class Representatives' Reasons For The Settlement?                    Page __
What Might Happen If There Were No Settlement?                                 Page __
How Are Class Members Affected By The Action And The Settlement?               Page __
How Do I Participate In The Settlement? What Do I Need To Do?                  Page __
How Much Will My Payment Be?                                                   Page __
What Payment Are The Attorneys For The Class Seeking?
    How Will The Lawyers Be Paid?                         Page __
What If I Previously Requested Exclusion from the Class And Now Want
    To Be Eligible To Receive A Payment From The Settlement?
    How Do I Opt Back Into The Class?                     Page __
When And Where Will The Court Decide Whether To Approve The
    Settlement? Do I Have To Come To The Hearing? May I Speak
    At The Hearing If I Don't Like The Settlement?        Page __
What If I Bought GE Common Stock On Someone Else's Behalf?                     Page __
Can I See The Court File? Whom Should I Contact If I Have
    Questions?                                            Page __
Proposed Plan of Allocation of Net Settlement Fund Among
    Authorized Claimants                                  Appendix A

| WHAT IS THE PURPOSE OF THIS NOTICE? |
|:---:|

    1.    The Court has directed the issuance of this Notice to inform potential Class Members about the Action and the proposed Settlement and their options in connection therewith before the Court rules on the Settlement. Additionally, Class Members have the right to understand how this class action lawsuit may generally affect their legal rights.

    2.    This Notice explains the Action, the Settlement, Class Members' legal rights, what benefits are available under the Settlement, who is eligible for the benefits, and how to get them.

    3.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator will make payments to eligible Class Members pursuant to the Settlement after any objections and appeals are resolved.

## WHAT IS THIS CASE ABOUT?

4. This is a securities class action against Defendants for alleged violations of the federal securities laws. Plaintiffs generally alleged that Defendants' public disclosures during the Class Period concealed material facts concerning, among other things, GE's reliance on intercompany factoring transactions to offset weaknesses in GE Power's cash flows from operations during the relevant time period. Plaintiffs further alleged that the price of GE common stock was artificially inflated as a result of Defendants' allegedly false and misleading statements, and declined when the truth was revealed through a series of partial corrective disclosures. Defendants deny all of the allegations of wrongdoing asserted in the Action and deny any liability whatsoever to any member of the Class.

5. The Action commenced on November 1, 2017, with the filing of the initial complaint in the Court, asserting violations of the federal securities laws against GE and certain of its executives.

6. Thereafter, in accordance with the Private Securities Litigation Reform Act of 1995 ("PSLRA"), notice to the public was issued stating the deadline by which putative class members could move the Court for lead plaintiff appointment. Several parties moved for lead plaintiff appointment. Following briefing on the motions, a motion to intervene, a motion to vacate the originally appointed lead plaintiff, and a re-opened lead plaintiff appointment process, the Court appointed AP7 as Lead Plaintiff and approved AP7's selection of Kessler Topaz as Lead Counsel for the class on May 30, 2018.

7. On July 23, 2018, AP7, along with additional Plaintiff Cleveland Bakers, filed the Third Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws ("Third Amended Complaint").[3] The Third Amended Complaint asserted claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder, against GE, Jeffrey S. Bornstein, Jeffrey R. Immelt, Jamie S. Miller, Keith S. Sherin, Jan R. Hauser, and Richard A. Laxer, on behalf of investors that purchased or otherwise acquired GE common stock from February 27, 2013, through January 23, 2018, inclusive.

8. On September 12, 2018, defendants moved to dismiss the Third Amended Complaint. Plaintiffs opposed defendants' motion on October 12, 2018, and Defendants filed a reply in further support of their motion on October 29, 2018.

9. Pursuant to Joint Stipulation, Plaintiffs filed the Fourth Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws on October 17, 2018 ("Fourth Amended Complaint").

---

[3] The originally appointed and vacated lead plaintiff filed the Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws and the Second Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws on March 20, 2018 and April 10, 2018, respectively.

10.     By Opinion and Order dated August 29, 2019, the Court granted in part and denied in part defendants' motion to dismiss the Fourth Amended Complaint. By the same Opinion and Order, the Court granted Plaintiffs leave to amend.

11.     On October 25, 2019, Plaintiffs filed the Fifth Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws ("Fifth Amended Complaint"). Defendants moved to dismiss the Fifth Amended Complaint on December 18, 2019. Plaintiffs opposed defendants' motion on January 31, 2020, and defendants filed a reply in further support of their motion on February 28, 2020.

12.     By Opinion and Order dated January 29, 2021, the Court granted in part and denied in part defendants' motion to dismiss the Fifth Amended Complaint. Specifically, the Court denied the motion as to (1) Plaintiffs' Section 10(b) and Rule 10b-5 claims concerning (a) factoring in GE's 2016 Form 10-K and (b) GE's failure to disclose factoring in its class period financial statements from 2015 on, against GE and Bornstein; and (2) Plaintiffs' corresponding Section 20(a) control person claims against Bornstein. By its Opinion and Order, the Court dismissed the remainder of the Fifth Amended Complaint and dismissed Jeffrey R. Immelt, Jamie S. Miller, Keith S. Sherin, Jan R. Hauser, and Richard A. Laxer as defendants in the Action.[4]

13.     On February 12, 2021, Defendants answered the Fifth Amended Complaint, denying the claims and asserting their affirmative defenses. On February 25, 2021, the Parties appeared before the Court and participated in an initial pretrial conference.

14.     Thereafter, discovery in the Action commenced. On May 21, 2021, Plaintiffs moved for class certification ("Class Certification Motion"), which was accompanied by a report from Plaintiffs' expert, David I. Tabak, Ph.D. ("Dr. Tabak").

15.     Also on August 9, 2021, Defendants moved for leave to file an early summary judgment motion on loss causation. On August 16, 2021, Plaintiffs opposed Defendants' motion, which included a request to submit (and appended) a reply expert report from Dr. Tabak. The Court denied Defendants' motion on August 22, 2021.

16.     On August 30, 2021, Defendants opposed Plaintiffs' Class Certification Motion.[5] Plaintiffs filed a reply in support of their motion on October 29, 2021.

17.     On September 2, 2021, Defendants filed a second motion for leave to file an early partial summary judgment motion on loss causation, which attached a rebuttal expert report from

---

[4]     The Court also dismissed John L. Flannery ("Flannery") as a defendant in the Action. Flannery was not named as a defendant in the Third Amended Complaint and Plaintiffs' subsequent pleadings.

[5]     On the same day, named plaintiffs in a consolidated class action pending in the Supreme Court of the State of New York, County of New York, Index No. 653648/2018, filed a Motion to Intervene for the Limited Purpose of Filing Partial Opposition to Plaintiffs' Motion for Class Certification.

Mr. Fischel. On September 9, 2021, Plaintiffs opposed Defendants' motion. The Court denied Defendants' motion on September 17, 2021.

18.     On September 24, 2021, the Court denied as premature Plaintiffs' letter motion requesting permission to seek more than 15 fact witness depositions.

19.     On January 19, 2022, based on new facts obtained through their discovery efforts, Plaintiffs moved for leave to file the Sixth Amended Complaint (defined below), attaching the draft pleading. Defendants opposed Plaintiffs' motion on February 3, 2022.

20.     By Opinion and Order dated April 11, 2022 ("Class Certification Order"), the Court granted Plaintiffs' Class Certification Motion. Specifically, the Court (i) certified a class of all persons and entities that purchased or acquired GE common stock between February 29, 2016 and January 23, 2018, inclusive and were damaged thereby; (ii) appointed AP7 and Cleveland Bakers as Class Representatives; and (iii) appointed Kessler Topaz and Grant & Eisenhofer as Class Counsel and Liaison Counsel, respectively. By the same Opinion and Order, the Court granted Plaintiffs' motion for leave to file a sixth amended complaint.

21.     On May 13, 2022, Class Representatives filed the Sixth Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws ("Sixth Amended Complaint" or "Complaint"), asserting claims for violations of Sections 10(b) and 20(a) of the Exchange Act. Defendants answered the Complaint on June 10, 2022.

22.     On May 26, 2022, Class Representatives filed a motion to approve the form and manner of notice to the Class, which the Court granted on May 27, 2022 ("Class Notice Order"). Among other things, the Court found that the proposed Class Notice met the requirements of Federal Rule of Civil Procedure 23 and due process and constituted the best notice practicable under the circumstances. Class Notice was mailed to potential Class Members beginning on June 16, 2022 and a summary notice of the pendency of the Action as a class action was published in *The Wall Street Journal* and transmitted over *PR Newswire* on June 24, 2022. Pursuant to the Court's Class Notice Order, Class Notice provided Class Members with the opportunity to request exclusion from the Class, explained that right, and set forth the procedures for doing so.[6] The deadline for submitting requests for exclusion was August 15, 2022. A total of 318 requests for exclusion from the Class were received.

23.     On September 6, 2022, Defendants moved for summary judgment with prejudice pursuant to Federal Rule of Civil Procedure 56. On the same day, Defendants filed motions to exclude the testimony of Class Representatives' experts, Dr. Tabak and S.P. Kothari. Alongside these motions, Defendants filed a Statement of Material Facts. Class Representatives opposed these motions on November 4, 2022 and filed their Response to Defendants' Statement of Material Facts and Plaintiffs' Statement of Additional Material Facts Introduced by Plaintiffs in Opposition

---

[6]     The Class Notice stated that it would be within the Court's discretion whether to permit a second opportunity to request exclusion if there was a settlement. The Class Notice also informed Class Members that if they chose to remain a member of the Class, they would "be bound by all past, present, and future orders and judgments in the Action, whether favorable or unfavorable."

to Defendants' Motion for Summary Judgment. Also on November 4, 2022, Class Representatives filed motions to exclude certain testimony of Defendants' expert, Christopher J. Russo, to exclude the testimony of Mr. Fischel, and to strike a supplemental declaration of Mr. Fischel submitted in connection with Defendants' motion for summary judgment. These motions were fully briefed.

24.    By Opinion and Order dated September 28, 2023, the Court denied Defendants' motion for summary judgment, except as to claims arising from alleged corrective disclosures between November 2017 and January 2018. By the same Opinion and Order, the Court granted in part and denied in part the Parties' respective  motions to exclude certain expert testimony and granted Class Representatives' motion to strike the supplemental declaration of Mr. Fischel.

25.    On October 12, 2023, Defendants moved for reconsideration of the Court's September 23, 2023 Opinion and Order. Class Representatives opposed the motion on October 26, 2023, and Defendants filed a reply in further support of their motion on November 2, 2023.

26.    Throughout the fall of 2023, the Parties engaged in substantial trial preparation and negotiation over the contents of pretrial submissions, holding numerous meet-and-confers. On December 20, 2023, the Parties filed a Joint Pretrial Statement, which included the Parties' witness lists, affirmative and counter deposition designations, proposed and competing jury charges and position statements, proposed and competing verdict forms and competing position statements, proposed *voir dire* and jury questionnaires, and exhibit lists (along with corresponding objections). Also on December 20, 2023, the Parties filed their respective *in limine* motions and competing motions to bifurcate the trial.

27.    Thereafter, the Parties continued to engage in substantial trial preparations, including briefing on their respective motions to bifurcate and *in limine* motions and responding and objecting to designated deposition testimony and exhibits. On January 11, 2024, the Parties filed their respective oppositions to the motions to bifurcate and motions *in limine*.

28.    By Memorandum Opinion and Order dated March 21, 2024, the Court denied Defendants' motion for reconsideration, except as to the Court's prior decision to strike Mr. Fischel's declaration, and granted Plaintiffs' motion to bifurcate trial.

29.    Trial was scheduled to commence on November 11, 2024.

30.    The Parties participated in three confidential mediation sessions before former United States District Court Judge Layn Phillips on August 11, 2022, November 2, 2023 and August 23, 2024. Prior to each mediation, the Parties exchanged and also submitted to Judge Phillips detailed mediation statements with exhibits. Although the Parties could not reach an agreement to resolve the Action during those mediations, they continued their discussions after each with Judge Phillips. On October 10, 2024, the Parties reached an agreement to resolve the Action and executed a term sheet on October 16, 2024.

31.    After additional negotiations regarding the terms of their agreement, the Parties entered into the Stipulation on November 22, 2024. The Stipulation, which sets forth the full terms and conditions of the Settlement, can be viewed at www.GeneralElectricSecuritiesLitigation.com.

32.    On _____ __, 2024, the Court preliminarily approved the Settlement, authorized notice of the Settlement to be provided to potential Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval of the Settlement.

## WHY IS THIS CASE A CLASS ACTION?

33.    In a class action, one or more persons or entities (in this case, Class Representatives) sue on behalf of persons and entities that have similar claims. Together, these persons and entities are a "class," and each is a "class member." Bringing a case, such as this one, as a class action allows the adjudication of many individuals' similar claims that might be too small to bring economically as separate actions. One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt out," from the class.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?
## WHO IS INCLUDED IN THE CLASS?

34.    If you are a member of the Class, you are subject to the Settlement unless you are excluded from the Class as set forth below. The Class certified by the Court pursuant to Opinion and Order dated April 11, 2022 consists of:

**All persons or entities who purchased or acquired GE common stock between February 29, 2016 and January 23, 2018, inclusive and were damaged thereby.**

Excluded from the Class are: (a) Defendants; (b) GE's subsidiaries and affiliates; (c) any officer, director, or controlling person of GE, and members of the Immediate Families of such persons; (d) any entity in which any Defendant has a controlling interest; (e) Defendants' directors' and officers' liability insurance carriers, and any affiliates or subsidiaries thereof; and (f) the legal representatives, heirs, successors, and assigns of any such excluded party. Also excluded from the Class are any persons and entities that submitted a request for exclusion in connection with Class Notice as set forth on Appendix 1 to the Stipulation that do not opt back into the Class in accordance with the instructions set forth herein (*see* ¶ 66 below).

**PLEASE NOTE: Receipt of this Notice or the Postcard Notice does not mean that you are a Class Member or that you will be entitled to a payment from the Settlement. If you are a Class Member and you wish to be eligible to receive a payment from the Settlement, you are required to submit a Claim Form and the required supporting documentation as set forth in the Claim Form postmarked (if mailed), or online via the case website, www.GeneralElectricSecuritiesLitigation.com, no later than _____ __, 2025.**

## WHAT ARE CLASS REPRESENTATIVES' REASONS FOR THE SETTLEMENT?

35.    The Settlement is the result of nearly seven years of hard-fought litigation and extensive, arm's-length negotiations by the Parties and was reached just before a trial of the Action

was set to commence. Class Representatives believe that the claims asserted against Defendants have merit; however, they recognized the substantial risks they faced in successfully obtaining a favorable verdict for the Class at trial and through the likely appeals that would follow.

36.     In particular, Class Representatives recognized that Defendants had significant defenses to their claims which they would continue to aggressively assert at trial. For example, Defendants asserted that the statements at issue in the Action were not false at the time they were made and that Class Representatives would be unable to establish that Defendants did not legitimately believe the truth of such statements. Relatedly, Defendants contended that they did not act with the required intent, or "scienter." Class Representatives also faced challenges with respect to establishing that the stock price decline was attributable to the alleged false statements sustained by the Court and not caused by other industry factors (i.e., market downturn), and thus the actual damages a jury might award.

37.     Moreover, taking a case such as this one to trial would be challenging. Here, the theory of this case was extremely complicated and it would have been challenging to present a simple story to a jury. Further, the case involved GE's factoring of long-term receivables. Factoring generally is a legitimate business practice used by many companies and there was a real risk that jurors would focus on the common use of factoring instead of the specific ways in which GE was factoring and the accuracy of GE's disclosures. Had the jury accepted any of Defendants' arguments or viewed the facts in favor of Defendants in whole or in part, Class Representatives' ability to obtain a recovery for the Class could have been reduced or eliminated. Further, even if completely or partly successful at trial, Class Representatives would still have to prevail on the appeals that would likely follow. Thus, there were significant risks attendant to the continued prosecution of the Action, including the risk of zero recovery.

38.     In light of these risks, the Settlement Amount, and the near-term recovery to the Class, Class Representatives and Class Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class. Class Representatives and Class Counsel believe that the Settlement provides a favorable result for the Class, namely $362,500,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no, recovery after trial, and appeals, possibly years in the future.

39.     Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants have agreed to the Settlement to eliminate the burden and expense of continued litigation, and the Settlement may not be construed as an admission of any wrongdoing by Defendants in this or any other action or proceeding.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

40.     If there were no Settlement and Class Representatives failed to establish any essential element of their claims against Defendants at trial, neither Class Representatives nor the other members of the Class would recover anything from Defendants. Also, if Defendants were

successful in proving any of their defenses at trial, or on appeal, the Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

---

### HOW ARE CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

---

41.    As a Class Member, you are represented by Class Representatives and Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

42.    If you previously excluded yourself from the Class in connection with Class Notice and wish to opt back into the Class to be eligible to receive a payment from the Settlement, you must request to opt back into the Class by following the instructions in the section below entitled, "How Do I Opt Back Into The Class?" on page [_].

43.    If you are a Class Member and you wish to object to the Settlement, the Plan of Allocation, or Class Counsel's request for attorneys' fees and Litigation Expenses, you may present your objections by following the instructions in the section below entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" on page [_].

44.    If you are a Class Member you will be bound by any orders issued by the Court in the Action. If the Settlement is approved, the Court will enter a judgment ("Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Class Representatives and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 45 below) (including, within limitation, Unknown Claims (as defined in ¶ 47 below) against Defendants and the other Defendants' Releasees (as defined in ¶ 46 below), and shall forever be barred and enjoined from prosecuting any and all of the Released Plaintiffs' Claims directly or indirectly against any of the Defendants and the other Defendants' Releasees.

45.    "Released Plaintiffs' Claims" means all claims, demands, losses, rights, and causes of action of any nature whatsoever, that have been or could have been asserted in this action or could in the future be asserted in any forum, whether foreign or domestic, whether arising under federal, state, common, or foreign law, by the Class Representatives or their related parties, or any member of the Class and their related parties, which (a) arise out of, are based upon, or relate to in any way any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to, in this action, or which could have been alleged in this action, and (b) arise out of, are based upon, or relate to in any way the purchase or acquisition of GE common stock during the class period alleged in the Sixth Amended Complaint filed on May 13, 2022 (ECF No. 327) (i.e., February 27, 2013 through January 23, 2018, inclusive). Notwithstanding the aforementioned, the claims asserted derivatively on behalf of GE in *Burden v. General Electric Co.*, No. 652991/2021 (N.Y. Sup. Ct., N.Y. Cty.) and *In re General Electric Co. Derivative Litigation*, No. 655528/2020 (N.Y. Sup. Ct., N.Y. Cty.)

are explicitly excluded from release. The release also excludes (i) any claims relating to the enforcement of the Settlement; and (ii) any claims of the persons and entities who requested exclusion from the Class pursuant to the Class Notice, unless such persons and entities choose to opt back into the Class as directed in this Notice.

46.     "Defendants' Releasees" means Defendants and any and all of their current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, divisions, investment funds, joint ventures, and general or limited partnerships, and each of their respective current or former officers, directors, partners, trustees, trusts, members, contractors, auditors, principals, agents, managing agents, employees, insurers, reinsurers, and attorneys, in their capacities as such, as well as each of the individual Defendant's Immediate Family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors, and assigns.

47.     "Unknown Claims" means any Released Plaintiffs' Claims which either Class Representative or any other Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have materially affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Class Representatives and Defendants shall expressly waive, and each of the other Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Class Representatives or other Class Members may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims, but Class Representatives and each Class Member shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment have settled and released, fully, finally, and forever, any and all Released Plaintiffs' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Class Representatives and Defendants acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

48.     The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally,

and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in ¶ 49 below) (including, without limitation, Unknown Claims) against Class Representatives and the other Plaintiffs' Releasees (as defined in ¶ 50 below), and shall forever be barred and enjoined from prosecuting any and all of the Released Defendants' Claims directly or indirectly against any of the Plaintiffs' Releasees. This Release shall not apply to any person or entity who previously submitted a request for exclusion from the Class in connection with Class Notice as set forth on Appendix 1 to the Stipulation and does not opt back into the Class as directed in this Notice.

49.    "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants. "Released Defendants' Claims" do not include any claims relating to the enforcement of the Settlement.

50.    "Plaintiffs' Releasees" means Class Representatives and all other Class Members, and any and all of their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, divisions, investment funds, joint ventures, and general or limited partnerships, and each of their respective current or former officers, directors, partners, trustees, trusts, members, contractors, auditors, principals, agents, managing agents, employees, insurers, reinsurers, and attorneys, in their capacities as such, as well as each of the Class Members' Immediate Family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors, and assigns.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?
## WHAT DO I NEED TO DO?

51.    To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Class and you must timely complete and return the Claim Form with adequate supporting documentation ***postmarked (if mailed), or submitted online at the case website, www.GeneralElectricSecuritiesLitigation.com, no later than _____ __, 2025***. You can obtain a copy of the Claim Form on the website, www.GeneralElectricSecuritiesLitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-844-202-9485, or by sending an email to info@GeneralElectricSecuritiesLitigation.com. **Please retain all records of your ownership of and transactions in GE common stock, as they may be needed to document your Claim.** If you previously excluded yourself from the Class in connection with Class Notice and do not opt back into the Class pursuant to the instructions set forth below at ¶ 66, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

52.    At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement.

53.     Pursuant to the Settlement, Defendants shall pay or cause to be paid a total of $362,500,000 in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed to Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

54.     Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to the Plan of Allocation set forth in Appendix A, or another plan of allocation, will not affect the Settlement, if approved.

55.     Once the Court's order or judgment approving the Settlement becomes Final and the Effective Date has occurred, no Defendant, Defendants' Releasee, or any other person or entity who or which paid any portion of the Settlement Amount on Defendants' behalf are entitled to get back any portion of the Settlement Fund. Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

56.     Unless the Court otherwise orders, any Class Member who fails to submit a Claim Form postmarked or received on or before _____ __, 2025 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the Releases given.

57.     Participants in and beneficiaries of any employee retirement and/or benefit plan covered by the Employee Retirement Income Security Act of 1974 ("Employee Plan") should NOT include any information relating to GE common stock purchased/acquired/sold through an Employee Plan in any Claim Form they submit in this Action. They should include ONLY those eligible GE common stock purchased/acquired/sold during the Class Period outside of an Employee Plan. Claims based on any Employee Plan(s)' purchases/acquisitions/sales of eligible GE common stock during the Class Period may be made by the Employee Plan(s)' trustees.

58.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

59.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim.

60.     Only Class Members, *i.e.*, persons or entities who purchased or acquired GE common stock during the Class Period and were damaged as a result of such purchases, acquisitions and/or sales, will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Class by definition or previously requested to

exclude themselves from the Class pursuant to Class Notice and did not submit a request to opt back into the Class in accordance with the instructions set forth in this Notice will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

61.     **Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Class Representatives and Class Counsel. At the Settlement Hearing, Class Counsel will request the Court approve the Plan of Allocation. The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Class.**

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

62.     Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Class, nor have they been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Class Counsel and Liaison Counsel will apply to the Court for an award of attorneys' fees to Class Counsel, Liaison Counsel and additional counsel Labaton (*see* footnote 2 above) in an amount not to exceed 25% of the Settlement Fund. At the same time, Class Counsel and Liaison Counsel also intend to apply for payment of Litigation Expenses in an amount not to exceed $10 million, which amount may include a request for reimbursement of the reasonable costs incurred by Class Representatives directly related to their representation of the Class in accordance with 15 U.S.C. § 78u-4(a)(4).

63.     Class Counsel's motion for attorneys' fees and Litigation Expenses will be filed by _____ __, 2025. A copy of Class Counsel's motion will be available for review at www.GeneralElectricSecuritiesLitigation.com once it is filed. The Court will determine the amount of any award of attorneys' fees or Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. ***Class Members are not personally liable for any such fees or expenses.***

## WHAT IF I PREVIOUSLY REQUESTED EXCLUSION FROM THE CLASS AND NOW WANT TO BE ELIGIBLE TO RECEIVE A PAYMENT FROM THE SETTLEMENT? HOW DO I OPT BACK INTO THE CLASS?

64.     If you previously submitted a request for exclusion from the Class in connection with Class Notice (*see* Appendix 1 to the Stipulation), you may elect to opt back into the Class and be eligible to receive a payment from the Settlement.

65.     If you believe that you previously submitted a request for exclusion but your name does not appear on Appendix 1 to the Stipulation, you can contact the Claims Administrator, JND, at 1-844-202-9485 for assistance.

66.     In order to opt back into the Class, you, individually or through counsel, must submit a written request to opt back into the Class to JND, addressed as follows: *General Electric Securities Litigation*, c/o JND Legal Administration, P.O. Box 91449, Seattle, WA 98111. This

request must be ***received*** **no later than _____ __, 2025**. Your request to opt back into the Class must: (a) state the name, address and telephone number of the person or entity requesting to opt back into the Class; (b) state that such person or entity "requests to opt back into the Class in the *Sjunde AP-Fonden, et al. v. General Electric Co., et al.*, Case No. 17 Civ 8457 (JMF) (GWG) (S.D.N.Y.)"; and (c) be signed by the person or entity requesting to opt back into the Class or an authorized representative.

67.     You may not opt back into the Class for the purpose of objecting to any aspect of the proposed Settlement, proposed Plan of Allocation, and/or Class Counsel's request for attorneys' fees and Litigation Expenses.

68.     **PLEASE NOTE:  OPTING BACK INTO THE CLASS IN ACCORDANCE WITH THE REQUIREMENTS SET FORTH ABOVE DOES NOT MEAN THAT YOU WILL AUTOMATICALLY BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU OPT BACK INTO THE CLASS AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE ALSO REQUIRED TO SUBMIT A CLAIM AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED (OR RECEVED) NO LATER THAN _____ __, 2025.**

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?  MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

69.     **Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.**

70.     **Please Note**: The date and time of the Settlement Hearing may change without further written notice to the Class. In addition, the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by video or phone, without further written notice to the Class. **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Class Members must or may participate by phone or video, it is important that you check the Court's docket and the case website, www.GeneralElectricSecuritiesLitigation.com, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to www.GeneralElectricSecuritiesLitigation.com. If the Court requires or allows Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the telephone or video conference will be posted to www.GeneralElectricSecuritiesLitigation.com.**

71.     The Settlement Hearing will be held on _____ __, 2025 at __:__ _.m, before the Honorable Jesse M. Furman, United States District Judge for the Southern District of New York, either in person in Courtroom 1105 of the Thurgood Marshall United States Courthouse, 40

Foley Square, New York, NY 10007, or by telephone or videoconference (in the discretion of the Court). The Court reserves the right to approve the Settlement, the Plan of Allocation, Class Counsel's request for attorneys' fees and Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to members of the Class.

72.     Any Class Member may object to the Settlement, the Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below, as well as serve copies on Class Counsel and Defendants' Counsel at the addresses set forth below ***on or before _____ __, 2025***.

| **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|:---:|:---:|:---:|
| United States District Court Southern District of New York Thurgood Marshall United States Courthouse 40 Foley Square New York, NY 10007 | Sharan Nirmul, Esq. Kessler Topaz Meltzer & Check, LLP 280 King of Prussia Road Radnor, PA 19087 | Sean M. Berkowitz, Esq. Latham & Watkins LLP 330 North Wabash Avenue Suite 2800 Chicago, IL 60611 |

73.     Any objection, filings, and other submissions by the objecting Class Member must include: (1) the name of this proceeding, *Sjunde AP-Fonden, et al. v. General Electric Co., et al.*, Case No. 17 Civ 8457 (JMF) (GWG) (S.D.N.Y.); (2) the objector's full name, current address, and telephone number; (3) the objector's signature; (4) a statement providing the specific reasons for the objection, including a detailed statement of the specific legal and factual basis for each and every objection and whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; and (5) documents sufficient to prove membership in the Class, including documents showing the number of shares of GE common stock that the objecting Class Member (A) held as of the opening of trading on February 26, 2016 and (B) purchased/acquired and/or sold during the Class Period, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale. The objecting Class Member shall provide documentation establishing membership in the Class through copies of brokerage confirmation slips or brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a brokerage confirmation slip or account statement.

74.     **You may not object to the Settlement, Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses if you are excluded from the Class (including if you excluded yourself by request in connection with Class Notice, are listed in Appendix 1 to the Stipulation, and did not opt back into the Class in accordance with the instructions set forth in this Notice).[7]**

---

[7]     As this Class was previously certified and, in connection therewith, Class Members had the opportunity to exclude themselves from the Class, the Court has exercised its discretion not to allow a second opportunity for exclusion in connection with the settlement proceedings.

75.    You may submit an objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless (1) you first submit a written objection in accordance with the procedures described above, (2) you first submit your notice of appearance in accordance with the procedures described below, or (3) the Court orders otherwise.

76.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses, and if you timely submit a written objection as described above, you must also file a notice of appearance with the Clerk's Office. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

77.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court at the address set forth in ¶ 72 above so that the notice is *received* **on or before _____ \_\_, 2025**.

78.    **Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

| WHAT IF I BOUGHT GE COMMON STOCK ON SOMEONE ELSE'S BEHALF? |
|---|

79.    **Please Note: If you previously provided the names and addresses of persons and entities on whose behalf you purchased or acquired GE common stock between February 29, 2016 and January 23, 2018, inclusive, in connection with Class Notice, and (i) those names and addresses remain current and (ii) you have no additional names and addresses for potential Class Members to provide to the Claims Administrator,** *you need do nothing further at this time*. **The Claims Administrator will mail a Postcard Notice to the beneficial owners whose names and addresses were previously provided in connection with the Class Notice.** If you elected to mail the Class Notice directly to beneficial owners, you were advised that you must retain the mailing records for use in connection with any further notices that may be provided in the Action. If you elected this option, the Claims Administrator will forward the same number of Postcard Notices to you to send to the beneficial owners. If you require more copies of the Postcard Notice than you previously requested in connection with the Class Notice mailing, please contact the Claims Administrator, JND, toll free at 1-844-202-9485 or by email at info@GeneralElectrictSecuritiesLitigation.com, and let them know how many additional packets you require. You must mail the Postcard Notice to the beneficial owners within seven (7) calendar days of your receipt of the Postcard Notices.

80.    If you have not already provided the names and addresses for persons and entities on whose behalf you purchased or acquired GE common stock between February 29, 2016 and January 23, 2018, inclusive in connection with Class Notice, then the Court has ordered that you must, WITHIN SEVEN (7) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE, either: (i) send the Postcard Notice to all beneficial owners of such GE common stock, or (ii) send a list of the names and addresses of such beneficial owners to the Claims Administrator at *General Electric Securities Litigation*, c/o JND Legal Administration, P.O. Box 91449, Seattle, WA 98111, in which event the Claims Administrator shall promptly mail the Postcard Notice to such beneficial owners. **AS STATED ABOVE, IF YOU HAVE ALREADY PROVIDED THIS INFORMATION IN CONNECTION WITH CLASS NOTICE, UNLESS THAT INFORMATION HAS CHANGED (*E.G.*, BENEFICIAL OWNER HAS CHANGED ADDRESS), IT IS UNNECESSARY TO PROVIDE SUCH INFORMATION AGAIN.**

81.    Upon full and timely compliance with these directions, nominees who mail the Postcard Notice to beneficial owners may seek reimbursement of their reasonable expenses actually incurred by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Reasonable expenses shall not exceed $0.10 per mailing record provided to the Claims Administrator; $0.50 per Postcard Notice actually mailed, which amount includes postage; and $0.10 per Postcard Notice sent via email. Such properly documented expenses incurred by nominees in compliance with these directions shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

82.    Copies of the Notice and the Claim Form may be obtained from the case website, www.GeneralElectricSecuritiesLitigation.com, by calling the Claims Administrator toll-free at 1-844-202-9485, or by sending an email to info@GeneralElectricSecuritiesLitigation.com.

| |
|---|
| **CAN I SEE THE COURT FILE?**<br>**WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?** |

83.    This Notice contains only a summary of the terms of the Settlement. For the terms and conditions of the Settlement, please see the Stipulation available at www.GeneralElectricSecuritiesLitigation.com. More detailed information about the matters involved in this Action can be obtained by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.sdny.uscourts.gov, or by visiting, during regular office hours, the Office of the Clerk, United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007. Additionally, copies of any related orders entered by the Court and certain other filings in this Action will be posted on the website www.GeneralElectricSecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

*General Electric Securities Litigation*
c/o JND Legal Administration

P.O. Box 91449
Seattle, WA 98111

1-844-202-9485

info@GeneralElectricSecuritiesLitigation.com
www.GeneralElectricSecuritiesLitigation.com

and/or

Kessler Topaz Meltzer & Check, LLP
Sharan Nirmul, Esq.
Richard A. Russo, Jr., Esq.
Joshua A. Materese, Esq.
280 King of Prussia Road
Radnor, PA 19087
1-610-667-7706

info@ktmc.com

**PLEASE DO NOT CALL OR WRITE THE COURT, THE CLERK'S OFFICE,
DEFENDANTS, OR DEFENDANTS' COUNSEL
REGARDING THIS NOTICE.**

Dated: _____ __, 2025

By Order of the Court
United States District Court
Southern District of New York

## APPENDIX A

### Proposed Plan of Allocation of Net Settlement Fund
### Among Authorized Claimants

The Plan of Allocation set forth herein is the plan that is being proposed to the Court for approval by Class Representatives after consultation with their damages expert. The Court may approve the Plan of Allocation with or without modification, or approve another plan of allocation, without further notice to the Class. Any Orders regarding a modification of the Plan of Allocation will be posted on the website www.GeneralElectricSecuritiesLitigation.com. Defendants have had, and will have, no involvement or responsibility for the terms or application of the Plan of Allocation.

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among those Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

In developing the Plan of Allocation, Class Representatives' damages expert calculated the estimated amount of alleged artificial inflation in the per-share closing price of GE common stock that allegedly was proximately caused by Defendants' alleged materially false and misleading statements and omissions during the Class Period. In calculating the estimated alleged artificial inflation allegedly caused by those alleged misrepresentations and omissions, Class Representatives' damages expert considered price changes in GE common stock in reaction to certain public disclosures allegedly revealing the truth concerning Defendants' alleged misrepresentations and omissions, adjusting for price changes on those days that were attributable to market and/or industry forces. The estimated alleged artificial inflation in the price of GE common stock for each day of the Class Period is provided in **Table 1** below.

In order to have recoverable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the security. Accordingly, to have a "Recognized Loss Amount" pursuant to the Plan of Allocation, GE common stock must have been purchased or acquired during the Class Period (*i.e.*, the period between February 29, 2016 and January 23, 2018, inclusive) and **held through at least one** of the dates when the disclosure of alleged corrective information partially removed the alleged artificial inflation from the price of GE common stock. Class Representatives allege that artificial inflation was partially removed from the price of GE common stock on the following six dates: April 21,

2017; July 21, 2017; October 20, 2017; November 13, 2017; January 16, 2018; and January 24, 2018 (collectively, "Corrective Disclosure Impact Dates").[8]

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

1.      For purposes of determining whether a Claimant has a "Recognized Claim," purchases, acquisitions, and sales of GE common stock will first be matched on a "First In, First Out" ("FIFO") basis as set forth in ¶ 8 below.

2.      A "Recognized Loss Amount" will be calculated as set forth below for each share of GE common stock purchased or acquired between February 29, 2016 and January 23, 2018, inclusive, that is listed in the Claim Form and for which adequate documentation is provided. To the extent that the calculation of a Recognized Loss Amount results in a negative number, that number shall be set to $0. The sum of a Claimant's Recognized Loss Amounts will be the Claimant's "Recognized Claim."

3.      In the calculations below, all purchase, acquisition, and sale prices shall exclude any fees, taxes and commissions. Any transactions in GE common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

4.      For each share of GE common stock purchased or acquired between February 29, 2016 and January 23, 2018, inclusive, and sold on or before April 23, 2018,[9] an "Out of Pocket Loss" will be calculated. Out of Pocket Loss is defined as the per-share purchase/acquisition price *minus* the per-share sale price. As set forth below, the Recognized Loss Amount shall not exceed the Out of Pocket Loss for such shares.

5.      **PLEASE NOTE**: In its Opinion and Order dated September 28, 2023, the Court denied Defendants' motion for summary judgment, except as to claims arising from alleged corrective disclosures between November 2017 and January 2018. Accordingly, the estimated alleged artificial inflation for this dismissed period – *i.e.*, November 13, 2017 through January 23,

---

[8]     The Class Period ends on Tuesday, January 23, 2018. The last disclosure of alleged corrective information occurred prior to market open on January 24, 2018.

[9]     Thursday, April 23, 2018 represents the last day of the 90-day period beginning on Wednesday, January 24, 2018, which is the first trading date after the end of the Class Period (the "90-Day Look-Back Period"). The Private Securities Litigation Reform Act of 1995 imposes a statutory limitation on recoverable damages using the 90-Day Look-Back Period. This limitation is incorporated into the calculation of a Class Member's Recognized Loss Amount. Specifically, a Class Member's Recognized Loss Amount cannot exceed the difference between the purchase price paid for the GE common stock and the average price of GE common stock during the 90-Day Look-Back Period, if the share was held through April 23, 2018, the end of this period. A Class Member's Recognized Loss Amount on GE common stock sold during the 90-Day Look-Back Period cannot exceed the difference between the purchase price paid for GE common stock and the average price of GE common stock during the portion of the 90-Day Look-Back Period elapsed as of the date of sale (the "90-Day Look-Back Value"), as set forth in **Table 2** below.

2018, inclusive, has been reduced by 90% in **Table 1** below to account for the unlikelihood of prevailing on appeal for the dismissed period.

6.      A Claimant's Recognized Loss Amount per share of GE common stock purchased or acquired during the Class Period (*i.e.*, between February 29, 2016 and January 23, 2018, inclusive) will be calculated as follows:

A.      For each share of GE common stock purchased or acquired during the Class Period and sold prior to Friday, April 21, 2017 (*i.e.*, the earliest Corrective Disclosure Impact Date), the Recognized Loss Amount is $0.

B.      For each share of GE common stock purchased or acquired during the Class Period and subsequently sold from Friday, April 21, 2017 through Tuesday, January 23, 2018, inclusive, the Recognized Loss Amount shall be ***the lesser of***:

   i.      the amount of artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below ***minus*** the amount of artificial inflation applicable to each such share on the date of sale as set forth in **Table 1** below; or

   ii.      the Out of Pocket Loss.

C.      For each share of GE common stock purchased or acquired during the Class Period and subsequently sold from Wednesday January 24, 2018 through Monday, April 23, 2018, inclusive, (*i.e.*, sold during the 90-Day Look-Back Period), the Recognized Loss Amount shall be ***the least of***:

   i.      the amount of artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below;

   ii.      the actual purchase/acquisition price per share ***minus*** the 90-Day Look-Back Value on the date of sale as set forth in **Table 2** below; or

   iii.      the Out of Pocket Loss.

D.      For each share of GE common stock purchased or acquired during the Class Period and held as of the close of trading on Monday, April 23, 2018, the Recognized Loss Amount shall be ***the lesser of***:

   i.      the amount of artificial inflation applicable to each such share on the date of purchase/acquisition as stated in **Table 1** below; or

   ii.      the actual purchase/acquisition price ***minus*** **$14.36** (*i.e.*, the average closing price of GE common stock during the 90-Day Look-Back Period, as shown on the last line of **Table 2** below).

## ADDITIONAL PROVISIONS

7.      The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (as defined in ¶ 12 below) is $10.00 or greater.

8.      **FIFO Matching:** If a Class Member has more than one purchase/acquisition or sale of GE common stock during the Class Period, all purchases/acquisitions and sales shall be matched on a FIFO basis. Class Period sales will be matched first against any holdings of GE common stock at the beginning of the Class Period, and then against purchases/acquisitions of GE common stock in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

9.      **Purchase/Acquisition and Sale Dates:** Purchases/acquisitions and sales of GE common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of GE common stock during the Class Period, shall not be deemed a purchase, acquisition, or sale of these shares of GE common stock for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such shares of GE common stock unless: (i) the donor or decedent purchased or otherwise acquired such shares of GE common stock during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of GE common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

10.     **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the GE common stock. The date of a "short sale" is deemed to be the date of sale of the GE common stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is $0.00. In the event that a Claimant has a short position in GE common stock, the earliest purchases or acquisitions during the Class Period shall be matched against such short position and not be entitled to a recovery until that short position is fully covered.

11.     **Common Stock Purchased/Sold Through the Exercise of Options:** GE common stock is the only security eligible for recovery under the Plan of Allocation. Option contracts to purchase or sell GE common stock are not securities eligible to participate in the Settlement. With respect to GE common stock purchased or sold through the exercise of an option, the purchase/sale date of the GE common stock shall be the exercise date of the option and the purchase/sale price shall be the closing price of GE common stock on the date of the exercise of the option. Any Recognized Loss Amount arising from purchases of GE common stock acquired during the Class Period through the exercise of an option on GE common stock[10] shall be computed as provided for other purchases of GE common stock in the Plan of Allocation.

---

[10]      This includes (1) purchases of GE common stock as the result of the exercise of a call option, and (2) purchases of GE common stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

12.    **Determination of Distribution Amount:** The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their losses. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be: the Authorized Claimant's Recognized Claim (calculated pursuant to this Plan of Allocation) divided by the total Recognized Claims (calculated pursuant to this Plan of Allocation) of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

13.    **Re-Distributions:** After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, no less than nine (9) months after the initial distribution, if Class Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions may occur thereafter if Class Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Class Counsel and approved by the Court.

14.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Class Representatives, Plaintiffs' Counsel, Class Representatives' damages expert, Defendants, Defendants' Counsel, any of the other Releasees, or the Claims Administrator or other agent designated by Class Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation, or other plan of allocation approved by the Court, or further orders of the Court. Class Representatives, Defendants and their respective counsel, and all other Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan of Allocation; the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes owed by the Settlement Fund; or any losses incurred in connection therewith.

| TABLE 1 Estimated Alleged Artificial Inflation in GE Common Stock | | |
|---|---|---|
| **From** | **To** | **Inflation Per Share** |
| Monday, February 29, 2016 | Thursday, April 20, 2017 | $2.22 |
| Friday, April 21, 2017 | Thursday, July 20, 2017 | $1.51 |

| | | |
|---|---|---|
| Friday, July 21, 2017 | Thursday, October 19, 2017 | $0.63 |
| Friday, October 20, 2017 | Friday, November 10, 2017 | $0.53 |
| Monday, November 13, 2017 | Friday, January 12, 2018 | $0.32 |
| Tuesday, January 16, 2018 | Tuesday, January 23, 2018 | $0.07 |
| Wednesday, January 24, 2018 | Thereafter | $0.00 |

| TABLE 2<br>GE Common Stock 90-Day Look-Back Value by Sale/Disposition Date ||
|---|---|
| **Sale Date** | **90-Day Look-Back Value** |
| Wednesday, January 24, 2018 | $16.44 |
| Thursday, January 25, 2018 | $16.31 |
| Friday, January 26, 2018 | $16.25 |
| Monday, January 29, 2018 | $16.26 |
| Tuesday, January 30, 2018 | $16.20 |
| Wednesday, January 31, 2018 | $16.19 |
| Thursday, February 1, 2018 | $16.17 |
| Friday, February 2, 2018 | $16.10 |
| Monday, February 5, 2018 | $15.97 |
| Tuesday, February 6, 2018 | $15.90 |
| Wednesday, February 7, 2018 | $15.84 |
| Thursday, February 8, 2018 | $15.72 |
| Friday, February 9, 2018 | $15.66 |
| Monday, February 12, 2018 | $15.60 |
| Tuesday, February 13, 2018 | $15.54 |
| Wednesday, February 14, 2018 | $15.50 |
| Thursday, February 15, 2018 | $15.46 |
| Friday, February 16, 2018 | $15.44 |
| Tuesday, February 20, 2018 | $15.40 |
| Wednesday, February 21, 2018 | $15.36 |
| Thursday, February 22, 2018 | $15.32 |
| Friday, February 23, 2018 | $15.28 |
| Monday, February 26, 2018 | $15.26 |
| Tuesday, February 27, 2018 | $15.23 |
| Wednesday, February 28, 2018 | $15.18 |
| Thursday, March 1, 2018 | $15.14 |
| Friday, March 2, 2018 | $15.10 |
| Monday, March 5, 2018 | $15.07 |
| Tuesday, March 6, 2018 | $15.06 |
| Wednesday, March 7, 2018 | $15.04 |
| Thursday, March 8, 2018 | $15.02 |
| Friday, March 9, 2018 | $15.02 |

| | |
|---|---|
| Monday, March 12, 2018 | $15.02 |
| Tuesday, March 13, 2018 | $15.01 |
| Wednesday, March 14, 2018 | $14.99 |
| Thursday, March 15, 2018 | $14.97 |
| Friday, March 16, 2018 | $14.95 |
| Monday, March 19, 2018 | $14.93 |
| Tuesday, March 20, 2018 | $14.89 |
| Wednesday, March 21, 2018 | $14.87 |
| Thursday, March 22, 2018 | $14.83 |
| Friday, March 23, 2018 | $14.79 |
| Monday, March 26, 2018 | $14.75 |
| Tuesday, March 27, 2018 | $14.72 |
| Wednesday, March 28, 2018 | $14.69 |
| Thursday, March 29, 2018 | $14.67 |
| Monday, April 2, 2018 | $14.63 |
| Tuesday, April 3, 2018 | $14.60 |
| Wednesday, April 4, 2018 | $14.58 |
| Thursday, April 5, 2018 | $14.55 |
| Friday, April 6, 2018 | $14.52 |
| Monday, April 9, 2018 | $14.49 |
| Tuesday, April 10, 2018 | $14.46 |
| Wednesday, April 11, 2018 | $14.44 |
| Thursday, April 12, 2018 | $14.41 |
| Friday, April 13, 2018 | $14.40 |
| Monday, April 16, 2018 | $14.38 |
| Tuesday, April 17, 2018 | $14.37 |
| Wednesday, April 18, 2018 | $14.36 |
| Thursday, April 19, 2018 | $14.35 |
| Friday, April 20, 2018 | $14.35 |
| Monday, April 23, 2018 | $14.36 |

EXHIBIT 3

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| SJUNDE AP-FONDEN and THE CLEVELAND BAKERS AND TEAMSTERS PENSION FUND, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>  v.<br><br>GENERAL ELECTRIC COMPANY, et al.,<br><br>          Defendants. | Case No. 1:17-cv-8457-JMF<br><br>Hon. Jesse M. Furman |

## SUMMARY NOTICE OF (I) PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

**TO:** **All persons and entities that purchased or acquired General Electric Company ("GE") common stock between February 29, 2016 and January 23, 2018, inclusive ("Class Period") and were damaged thereby ("Class").** Certain persons and entities are excluded from the Class as set forth in detail in the Stipulation and Agreement of Settlement dated November 22, 2024 ("Stipulation") and the Notice described below.

**PLEASE READ THIS NOTICE CAREFULLY; IF YOU ARE A MEMBER OF THE CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE SETTLEMENT OF A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

**YOU ARE HEREBY NOTIFIED**, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York ("Court"), that the Court-appointed Class Representatives Sjunde AP-Fonden and The Cleveland Bakers and Teamsters Pension Fund (together, "Class Representatives"), on behalf of themselves and the Court-certified Class in the above-captioned securities class action ("Action"), have reached a proposed settlement of the Action with defendants GE and Jeffrey S. Bornstein (together, "Defendants") for **$362,500,000** in cash that, if approved will resolve all claims in the Action.

A hearing ("Settlement Hearing") will be held on _____, 2025 at __:__ _.m.**, before the Honorable Jesse M. Furman, United States District Judge for the Southern District of New York, either in person in Courtroom 1105 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007, or by telephone or videoconference (in the discretion of the Court), to determine, among other things: (i) whether the Settlement on the terms and conditions

provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (ii) whether the Action should be dismissed with prejudice against Defendants and the releases specified and described in the Stipulation (and in the Notice) should be granted; and (iii) whether Class Counsel's motion for attorneys' fees in an amount not to exceed 25% of the Settlement Fund and payment of expenses in an amount not to exceed $10 million (which amount may include a request for reimbursement of the reasonable costs incurred by Class Representatives directly related to their representation of the Class) should be approved. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the case website, www.GeneralElectricSecuritiesLitigation.com.

**If you are a member of the Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**. This notice provides only a summary of the information contained in the full Notice of (I) Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Notice"). You may obtain a copy of the Notice, along with the Claim Form, on the case website, www.GeneralElectricSecuritiesLitigation.com. You may also obtain a copy of the Notice and Claim Form by contacting the Claims Administrator by mail at *General Electric Securities Litigation*, c/o JND Legal Administration, P.O. Box 91449, Seattle, WA 98111; by calling toll free 1-844-202-9485; or by emailing info@GeneralElectricSecuritiesLitigation.com. Copies of the Notice and Claim Form can also be found on the websites for Class Counsel and Liaison Counsel, www.ktmc.com and www.gelaw.com, respectively.

If you are a Class Member, in order to be eligible to receive a payment from the proposed Settlement, you must submit a Claim Form ***postmarked (if mailed), or online via www.GeneralElectricSecuritiesLitigation.com, no later than _____ __, 2025***, in accordance with the instructions set forth in the Claim Form. If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any releases, judgments, or orders entered by the Court in the Action.

Any objections to the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses must be filed with the Court and delivered to Class Counsel and Defendants' Counsel such that they are ***received no later than _____ __, 2025***, in accordance with the instructions set forth in the Notice.

As this Class was previously certified and, in connection with class certification, Class Members had the opportunity to request exclusion from the Class, the Court has exercised its discretion not to allow a second opportunity to request exclusion in connection with the Settlement proceedings. If you previously requested exclusion from the Class in connection with class certification and wish to opt back into the Class to be eligible to receive a payment from the Settlement, you must submit a request to opt back into the Class so that it is ***received no later than _____ __, 2025***, in accordance with the instructions set forth in the Notice.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.** All

questions about this notice, the Settlement, or your eligibility to participate in the Settlement should be directed to Class Counsel or the Claims Administrator.

Requests for the Notice and Claim Form should be made to the Claims Administrator:

*General Electric Securities Litigation*
c/o JND Legal Administration
P.O. Box 91449
Seattle, WA 98111

1-844-202-9485

info@GeneralElectricSecuritiesLitigation.com
www.GeneralElectricSecuritiesLitigation.com

All other inquiries should be made to Class Counsel:

Kessler Topaz Meltzer & Check, LLP
Sharan Nirmul, Esq.
Richard A. Russo, Jr., Esq.
Joshua A. Materese, Esq.
280 King of Prussia Road
Radnor, PA 19087

1-610-667-7706

DATED: _____ __, 2025             BY ORDER OF THE COURT
                                          United States District Court
                                          Southern District of New York

EXHIBIT 4

*General Electric Securities Litigation*
**c/o JND Legal Administration**
**P.O. Box 91449**
**Seattle, WA 98111**

**Toll-Free Number:  1-844-202-9485**
**Email:  info@GeneralElectricSecuritiesLitigation.com**
**Website:  www.GeneralElectricSecuritiesLitigation.com**

## PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund from the proposed Settlement of the action captioned *Sjunde AP-Fonden, et al. v. General Electric Co., et al.*, No. 17 Civ 8457 (JMF) (GWG) (S.D.N.Y.) ("Action"), you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by First-Class mail to the above address, or submit it online at www.GeneralElectricSecuritiesLitigation.com, **postmarked (or received) no later than _____, 2025**.

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to recover any money in connection with the proposed Settlement.

**Do not mail or deliver your Claim Form to the Court, the Parties to the Action, or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above, or online at www.GeneralElectricSecuritiesLitigation.com.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – GENERAL INSTRUCTIONS** | __ |
| **PART II – CLAIMANT IDENTIFICATION** | __ |
| **PART III – SCHEDULE OF TRANSACTIONS IN GENERAL ELECTRIC COMPANY COMMON STOCK** | __ |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | __ |

# PART I – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of (I) Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Notice"), including the proposed Plan of Allocation set forth in the Notice ("Plan of Allocation"). The Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the Releases described therein and provided for herein.

2.      This Claim Form is directed to **all persons and entities that purchased or acquired General Electric Company ("GE") common stock between February 29, 2016 and January 23, 2018, inclusive ("Class Period") and were damaged thereby ("Class")**. Certain persons and entities are excluded from the Class by definition as set forth in ¶ 34 of the Notice.

3.      By submitting this Claim Form, you are making a request to share in the proceeds of the Settlement described in the Notice. IF YOU ARE NOT A CLASS MEMBER (*see* definition of "Class" contained in ¶ 34 of the Notice), OR IF YOU PREVISOULY SUBMITTED A REQUEST FOR EXCLUSION FROM THE CLASS IN CONNECTION WITH CLASS NOTICE AND DO NOT OPT BACK INTO THE CLASS IN CONNECTION WITH THE SETTLEMENT, DO NOT SUBMIT A CLAIM FORM AS **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT.** THUS, IF YOU ARE EXCLUDED FROM THE CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

4.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

5.      Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) (including free transfers and deliveries) in and holdings of GE common stock. In this Schedule, please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of GE common stock, whether such transactions resulted in a profit or a loss. **Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim.**

6.      **Please note**: Only GE common stock purchased or acquired during the Class Period (i.e., the period between February 29, 2016 and January 23, 2018, inclusive) is eligible under the Settlement. However, because the PSLRA provides for a "90-day look-back period" (described in the Plan of Allocation set forth in the Notice), you must provide documentation related to your purchases, acquisitions and sales of GE common stock during the period from January 24, 2018 through April 23, 2018 (i.e., the 90-day look-back period) in order for the Claims Administrator to calculate your Recognized Loss Amount under the Plan of Allocation and process your claim. **Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim.**

7.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of the GE common stock set forth in the Schedule of Transactions in Part III of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a brokerage confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information about your investments in GE common stock. IF SUCH DOCUMENTS ARE NOT IN YOUR

POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents.**

8.      **One Claim Form should be submitted for each separate legal entity or separately managed account.** Separate Claim Forms should be submitted for each separate legal entity (e.g., an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Generally, a single Claim Form should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form. However, if a single person or legal entity had multiple accounts that were separately managed, separate Claims may be submitted for each such account. The Claims Administrator reserves the right to request information on all the holdings and transactions in GE common stock made on behalf of a single beneficial owner.

9.      All joint beneficial owners must sign this Claim Form and their names must appear as "Claimants" in Part II of this Claim Form. The complete name(s) of the beneficial owner(s) must be entered. If you purchased or acquired GE common stock during the Class Period and held the shares in your name, you are the beneficial owner as well as the record owner. If you purchased or acquired GE common stock during the Class Period and the shares were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares/options, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form.

10.      Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)      expressly state the capacity in which they are acting;

(b)      identify the name, account number, last four digits of the Social Security Number (or Taxpayer Identification Number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the GE common stock; and

(c)      furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

11.      By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

12.      If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing. The claims process will take substantial time to complete fully and fairly. Please be patient.

13.      **PLEASE NOTE**: As set forth in the Plan of Allocation, each Authorized Claimant shall receive their *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized

Claimant.

14.    If you have questions concerning the Claim Form, or need additional copies of the Claim Form or a copy of the Notice, you may contact the Claims Administrator, JND Legal Administration, at the above address, by email at info@GeneralElectricSecuritiesLitigation.com, or by toll-free phone at 1-844-202-9485, or you can visit the website maintained by the Claims Administrator, www.GeneralElectricSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

15.    **NOTICE REGARDING ELECTRONIC FILES**: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the *mandatory* electronic filing requirements and file layout, you may visit the website www.GeneralElectricSecuritiesLitigation.com, or you may email the Claims Administrator's electronic filing department at info@GeneralElectricSecuritiesLitigation.com. **Any file that is not in accordance with the required electronic filing format will be subject to rejection.** No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to you to that effect. **Do not assume that your file has been received until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the Claims Administrator's electronic filing department at info@GeneralElectricSecuritiesLitigation.com to inquire about your file and confirm it was received.**

<u>**IMPORTANT PLEASE NOTE:**</u>

**YOUR CLAIM IS NOT DEEMED SUBMITTED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-844-202-9485.**

## PART II – CLAIMANT IDENTIFICATION

**Please complete this PART II in its entirety. The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.**

Beneficial Owner's First Name

Beneficial Owner's Last Name

Co-Beneficial Owner's First Name

Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City                                                                 State     Zip Code

Country

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home)                          Telephone Number (work)

Email address (Email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)

Account Number (where securities were traded)[1]

| | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|

Claimant Account Type (check appropriate box)

Individual (includes joint owner accounts)          Pension Plan          Trust

Corporation          Estate

IRA/401K          Other _____ (please specify)

---

[1]     If the account number is unknown, you may leave blank. If filing for more than one account for the same legal entity you may write "multiple." Please see ¶ 8 of the General Instructions above for more information on when to file separate Claim Forms for multiple accounts.

## PART III – SCHEDULE OF TRANSACTIONS IN GE COMMON STOCK

Complete this Part III if and only if you purchased or acquired GE common stock **between February 29, 2016 and January 23, 2018, inclusive**. Please be sure to include proper documentation with your Claim Form as described in detail in Part I – General Instructions, ¶ 7, above. Do not include information in this section regarding securities other than GE common stock (NYSE: GE; CUSIP: 369604103).[2]

| **1. HOLDINGS AS OF FEBRUARY 29, 2016** – State the total number of shares of GE common stock held as of the opening of trading on February 29, 2016. (Must be documented.) If none, write "zero" or "0." _____ | Confirm Proof of Holding Position Enclosed ○ |
| --- | --- |

**2. PURCHASES/ACQUISITIONS BETWEEN FEBRUARY 29, 2016 AND JANUARY 23, 2018, INCLUSIVE** – Separately list each and every purchase/acquisition (including free receipts) of GE common stock from after the opening of trading on February 29, 2016 through and including the close of trading on January 23, 2018. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchases/ Acquisitions Enclosed |
| --- | --- | --- | --- | --- |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |

**3. PURCHASES/ACQUISITIONS BETWEEN JANUARY 24, 2018 AND APRIL 23, 2018, INCLUSIVE** – State the total number of shares of GE common stock purchased/acquired (including free receipts) from after the opening of trading on January 24, 2018 through and including the close of trading on April 23, 2018. (Must be documented.) If none, write "zero" or "0."[3] _____

---

[2]    Due to a stock split, the CUSIP for GE common stock is 369604301 after July 30, 2021.

[3]    **Please note**:  Information requested with respect to your purchases/acquisitions of GE common stock from January 24, 2018 through April 23, 2018 is needed in order to perform the necessary calculations for your claim; purchases/acquisitions during this period, however, are not eligible transactions and will not be used for purposes of calculating Recognized Loss Amounts pursuant to the Plan of Allocation.

| **4. SALES BETWEEN FEBRUARY 29, 2016 AND APRIL 23, 2018, INCLUSIVE** – Separately list each and every sale/disposition (including free deliveries) of GE common stock from after the opening of trading on February 29, 2016 through and including the close of trading on April 23, 2018. (Must be documented.) | | | | **IF NONE, CHECK HERE** ○ |
|---|---|---|---|---|
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting taxes, commissions, and fees) | Confirm Proof of Sales Enclosed |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| **5. HOLDINGS AS OF APRIL 23, 2018** – State the total number of shares of GE common stock held as of the close of trading on April 23, 2018. (Must be documented.) If none, write "zero" or "0." _____ | | | | Confirm Proof of Holding Position Enclosed ○ |

| ☐ | **IF YOU REQUIRE ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX. IF YOU DO NOT CHECK THIS BOX, THESE ADDITIONAL PAGES WILL NOT BE REVIEWED.** |
|---|---|

## PART IV – RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE __ OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation and Agreement of Settlement dated November 22, 2024, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims directly or indirectly against any of the Defendants' Releasees.

### CERTIFICATION

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represent(s) the Claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.    that I (we) have read and understand the contents of the Notice and this Claim Form, including the Releases provided for in the Settlement and the terms of the Plan of Allocation;

2.    that the Claimant(s) is a (are) member(s) of the Class, as defined in the Notice, and is (are) not excluded by definition from the Class as set forth in the Notice;

3.    that the Claimant(s) did not previously submit a request for exclusion from the Class and, if they did, they submitted a request to opt back into the Class in connection with the Settlement;

4.    that I (we) own(ed) the GE common stock identified in the Claim Form and have not assigned the claim against Defendants or any of the other Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.    that the Claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions/sales of GE common stock and knows (know) of no other person having done so on the Claimant's (Claimants') behalf;

6.    that the Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') claim and for purposes of enforcing the Releases set forth herein;

7.    that I (we) agree to furnish such additional information with respect to this Claim Form as Class Counsel, the Claims Administrator, or the Court may require;

8.    that the Claimant(s) waive(s) the right to trial by jury, to the extent it exists, agree(s) to the determination by the Court of the validity or amount of this Claim, and waives any right of appeal or review with respect to such determination;

9.    that I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10. that the Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the Claimant(s) is (are) exempt from backup withholding or (b) the Claimant(s) has (have) not been notified by the IRS that they are subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the Claimant(s) that they are no longer subject to backup withholding. **If the IRS has notified the Claimant(s) that they are subject to backup withholding, please strike out the language in the preceding sentence indicating that the Claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.


_____
Signature of Claimant                                                                    Date


_____
Print Claimant name here


_____
Signature of joint Claimant, if any                                                Date


_____
Print joint Claimant name here



***If the Claimant is other than an individual, or is not the person completing this form, the following also must be provided:***


_____
Signature of person signing on behalf of Claimant                       Date


_____
Print name of person signing on behalf of Claimant here


_____
Capacity of person signing on behalf of Claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc. (Must provide evidence of authority to act on behalf of Claimant – *see* ¶ 10 on page __ of this Claim Form.)

## <u>REMINDER CHECKLIST</u>

1. Sign the above release and certification. If this Claim Form is being made on behalf of joint Claimants, then both must sign.

2. Attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and any supporting documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. Your claim is not deemed submitted until you receive an acknowledgement postcard. **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll-free at 1-844-202-9485.**

6. If your address changes in the future, you must send the Claims Administrator written notification of your new address. If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@GeneralElectricSecuritiesLitigation.com, or by toll-free phone at 1-844-202-9485 or you may visit the case website, www.GeneralElectricSecuritiesLitigation.com. DO NOT call the Court, Defendants, or Defendants' Counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, OR SUBMITTED ONLINE AT WWW.GENERALELECTRICSECURITIESLITIGATION.COM, **POSTMARKED (OR RECEIVED) NO LATER THAN _____ __, 2025.** IF MAILED, THE CLAIM FORM SHOULD BE ADDRESSED AS FOLLOWS:

*General Electric Securities Litigation*
**c/o JND Legal Administration**
**P.O. Box 91449**
**Seattle, WA 98111**

If mailed, a Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____ __, 2025, is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.